Daniel F. Fears, Esq., Bar No. 110573
E-mail: dff@paynefears.com
Laura Fleming, Esq., Bar No. 219287
E-mail: lf@paynefears.com
Robert T. Matsuishi, Bar No. 259182
E-mail: rtm@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant ABM INDUSTRY GROUPS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. ARTIGA, individually and on behalf of all other similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>        Plaintiff,<br><br>    v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company; and DOE ONE through and including DOE TEN,<br><br>        Defendants. | Case No. 2:19-cv-06735<br><br>[Removed from Los Angeles Superior Court, Case No. 19STCV19268]<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1446(b), 1453, AND 1711**<br><br>**[Supporting Declarations and Request for Judicial Notice Filed Under Separate Cover; Index of Exhibits Included at End]** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), Defendant ABM INDUSTRY GROUPS, LLC, hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I.   THE STATE COURT ACTION

1.     On or about June 4, 2019, Plaintiff Isabel Artiga filed an action titled "*I. Artiga, individually and on behalf of all others similarly situated and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner v. ABM Industry Groups, LLC, a Delaware Limited Liability Company*" in the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV19268 (the "State Court Action"). A true and correct copy of the original Complaint that was filed by Plaintiff is attached hereto as **Exhibit "A"** as part of the Index of Exhibits.

2.     A true and correct copy of the Summons filed by Plaintiff on June 4, 2019, is attached hereto as **Exhibit "B"** as part of the Index of Exhibits. A true and correct copy of the Civil Case Cover Sheet filed by Plaintiff on June 4, 2019, is attached hereto as **Exhibit "C"** as part of the Index of Exhibits. A true and correct copy of the Notice of Case Assignment issued by the Los Angeles County Superior Court on June 4, 2019, is attached hereto as **Exhibit "D"** as part of the Index of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Exhibits.

2

3        3.     A true and correct copy of the Minute Order issued by the Los Angeles

4   County Superior Court on June 11, 2019, is attached hereto as **Exhibit "E"** as part

5   of the Index of Exhibits.  A true and correct copy of the Certificate of Mailing for

6   the Minute Order issued by the Los Angeles County Superior Court on June 11,

7   2019, is attached hereto as **Exhibit "F"** as part of the Index of Exhibits.  A true and

8   correct copy of the Initial Status Conference Order issued by the Los Angeles

9   County Superior Court on June 11, 2019, is attached hereto as **Exhibit "G"** as part

10   of the Index of Exhibits.

11

12        4.     A true and correct copy of the Minute Order issued by the Los Angeles

13   County Superior Court on July 3, 2019, is attached hereto as **Exhibit "H"** as part of

14   the Index of Exhibits.  A true and correct copy of the Certificate of Mailing for the

15   Minute Order issued by the Los Angeles County Superior Court on July 3, 2019, is

16   attached hereto as **Exhibit "I"** as part of the Index of Exhibits.  A true and correct

17   copy of the Notice of Court Order re Continuance of Initial Status Conference filed

18   by Plaintiff on July 9, 2019, is attached hereto as **Exhibit "J"** as part of the Index of

19   Exhibits.

20

21        5.     The Complaint in the State Court Action was served on ABM through

22   its California registered agent for service of process on July 3, 2019.  A true and

23   correct copy of the Proof of Service of Summons filed by Plaintiff on July 17, 2019,

24   is attached hereto as **Exhibit "K"** as part of the Index of Exhibits.

25

26        6.     Thereafter, ABM filed its Answer to the Complaint, compulsory Cross-

27   Complaint, and notice of appearance in the State Court Action on August 2, 2019.

28   A true and correct copy of the Answer filed by ABM on August 2, 2019, is attached

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  hereto as **Exhibit "L"** as part of the Index of Exhibits. A true and correct copy of
2  the compulsory Cross-Complaint filed by ABM on August 2, 2019, is attached
3  hereto as **Exhibit "M"** as part of the Index of Exhibits. A true and correct copy of
4  the notice of appearance filed by ABM on August 2, 2019, is attached hereto as
5  **Exhibit "N"** as part of the Index of Exhibits.

6

7      7.      Exhibits "A" through "N" attached hereto as part of the Index of
8  Exhibits constitute the pleadings, process, and orders, either filed but not served, or
9  filed and served, upon or by Plaintiff and/or ABM in the State Court Action.

10

11  **II.    REMOVAL OF THE ENTIRE ACTION IS PROPER**

12

13      8.      ABM is authorized to remove this action to this Court pursuant to the
14  Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711 ("CAFA")
15  because Plaintiff has filed a class action complaint where the alleged amount in
16  controversy exceeds $5 million, and ABM is a citizen of a state different from
17  Plaintiff.

18

19      9.      As discussed below, Plaintiff is a citizen of the State of California and
20  was a citizen of California at the time of the filing of her Complaint.

21

22      10.     ABM is now and was at the time this action commenced a citizen of the
23  State of Delaware and Texas within the meaning of 28 U.S.C. §1332(d). Thus,
24  minimal diversity exists between Plaintiff and ABM.

25

26      11.     There is also no dispute that Plaintiff brings this case as a class action
27  against ABM. (*See* Compl. at ¶¶ 21-34.) Plaintiff alleges in her Complaint that she
28  "brings the first through sixth causes of action below on a class-wide basis pursuant

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-4-

1   to section 382 of the California Code of Civil Procedure."  (Compl. at ¶ 21.)

2

3   12.    On her First and Eighth Claims, Plaintiff "seeks to represent all

4   individuals who, at any time since four years prior to the filing of this Complaint to

5   date, were or have been employed by Defendant in the State of California as a non-

6   exempt, hourly worker (the 'Class')."  (Compl. at ¶ 21.)

7

8   13.    On her Second Claim, Plaintiff seeks to represent "[a]ll individuals

9   who, at any time since one year prior to the filing of this Complaint to date, were or

10  have been employed by Defendant in the State of California as a non-exempt, hourly

11  worker (the 'Wage Statement Subclass')."  (Compl. at ¶ 21.)

