EXHIBIT A

1
Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE

2
655 North Central Ave., 17th Flo
Glendale, California 91203

3
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004

4
aharris@harrisandruble.com
pmohan@harrisandruble.com

5
*Attorneys for Plaintiff I. Artiga*

6

**ORIGINAL**

**FILED**
Superior Court of California
County of Los Angeles

JUN 0 4 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ Deputy
Isaac Love

7
## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8
## FOR THE COUNTY OF LOS ANGELES

9

10
I. ARTIGA, individually and on behalf of
all others similarly situated, ,

11
              Plaintiff,

12
      v.

13
ABM INDUSTRY GROUPS, LLC, a
Delaware Limited Liability Company, and

14
DOE ONE through and including DOE
TEN,

15

16
              Defendants.

Case No.   **19STCV19268**
**COMPLAINT**
[*PAGA Law Enforcement and Class
Action Complaint*]

1.  Failure to Make Security Deposits
    Cal. Lab. Code §§ 403, 404, 405, 406
    and IWC Wage Order 9, Sec.9(c)

2.  Failure to Provide Adequate Pay
    Stubs Labor Code § 226(a)

3.  Failure to Pay Minimum Wage, Los
    Angeles County Minimum Wage
    Ordinance,  Los Angeles County
    Code of Ordinances, Title 8, Div. 4,
    Chapter 8.100, § 8.100.040 *et seq.*

4.  Failure to Pay Overtime Wages Cal.
    Lab. Code §§ 510 and 1194

5.  Continuing Wages, Cal. Lab. Code §
    203

6.  Failure to Provide Employment
    Records Upon Request. Cal. Lab.
    Code § 226

7.  Failure to Provide Employment
    Records Upon Request, Cal. Lab.
    Code § 1198.5

8.  Violation of Cal. Bus. & Prof. Code
    § 17200 *et seq.*

9.  Civil Penalties, Pursuant to Cal. Lab.
    Code § 2698 *et seq.*
**DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

1

1    I. Artiga, ("Artiga" or "Plaintiff"), on behalf of herself as an individual and in her

2    representative capacity, and on behalf of the State of California Labor & Workforce

3    Development Agency ("LWDA") under the Labor Code Private Attorneys General Act

4    of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.* alleges as

5    follows:

6                        *JURISDICTION AND VENUE*

7        1.      This is a civil action and law enforcement action under PAGA seeking

8    unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof,

9    against Defendant ABM Industry Groups, LLC ("ABM"). This action alleges that ABM,

10   *inter alia*, (1) collected unlawful deductions from employees; (2) failed to pay Plaintiff

11   and aggrieved employees minimum wages; (3) failed to timely pay Plaintiff all of her

12   wages due at the termination of her employment; and (4) engaged in unfair, unlawful,

13   and/or fraudulent business practices in violation of California law to the detriment of

14   aggrieved employees and the general public. On August 28, 2018, Plaintiff provided

15   statutory notice to the California Labor and Workforce Development Agency of the

16   claims set forth in this complaint and to Defendant ABM.

17       2.      Pursuant to California Code of Civil Procedure section 382, Plaintiff also

18   brings this case individually and as a class action on behalf of similarly situated

19   individuals who have been employed by ABM as hourly, non-exempt workers in

20   California (collectively referred to as "Aggrieved Employees") since four years prior to

21   the filing of this Complaint.

22       3.      Venue as to Defendant is proper in this judicial district, pursuant to

23   California Business & Professions Code section 17203 and California Code of Civil

24   Procedure sections 395(a) and 395.5. Defendant maintains an office, transacts business,

25   has an agent, or is found in the County of Los Angeles and is within the jurisdiction of

26   this Court for purposes of service of process. The unlawful acts alleged herein had a

27   direct effect on and were committed within the State of California.

28

*PARTIES AND SUBSTANTIVE ALLEGATIONS*

4.     Plaintiff Artiga is an individual during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California. Artiga was employed by Defendant ABM in the County of Los Angeles, State of California during the relevant period.  Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

5.     Plaintiff is informed and believes, and based thereon alleges, that ABM is a company that conducts significant amounts of business within Los Angeles County. ABM touts itself as a leading provider of integrated facility solutions.  Among the services it provides, ABM provides parking valet and transportation services to clients across the United States, including California and Los Angeles County.  Beginning on or about January 20, 2012 and throughout the relevant period, until July, 2018, Plaintiff was employed by ABM as a parking attendant in various locations in Los Angeles County.