12

13  14.    On her Third and Fourth Claims, Plaintiff seeks to represent "[a]ll

14  individuals who, at any time since July 1, 2018 to date, were or have been employed

15  by Defendant in Los Angeles County as a non-exempt, hourly worker (the

16  'Minimum Wage and Overtime Subclass')."  (Compl. at ¶ 21.)

17

18  15.    On her Fifth Claim, Plaintiff seeks to represent "[a]ll individuals

19  employed by Defendant in California whose employment with Defendant

20  terminated due to discharge or quitting at any time since four years prior to the filing

21  of this Complaint to date (the 'Former Employee Subclass')."  (Compl. at ¶ 21.)

22

23  16.    ABM denies any liability in this case, both as to Plaintiff's individual

24  claims and as to the class and/or representative claims, and will present compelling

25  defenses to these claims on the merits and also intends to oppose class certification.

26  ABM believes that class treatment is inappropriate under these circumstances and

27  that there are many material differences between the named Plaintiff and the

28  employees Plaintiff seeks to represent in her Complaint.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

17. ABM expressly reserves all rights in this regard. However, for purposes of the jurisdictional requirements for removal only, ABM notes that, as set forth in more detail below, the allegations in Plaintiff's Complaint identify putative classes and subclasses of more than 100 potential members and put in controversy, in the aggregate, an amount that well exceeds $5 million. *See* 28 U.S.C. § 1332(d)(5)(B), (6).

18. Plaintiff's individual Labor Code claims (Sixth and Seventh Claims), PAGA claim (Ninth Claim), and class claims concern the same alleged misconduct by ABM and form part of the same case or controversy, and are therefore properly within the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

19. Further, this action arises under the laws of the United States, 28 U.S.C. § 1331, and ABM is authorized to remove this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because Plaintiff has filed an action that requires the interpretation and application of the terms of a collective bargaining agreement.

20. This Court has supplemental jurisdiction over Plaintiff's Second, Fifth, Sixth, Seventh, Eighth, and Ninth Claims pursuant to 28 U.S.C. § 1367(a) because they concern the same alleged misconduct by ABM and form part of the same case or controversy as her claims which require the interpretation and application of the collective bargaining agreement.

21. This Court also has supplemental jurisdiction over ABM's compulsory Cross-Complaint pursuant to 28 U.S.C. § 1367(a).

22. Pursuant to 28 U.S.C. § 1446(b)(1), this case is being removed within

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-6-

thirty days of the effective date of Plaintiff's service of the Summons and Complaint on ABM.

23.     Accordingly, ABM respectfully request that this Court exercise its removal jurisdiction over this action.

## III.   REMOVAL PURSUANT TO CAFA IS PROPER

### A.     There is Minimal Diversity Between Plaintiff and ABM.

24.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), a member of a class is a citizen of a state different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  Since Plaintiff in this case is a citizen of California and ABM is a citizen of Delaware and Texas, minimal diversity exists between Plaintiff and ABM, and there is jurisdiction under CAFA.

### 1.     Plaintiff is a Citizen of the State of California.

25.     To establish citizenship of a natural person for diversity purposes, the party must be both a citizen of the United States and a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's "domicile" is the place where he or she resides, with the intent to remain or to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986).  Domiciliary is determined at the time the lawsuit was filed.  *Stroteck Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

26.     While "[r]esidence alone is not the equivalent of citizenship … the place of residence is *prima facie* the domicile."  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Hester v. Horowitz*, No. 14-00413 JMS-KLP, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015) ("Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile.").  It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Dyer,* 19 F.3d at 519; *Lew*, 797 F.2d at 751.

27.     Here, Plaintiff's Complaint confirms that "during the time periods relevant to [the] Complaint" she "was and is a resident of the County of Los Angeles, State of California."  (Compl. at ¶ 4.)  Plaintiff further claims that she was employed by ABM "as a parking attendant in various locations in Los Angeles County" from January 20, 2012 to July 2018.  (Compl. at ¶ 5.)

28.     Accordingly, <u>Plaintiff is a citizen of the State of California</u> when the State Court Action incepted and when this Petition and Notice was filed.

**2.     ABM is Not a Citizen of the State of California.**

29.     When jurisdiction over a class is predicated on CAFA, a limited liability company is deemed a citizen only of the state under whose laws it was organized or the state where it has its principal place of business.  28 USC § 1332(d)(10); *see also Ferrell v. Express Check Advance of South Carolina LLC*, 591 F3d 698, 705 (4th Cir. 2010) (limited liability company is "unincorporated association" for CAFA purposes); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (same); *Lafountain v. Meridian Senior Living, LLC*, No. CV 15-03297-RGK PJWX, 2015

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  WL 3948842, at *2, fn. 2 (C.D. Cal. June 29, 2015) (Klausner, J.) (same).

2

3       30.    Here, ABM is a limited liability company organized under the laws of

4  Delaware, and its corporate headquarters and principal place of business are located

5  at 14141 Southwest Freeway, Suite 477, Sugar Land, Texas 77478.  (*See*

6  Declaration of Allison Nelson, ¶ 3.)

7

8       31.    Thus, <u>ABM is a citizen of the State of Delaware and the State of Texas</u>,

9  and was not a citizen of California, when the State Court Action incepted and when

10  this Petition and Notice was filed.

11

12       **3.    Minimal Diversity Exists for Removal.**

13

14       32.    While Plaintiff asserts claims against "Doe" defendants who are

15  fictitiously named and not served, they are not joined in this Petition and Notice, and

16  shall be disregarded for the purpose of determining removal jurisdiction.  28 U.S.C.

17  § 1441(b)(1).  In determining whether diversity of citizenship exists, only the named

18  defendants are considered.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

19  91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of

20  defendants sued under fictitious names shall be disregarded for purposes of removal.

21  As such, the district court was correct in only considering the domicile of the named

22  defendants.").

23

24       33.    Since <u>Plaintiff in this case is a citizen of California and ABM is a</u>

25  <u>citizen of Delaware and Texas</u>, minimal diversity exists between Plaintiff and ABM,

26  and there is jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

### B.   More Than 100 Members Make Up the Proposed Classes.

34.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), the action involves a putative class of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5)(B).  Here, Plaintiff expressly alleges that "the Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable."  (Compl. ¶ 23.)