6.     Plaintiff contends that Defendant failed to provide her and other aggrieved employees with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the

EXHIBIT A, Page 35

1  employee may be aggregated and shown as one item, (5) net wages earned,

2  (6) the inclusive dates of the period for which the employee is paid, (7) the

3  name of the employee and his or her social security number, (8) the name

4  and address of the legal entity that is the employer, and (9) all applicable

5  hourly rates in effect during the pay period and the corresponding number of

6  hours worked at each hourly rate by the employee and . . .  The deductions

7  made from payments of wages shall be recorded in ink or other indelible

8  form, properly dated, showing the month, day, and year, and a copy of the

9  statement or a record of the deductions shall be kept on file by the employer

10  for at least three years at the place of employment or at a central location

11  within the State of California.

12      . . . .

13          (e)     An employee suffering injury as a result of a knowing and

14  intentional failure by an employer to comply with subdivision (a) is entitled

15  to recover the greater of all actual damages or fifty dollars ($50) for the

16  initial pay period in which a violation occurs and one hundred dollars ($100)

17  per employee for each violation in a subsequent pay period, not exceeding

18  an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

19  award of costs and reasonable attorney's fees.

20  Cal. Lab. Code § 226.

21          7.       On information and belief, Plaintiff contends that Defendant failed to

22  provide Plaintiff and Aggrieved Employees with the data required by section 226 of the

23  California Labor Code.  Attached hereto as **Exhibit 1** are true and correct copies of

24  certain of Plaintiff's wage statements.  Plaintiff is a former employee of the Defendant.

25  Exhibit 1 hereto shows that Defendant fail to include all applicable hourly rates in effect

26  during the pay period and the corresponding number of hours worked at each hourly rate

27  by the employee.  For instance, Exhibit 1 contains two wage statements.  Exhibit 1, page

28  1 is a wage statement bearing the check date July 13, 2018 and page 2 is a wage

1   statement bearing the check date July 20, 2018.  Each of these wage statements purports
2   to be for payment of wages earned during the period July 1, 2018 through July 15, 2018.
3   The discrepancies between these wage statements show that the information provided to
4   Plaintiff regarding the wage rates, inclusive dates of the period and hours worked was not
5   accurate.  ABM's failure to provide the correct information on these wage statements has
6   caused confusion by making it impossible for Plaintiff to determine whether or not she
7   has been paid correctly.  In addition to subjecting ABM to the damages specified in
8   section 226(e), ABM's failure to provide such information subjects it to civil penalties.
9   See Cal. Lab. Code §§ 226.3, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.
10       8.      On information and belief, Plaintiff contends that Defendant failed to
11   provide Plaintiff and Aggrieved Employees with minimum wages and overtime.  For
12   instance, Exhibit 1, page 2 (the July 20, 2018 wage statement) indicates that Plaintiff
13   worked 40 hours at a straight time rate of $12.60 and .08 hours at a overtime rate of
14   $18.90.  The Los Angeles County Minimum Wage Ordinance mandated that as of July 1,
15   2018, any employer who employed more than 26 employees was required to pay a
16   minimum wage rate of $13.25 per hour.  ABM employed more than 26 employees and
17   was subject to this minimum wage requirement.  The July 20, 2018 wage statement
18   shows that Plaintiff was not paid the correct minimum wage for the hours worked.
19       9.      Plaintiff also contends that Defendant unlawfully deducted uniform deposits
20   from the paychecks of Plaintiff and Aggrieved Employees in violation of California
21   Labor Code section 221.  In addition to subjecting ABM to damages, ABM's unlawful
22   deductions subject it to civil penalties.  See Cal. Lab. Code § 225.5.
23       10.     Defendant is liable to Plaintiff and former employees for continuing wages
24   pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code
25   states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the
26   time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly,
27   section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her
28   employment, his or her wages shall become due and payable not later than 72 hours

1  thereafter, unless the employee has given 72 hours previous notice of his or her intention
2  to quit, in which case the employee is entitled to his or her wages at the time of quitting."
3  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully
4  fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202 . . .
5  any wages of an employee who is discharged or who quits, the wages of the employee
6  shall continue as a penalty from the due date thereof at the same rate until paid or until an
7  action therefor is commenced; but the wages shall not continue for more than 30 days."
8  Id. § 203(a).  In addition to subjecting Defendant to damages, Defendant's failure to
9  timely pay all outstanding wages upon the termination of employment subjects it to civil
10  penalties.  See Cal. Lab. Code § 2698 et seq.  Defendant did not pay all wages due and
11  owing to Plaintiff within the statutorily required time period.
12      11.    Plaintiff and Aggrieved Employees were injured by such actions and are
13  therefor entitled to seek the amounts as set forth in Labor Code section 226 subsections
14  (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the
15  California Labor Code in part provides:

16      (a) Any employer or other person acting on behalf of an employer, who
17      violates, or causes to be violated, any provision regulating minimum wages
18      or hours and days of work in any order of the Industrial Welfare
19      Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,
20      1193.6, 1194, or 2802, may be held liable as the employer for such violation.
21      (b) For purposes of this section, the term "other person acting on behalf of
22      an employer" is limited to a natural person who is an owner, director,
23      officer, or managing agent of the employer, and the term "managing agent"
24      has the same meaning as in subdivision (b) of Section 3294 of the Civil
25      Code.