35.   In her First and Eighth Claims, Plaintiff proposes a class consisting of and defined in Paragraph 21 of the Complaint as: "all individuals who, at any time since four years prior to the filing of this Complaint to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker (the 'Class')."

36.   Plaintiff also proposes three subclasses consisting of and defined in Paragraph 21 of the Complaint as follows:

**Second Claim** – "All individuals who, at any time since one year prior to the filing of this Complaint to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker (the 'Wage Statement Subclass')";

**Third and Fourth Claims** – "All individuals who, at any time since July 1, 2018 to date, were or have been employed by Defendant in Los Angeles County as a non-exempt, hourly worker (the 'Minimum Wage and Overtime Subclass')"; and

**Fifth Claim** – "All individuals employed by Defendant in California whose employment with Defendant terminated due to discharge or quitting at any time since four years prior to the filing of this Complaint to date (the 'Former Employee Subclass')."

37.   In the approximate one-year period before the Complaint was filed (*i.e.*,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

June 15, 2018 to July 15, 2019), ABM employed approximately 17,959 non-exempt, hourly employees in California in its B&I vertical ("Alleged Wage Statement Subclass").[1]  (*See* Declaration of Paul Thorne ["Thorne Dec."], ¶ 3.)

38.     Since July 1, 2018, ABM has employed approximately 8,233 non-exempt, hourly employees in Los Angeles County in its B&I vertical ("Alleged Minimum Wage and Overtime Subclass").  (*See* Thorne Dec., ¶ 4.)

39.     In the approximate four-year period prior to the filing of the Complaint (*i.e.*, June 15, 2015 to July 15, 2019), approximately 14,588 employees were discharged by ABM or quit their employment in California ("Alleged Former Employee Subclass").  (*See* Thorne Decl, ¶ 5.)

40.     Should Plaintiff's proposed class and subclasses be certified (which ABM opposes), they would consist of far more than 100 members.  Thus, there is minimal jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Amount In Controversy Exceeds $5 Million.**

41.     When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* __ U.S. __, 135 S. Ct. 547, 554 (2014)

---

[1] Although Plaintiff alleges she worked as a parking attendant in Los Angeles County the entire time, her proposed subclasses do not differentiate by position worked.  (*See* Compl. at ¶ 21.)  Thus, for purposes of this removal petition, ABM has provided relevant data for all non-exempt, hourly employees in its Business and Industry vertical, regardless of position.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 (holding the district court erroneously remanded to state court when the defendant

2 had submitted an affidavit in support of his calculation on the amount in

3 controversy); *Clay v. Chobani LLC*, No. 14cv2258 (BEN) (DBH), 2015 WL

4 4743891, at *3 (S.D. Cal. Aug. 10, 2015).

5

6     42.    A defendant satisfies the amount in controversy for CAFA when they

7 rely on a reasonable chain of logic based on the allegations of the complaint and

8 sufficient evidence to show that the amount in controversy exceeds $5 million.  *See*

9 *LaCross v. Knight Transp. Inc*., 775 F. 3d 1200, 1201 (9th Cir. 2015); *Ritenour v.*

10 *Carrington Mortgage Servs. LLC*, No. SACV 16-02011-CJC (DFMx), 2017 WL

11 59069, at *2-4 (C.D. Cal., Jan. 5, 2017) (Carney, J.) (denying motion to remand

12 where defendant "provide[d] detailed calculations in [of its in controversy

13 allegations] based primarily on the declaration of [a top executive official]");

14 *Unutoa v. Interstate Hotels & Resorts, Inc*., No. 2:14-cv-09809-SVW-PJW, 2015

15 WL 898512, at *2 (C.D. Cal., Mar. 3, 2015) (Wilson, J.).

16

17     43.    "[A] removing defendant is not required to go so far as to prove

18 Plaintiff's case for him by proving the actual rates of violation."  *Gomez v. Michaels*

19 *Stores, Inc*., EDCV 15-2328-JGB-DTBx, 2016 WL 738196, at *3 (C.D. Cal., Feb.

20 22, 2016) (Bernal, J.); *Garcia v. Wal-Mart Stores, Inc*., No. CV 16-01645-BRO

21 (RAO), 2016 WL 6068104, at *5 (C.D. Cal. Oct. 14, 2016) (O'Connell, J.) ("At this

22 stage, a defendant is only required to prove the amount in controversy by a

23 preponderance of the evidence, and in so doing may calculate the amount in

24 controversy based on *reasonable assumptions.*"); *Oda v. Gucci Am., Inc.*, No. 2:14-

25 CV-07469-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (Wilson,

26 J.) (finding that a defendant opposing a motion to remand is "not required to comb

27 through its records to identify and calculate the exact frequency of violations");

28 *Sanchez  v. The Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 4919972, at

-12-

1  *3 (C.D. Cal., Aug. 8, 2015) (Gutierrez, J.) (citing cases therein).  "This is

2  consistent with Congress' intent that CAFA be interpreted expansively."  *Ritenour,*

3  2017 WL 59069, at *4.

4

5      44.    Here, the aforementioned allegations in Plaintiff's Complaint alone

6  show the amount in controversy is more than sufficient to meet the CAFA threshold.

7

8      **1.    Plaintiff's Second Claim Under Labor Code Section 226**
       **(Failure to Provide Accurate Pay Stubs) Places**
9      **Approximately $34 Million in Controversy.**

10

11     45.    Plaintiff alleges in her Second Claim that ABM failed to comply with

12 Labor Code section 226 by failing to provide accurate and complete wage

13 statements to her and the Wage Statement Subclass.  (*See* Compl. at ¶¶ 38-41.)

14 Incorporated by reference are the prior allegations in Paragraphs 28 through 30 of

15 the Complaint which claims that ABM had a "pattern, practice, and uniform

16 administration" of failing to provide adequate paystubs.  (*See* Compl. at ¶ 38.)

17

18     46.    ABM denies any such amounts, whether constituting unpaid wages,

19 penalties or otherwise, are owed to Plaintiff or the putative class members.

20 However, for purposes of this jurisdictional analysis *only*, ABM relies on Plaintiff's

21 allegations that such wages or penalties are owed.  *See Lewis v. Verizon Commc'ns,*

22 *Inc.,* 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in

23 controversy], we first look to the complaint."); *Heejin Lim v. Helio, LLC,* No.