26      12.    After July 1, 2018, the Los Angeles County Minimum Wage Ordinance
27  required Defendant to pay Plaintiff and Aggrieved Employees a minimum wage of at
28  least $13.25 per hour.  Section 8.101.170 of the Los Angeles County Minimum Wage

EXHIBIT A, Page 38

Ordinance provides that:

> Any Employee aggrieved by a violation of Chapter 8.100 or this Chapter,
> the County, or any other person or entity acting on behalf of the public as
> provided for under applicable State law, may bring a civil action in a court
> of competent jurisdiction against the Employer violating Chapter 8.100 or
> this Chapter and, upon prevailing, shall be entitled to such legal or equitable
> relief as may be appropriate to remedy the violation including, without
> limitation, the payment of any back wages unlawfully withheld, the payment
> of fines in the amount of $100 to each Employee whose rights under Chapter
> 8.100 or this Chapter were violated for each day that the violation occurred
> or continued, reinstatement in employment and/or injunctive relief, and shall
> be awarded reasonable attorneys' fees and costs. Any person or entity
> enforcing Chapter 8.100 or this Chapter on behalf of the public as provided
> for under applicable State law, upon prevailing, shall be entitled only to
> equitable, injunctive or restitutionary relief, and reasonable attorneys' fees
> and costs.

Los Angeles County Minimum Wage Ordinance, Section 8.101.170(B).

13.   At all times relevant hereto, sections 510, 1194, and 1198 of the California Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

14.   At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight
> hours in one workday and any work in excess of 40 hours in any one

7

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

1   workweek and the first eight hours worked on the seventh day of work in

2   any one workweek shall be compensated at the rate of no less than one-and-

3   one-half times the regular rate of pay for an employee.  Any work in excess

4   of 12 hours in one day shall be compensated at the rate of no less than twice

5   the regular rate of pay for an employee.  In addition, any work in excess of

6   eight hours on any seventh day of a workweek shall be compensated at the

7   rate of no less than twice the regular rate of pay of an employee.  Nothing in

8   this section requires an employer to combine more than one rate of overtime

9   compensation in order to calculate the amount to be paid to an employee for

10   any hour of overtime work.  The requirements of this section do not apply to

11   the payment of overtime compensation to an employee working pursuant to

12   any of the following:  (1) An alternative workweek schedule adopted

13   pursuant to Section 511.  (2) An alternative workweek schedule adopted

14   pursuant to a collective bargaining agreement pursuant to Section 514.

15   Cal. Lab. Code § 510(a).

16         15.    At all relevant times mentioned herein, section 1194 of the California Labor

17   Code provided, in relevant part:

18   Notwithstanding any agreement to work for a lesser wage, any employee

19   receiving less than the legal minimum wage or the legal overtime

20   compensation applicable to the employee is entitled to recover in a civil

21   action the unpaid balance of the full amount of this minimum wage or

22   overtime compensation, including interest thereon, reasonable attorney's

23   fees, and costs of suit.

24   Id. § 1194(a).

25         16.    With regard to the employment of Plaintiff as described above, the

26   provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were

27   inapplicable in that no alternative workweek schedule had been adopted.

28

06/05/2019

EXHIBIT A, Page 40

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

17.     Plaintiff worked for Defendant during the relevant period.  Plaintiff is informed and believes and based thereon allege that, as a matter of uniform company policy, from July 1, 2018 and for a period of time thereafter, Aggrieved Employees who worked for Defendant in Los Angeles County and who worked in excess of eight hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages.

18.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's  labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout Los Angeles County and California.  Plaintiff is informed and believes, and based thereon alleges, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Defendant's Aggrieved Employees in California are subject to uniform policies with respect to the violations alleged herein and cause Aggrieved Employees to be similarly situated regardless of location and position.

19.     Plaintiff is further informed and believes that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiffs and Class Members have suffered and continue to suffer damages.