24 CV11-9183 PGS (PLAx), 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2015) ("The

25 ultimate inquiry is, therefore, what amount is put 'in controversy' by the plaintiff's

26 complaint or other papers, not what defendant will actually owe for the actual

27 number of violations that occurred, if any"; citations omitted).

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-13-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

47.     Accordingly, for the Wage Statement Subclass employees who were allegedly not provided accurate wage statements each pay period, the amount in controversy for alleged penalties is calculated based on a 100% assumed violation rate per pay period. *Ritenour*, 2017 WL 59069 at *3 (complaint that simply alleged that defendants "failed to provide Plaintiffs and other class members complete and accurate wage statements" made it reasonable for court to assume a 100% violation rate); *Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB (DTBx), 2015 WL 5618872, at *4 (C.D. Cal., Sept. 24, 2015) (Bernal, J.) (allegation in complaint "*at all times*" supported 100% violation rate for calculation of amount of Labor Code § 226 penalties); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *4-5 (C.D. Cal., May 21, 2015) (King, J.) (finding that allegations that defendant "adopted and maintained uniform policies, practices and procedures" that caused labor law violations sufficient to support 100% alleged violation rate for Section 226 claim).

48.     An employee suffering an injury as a result of a knowing and intentional failure to comply with Labor Code section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1).

49.     As described above, the Alleged Wage Statement Subclass contains approximately 17,959 non-exempt, hourly employees. (*See* Thorne Dec., ¶ 3.) Each of these employees had at least one "initial" pay period for purposes of the alleged $50 statutory penalty. Moreover, these employees worked an aggregate of 348,672 pay periods during the one-year statutory period. (*Id*.) Subtracting the 17,959 initial

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-14-

1   pay periods leaves a total of 330,713 "subsequent" pay periods for purposes of the
2   alleged $100 statutory penalty.

4       50.    Thus, the calculation of alleged initial and subsequent pay period
5   penalties would be as follows:

| | |
|---|---|
| "Initial" pay period penalties for the Alleged Wage Statement Subclass (17,959 initial pay periods x $50.00) | **$897,950** |
| "Subsequent" pay period penalties for the Alleged Wage Statement Subclass (330,713 subsequent pay periods x $100) | **$33,071,300** |
| TOTAL alleged wage statement penalties | **$33,969,250** |

14       51.    Furthermore, since Plaintiff seeks recovery of the aggregate penalty of
15   $4,000 for each member of the Alleged Wage Statement Subclass, the alleged wage
16   statement penalty – according to Plaintiff – could reach as high as $71,836,000.

18       **2.    Plaintiff's Third Claim for Minimum Wages Places Another**
19           **$185 Million in Controversy.**

20       52.    In her Third Claim, Plaintiff alleges that she and every putative
21   member of the "Minimum Wage and Overtime Subclass" who were employed by
22   ABM in Los Angeles County since July 1, 2018, is entitled to recovery of $100 in
23   "fines" for each shift in which the violation occurred.  (Compl. at ¶¶ 42-45; *see also*
24   ¶ 21.)  Incorporated by reference are the prior allegations in Paragraphs 28 through
25   30 of the Complaint which claims that ABM had a "pattern, practice, and uniform
26   administration" of failing to pay the proper hourly rate.  (*See* Compl. at ¶ 42.)

28       53.    ABM again denies any such amounts, whether constituting unpaid

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

wages, penalties or otherwise, are owed to Plaintiff or the putative class members. However, for purposes of this jurisdictional analysis *only*, ABM relies on Plaintiff's allegations that such wages or penalties are owed. *See Lewis,* 627 F.3d at 399; *Heejin Lim*, 2012 WL 359304, at *2.

54.     As described above, the Alleged Minimum Wage and Overtime Subclass contains 8,233 members.  These employees worked an aggregate total of approximately 1,851,634 shifts from July 1, 2018 – July 15, 2019.  (*See* Thorne Dec., ¶ 4.)  Thus, the calculation of penalties would be as follows:

| | |
|---|---|
| Penalties for the Alleged Minimum Wage and Overtime Class (1,851,634 shifts x $100) | **$185,163,400** |

### 3.  Plaintiff's Fifth Claim for Waiting Time Penalties Alone Places Approximately $55 Million in Controversy.

55.     In her Fifth Claim, which is derivative of her First, Third, and Fourth Claims, Plaintiff alleges that she and every putative member of the "Former Employee Subclass" who ended employment in the four years prior to the Complaint (*i.e.*, June 4, 2015 through present), is entitled to recovery of waiting time penalties pursuant to California Labor Code sections 201-203.  (Compl. at ¶¶ 52-54; *see also* ¶ 21.)

56.     While ABM strongly denies that any such statutory violations occurred, or that such wages, penalties or damages are owed to Plaintiff or putative class members, that fact is irrelevant for purposes of this jurisdictional analysis.  *See Lewis,* 627 F.3d at 399; *Heejin Lim*, 2012 WL 359304, at *2.

57.     If an employer fails to pay wages due an employee at the time of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

termination or within 72 hours after resignation, as required by California Labor Code sections 201-202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced" for up to a maximum of 30 days. *See* Cal. Lab. Code § 203(a). Thus, penalty amounts are calculated by multiplying the number of former employees in the proposed class by thirty days' wages. Thirty day's wages, in turn, can be calculated by multiplying the average number of hours worked by the average rate of pay. *See Ritenour,* 2017 WL 59069 at *2 (going through calculation); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (same).

58.     As described above, the Alleged Former Employee Subclass contains approximately 14,588 individuals. (*See* Thorne Dec. at ¶ 5.) The average rate of pay for these employees was $12.84 per hour. (*Id.*)

59.     If, as Plaintiff alleges, it was ABM's practice and policy not to pay minimum wages, overtime wages, or to improperly deduct deposits from paychecks (*see* Compl. at ¶¶ 28-30), then a reasonable assumption is that the Complaint alleges a 100% violation rate for terminated employees. *See Salcido v. Evolution Fresh, Inc.*, No. 2:14-cv-09223-SVW-PLA, 2016 WL 79381, at *7 (C.D. Cal. Jan. 6, 2016) (Wilson, J.) (full 30-day waiting time penalty applied for all terminated employees, even when based on derivative wage and hour claims calculated on less than a 100% violation rate); *Mackall v. Healthsource Global Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) (same); *Tajonar v. Echosphere, L.L.C.*, No. 14cv2732-LAB (RBB), 2015 WL 4064642, at *3 (S.D. Cal. Jul. 2, 2015).