20.     ***Unfair Competition.***    Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, employee security deposits, timely payment of final wages, and minimum wage and overtime laws.  Defendant's unlawful practices constitute unfair competition.  Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

EXHIBIT A, Page 41
PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

## *CLASS-ACTION ALLEGATIONS*

21.     Plaintiff brings the first through sixth causes of action below on a class-wide basis pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent all individuals who, at any time since four years prior to the filing of this Complaint to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker (the "Class").  Plaintiff also seeks to represent the following subclasses:  (1) All individuals who, at any time since one year prior to the filing of this Complaint to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker (the "Wage Statement Subclass"); (2) All individuals who, at any time since July 1, 2018 to date, were or have been employed by Defendant in Los Angeles County as a non-exempt, hourly worker (the "Minimum Wage and Overtime Subclass"); (3) All individuals employed by Defendant in California whose employment with Defendant terminated due to discharge or quitting at any time since four years prior to the filing of this Complaint to date (the "Former Employee Subclass").

22.     The proposed Class and Subclasses are ascertainable in that its Members can be identified using the information contained in Defendant's payroll and personnel records.

23.     The Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable.  Further, the disposition of the claims of the Class and Subclasses in a class action will provide substantial benefits to both the parties and the Court.

24.     The provisions of the California Labor Code upon which Plaintiffs base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

25.     The nature of this action and the laws available to Plaintiffs and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

26.     Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

27.     Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

28.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendant's  practice of deducting uniform deposits from the paychecks of employees is unlawful;

(b) Whether Defendant violated the Los Angeles County Minimum Wage Ordinance by failing to pay employees the mandated hourly rate;

(c) Whether Defendant implemented and engaged in a systematic practice under which it improperly calculated employees' overtime wages;

(d) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code Airport Agents §226(a);

EXHIBIT A, Page 43

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(g) Whether Plaintiff and Class Members are entitled to statutory damages, restitution, and/or penalties.

29.     Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

30.     Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

31.     Furthermore, Plaintiff and Class Members are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ABM. Accordingly, Plaintiff on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

32.     Plaintiff assert claims that are typical of those of the Class Members because she were employed by ABM in California, she were subjected to ABM's uniform policies and procedures, and she were similarly injured as a result of ABM's actions.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that she has no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Class Members in that the infringement of her rights and the damages that she suffered are typical of all other Class Members.  Additionally,

EXHIBIT A, Page 44

1    Plaintiff has retained counsel who are competent and experienced in class-action

2    litigation.

3        34.    Plaintiff and Class Members have all similarly suffered irreparable harm and

4    damages as a result of Defendant's unlawful and wrongful conduct. This action will

5    provide substantial benefits to both the Class and the public because, absent this action,

6    Defendant's unlawful conduct will continue un-remedied and uncorrected.

7                    **FIRST CLAIM FOR RELIEF**

8    *(Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, and*

9              *405 and in Violation of IWC Wage Order 9, Sec. 9(c)*

10              *(Claim by Plaintiff and the Class against Defendant ABM)*

11        35.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

12    herein.

13        36.    Wage Order 9 provides, in part:

14        (C) A reasonable deposit may be required as security for the return of the

15        items furnished by the employer under provisions of subsections (A) and (B)

16        of this section upon issuance of a receipt to the employee for such deposit.

17        Such deposits shall be made pursuant to Section 400 and following of the

18        Labor Code or an employer with the prior written authorization of the

19        employee may deduct from the employee's last check the cost of an item

20        furnished pursuant to (A) and (B) above in the event said item is not

21        returned. No deduction shall be made at any time for normal wear and tear.

22        All items furnished by the employer shall be returned by the employee upon

23        completion of the job.

24    Wage Order 9, ¶9(C). Defendant ABM's practice of taking uniform deductions from

25    Plaintiff's and members of the Class's paychecks violates California Labor Code § 403,

26    404, and 405. Plaintiff is informed and believes and based thereon alleges that Defendant

27    ABM commingled the earned but unpaid wages of Plaintiff and the Class with other

28    funds of ABM in violation of Labor Code § 405. ABM failed and refused to pay interest

13

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

1   to workers on the return of such deposits.

2       37.    Plaintiff and the Class are entitled to a declaratory judgment that Defendant

3   ABM's practices violate Labor Code §§403, 404 and 405.

4   ### SECOND CLAIM FOR RELIEF

5   *Failure to Provide Adequate Pay Stubs*

6   *In Violation of California Labor Code § 226*

7   *(Claim by Plaintiff and the Wage Statement Subclass and against Defendant ABM)*

8       38.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

9   herein.

10       39.    The California Labor Code requires employers to furnish each employee

11   with an itemized statement on a semi-monthly basis or with each paycheck showing the

12   gross wages earned, net wages earned, and all applicable deductions. <u>See</u> Cal. Lab. Code

13   § 226(a).