60.     Thus, for Plaintiff and putative class members who are allegedly entitled to waiting time penalties, the amount in controversy with respect to the Fifth

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Claim, pursuant to the authority in *Ritenour,* 2017 WL 59069, at *2, *Mackall,* 2016 WL 4579099 at *6, and *Tajonar* 2015 WL 4064642 at *3, is calculated as follows:

| | |
|---|---|
| $12.84 (average hourly rate of pay) x 8 hours per day | $102.72 |
| $102.72 (average daily rate) x 30 days waiting time penalties | $3,081.60 |
| $3,081.60 (average penalties) x 14,588 members of Alleged Former Employee Subclass | **$44,954,380.80** |

### 4.    Potential Statutory Attorneys' Fees at The Rate of 25% Must Also Be Considered In Calculating The Amount in Controversy

61.    Using the reasonable assumptions described above, the total amount in controversy based solely on Plaintiff's Second, Third, and Fifth Claims is approximately $264 million.  This amount ignores Plaintiff's claims in her First Claim (failure to make security deposits for uniforms), Fourth Claim (failure to pay overtime wages), Sixth and Seventh Claims (failure to provide wage statement and personnel records), Eighth Claim (unfair competition), and Ninth Claim for PAGA civil penalties.

62.    Although unnecessary because the amount in controversy can be established by reference to the alleged Labor Code violations discussed above, courts also take into consideration the amount of potential exposure to the defendant in statutory attorneys' fees, using a reasonable percentage of an additional 25% of damages.  *Salcido*, 2016 WL 79381, at *8;  *Oda,* 2015 WL 93335, at *5. *Rickwalt v. Direct Reconditioning, LLC*, No. 15-cv-01190-TLN-AC, 2015 WL 7750640, at *8 (E.D. Cal., Dec. 2, 2015).

63.    Thus, an additional $66 million in potential attorneys' fees – calculated

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-18-

1  as 25% of the $264 million in alleged exposure described above – could realistically

2  add to the amount in controversy.  Thus, the total amount in controversy for just

3  Plaintiff's Second, Third, and Fifth Claims, including fees, would be approximately

4  $330 million.

6  **D.      No Exception Applies to Defeat CAFA Removal.**

8  64.    Because ABM has shown that federal jurisdiction exists over this

9  action, Plaintiff bears the burden of proof to show than an exception to CAFA

10  removal applies and justifies remand.  *Serrano v. 180 Connect, Inc.,* 478 F. 3d 1018,

11  1024 (9th Cir 2007).  Plaintiff cannot meet this burden, as neither the "Home State"

12  nor the "Local Controversy" exceptions apply to this action.[2]

14  **1.      The "Home State" Exception Does Not Apply.**

16  65.    The "Home State" exception does not apply because ABM is not a

17  citizen of California.  Under the "home state" exception, a case may be remanded

18  where all "primary defendants" are citizens of California.  *Corsino v. Perkins*, No.

19  CV 09-09031 MMM (CWx), 2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010)

20  (Morrow, J.) ("Many courts 'agree that the term "the primary defendants" means

21  that all primary defendants must be citizens of the state concerned.'")  (citations

22  omitted).  Stated conversely, where any one primary defendant is a citizen of a state

23  *other than California*, the "home state" exception will not apply to justify remand.

24  *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLx), 2005 WL 3967998, at *8

26  _____

26  [2] ABM expressly reserves its right to contest and further brief the applicability

27  of any exception that Plaintiff may argue in a motion for remand.  To the extent that

27  a certain prong or exception is not addressed, ABM does not waive any argument or

27  acquiesce to Plaintiff's interpretation of the facts.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  (C.D. Cal. Nov. 21, 2005) (Feess, J.).

2

3      66.    A primary defendant is one who: (1) has the greater liability exposure;

4  (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to

5  vicariously, or for indemnification or contribution; (4) is the subject of a significant

6  portion of the claims asserted by plaintiff; or (5) is the only defendant named in one

7  particular cause of action. *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 949,

8  953 (C.D. Cal. 2014) (Staton, J.) (citations omitted). Plaintiff has the burden of

9  showing the "home state" exception applies to justify remand. *Serrano*, 478 F. 3d at

10  1024.

11

12      67.    Plaintiff cannot meet this burden because ABM, which is and was a

13  citizen of Delaware and Texas – but *not* California – is the primary and only

14  defendant named to this action. *See Marino*, 26 F. Supp. 3d at 953.

15

16      **2.**    **The "Local Controversy" Exception Does Not Apply.**

17

18      68.    The "Local Controversy" exception does not apply because similar

19  class actions have been filed in the last three years. The "local controversy"

20  exception applies to justify remand only when, "during the 3-year period preceding

21  the filing of [the current action], no other class action has been filed asserting the

22  same or similar factual allegations against any of the defendants on behalf of the

23  same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiff cannot meet his

24  burden here to satisfy the local controversy exception because at least five similar

25  such class actions have been filed and/or pending just in the past three years.

26  *Serrano*, 478 F. 3d at 1024.

27

28      69.    Within the three years prior to Plaintiff's filing of her Complaint, there

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

1  have been at least five prior and/or pending class actions filed and pending, against

2  ABM, including:  *Maurice Fowler adv. ABM Industries Incorporated, ABM Onsite*

3  *Services-West, Inc. et al.*, Case No. BC646797, originally filed in Los Angeles

4  Superior Court on January 12, 2017, and subsequently removed to federal court,

5  Case No. 2:17-cv-1235 CJC (DFMx); *Rashad Jefferson adv. ABM Janitorial*

6  *Services – South, ABM Industries Incorporated, et al.,* Case No. RG16832078,

7  originally filed in Alameda County Superior Court on September 21, 2016; *Larry*

8  *Miles adv. CSS Building Services, Inc., ABM Onsite Services-West, Inc., et al*., Case

9  No. BC586866, originally filed in Los Angeles Superior Court on October 3, 2016;

10  *Ofelia Mendez, on behalf of herself and all others similarly situated, vs. ABM Onsite*

11  *Services–West., Inc., a Delaware corporation*" originally filed in Orange County

12  Superior Court on March 1, 2017, Case No. 30-2017-00906556-CU-OE-CXC, and

13  subsequently removed to federal court, Case No. SACV 17-00939 CJC (DFMx);

14  *Yajaira Lopez adv. ABM Onsite Services-West, Inc.; ABM Industries Incorporated*,

15  Case No BC 664924, originally filed in Los Angeles County Superior Court on July

16  14, 2017, and subsequently removed to federal court, Case No. 2:17-cv-5090.