14       40.    Defendant failed to timely provide Plaintiff and Wage Statement Subclass

15   Members with wage statements conforming to the requirements of section 226(a) of the

16   California Labor Code. Despite the requirements of the statute, Defendant did not

17   provide accurate information to Plaintiff and/or Wage Statement Subclass Members

18   regarding the wage rates, inclusive dates of the pay period and hours worked. It is not

19   possible for Plaintiff and/or Wage Statement Subclass Members "from the wage

20   statement alone" to ascertain information required to be provided on the itemized wage

21   statements pursuant to section 226(a). ABM's failure to provide the correct information

22   on these wage statements has caused confusion by making it impossible for Plaintiff and

23   Wage Statement Subclass Members to determine whether or not they have been paid

24   correctly.

25       41.    Plaintiff and Wage Statement Subclass Members were injured by

26   Defendant's failure to maintain and provide adequate payroll records, and they are

27   therefore entitled to seek the amounts set forth in Labor Code section 226(e), including

28   reasonable attorney's fees and costs of suit.

### *THIRD CLAIM FOR RELIEF*

*Failure to Pay Minimum Wage, Los Angeles County Minimum Wage Ordinance, Los Angeles County Code of Ordinances, Title 8, Div. 4, Chapter 8.100, § 8.100.040 et seq. (Claim by all Plaintiff and Minimum Wage and Overtime Subclass against Defendant ABM)*

42.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

43.     Within the four years before the filing of this Complaint, Defendant has employed Plaintiffs and the Class as Airport Agents throughout the State of California.

44.     During all relevant time periods, Los Angeles County Code of Ordinances, Title 8, Division 4, Chapter 8.100, section 8.100.040 stated in relevant part:

A.     For each hour worked within the unincorporated areas of the County an employer shall pay its Employee no less than the hourly rates set forth below:

    1.     Employees with twenty-six (26) or more Employees shall pay Employees a wage of no less than the following hourly rates:

        a.     On July 1, 2016, the hourly wage shall be $10.50;

        b.     On July 1, 2017, the hourly wage shall be $12.00;

        c.     **On July 1, 2018, the hourly wage shall be $13.25**

Los Angeles Code of Ordinances, Title 8, Div. 4, Ch. 8.100, § 8.100.040(a)(1)(c) (emphasis added).  Defendant failed to properly compensate Plaintiff and members of the Minimum Wage and Overtime Subclass as required under the Los Angeles County Minimum Wage Ordinance after July 1, 2018.  For example, although Plaintiff was supposed to receive a minimum wage rate of at least $13.25 per hour after July 1, 2018, Exhibit 1, page 2 (the wage statement dated July 20, 2018) shows that Plaintiff was paid an hourly rate of only $12.60 during the pay period July 1 through July 15, 2018. Defendant's failure to comply with the Los Angeles County Minimum Wage Ordinance was intentional misconduct as Defendant had knowledge of its obligation to pay Plaintiff

1  and members of the Minimum Wage and Overtime Subclass with the minimum wage and
2  refused to do so.

3      45.    Plaintiff and Minimum Wage and Overtime Subclass members are
4  accordingly entitled to the payment of any back wages, the payment of fines in the
5  amount of $100 to each employee whose rights were violated for each day that the
6  violation occurred or continued and reasonable attorney's fees and costs.

7                      ***FOURTH CLAIM FOR RELIEF***

8      *Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510 and 1194*
9  *(Claim by Plaintiff and Minimum Wage and Overtime Subclass against Defendant ABM)*

10      46.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
11  herein.

12      47.    California Labor Code section 510 applied to Plaintiff and Minimum Wage
13  and Overtime Subclass Members and provided that any work performed by a non-exempt
14  employee in excess of eight hours a day or in excess of forty hours a week must be
15  compensated at one-and-one-half times the employee's regular rate of pay. Work in
16  excess of twelve hours per day must be compensated at double time. Defendant did not
17  properly compensate Plaintiff or Minimum Wage and Overtime Subclass Members for all
18  hours worked in excess of eight hours in a day or in excess of forty hours a week at one-
19  and-one-half times their regular rate of pay. Defendant also failed to properly calculate
20  the overtime rate of wages owing to employees.

21      48.    Defendant's improper actions have proximately caused Plaintiff and
22  Minimum Wage and Overtime Subclass Members damages that they are entitled to
23  recover, including their unpaid overtime compensation and penalties or liquidated
24  damages arising therefrom, as well as interest thereon, costs, and attorney's fees.

25      49.    In failing to compensate Plaintiffs and the Class for overtime, Plaintiffs are
26  informed and believe and based thereon alleges that Defendant acted and continues to act
27  maliciously, oppressively, and despicably, with the wrongful intention of causing injury
28  and hardship to Minimum Wage and Overtime Subclass Members by reaping economic

1  gain at their expense, in a willful and conscious disregard of their statutory and regulatory

2  right to overtime compensation.