17

18      70.    These previously filed class actions assert the same or similar wage and

19  hour claims against ABM and affiliated entities by the same or partially overlapping

20  putative class members (*i.e*., hourly, non-exempt California employees who were

21  employed by ABM during the relevant time period).  (*See* ABM's Request for

22  Judicial Notice, Exs. "A" through "F," filed under separate cover concurrently

23  herewith.)

24

25      71.    Because at least one other class action has been filed against ABM

26  within the last three years, asserting the same factual allegations and legal claims

27  against ABM on behalf of the same or similar persons, the "local controversy"

28  exception cannot apply.  *Corsino*, 2010 WL 317418 at *4; *Green v. SuperShuttle*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    *Int'l, Inc.,* No. 09-2129 ADM/JJG, 2010 WL 419964, at *3 (D. Minn. Jan. 29,

2    2010); *see also Jadeja v. Redflex Traffic Sys., Inc.*, No. C 10-04287 WHA, 2010 WL

3    4916413, at *3 (N.D. Cal. Nov. 22, 2010).

4

5        **E.    Plaintiff's Individual Labor Code and PAGA Claims Are Properly
             Within the Court's Supplemental Jurisdiction.**

6

7        72.    In her Sixth Claim (failure to provide wage statement records), which is

8    derivative of her Second Claim, Plaintiff alleges that she is entitled to recover a

9    $750 penalty pursuant to Labor Code section 226(f) for ABM's alleged failure to

10   permit her inspection of the records reflected in her wage statements.  (*See* Compl.

11   at ¶¶ 55-58.)  In her Seventh Claim (failure to provide personnel records), which is

12   also derivative of her Second Claim, Plaintiff alleges that she is entitled to recover a

13   $750 penalty pursuant to Labor Code section 1198.5(k) for ABM's alleged failure to

14   permit her inspection of her personnel records.  (*See* Compl. at ¶¶ 59-62.)

15

16       73.    Plaintiff alleges in her Ninth Claim (PAGA civil penalties) that she is

17   entitled to civil penalties because ABM failed to comply with a litany of California

18   Labor Code provisions, including sections 201, 202, 203, 204, 221, 226, 403, 404,

19   405, 406, 510, and 1194.[3]  (*See* Compl. at ¶¶ 71-72.)

20

21       74.    Incorporated by reference in Plaintiff's Sixth, Seventh, and Ninth

22   Claims are all the prior allegations in the Complaint.  (*See* Compl. at ¶¶ 55, 59, 66.)

23

24       75.    Here, Plaintiff's class, individual, and PAGA claims concern the same

25   _____

26       [3] Plaintiff also alleges that she is entitled to civil penalties for ABM's alleged

27   violation of the Los Angeles County Minimum Wage Ordinance and IWC Wage
     Order 9.  (*See* Compl. at ¶ 71.)

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  alleged misconduct by ABM and form part of the same case or controversy.  28

2  U.S.C. § 1367(a).

3

4       76.     Supplemental jurisdiction over Plaintiff's Plaintiff's Sixth, Seventh,

5  and Ninth Claims is thus proper.  *See Archila v. KFC U.S. Properties, Inc.*, 420 F.

6  App'x 667, 668-69 (9th Cir. 2011) (fact that California is a real party in interest to a

7  PAGA action does not convert California into an actual party to all PAGA litigation,

8  and holding that the district court properly exercised jurisdiction over the claim);

9  *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 2503377, at *5 (N.D.

10 Cal., June 17, 2019) ("this Court's jurisdiction over the PAGA claim was and is

11 supplemental to its CAFA jurisdiction over the class claims."); *Vawter v. United*

12 *Parcel Serv., Inc.*, No. CV 18-1318-RGK-E, 2018 WL 4677583, at *1 (C.D. Cal.

13 Sept. 26, 2018) (Klausner, J.) (recognizing that where action was removed under

14 CAFA, jurisdiction over PAGA claim was supplemental to CAFA jurisdiction);

15 *Hernandez v. Pei Wei Asian Diner LLC*, No. 817CV00679JLSJCG, 2017 WL

16 6888260, at *3 (C.D. Cal. Oct. 2, 2017) (Staton, J.) ("to the extent that this Court

17 has CAFA jurisdiction over [plaintiff's] class claims, this Court may maintain

18 supplemental jurisdiction over Plaintiff's PAGA claims."); *Thompson v. Target*

19 *Corp.*, No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *12 (C.D. Cal. Aug.

20 2, 2016) (Bernal, J.) ("[G]iven that the Court finds it has original jurisdiction over

21 Plaintiff's class claims under CAFA, the Court may exercise supplemental

22 jurisdiction over Plaintiff's PAGA claims."); *Juarez v. Villafan*, No.

23 116CV00688DADSAB, 2017 WL 6629529, at *3 (E.D. Cal. Dec. 29, 2017)

24 (supplemental jurisdiction for Plaintiff's related Labor Code section 226(b) and

25 1198.5 claims), *report and recommendation adopted,* No. 116CV00688DADSAB,

26 2018 WL 4372784 (E.D. Cal. June 13, 2018); *Navarro v. Ordaz Cultured Marble &*

27 *Onyx, Inc.*, No. C 13-00847 LB, 2013 WL 3801230, at *3, fn. 2 (N.D. Cal. July 19,

28 2013) (supplemental jurisdiction over the plaintiff's Labor Code section 226(b) and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-23-

Business & Professions section 17200 claims).