3      50.    Plaintiff is informed and believes and thereon alleges that Defendant knew

4  or should have known that Plaintiff and Members of the Class should have been paid a

5  premium for all overtime hours they worked and purposely and unfairly elected not to

6  properly pay them for their overtime labor, thereby subjecting Defendant to damages and

7  penalties.

8      51.    Such a pattern, practice, and uniform administration of corporate policy

9  regarding illegal employee compensation, as described herein, is unlawful, and Plaintiff

10  and Minimum Wage and Overtime Subclass Members are entitled to recover in a civil

11  action the unpaid balance of the full amount of the overtime premiums owing, including

12  interest thereon, as well as penalties, reasonable attorney's fees, and costs of suit pursuant

13  to the California Labor Code.  Plaintiffs and the Minimum Wage and Overtime Subclass

14  Members request such a recovery.

15  ### FIFTH CLAIM FOR RELIEF

16  *Continuing Wages, California Labor Code § 203*

17  *(Claim by Plaintiff and the Former Employee Subclass and against Defendant ABM)*

18      52.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

19  herein.

20      53.    Section 203 of the Labor Code states that, "[i]f an employer willfully fails to

21  pay, without abatement or reduction, in accordance with Sections 201,. . . [or] 202, . . .

22  any wages of an employee who is discharged or who quits, the wages of the employee

23  shall continue as a penalty from the due date thereof at the same rate until paid or until an

24  action therefor is commenced; but the wages shall not continue for more than 30 days."

25  Cal. Lab. Code § 203(a).  By failing to pay minimum and overtime wages as alleged

26  above, as well as by unlawfully deducting deposits from the paychecks of Class

27  Members, Defendant has willfully failed to pay all wages due and owing to those Class

28  Members who are no longer employed by Defendant.

EXHIBIT A, Page 49
PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

54.     Plaintiff and Former Employee Subclass Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

### SIXTH CLAIM FOR RELIEF

*Failure to Provide Employment Records Upon Request*

*California Labor Code §226*

*(Claim by Plaintiff in individual and against Defendant ABM)*

55.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein. Plaintiff brings this claim as an individual claim against Defendant ABM.

56.     Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

57.     Plaintiff requested that Defendant ABM permit inspection or copying of her employment records pursuant to Labor Code Section 226(b). Defendant has failed to provide Plaintiff with an opportunity to inspect or copy all of her employment records within 21 days of her request. See Cal. Lab. Code § 226(c). On or about June 18, 2018, Plaintiff sent a Labor Code section 226 request to ABM via its Registered Agent for Service of Process requesting copies of her employment records. A true and correct copy of Plaintiff's records request and proof of mailing is attached hereto as **Exhibit 2**. As of the date of filing of this Complaint, Defendant ABM has failed to respond properly and fully to Plaintiff's request.

58.     Pursuant to Labor Code Section 226(f) and (6), Plaintiff is entitled, and hereby seeks to recover from ABM a seven-hundred-fifty dollar ($750) penalty, reasonable attorneys' fees, and the costs of bringing this claim for relief.

### SEVENTH CLAIM FOR RELIEF

*Failure to Provide Employment Records Upon Request*

*California Labor Code §1198.5*

*(Claim by Plaintiff in individual and against Defendant ABM)*

59.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

1   herein. Plaintiff brings this claim as an individual claim against Defendant ABM.

2       60.     Pursuant to Labor Code section 1198.5, an employer shall afford current and

3   former employees the right to inspect or copy the records pertaining to that current or

4   former employee, upon reasonable request to the employer.

5       61.     Plaintiff requested that Defendant ABM permit inspection or copying of her

6   employment records pursuant to Labor Code Section 1198.5. Defendant has failed to

7   provide Plaintiff with an opportunity to inspect or copy all of her employment records

8   within 30 days of her request. See Cal. Lab. Code § 1198.5. On or about June 18, 2018,

9   Plaintiff sent a Labor Code section 1198.5 request to ABM via its Registered Agent for

10  Service of Process requesting copies of her employment records. A true and correct copy

11  of Plaintiff's section 1198.5 request and proof of mailing is attached hereto as **Exhibit 2**.

12  As of the date of filing of this Complaint, Defendant ABM has failed to respond properly

13  and fully to Plaintiff's request.

14      62.     Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby

15  seeks to recover from ABM a seven-hundred-fifty dollar ($750) penalty, reasonable

16  attorneys' fees, and the costs of bringing this claim for relief.