## IV.   FEDERAL QUESTION JURISDICTION EXISTS UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a)

77.   This action arises under the laws of the United States, and ABM is authorized to remove this action to this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), because Plaintiff has filed an action that requires the interpretation and application of the terms of a collective bargaining agreement.

78.   "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Any such action may be removed to the District Court if it is originally filed in a state court.  28 U.S.C. § 1441(a).

79.   It is well-established that Section 301 preempts and replaces all state-law causes of action that require the court to interpret or apply the provisions of a collective bargaining agreement.  *Allis-Chalmers Corporation v. Lueck*, 471 U.S. 202, 220 (1985); *Moreau v. San Diego Transit Corporation*, 210 Cal. App. 3d 614, 622 (1989); *see* 29 U.S.C. § 185(a).[4]  "The preemptive force of Section 301 is so powerful that it displaces entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement."  *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988).  Accordingly, "claims that implicate a

---

[4] Section 301(a) provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

collective bargaining agreement must be construed as a § 301 claim and adjudicated under federal labor law or be dismissed as preempted." *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 439 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

80.     Both federal and California courts have recognized that Section 301 serves the compelling purpose of avoiding inconsistencies in the interpretation of labor contracts:

> "In order to achieve uniformity in the interpretation of such agreements and consistent resolution of labor-management disputes, federal law governs such suits whether brought in state or federal court. <u>In order to assure this uniformity, the preemptive strength of Section 301 is extraordinarily strong</u>."

*Moreau*, 210 Cal. App. 3d at 622 (emphasis added); *Schlacter-Jones*, 936 F.2d at 439, n. 3 ("national labor policy requires that the collective bargaining relationship be defined by the application of an evolving uniform federal law"). Accordingly, Plaintiff's state law claims are necessarily preempted if their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) ("Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement."); *Audette v. ILWU Local 24*, 195 F.3d 1107, 1112 (9th Cir. 1999) ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are preempted.'").

81.     The Ninth Circuit has articulated a two-part test used to determine whether a cause of action is preempted by Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-25-

by virtue of state law, not by a CBA." *Id.* at 1059. If the right exists solely as a result of the CBA, then the claim is preempted, and the court's analysis ends. *Id.* If, however, the right exists independently of the CBA, the court must still consider whether resolving the dispute is nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id.* If such dependence exists, then the claim is preempted by Section 301. *Id.* at 1060.

82. Under the Ninth Circuit rule, Plaintiff's state law claims are necessarily preempted since their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera*, 223 F.3d at 1014 ("Section 301 of the LMRA preempts state law ... claims that are substantially dependent on an interpretation of a collective bargaining agreement"). Moreover, Labor Code sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Cal. Lab. Code § 514.

83. Throughout the relevant time period of Plaintiff's employment with ABM, Plaintiff was a member of California Teamsters Local 911 (the "Union"). (*See* Declaration of Sheri Arabkhazaei ["Arabkhazaei Dec."], ¶ 4, Ex. "A.") Plaintiff's employment was thus governed by the collective bargaining agreement between the Union and ABM, and other union signatories, entitled "Master Parking Agreement Between United Parking Employers Council and Teamsters Local 911,"

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

effective June 1, 2015, to May 31, 2020 (the "CBA").[5]  (*See* Arabkhazaei Dec., ¶ 5, Ex. "B.")  Article 7 of the CBA establishes a grievance and arbitration procedure for the resolution of employment disputes concerning the interpretation or implementation of the CBA.  (Arabkhazaei Dec., Ex. "B," pp. 4-5.)

84.     Plaintiff's First Claim (failure to make security deposits for uniforms) clearly implicates, and requires interpretation of, the CBA between the Union and ABM.  Article 12 specifically sets forth ABM's and the union members' rights and obligations concerning the deposit and deduction for uniforms.  (*See* Arabkhazaei Dec., Ex. "B," pp. 7-8.)

85.     Plaintiff's Third Claim (failure to pay minimum wages) and Fourth Claim (failure to pay overtime wages) clearly implicate, and requires interpretation of, the CBA between the Union and ABM.  Here, Article 10, Article 18, and Appendix A of the CBA, as well as the accompanying Memorandum of Agreement concerning Appendix A of the CBA, sets forth ABM's and the union members' rights and obligations concerning alternative workweek schedules, rates of pay, dates of pay, and wage increases, including wage increases above the minimum wage set forth by federal, state, and local minimum wage increases.  (Arabkhazaei Dec., Ex. "B," pp. 6-7, 10-11, 16; Ex. "C.")

86.     Even if not all of Plaintiff's claims are deemed to be preempted by Section 301 or otherwise raise federal questions, they all arise directly out of the same "common nucleus of operative fact" because they relate to Plaintiff's allegations that she was not properly paid by ABM.  Specifically, the Second Claim

---

[5] ABM is a member of the United Parking Employers Council, identified as a party to the CBA.  (*See* Arabkhazaei Dec., ¶ 5, Ex. B, p. 15.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

(failure to provide adequate paystubs) and Fifth Claim (waiting time penalties) is based on ABM's alleged violations identified in the First, Third, and Fourth Claims. As discussed above, Plaintiff's Sixth Claim (failure to provide wage statement records) and her Seventh Claim (failure to provide personnel records) is derivative of her Second Claim.  Further, Plaintiff's Eighth Claim (unfair business practices) and her Ninth Claim (PAGA civil penalties) is based on ABM's alleged failure to comply with the aforementioned Labor Code provisions.

87.     Thus, Plaintiff's claims should be tried in a single judicial proceeding with the rest of his Complaint, and the entire action is removable under this Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).

88.     Plaintiff's Complaint is therefore completely preempted by Section 301 because the resolution of this claim, including the Court's analysis of ABM's defenses, depends upon analysis of the CBA.  *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (explaining that Section 301 claims are "purely a creature of federal law"); *Sprewell v. Golden State Warriors*, 231 F.3d 520, 529 (9th Cir. 2000) (holding that state claims are preempted by Section 301 when they involve an analysis of whether the employer conformed with a collective bargaining agreement), *opinion withdrawn and superseded on reh'g,* 266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).