17                          ***EIGHTH CLAIM FOR RELIEF***

18          *Violation of California Business and Professions Code § 17200 et seq.*

19              *(Claim by Plaintiff and the Class and against Defendant ABM)*

20      63.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

21  herein.

22      64.     California Business and Professions Code section 17200 *et seq.* prohibits

23  acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or

24  practice." Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges that ABM has engaged in

25  unfair business practices in California by the above-described failure to pay minimum

26  and overtime wages to employees, failure to maintain accurate payroll records, failure to

27  provide adequate paystubs, failure to pay final wages to quitting and/or discharged

28  employees and through its unlawful deductions from their paychecks.

1    65.    ABM's actions entitle Plaintiff and Class Members to seek the remedies

2  available pursuant to section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts

3  from ABM, as necessary and according to proof, to restore any and all amounts—

4  including interest—withheld, acquired, or converted by ABM by means of the unfair

5  practices complained of herein.  Plaintiff, on behalf of herself and other similarly situated

6  employees, as well as on behalf of the general public, further seek attorney's fees and

7  costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the

8  California Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a

9  receiver as necessary.

10                            *NINTH CLAIM FOR RELIEF*

11          *Civil Penalties Pursuant to California Labor Code § 2698* et seq.

12        *(Claim by Plaintiff and Aggrieved Employees and against Defendant ABM)*

13    66.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

14  herein.

15    67.    Plaintiff is an "aggrieved employee" under PAGA, as she was employed by

16  Defendant during the applicable statutory period and suffered one or more of the Labor

17  Code Violation sset forth herein.  Accordingly, she seeks to recover on behalf of herself,

18  the California Labor and Workforce Development Agency ("LWDA") and all other

19  current and former Aggrieved Employees of Defendant, the civil penalties for which

20  provision is made by PAGA, as well as reasonable attorney's fees and costs.

21    68.    Pursuant to section 2699.3(a)(1) of the Labor Code, on or about August 28,

22  2018, Plaintiff gave written notice by online filing to the LWDA of the specific

23  provisions of the Labor Code and Los Angeles County Minimum Wage Ordinance

24  alleged to have been violated, including the theories set forth in this Complaint.  Also on

25  that day, Plaintiff gave written notice by certified mail to Defendant of the specific

26  provisions of the Labor Code and Los Angeles County Minimum Wage Ordinance

27  alleged to have been violated by Defendant.

28

EXHIBIT A, Page 52

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

69.     Under PAGA, "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).  More than 65 calendar days have passed since the notice was sent, and Plaintiff therefore may commence a civil action pursuant to Section 2699.

70.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

71.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the Los Angeles County Minimum Wage Ordinance, IWC Wage Order 9 and the following Labor Code provisions: sections 201, 202, 203, 204, 226, 403, 404, 405, 406, 510, and 1194.

72.     Plaintiff also specifically seeks civil penalties pursuant to PAGA for violations of California Labor Code section 221.  Said section prohibits Defendant ABM from collecting any part of wages paid by the employer to the employee. Notwithstanding the requirements of Labor Code § 221, Defendant ABM deducted amounts from Plaintiff and Aggrieved Employees for the maintenance of their uniforms.  Plaintiff is informed and believes, and thereon alleges that the deductions made by Defendant ABM are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221.  Plaintiffs and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.     That the Court certify the class and subclasses described in this Complaint.

1       2.      With respect to the first claim for relief, that the Court enter judgment in

2  favor of Plaintiff and the Class for all improper deductions, civil penalties, reasonable

3  attorney's fees, and costs of suit, all according to proof, against Defendant ABM.

4       3.      With respect to the second claim for relief, that the Court enter judgment in

5  favor of Plaintiff and the Wage Statement Subclass for pay-stub damages, reasonable

6  attorney's fees, and costs of suit, all according to proof, against Defendant ABM .

7       4.      With respect to the third claim for relief, that the Court enter judgment in

8  favor of Plaintiff and the Minimum Wage and Overtime Subclass for back wages, a fine

9  in the amount of $100 to each employee whose rights under the Los Angeles County

10  Minimum Wage Ordinance were violated for each day that the violation occurred or

11  continued, civil penalties, attorney's fees and costs, all according to proof, against

12  Defendant ABM.

13      5.      With respect to the fourth claim for relief, that this Court enter judgment in

14  favor of Plaintiff and the Minimum Wage and Overtime Subclass for payment of their

15  unpaid overtime compensation, interest thereon, reasonable attorney's fees, and costs of

16  suit, all according to proof, in accordance with sections 1194 and 1194.2 of the California

17  Labor Code, against Defendant ABM.

18      6.      With respect to the fifth claim for relief, that Plaintiff and the Former

19  Employee Subclass be awarded up to thirty days continuing wages pursuant to California

20  Labor Code section 203.

21      7.      With respect to the sixth claim for relief, that the Court enter judgment in

22  favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided

23  by Labor Code section 226(b) in the amount of $750, and for reasonable attorneys' fees

24  and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendant ABM.