## V.     THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER ABM'S COMPULSORY CROSS-COMPLAINT

89.     It is undisputed that ABM's Cross-Complaint (*see* Ex. "M"), concerning Plaintiff's failure to comply with the terms of her July, 3, 2018, Separation Agreement and General Release, was compulsory under California law,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

as the claims arose out of the "same transaction, occurrence, or series of transactions or occurrences." Cal. Code Civ. Proc. §§ 426.30(a), 426.10; *see also Align Tech., Inc. v. Bao Tran,* 179 Cal. App. 4th 949, 960 (2009) (holding that the "same transaction" language of the statute is to be given a "liberal construction").

90.    ABM's compulsory Cross-Complaint thus falls within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), and no other basis for jurisdiction need be established.[6] *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, fn. 1 (1974); *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009-1010 (9th Cir. 2012); *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 76 (1st Cir. 2010).

## VI.   **REMOVAL IS TIMELY**

91.    Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty days of the time when ABM first became aware that it was removable.  *See* 18 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

92.    In this case, the time for removal started on July 3, 2019 – the date Plaintiff's Complaint was served.  (*See* Ex. "K.")  The served Complaint provided

---

[6] ABM's filing of the compulsory Cross-Complaint along with its Answer did not waive its right to remove this action. *See Flam v. Flam*, No. 1:12-CV-1052 AWI DLB, 2016 WL 829163, at *5 (E.D. Cal. Mar. 3, 2016); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-CV-02857-WHO, 2014 WL 4651673, at *3 (N.D. Cal. Sept. 16, 2014); *Koch v. Medici Ermete & Figli S.R.L.*, No. CV 13-1411 CAS PJWX, 2013 WL 1898544, at *3 (C.D. Cal. May 6, 2013) (Snyder, J.).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

information from which ABM could first ascertain that a State Court Action had commenced, that removal was appropriate, and the case was one which had become removable.

93.     Accordingly, removal of the action within thirty days of ABM being served with the Complaint in the State Court Action is timely.

## VII.   **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

94.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(d) because:

    a.     This is a civil action that is a class action within the meaning of 28 U.S.C. §1332(d)(1)(B);

    b.     The action involves a putative class of at least 100 employees;

    c.     The amount in controversy, subject to ABM's stated denials of Plaintiff's allegations, exceeds $5 million as required by 28 U.S.C. §1332(d)(2), exclusive of interest and costs; and

    d.     Plaintiff is a citizen of a state different from the sole defendant.

95.     This Court has supplemental jurisdiction over Plaintiff's non-class claims (Sixth, Seventh, and Ninth Claims) pursuant to 28 U.S.C. § 1367(a) because they concern the same alleged misconduct by ABM and form part of the same case or controversy as her class claims.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

96.     Further, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and ABM is authorized to remove this action pursuant to Section 301 of 29 U.S.C. § 185(a).

97.     This Court has supplemental jurisdiction over Plaintiff's Second, Fifth, Sixth, Seventh, Eighth, and Ninth Claims pursuant to 28 U.S.C. § 1367(a) because they concern the same alleged misconduct by ABM and form part of the same case or controversy as her claims which require the interpretation and application of the terms of the CBA.

98.     Further, this Court has supplemental jurisdiction over ABM's compulsory Cross-Complaint pursuant to 28 U.S.C. § 1367(a).

99.     Accordingly, this action is properly removable under 28 U.S.C. §1441.

## VIII.  <u>ASSIGNMENT TO THE CENTRAL DIVISION IS PROPER</u>

100.    The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

101.    Upon filing the Notice of Removal, ABM will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

WHEREFORE, Defendant ABM INDUSTRY GROUPS, LLC hereby respectfully removes this action from the Superior Court of California in and for the County of Los Angeles to this United States District Court.

DATED: August 2, 2019            PAYNE & FEARS LLP


By: _____ /s/ Robert T. Matsuishi _____
                 DANIEL F. FEARS
                 LAURA FLEMING
                 ROBERT T. MATSUISHI

        Attorneys for Defendant
        ABM INDUSTRY GROUPS, LLC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-32-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

1

## **INDEX OF EXHIBITS**

2

3  **EXHIBIT NO.**                    **DESCRIPTION**

4  A                  Complaint filed by Plaintiff on June 4, 2019

5  B                  Summons filed by Plaintiff on June 4, 2019

6  C                  Civil Case Cover Sheet filed by Plaintiff on June 4, 2019

7  D                  Notice of Case Assignment issued by the Los Angeles

8                     County Superior Court on June 4, 2019

9  E                  Minute Order issued by the Los Angeles County Superior

10                    Court on June 11, 2019

11  F                 Certificate of Mailing for the Minute Order issued by the

12                    Los Angeles County Superior Court on June 11, 2019

13  G                 Initial Status Conference Order issued by the Los Angeles

14                    County Superior Court on June 11, 2019

15  H                 Minute Order issued by the Los Angeles County Superior

16                    Court on July 3, 2019

17  I                 Certificate of Mailing for the Minute Order issued by the

18                    Los Angeles County Superior Court on July 3, 2019

19  J                 Notice of Court Order re Continuance of Initial Status

20                    Conference filed by Plaintiff on July 9, 2019

21  K                 Proof of Service of Summons filed by Plaintiff on July 17,

22                    2019

23  L                 Answer filed by ABM on August 2, 2019

24  M                 Cross-Complaint filed by ABM on August 2, 2019

25  N                 Notice of appearance filed by ABM on August 2, 2019

26  4812-3017-4068.10

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

**PROOF OF SERVICE**

**I. Artiga vs. ABM Industry Groups, LLC**

**USDC Central District of California – Case No. 2:19-cv-06735**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On August 2, 2019, I served true copies of the following document(s) described as **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1446(b), 1453, AND 1711** on the interested parties in this action as follows:

Alan Harris, Esq.                                   Attorneys for Plaintiff:
Priya Mohan, Esq.                                  I. ARTIGA, *individually and*
HARRIS & RUBLE                                  *on behalf of all others*
655 North Central Avenue, 17th Floor   *similarly situated*
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:  aharris@harrisandruble.com
            pmohan@harrisandruble.com

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 2, 2019, at Irvine, California.

/s/ Gina M. Squitieri
Gina M. Squitieri

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100