25      8.      With respect to the seventh claim for relief, that the Court enter judgment in

26  favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided

27  by Labor Code section 1198.5(k) in the amount of $750, and for reasonable attorneys'

28  fees and costs of suit pursuant to Labor Code section 1198.5(l), against Defendant ABM.

9.      With respect to the eighth claim for relief, that it be adjudged that ABM's violations of the California Labor Code and Los Angeles County Minimum Wage Ordinance constitute violations of section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ABM for the period of time from four years prior to the filing of the original Complaint to date. Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of this claim for relief, against Defendant ABM.

10.     With respect to the ninth claim for relief, that the Court enter judgment in favor of Plaintiff and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant ABM.

11.     For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED:  June 3, 2019                    HARRIS & RUBLE

                                        Alan Harris
                                        Priya Mohan
                                        *Attorneys for Plaintiff*

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all claims for relief.

DATED: June 3, 2019                     HARRIS & RUBLE

                                        Alan Harris
                                        Priya Mohan
                                        *Attorneys for Plaintiff*

06/05/2019

**EXHIBIT 1**

# Exhibit 1

06/05/2019

ABM Industry Groups, LLC                14141 Southwest Frwy, Suite 425        Sugar Land, TX 77478            Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00306 | Begin Date | 07/01/18 | Check # | 21200141 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7016274 | Bus Unit | 22424203 | End Date | 07/16/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX-8385 | Gross Wages | 540.00 | Taxable YTD | 17,319.81 | Net Pay | 489.29 | BIN | 07243124 |

| EARNINGS | | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 32.00 | 13.50 | 432.00 | 12,286.29 | Federal Income Tax | | 4.00 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withhold | | 33.48 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | | 7.83 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | | 145.17 |
| HOLIDAY P | 8.00 | 13.50 | 108.00 | 108.00 | CALIFORNIA SDI EE | | 5.40 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | | 180.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | | 24.50 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | | -250.00 |
| VAC ACC ( | | | | 1,039.37 | | | | |
| VAC ACC-S | | | | 1,470.00 | | | | |
| | 40.00 | | 540.00 | | | | 50.71 | 2,626.26 |

DETACH BEFORE DEPOSITING

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK - SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

THIS IS WATERMARKED PAPER, DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
HOLD TO LIGHT TO
VERIFY WATERMARK

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 0.

CHECK NO.     21200141
DATE     7/13/2018
VOID AFTER 180 DAYS

*********$489.29

Four hundred eighty nine and 29/100 Dollars

TO
THE
ORDER
OF

ISABEL ARTIGA
3982 S GRAMERCY PL
LOS ANGELES CA 90062

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 2 1 2 0 0 1 4 1 ⑈ ⑈ 0 7 1 9 2 3 2 8 4 ⑈    8 7 6 5 9 1 7 6 2 5 ⑈

00305     22424203     00305-  22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA
3982 S GRAMERCY PL
LOS ANGELES CA 90062

EXHIBIT A, Page 58

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

DETACH BEFORE DEPOSITING

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

DEPOSITED FOR:
ISABEL ARTIGA
3982 S GRAMERCY PL
LOS ANGELES CA 90062

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
|  |  |  |  |

**EXHIBIT 2**

# Exhibit 2

June 16, 2018

Re: Request for Cal. Lab. Code §§ 226, 432 and 1198.5 Records for Isabel Artiga

To Whom it May Concern:

Pursuant to sections 226, 432 and 1198.5 of the California Labor Code and other applicable regulations, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to me "the records pertaining to" my employment including the following: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked;" (8) Any documents I signed during my employment; (9) Any employee reviews of disciplinary write-ups and any employee handbook(s) as well as any other documents you maintain regarding my performance or any grievance concerning my employment, and a copy of all instruments I signed relating to the obtaining or holding of my employment with you. Please provide the documents directly to my representative at:

Alan Harris
Harris & Ruble
655 North Central Avenue, 17th Floor
Glendale CA 91203
harrisa@harrisandruble.com

Very truly yours,

Isabel Artiga

06/05/2019

13

EXHIBIT A, Page 62

$0.479
US POSTAGE
FIRST-CLASS
FROM 90027
JUN 18 2018

Alan Harris
HARRIS & RUBLE
655 North Central Avenue, 17th Floor
Glendale CA 91203

ABM Industry Groups, LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles CA 90017-3476

EXHIBIT A, Page 63