Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail: dff@paynefears.com
          lf@paynefears.com
          rtm@paynefears.com

Attorneys for Defendant and Counter-Claimant ABM INDUSTRY GROUPS, LLC

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>            Defendants. | Case No. 2:19-cv-06735-GW-RAO<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**JOINT STIPULATION RE: CLASS ACTION SETTLEMENT**<br><br>Action Filed:        June 4, 2019<br>Trial Date:          None Set |
| ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>            Counter-Claimant,<br><br>      v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>            Counter-Defendants. | |

-1-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:  aharris@harrisandruble.com
          pmohan@harrisandruble.com

Attorneys for Plaintiffs

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

**TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

This Joint Stipulation ("Stipulation") is intended to settle and resolve the claims of two representative class / PAGA lawsuits: *Artiga v. ABM Industry Groups, LLC*, United States District Court for the Central District of California, Case No. 2:19-cv-06725 GW-RAO ("Artiga Case"), pending in this court; and *Canas v. ABM Industry Groups, LLC,* Los Angeles County Superior Court, Case No. RIC160131514-cv-8073-GW (PLAx) ("Canas Case"), pending in the Superior Court for the County of Los Angeles.

The Artiga Case has been amended to include the claims and parties of the Canas Case as described in more detail below (the "Artiga Third Amended Complaint"). The Artiga Third Amended Complaint is attached as **Exhibit A**, and is also referred to as the "Action." The term "PAGA" refers to the Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.*

The Parties to this Stipulation ("Parties") include the plaintiffs in the Artiga Case (Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez), as well as the plaintiff in the Canas Case (Mario Ernesto Gil Canas), and the two additional plaintiffs in the Artiga Third Amended Complaint (Jaime Mendoza and Lorenza Torres), on behalf of themselves and similarly situated employees (collectively, "Plaintiffs"); and Defendant ABM Industry Groups, LLC ("Defendant" or "ABM"). Subject to the approval of the Court, the terms and conditions of this Stipulation (the "Settlement") shall be binding on Plaintiffs, the employees they purport to represent, the State of California, Defendant, and their respective counsel.

This Stipulation memorializes the settlement reached following the March 18, 2021, mediation before Ninth Circuit Mediator Roxane G. Ashe, including subsequent settlement discussions with and without mediator assistance.

**THE PARTIES STIPULATE AND AGREE** as follows:

## DEFINITIONS

1.    The following terms, as used throughout this Stipulation, are defined as follows:

a)    <u>Check Cashing Deadline</u>.  The term "Check Cashing Deadline" shall mean one hundred eighty (180) calendar days after payment pursuant to this Stipulation is issued to a Qualified Claimant.

b)    <u>Settlement Administrator</u>.  The term "Settlement Administrator" shall refer to CPT Group or any other third-party class action settlement administrator agreed to by the Parties and approved by the Court for the purposes of administering this Settlement.

c)    <u>PAGA / Class Counsel</u>.  The term "PAGA / Class Counsel" shall refer to Harris & Ruble.

d)    <u>Settlement Class Members (individually), or Class (collectively)</u>. The terms "Settlement Class Members" (individually) or "Class" (collectively) shall refer to the following five subclasses:

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

     i.    <u>New Hire Wage Subclass</u>, defined as all current and former non-exempt California employees of ABM and its predecessors, who were hired during the period 10/14/15 to the Settlement End Date.

     ii.    <u>Wage Statement Subclass</u>, defined as all current and former non-exempt California employees of ABM from 10/14/18 to the Settlement End Date.

     iii.    <u>Former Employee Uniform Deposit Subclass</u>, defined as all California employees of ABM and its predecessors, with uniform deposits on file at the time of separation, who separated between June 4, 2015 and May 7, 2021, the date ABM terminated its uniform deposit program.

     iv.    <u>Current Employee Uniform Deposit Subclass</u>, defined as all California employees of ABM, with uniform deposits on file, who were active as of 5/7/21, the date ABM terminated its uniform deposit program.

     v.    <u>Supervisor Meal and Rest Break Subclass</u>, defined as all current and former non-exempt California employees of ABM, from 10/14/2015 to the Settlement End Date, whose job position included the title "Manager," "Supervisor," "Lead," or "Foreperson," according to ABM records.

The "Settlement Class Members" definition specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1  <u>Romero-Abrego v. ABM Industries, Inc.</u> litigation pending in the San Mateo
2  Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

3

4          e)      <u>Class Period</u>.  The term "Class Period" shall mean the applicable
5  time period for each Subclass as defined above.

6

7          f)      <u>PAGA / Class Representatives</u>.  The term "PAGA / Class
8  Representatives" shall mean and refer to Plaintiffs.

9

10         g)      <u>Court</u>.  The term "Court" shall refer to Hon. Judge George H.
11  Wu, of the U.S. District Court, Central District of California, Western
12  Division, before whom the Artiga Case is pending.

13

14         h)      <u>Document Receipt Deadline</u>.  The term "Document Receipt
15  Deadline" shall mean sixty (60) days after the Notices are mailed to the Class
16  and the PAGA Settlement Group by the Settlement Administrator.

17

18         i)      <u>Effective Date</u>.  The term "Effective Date" shall mean the date
19  on which the Court's Judgment becomes final, as further detailed below.

20

21         j)      <u>Final Settlement Approval Hearing</u>.  The term "Final Settlement
22  Approval Hearing" shall mean and refer to a hearing before the Court to
23  finally approve the Settlement as fair, reasonable, and adequate, as further
24  detailed below.

25

26         k)      <u>Final Settlement Papers</u>.  The term "Final Settlement Papers"
27  shall refer to and include a Motion for Final Approval of the Settlement and

28

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

[Proposed] Final Settlement Order.

l)   <u>Individual Settlement Award</u>.  The term "Individual Settlement Award" shall mean a Qualified Claimant's share of the Net Settlement Amount, as further detailed below.

m)   <u>Net Settlement Amount</u>.  The term "Net Settlement Amount" shall mean and refer to the balance of the Total Settlement Amount, after deduction of (1) the PAGA / Class Counsel Attorneys' Fee Award and Costs, (2) settlement administration fees and costs, and (3) enhancement payments to the PAGA / Class Representatives, including consideration for the general release described below. The Net Settlement Amount is the maximum amount that will be available for distribution to the Class, the LWDA, and the PAGA Settlement Group.

n)   <u>Notice</u>.  The term "Notice" shall mean the Notice of Class Action Settlement, attached hereto as **Exhibit B**.  The Notice, which will be provided in English and Spanish, contains a description of the Actions and the terms of the settlement, how to submit timely claims, how to opt-out of the settlement, and how to object to the settlement.  The Notice will also include a claim form, which will provide Settlement Class and PAGA Group Members the opportunity to become Qualified Claimants and receive an Individual Settlement Award ("Claim Form.")

o)   <u>PAGA Settlement Group Members (individually) or PAGA Group (collectively)</u>.  The terms "PAGA Settlement Group Members" (individually) or "PAGA Group" (collectively) are defined as all California

-7-

allegedly aggrieved employees in the Action during the PAGA Period. "Allegedly aggrieved employees" shall be defined as all employees within the scope of the PAGA letters submitted by Plaintiffs in support of the Action. The "PAGA Settlement Group" specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the Romero-Abrego v. ABM Industries, Inc. litigation pending in the San Mateo Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

p)   PAGA Period.  The term "PAGA Period" shall mean the time period from 8/28/17 through the Settlement End Date.

q)   Preliminary Approval Date.  The term "Preliminary Approval Date" shall mean the date that the Court enters the Preliminary Approval Order, attached hereto as **Exhibit C**, including any revisions required by the Court.

r)   Qualified Claimant. The term "Qualified Claimant" refers to any Settlement Class or PAGA Group Member who returns a valid and timely Claim Form to the Claims Administrator, and who does not timely opt out of the Settlement or otherwise request to be excluded from it as described below.

s)   Released Parties.  The term "Released Parties" shall mean and refer to Defendant, and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers, including but not limited to ABM Industry

-8-

Groups, LLC and ABM Industries Incorporated, but only with respect to the matters alleged in the Action by employees of ABM Industry Groups, LLC.

t)    Settlement End Date.  The term "Settlement End Date" shall mean the earlier of the Preliminary Approval Date or December 31, 2021.

u)    Total Settlement Amount.  The term "Total Settlement Amount" shall mean Two Million Three Hundred Thousand ($2,300,000.00).  The Total Settlement Amount is a common fund, non-reversionary amount.

## **BACKGROUND OF THE ACTION**

2.    Brief Procedural History.  The Parties briefly summarize the procedural history in the Action.

a)    The Artiga Case was first filed on June 4, 2019.  It included both class and PAGA claims.  A copy of the original Complaint in the Artiga Case is attached as **Exhibit D**.  The PAGA claims were based on a letter submitted by Plaintiff Artiga to the California Labor & Workforce Development Agency ("LWDA") on August 28, 2018.  A copy of Plaintiff Artiga's PAGA Letter is attached as **Exhibit E**.  The Artiga Case was removed to federal court on August 2, 2019.

b)    After litigation over the pleadings, on October 14, 2019, the Artiga Case was amended to include two additional Plaintiffs, Gabriel

-9-

Rodriguez and Jessica Sheehan, as well as additional claims.  A copy of the First Amended Complaint in the Artiga Case is attached as **Exhibit F**.  The additional PAGA claims were based on letters submitted by Plaintiffs Rodriguez and Sheehan to the LWDA on October 11, 2019.  A copy of the PAGA Letters by Plaintiffs Rodriguez and Sheehan is attached as **Exhibit G**.

c)       After additional litigation over the pleadings, on July 7, 2020, the Artiga Case was amended again.  A copy of the Second Amended Complaint in the Artiga Case is attached as **Exhibit H**.  This is the current, operative complaint in the Artiga Case.

d)       The Canas Case was first filed on September 30, 2020.  It included PAGA claims only.  A copy of the original Complaint in the Canas case is attached as **Exhibit I**.  The PAGA claims were based on a letter submitted by Plaintiff Canas to the LWDA on May 13, 2020.  A copy of the PAGA Letter by Plaintiff Canas is attached as **Exhibit J**.

e)       With this Stipulation, the Parties agree to the filing of the Artiga Third Amended Complaint (Exhibit A) as the operative complaint in the Action, for the limited purpose of settlement approval.  The Artiga Third Amended Complaint consolidates the claims and parties of the Artiga Case and the Canas Case into a single complaint.  It also adds two new Plaintiffs, Jaime Mendoza and Lorenza Torres, as PAGA / Class Representatives.

3.       <u>Mediation and Settlement Agreement Reached By The Parties</u>.  On

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

March 18, 2021, the Parties, by and through their counsel, engaged in mediation before Ninth Circuit Mediator Roxane G. Ashe.  After multiple additional settlement discussions, both with and without mediator assistance, the Parties agreed to resolve the Action on a representative PAGA / class basis.  This Stipulation formalizes the agreement reached by the Parties.

4.     Investigation.  The Parties have conducted a detailed and comprehensive investigation of the claims asserted against Defendant in the Action and of the applicable law.  The Parties engaged in informal discovery to prepare for mediation, which included: (a) witness interviews by counsel for the Parties; (b) collection and analysis of payroll, timekeeping, and personnel records pertaining to the PAGA / Class Representatives and the employees they purport to represent; (c) collection and analysis of Defendant's policies, procedures, and other documents relating to the claims asserted in the Action;  (d)  research of the law applicable to Plaintiffs' claims and Defendant's affirmative and other defenses, as well as the damages alleged by Plaintiffs; and (e) consideration of additional information disclosed at and in connection with mediation.

5.     Benefits of Settlement.  The PAGA / Class Representatives and PAGA / Class Counsel recognize the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  The PAGA / Class Representatives and PAGA / Class Counsel also are aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, the defenses thereto, and the difficulties inherent in pursuing the Action to trial.  Based on the foregoing, the PAGA / Class Representatives and PAGA / Class Counsel have determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and that it is in the best interest of the PAGA Group and Class.  Based

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

on their discovery and investigation, PAGA / Class Counsel has determined that the settlement is well within the range of reasonableness.  The settlement embodied and documented in this Stipulation is the product of extensive, arms-length negotiations, and is not the product of collusion.  Likewise, Defendant has concluded that any further defense of the Action would be protracted and expensive.  Substantial amounts of time, energy, and resources have been, and will continue to be, devoted to the defense of the Action unless / until the Action is settled.  Therefore, the Parties have agreed to settle, in the manner and upon the terms set forth in this Stipulation, in order to fully and finally resolve the claims asserted in the Action.

6.      <u>Denial of Wrongdoing</u>.  Defendant has denied and continue to deny each of the claims asserted by Plaintiffs in the Action.  Defendant contends, among other things, that they complied at all times with the California Labor Code and applicable California Wage Orders, that they paid all wages owed to Plaintiffs and the employees they purport to represent, and that any claim for wage payments or penalties owed is not actionable and/or does not give rise to any liability under the California Labor Code.  Defendant further contends that they complied at all times with the provisions of the California Business & Professions Code § 17200 *et seq.*  Neither this Stipulation nor any action taken to carry out the Settlement may be construed as an admission by Defendant of any fault, wrongdoing, or liability whatsoever.

## **DATE OF SETTLEMENT**

7.      <u>Effective Date</u>.  The Court's Judgment shall become final when all of the following events have occurred:

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

a)     The Stipulation has been executed by all Parties, PAGA / Class Counsel, and Defendant's Counsel;

b)     The Court has given preliminary approval to the Settlement;

c)     The Court has held a Final Settlement Approval Hearing and has entered a Final Order and Judgment, dismissing the Action with prejudice, and approving the Stipulation; and

d)     In the event that written objections are filed prior to the Final Settlement Approval Hearing which are not later withdrawn, upon the later of:

     i.     The date of final affirmance on an appeal of the Judgment; the expiration of the time for a petition to review the Judgment; and, if review is granted, the date of final affirmance of the Judgment following review; or

     ii.     The date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or

     iii.     If no appeal is filed, the expiration date for filing any appeal from the Judgment.

e)     In the event that no written objections are filed prior to the Final Settlement Approval Hearing, or that any filed written objections are

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

withdrawn prior to the Final Settlement Approval Hearing, the Court's Judgment shall become final when the conditions set forth in subparagraphs (a) through (c) above, have been fulfilled.

## CLASS / PAGA MEMBERS INCLUDED IN SETTLEMENT

8.      As a condition of settlement, the Parties stipulate to the filing of the Artiga Third Amended Complaint (**Exhibit A**) as described above.  Defendant shall not be required to file a responsive pleading to the Artiga Third Amended Complaint, and Defendant does not impliedly or expressly waive any arguments or defenses to the Artiga Third Amended Complaint.

9.      Settlement Class Members' Objections to This Settlement.  Any Settlement Class Member may object to the Settlement by filing a written objection with the Court and serving the written objection on counsel for the Parties on or before the Document Receipt Deadline, at the addresses detailed below.  In the event that the Court approves this Settlement notwithstanding the objections of any Settlement Class Members, the Settlement Class Members who object to the Settlement will nonetheless be bound by the Settlement.  Settlement Class Members who have opted out of the Settlement as detailed below do not have standing to object to the Settlement or to file an appeal as described above.

10.      Settlement Class Members' Exclusion ("Opt-Out") From This Settlement.  Any Settlement Class Member may request to be excluded ("opt-out") from this Settlement by mailing a written Request for Exclusion to the Settlement

Administrator prior to the Document Receipt Deadline.  Each Settlement Class Member who submits a valid Request for Exclusion shall not be bound by the Settlement.  The Parties and their counsel agree not to take any action to encourage any Settlement Class Member to opt out of and/or object to the Settlement.

11.     Qualified Claimants.  For a Settlement Class / PAGA Group Member to become a Qualified Claimant and receive an Individual Settlement Payment, the Claim Form must be signed by the Settlement Class / PAGA Group Member or his or her authorized representative, and the Claim Form must be returned by mail to the Claims Administrator and post-marked no later than the Document Receipt Deadline.    If a Settlement Class Member fails to submit a Claim Form, then he or she will not receive an Individual Settlement Payment, but will nonetheless be bound by the Settlement.  If a Settlement Class Member submits both a Claim Form and a Request for Exclusion, the Request for Exclusion will be invalid and the Settlement Class Member will be considered a Qualified Claimant.

12.     Termination Provision by Defendant.  In the event that more than five percent (5%) of the Settlement Class Members opt out of the settlement by submitting timely and valid Requests for Exclusion, Defendant maintain the right, in their sole discretion, to terminate this Stipulation and Settlement, which shall become null and void, as described below (Nullification of Settlement).  PAGA / Class Counsel and the PAGA / Class Representatives agree not to oppose any application by Defendant and/or its counsel that is consistent with this paragraph. Defendant shall make its election within fourteen (14) calendar days of receipt from the Settlement Administrator of the total percentage of opt-outs.  If Defendant elects to nullify the Stipulation and Settlement, then Defendant will be responsible for all Settlement Administration costs incurred to the date of nullification.

-15-

1       13.   <u>Finality of Settlement</u>.  As of the Effective Date, the Settlement

2  contained herein, including the Release outlined below, shall be final and binding

3  upon the PAGA / Class Representatives, the State of California, and all Settlement

4  Class Members who do not exclude themselves from the Settlement.

5

6                   **<u>RELEASES</u>**

7

8       14.   <u>Notice to the LWDA</u>. Plaintiffs' counsel shall be solely responsible for

9  complying with all procedural requirements associated with the settlement of a

10  claim for penalties under PAGA.  As of the Effective Date, the State of California

11  shall have fully, finally and forever settled and released any claims for civil

12  penalties it may have against the Released Parties, based on the Released Claims

13  during the PAGA Period, to the maximum extent permitted by law.

14

15       15.   <u>Release by Plaintiffs and Settlement Class Members</u>.  As of the

16  Settlement End Date, Plaintiffs and the Class (including the PAGA / Class

17  Representatives) release the Released Parties from the following, collectively

18  referred to as the "Released Claims":  All causes of action and factual or legal

19  theories/allegations that were alleged in the operative complaints in the Actions, or

20  that could have been brought in the Actions based on those same factual or legal

21  theories/allegations, against the Released Parties.  This Release includes, but is not

22  limited to, claims for violation of Labor Code sections 201-203, 204, 221, 226,

23  226(a) – (f), 226.7 (limited to the members of the Supervisor Meal and Rest Break

24  Settlement Subclass), 227.3, 233, 234, 245, 245.5, 246, 246.5, 247.5,  403-406, 432,

25  510 (limited to claims of members of the New Hire Wage Subclass with respect to

26  services performed during the same pay period[s] in which a new-hire orientation

27  occurred), 512 (limited to the members of the Supervisor Meal and Rest Break

28

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Settlement Subclass), 558, 558.1,1174.5, 1174(d), 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199; with respect to the limited overtime and meal and rest break claims released above, Code of Regulations, Title 8, Section 11090 (IWC Wage Order 9-2001); Business & Professions Code section 17200-17208; and the Fair Labor Standards Act with respect to those who opt in.  Civil penalty claims, including those under Labor Code sections 210, 225.5, 226.3, 2698 *et seq.,* and 2699 are limited to the PAGA Settlement Group.  This Release also includes, but is not limited to, the following claims for relief: (a) failure to pay wages, including minimum wages; (b) failure to pay overtime wages (limited to claims of members of the New Hire Wage Subclass with respect to services performed during the same pay period[s] in which a new-hire orientation occurred); (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Settlement Class); (d) failure to authorize and permit rest breaks, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Subclass); (e) improper and/or inaccurate wage statements; (f) waiting time penalties for untimely pay of wages at the conclusion of employment; (g) failure to provide employment records; (h) failure to provide written notice of paid sick leave available; (i) unfair business practices; (j) failure to comply with employee bond laws as alleged in the Actions; (k) civil penalties under the Private Attorneys General Act ("PAGA") within the scope of the PAGA letters submitted by Plaintiff in support of the Actions (limited to the PAGA Settlement Group); and (l) all damages, penalties, restitution, attorneys' fees, interest, and other amounts recoverable in connection with the above legal authorities and/or claims for relief under local, California and federal law.  The period of the Release shall extend to the Settlement End Date.  The *res judicata* effect of the Final Order and Judgment will be the same as that of the Release.

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

16. <u>General Release by PAGA / Class Representatives</u>.  In addition to the Released Claims set forth above, the PAGA / Class Representatives make the additional general release of all of their individual claims as follows:  The PAGA / Class Representatives release the Released Parties from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights, or liabilities of any nature and description whatsoever, known or unknown, that the PAGA / Class Representatives individually may possess against the Released Parties arising from the PAGA / Class Representatives' employment and/or termination of employment with Defendant ("General Release").  The PAGA / Class Representatives hereby acknowledge that, upon receiving the sums provided to them pursuant to this Stipulation, they will have received all potential wages, damages, and penalties owing to them by the Released Parties, and, further, that they are not owed any additional wages, penalties, or damages from the Released Parties.

The PAGA / Class Representatives also agree to expressly waive the provisions of California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

This Release is intended to resolve any and all disputes of the Plaintiffs that exist or could exist against Released Parties that can be validly released. Accordingly, this Release does not release claims that cannot be released by Plaintiffs as a matter of law, including claims for Workers' Compensation, employment compensation or

-18-

state disability insurance benefits pursuant to the terms of applicable state law.

## <u>AMOUNT AND DISTRIBUTION OF SETTLEMENT</u>

17. <u>Settlement Amount</u>.  The Total Settlement Amount shall constitute a full and complete settlement of the Action, including (1) all attorneys' fees and actual costs to PAGA / Class Counsel; (2) all enhancement awards to PAGA / Class Representatives, including consideration for the general release above; (3) all payments of fees and costs to the Settlement Administrator; (4) the PAGA Allocation (defined below); and (5) all payments to Qualified Claimants. In no event shall Defendant be liable for more than the Total Settlement Amount as a result of this Stipulation, except that employer-side payroll taxes associated with wage payments to Qualified Claimants will be paid separately from, and in addition to, the Total Settlement Amount.

18. <u>Deductions from Settlement Amount</u>.  Deductions from the Total Settlement Amount, all subject to Court approval, shall be made for:

a) <u>Attorneys' Fees</u>.  PAGA / Class Counsel may apply for an award of attorneys' fees, of up to 33.3% ($765,900).  The attorneys' fees award shall be paid from the Total Settlement Amount.  Defendant agrees not to oppose any such applications which are consistent with this paragraph.  The amount of attorneys' fees shall include all past and future attorneys' fees incurred in the Action – including, without limitation, all time expended by PAGA / Class Counsel in the Artiga Case and the Canas Case; in preparing this Stipulation and attached Exhibits; and in defending the Settlement and securing final approval of the Settlement (including any appeals thereof).

Even in the event that the Court reduces or does not approve the award of attorneys' fees discussed in this paragraph, the PAGA / Class Representatives and PAGA / Class Counsel shall not have the right to terminate this Settlement.

b) <u>Attorneys' Costs</u>.  In addition to attorneys' fees, PAGA / Class Counsel may apply for an award of costs, not to exceed the sum of Thirty Thousand Dollars ($30,000.00).  The costs award shall be paid from the Total Settlement Amount.  Defendant agrees not to oppose any such applications which are consistent with this paragraph.  The amount of costs shall include all past and future costs associated with the Action – including, without limitation, all costs expended by PAGA / Class Counsel in the Artiga Case, the Canas Case, this Stipulation and attached Exhibits, and in defending the Settlement and securing final approval of the Settlement (including any appeals thereof).  Even in the event that the Court reduces or does not approve the award of costs discussed in this paragraph, the PAGA / Class Representatives and PAGA / Class Counsel shall not have the right to terminate this Stipulation and Settlement.

c) <u>PAGA / Class Representatives' Enhancement Awards / Service Award</u>.  PAGA / Class Counsel may apply for an enhancement award to each PAGA / Class Representative in an amount not to exceed Two Thousand Dollars ($2,000.00), in exchange for their services as PAGA / Class Representative, plus an additional Three Thousand Dollars ($3,000.00) as consideration for the general release described above (together, the "Enhancement Award"). The Enhancement Awards shall be paid from the Total Settlement Amount.  Defendant agrees not to oppose any such

-20-

application which is consistent with this paragraph.  Even in the event that the Court reduces or does not approve the Enhancement Awards discussed in this paragraph, the PAGA / Class Representatives and PAGA / Class Counsel shall not have the right to terminate this Stipulation and Settlement.

d)     <u>Settlement Administration Costs and Fees</u>.  All fees and actual costs for claims administration, including related accounting costs (estimated at $74,000) shall be paid from the Total Settlement Amount.  Defendant agrees not to oppose any such applications which are consistent with this paragraph.

e)     <u>PAGA Allocation</u>.  The Parties agree to allocate no less than 10% of the Net Settlement Amount to resolve all claims in the Action under PAGA (the "PAGA Allocation").  Pursuant to PAGA, 75 percent of the PAGA Allocation shall be paid to the LWDA, with the remaining 25 percent distributed equally to Qualified Claimants (each Qualified Claimant receiving the same PAGA payment) who are PAGA Settlement Group Members.  All payments to PAGA Settlement Group Members shall be considered penalties and the Settlement Administrator will be responsible for issuing an IRS Form 1099 for such payments, as necessary. In the event an increase to the PAGA Allocation is required for approval by the Court, such increase shall come from the Total Settlement Amount. In no event shall Defendant be required to increase the Total Settlement Amount to cover any increase to the PAGA Allocation.

f)     <u>Employer's Share of Payroll Taxes</u>.  The Parties agree that the employer's share of payroll taxes, as calculated by the Settlement

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Administrator, shall be paid by Defendant in addition to the Total Settlement Amount.

g)    Payment of Individual Settlement Awards to Qualified Claimants.  The Claims Administrator shall distribute Individual Settlement Awards to each Qualified Claimant, in the following manner:

i.    New Hire Wage Subclass:  Each Qualified Claimant will receive $21, with each eligible employee who opts into the FLSA collective action, an additional $10 each.   The payments will be allocated 60% to wages and 40% to interest.

ii.    Wage Statement Subclass:  Each Qualified Claimant will receive $50.  The payments will be allocated to penalties.

iii.    Former Employee Uniform Deposit Subclass:  Each Qualified Claimant will receive $50.  The payments will be allocated to penalties and interest.

iv.    Current Employee Uniform Deposit Subclass:  Members of the Current Employee Uniform Deposit Subclass have already received their uniform deposits with interest via payroll, as part of ABM's termination of its uniform deposit program on May 7, 2021. All members of the Current Employee Uniform Deposit Subclass will be deemed Qualified Claimants for the purpose of receiving payment from the PAGA allocation.

-22-

v.      <u>Supervisor Meal and Rest Break Subclass:</u>  Each Qualified Claimant will receive $20 per pay period worked.  The payments will be allocated 60% to wages and 40% to interest.

19.    <u>Non-Reversionary Settlement</u>.  There will be no reversion to Defendant.  If the claims made by Qualified Claimants do not exhaust the Net Settlement Amount, the differential will be added to the PAGA Allocation.  If the claims made by Qualified Claimants exceed the Net Settlement Amount, the payments to Qualified Claimants shall be reduced on a pro rata basis.

20.    <u>Unclaimed Settlement Payments</u>.  Payments to Qualified Claimants which are not cashed on or before the Check Cashing Deadline shall be considered unclaimed ("Unclaimed Settlement Payments").  The Settlement Administrator shall distribute Unclaimed Settlement Payments to Public Counsel, an appropriate designee pursuant to California Code of Civil Procedure section 384, or such other entity as the Court might approve.

## **<u>CLAIMS ADMINISTRATION</u>**

21.    <u>Settlement Administrator's Duties</u>.  The Settlement Administrator shall be responsible for (a) processing the data provided by Defendant to be used in calculating payments to Qualified Claimants; (b) preparing, translating, printing, and mailing the Notice to Settlement Class and PAGA Group Members, including a postage pre-paid Claim Form; (c) skip tracing, one time, any mailings that are returned as "undeliverable"; (d) mailing reminder postcards to Settlement Class Members who have not yet submitted a claim form or opted out, 14 days after the mailing of the Notice; (e) creating and maintaining an online venue for submission

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

of claims; (f) notifying the Parties of the identity of Settlement Class Members who submit timely Requests for Exclusion; (g) calculating and mailing payments to Qualified Claimants; (h) calculating and paying the employer's share of the applicable federal and state withholding taxes (to be reimbursed by Defendant outside of the Total Settlement Amount); (i) issuing and filing any required federal and state tax forms and related agency reporting; (j) distributing the PAGA Allocation to the LWDA and Qualified Claimants who are PAGA Settlement Group Members; (k) paying the awards for attorneys' fees and costs to PAGA / Class Counsel as well as the enhancement awards to the PAGA / Class Representatives; (l) filing any required reports with the Court; and (m) any and all such other tasks as to which the Parties mutually agree, or which the Court orders the Settlement Administrator to perform.  The data provided by Defendant to the Settlement Administrator shall be kept confidential by the Settlement Administrator, except as necessary to effectuate the Settlement.  The Settlement Administrator shall also comply with all data privacy laws.

Specifically, the Settlement Administrator shall perform the following duties:

a)      <u>Processing of Data Provided by Defendant</u>.  Upon receipt of the data provided by Defendant pursuant to this Stipulation, the Settlement Administrator shall determine, for each Settlement Class / PAGA Group Member: (i) the Member's name, (ii) the Member's last known address, (iii) the last four digits of the Member's social security number, and (iv) the Individual Settlement Award should they become a Qualified Claimant.  In addition, once the Qualified Claimants have been identified and the PAGA Allocation has been finalized, the Settlement Administrator shall determine the payments to Qualified Claimants from the PAGA Allocation.

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

b)  <u>Mailing of Documents</u>.  Within the deadlines provided by this Stipulation, the Settlement Administrator shall mail a copy of the Notice to all Settlement Class / PAGA Group Members by first class regular U.S. Mail, using the most current mailing address information provided by Defendant and/or obtained by the Settlement Administrator.  The Settlement Administrator will engage in address searches consistent with its normal practices in administering settlements of wage claims.

c)  <u>Re-Mailing of Returned Notices</u>.  Notices returned to the Settlement Administrator as non-delivered shall be re-sent to the forwarding address, if any, on the returned envelope.  The Settlement Administrator will also skip trace, one time, any Notices that are returned without a forwarding address.  A returned Notice will be forwarded only once per Settlement Class Member by the Settlement Administrator.  Upon completion of these steps by the Settlement Administrator, the Parties shall be deemed to have satisfied their obligation to provide the Notice to the affected Settlement Class Member.  The affected Settlement Class Member shall remain a member of the Class and shall be bound by all the terms of this Stipulation and the Court's Final Order and Judgment.

d)  <u>Processing Requests for Exclusion ("Opt-Outs") From Settlement</u>.  In the event that a Settlement Class Member requests to be excluded ("opts out") from the Settlement provided herein, he or she must mail a written Request for Exclusion to the Settlement Administrator by first class U.S. Mail, or equivalent, postage paid and postmarked, by no later than the Document Receipt Deadline.  To be valid, the written Request for Exclusion must include (i) the Settlement Class Member's name, (ii) the

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Settlement Class Member's address, (iii) a request for exclusion, and (iv) the Settlement Class Member's signature.  The Settlement Administrator shall notify PAGA / Class Counsel and Defendant's counsel of its receipt of all valid Requests for Exclusion on a weekly basis during the notice period.

e)      <u>Payment of Individual Settlement Awards</u>.  The Settlement Administrator shall be solely responsible for the disbursement of the Individual Settlement Awards.

f)      <u>Declaration of Due Diligence</u>.  No later than ten (10) calendar days after the Document Receipt Deadline, the Settlement Administrator shall provide both Parties with a declaration of due diligence to be filed with the Court.

g)      <u>Allocating Portions of The Individual Settlement Awards As Wages</u>.  The Settlement Administrator shall be responsible for calculating the portion of each Individual Settlement Award to be allocated as wages.  For the New Hire Wage Subclass and the Supervisor Meal and Rest Break Subclass, 60% of the Individual Settlement Awards will be allocated to wages.  All other payments will be allocated to penalties and/or interest.

h)      <u>Taxation of Individual Settlement Awards</u>.  The portion of each Individual Settlement Award allocated as wages shall be subject to payroll withholding.  The Settlement Administrator shall be responsible for paying all federal, state, and local payroll and income taxes, and for documenting and requesting reimbursement from Defendant for the employers' share of such taxes.  Appropriate tax withholding shall be deducted from each Individual

-26-

Settlement Award.

     i)    <u>Federal Tax Reporting</u>.  The Settlement Administrator shall issue an IRS Form W-2 to each Qualified Claimant for the portion of the Individual Settlement Award that is designated as wages, as necessary.  The Settlement Administrator shall issue an IRS Form 1099 to each Qualified Claimant for the portion of the Individual Settlement Awards that is not designated as wages, as necessary.  The Settlement Administrator shall also issue an IRS Form 1099 to each PAGA Settlement Group Member, as necessary.  The Settlement Administrator shall issue an IRS Forms 1099 to the PAGA / Class Representatives for their Enhancement Awards, and an IRS Form 1099 to PAGA / Class Counsel for their award of attorneys' fees and costs.

     j)    <u>State Tax Reporting</u>.  The Settlement Administrator shall file, with the California Employment Development Department ("EDD"), the required reports of Personal Income Tax ("PIT") wages withheld from the Individual Settlement Awards, as well as the amounts to be paid as Unemployment Insurance ("UI"), Employment Training Tax ("ETT"), and State Disability Insurance ("SDI").  The Settlement Administrator will request from Defendant, and Defendant will reasonably provide, the information needed to prepare and file such reports.

     k)    <u>Responsibility for Tax Obligations</u>.  All Qualified Claimants and PAGA / Class Representatives will be responsible for correctly characterizing the compensation they receive for tax purposes and for paying any taxes on the amounts received, except for the employer contributions which will be handled as provided by this Stipulation.

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

l)     <u>Mailing of Individual Settlement Awards</u>.  Within ten (10) calendar days after Defendant's transfer of funds to the Settlement Administrator, the Settlement Administrator shall mail all Qualified Claimants their Individual Settlement Awards and shall also mail each Qualified Claimant who is a PAGA Group Member their share of the PAGA Allocation.  Each check issued to a Qualified Claimant shall remain valid and negotiable for one hundred eighty (180) days from the date of issuance, at which point they shall be deemed Unclaimed Settlement Payments and disbursed as described above.

m)     <u>Certifying the Class Members Bound by The Settlement</u>.  Within thirty (30) calendar days after Defendant's transfer of funds to the Settlement Administrator, the Settlement Administrator shall provide a certification to counsel for all Parties that all Qualified Claimants have been mailed their Individual Settlement Awards and their share of the PAGA Allocation, as applicable, and that the LWDA has been mailed its portion of the PAGA Allocation.

n)     <u>Payments to PAGA / Class Counsel</u>.  Within ten (10) calendar days after Defendant's transfer of funds to the Settlement Administrator, the Settlement Administrator shall pay the attorneys' fees and costs to PAGA / Class Counsel, as well as the Enhancement Awards to the PAGA / Class Representatives, as approved by the Court.

o)     <u>Payment to LWDA</u>.  Within ten (10) calendar days after Defendant's transfer of funds to the Settlement Administrator, the Settlement Administrator shall mail to the LWDA the State of California's portion of the

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1    PAGA Allocation, as approved by the Court.

2

3    22.    <u>Disputes Regarding the Settlement Administrator's Performance of</u>

4    <u>Duties</u>.  All disputes relating to the Settlement Administrator's performance of its

5    duties shall be referred to the Court, if necessary, which will have continuing

6    jurisdiction over the terms and conditions of this Stipulation until all payments and

7    obligations contemplated by this Stipulation have been fully carried out.

8

9    **<u>DUTIES OF THE PARTIES PRIOR TO PRELIMINARY COURT</u>**

10    **<u>APPROVAL</u>**

11

12    23.    <u>Submission of Stipulation to Court</u>.  The Parties shall promptly submit

13    this Stipulation (with Exhibits) to the Court in support of Plaintiffs' motion for

14    preliminary approval and determination by the Court as to the fairness, adequacy,

15    and reasonableness of this Stipulation, and shall apply to the Court for the entry of

16    an order substantially in the following form:

17

18    a)    Scheduling a fairness hearing on the question of whether the

19    proposed Settlement – including payment of attorneys' fees, attorneys' costs,

20    appointment of the Class Representatives and the amount of their

21    enhancement awards, and the method of determining Individual Settlement

22    Awards to be paid to Settlement Class Members – should be finally approved

23    as fair, reasonable, and adequate as to the Class;

24

25    b)    Approving as to form and content the proposed Notice (attached

26    as **Exhibit B**);

27

28

-29-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

c)      Directing the mailing to Settlement Class / PAGA Group Members of the Notice, by first class U.S. Mail, pursuant to the terms specified herein; and

d)      Preliminarily approving the Settlement, subject only to the objections of Settlement Class Members or termination pursuant to the terms of this Stipulation, and final review by the Court.

The [Proposed] Preliminary Approval Order to be submitted shall be the document attached hereto as **Exhibit C**, unless the Court's orders during the approval process require revisions to be made.  Unless the Parties agree otherwise, only necessary revisions shall be made to the [Proposed] Preliminary Approval Order to be submitted to the Court.

24.     <u>Amendment of This Stipulation to Conform to the Court's Order</u>.  To the extent the Court does not approve this Stipulation, or any term or Exhibit contained herein, and instead allows the Parties to amend this Stipulation, the Parties agree to cooperate in good faith to amend the Stipulation in accordance with the Court's direction, and to retain all other terms of the Stipulation that the Court approves.

## **DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL**

25.     <u>Timely Approval of Documents to Be Mailed by The Settlement Administrator</u>.  Counsel for the Parties shall respond to requests by the Settlement Administrator to approve all claims administration documents, including the Notice

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

to be mailed to the Class, within five (5) business days of the Settlement Administrator's request for approval.

26. <u>Defendant's Provision of Settlement Class / PAGA Group Member Data to Settlement Administrator</u>.  No later than twenty-one (21) calendar days following preliminary approval of this Settlement by the Court, Defendant shall provide the Settlement Administrator with data that is within Defendant's possession containing, for each Settlement Class / PAGA Group Member: (a) name; (b) last known address; (c) social security number; (d) dates of employment; (e) eligibility status for each of the 5 Subclasses and PAGA Settlement Group; and (f) for members of the Supervisor Meal and Rest Break Settlement Subclass, number of pay periods worked.  This data is confidential and not to be disclosed to anyone other than the Settlement Administrator.  Within fourteen (14) calendar days of receipt of the information from Defendant, the Settlement Administrator will mail the Notice to the Class Members, provided that counsel for the Parties have approved the documents.  In the event that approval of the documents takes more than fourteen (14) calendar days, the Settlement Administrator shall mail the Notice within three (3) business days of receiving approval of the documents.

27. <u>Disputes Arising from Claims Administration</u>.  Any disputes arising during the claims administration process must be resolved informally by counsel for the Parties and, if the Parties cannot agree, by the Settlement Administrator, within ten (10) calendar days of the Document Receipt Deadline.

28. <u>Motions by PAGA / Class Counsel</u>.

    a)    <u>Motions Required for Final Approval of The Settlement</u>.

-31-

PAGA/Class Counsel shall timely prepare, subject to Defendant's review and right to comment, Final Settlement Papers in conformance with the terms of this Settlement, including (1) a motion for final approval of the Settlement; (2) the [Proposed] Final Settlement Order; and (3) any other documents, petitions, or motions required to effectuate this Settlement – including, but not limited to, any additional proposed orders requested by the Court. PAGA/Class Counsel must submit the Final Settlement Papers to Defendant's Counsel no later than seven (7) days prior to the deadline for filing the motion for final approval of the Settlement.  In the event that PAGA/Class Counsel and Defendant's Counsel cannot resolve any dispute regarding the Final Settlement Papers arising from Defendant's right to review and comment, Defendant's Counsel shall submit its objections to the Final Settlement Papers to the Court before or during the Final Settlement Approval Hearing.

b) [Proposed] Final Settlement Order.  The [Proposed] Final Settlement Order shall include a proposed Final Order and Judgment ordering:

i. Approval of the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

ii. Approval of PAGA/Class Counsel's application for an award of attorneys' fees and costs (PAGA/Class Counsel will separately submit a motion for award of attorneys' fees and costs);

iii. Approval of the Enhancement Awards to the PAGA /

-32-

Class Representatives;

iv.　　Dismissal of the Action with prejudice and permanently barring and enjoining (1) prosecution of claims for civil penalties based on the Released Claims by the State of California or any other party against the Released Parties; (2) prosecution of Released Claims by Settlement Class Members against the Released Parties; (3) prosecution of any claims covered by the General Release by the PAGA / Class Representatives, upon satisfaction of all payments and obligations hereunder; and

v.　　Reserving jurisdiction over the construction, interpretation, implementation, and enforcement of the Parties' Settlement, and over the administration and distribution of the Settlement amounts.

The [Proposed] Final Approval Order and Judgment to be submitted shall be the document attached hereto as **Exhibit K**, unless the Court's orders during the approval process require revisions to be made.  Unless the Parties agree otherwise, only necessary revisions shall be made to the [Proposed] Final Approval Order and Judgment to be submitted to the Court.

29.　Fairness Hearing.  Upon expiration of the Document Receipt Deadline, the Parties shall attend a Final Settlement Approval Hearing with the Court to finally approve the Settlement as fair, reasonable, and adequate as to (a) Class Members; (b) attorneys' fees and costs to PAGA / Class Counsel; (c) the Enhancement Award to the PAGA/Class Representatives; (d) the costs and fees for

claims administration; and (e) the PAGA Allocation, including the methodology used to calculate such awards.

### DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

30.    Final Settlement Approval, and Entry of Judgment.  At or before the Final Settlement Approval Hearing, PAGA/Class Counsel shall submit the [Proposed] Final Settlement Approval Order and Judgment to the Court for the Court's approval and entry.  After entry of the Final Settlement Approval Order and Judgment, the Court shall have continuing jurisdiction over the administration of the Settlement.

31.    Payment of Settlement Amount.  Not later than thirty (30) calendar days following the Effective Date, Defendant shall deposit the Total Settlement Amount into an account established by the Settlement Administrator.  The Settlement Administrator will retain authority over the deposited funds, which are to be used in accordance with this Stipulation and any orders of the Court.  The Settlement Administrator shall make all payments and other disbursements required by this Stipulation from the Total Settlement Amount.  Defendant shall have no further obligations over the distribution of the Total Settlement Amount.

32.    Provision of Final Settlement Approval Order and Judgment to Settlement Administrator.  Within two (2) business days of final approval by the Court of the Settlement provided for in this Stipulation, PAGA/Class Counsel shall provide the Settlement Administrator with a copy of the Final Settlement Approval

Order and Judgment.

## **ADDITIONAL TERMS**

33.   Nullification of Settlement.  This Stipulation shall be null and void, and any order of judgment entered by the Court in furtherance of the Settlement shall be vitiated *nunc pro tunc*, if any of the following occurs:

     a)   The Court does not enter a Final Order and Judgment approving the Settlement;

     b)   The Effective Date is not reached; or

     c)   The Settlement does not become final for any other reason, including but not limited to termination by Defendant pursuant to this Stipulation.

In such a case, the Artiga Third Amended Complaint (**Exhibit A**) shall become null and void, and the Parties shall be returned to their respective positions and jurisdictions prior to this Stipulation.  The Parties will immediately stipulate to dismiss the Artiga Third Amended Complaint without prejudice, and Defendant will have the right to seek future consolidation and/or coordination of the Artiga Case and the Canas Case.  In addition, no payment will be made by Defendant to the PAGA / Class Representatives, any Settlement Class / PAGA Group Member, or PAGA / Class Counsel; and, with exception to outstanding costs owed to the

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Settlement Administrator as provided below, all Parties and third parties referenced in this Stipulation will bear their own costs, fees, and expenses associated with the Stipulation and Settlement.

In the event that the Settlement does not become final due to Defendant's failure to perform as required under this Stipulation or election to terminate this Stipulation pursuant to its terms, Defendant shall be responsible for paying any outstanding costs incurred by the Settlement Administrator.  If the Settlement does not become final as a result of Plaintiffs and / or PAGA / Class Counsel's failure to perform as required under this Stipulation, then Plaintiffs and / or PAGA / Class Counsel shall be responsible for paying any outstanding costs incurred by the Settlement Administrator.  If neither Defendant nor Plaintiffs are responsible for failure to reach final Settlement, then both Parties shall split the outstanding costs owed to the Settlement Administrator.

34.   <u>California Evidence Code 1152</u>.  This Stipulation and the attached Exhibits are settlement documents, and, pursuant to California Evidence Code section 1152, shall be inadmissible in any proceeding except in an action or proceeding to approve, interpret, or enforce this Stipulation.

35.   <u>Amendment or Modification</u>.  This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties and/or by Order of the Court.

36.   <u>Entire Agreement</u>.  This Stipulation and the accompanying exhibits constitute and comprise the entire agreement between the Parties.  No oral or written representations, warranties, or inducements have been made to any of the Parties

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

concerning this Stipulation other than the representations, warranties, and covenants contained and memorialized herein.

37.     <u>Construction</u>.  The Parties agree that the terms of this Stipulation and the accompanying exhibits are the result of lengthy, arms-length negotiations, and that this Stipulation shall not be construed in favor of or against any of the Parties by reason of the extent to which any of the Parties or their respective counsel participated in the drafting of this Stipulation.

38.     <u>Parties' Authority</u>.  The signatories to this Stipulation represent that they are fully authorized to enter into this Stipulation and to bind the Parties hereto to the terms and conditions hereof.

39.     <u>Successors and Assigns</u>.  This Stipulation is binding upon, and inures to the benefit of, the Parties' successors and assigns.  The Parties represent and warrant that they have not, directly or indirectly, assigned, transferred, or encumbered to any person or entity any portion of any claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

40.     <u>Enforcement of Stipulation</u>.  In the event that any of the Parties to this Stipulation institutes any legal action, arbitration, or other proceeding against any of the other Parties to enforce the provisions of this Stipulation or to declare rights or obligations under this Stipulation, the successful Party shall be entitled to recover from the unsuccessful Party or Parties, reasonable attorneys' fees and costs, including expert witness fees, incurred in connection with any such enforcement proceedings.

41.   <u>Governing Law</u>.  All terms of this Stipulation shall be governed by and interpreted according to the laws of the State of California.

a)   <u>Jurisdiction of The Court</u>.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith.

42.   <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument.  Signatures may be affixed either by original signatures, PDF, DocuSign, or facsimile.

43.   <u>Notices</u>.  Unless otherwise specifically provided in this Stipulation, all notices, demands, and/or other communications will be in writing and will be deemed to have been duly given as of the third (3rd) business day after mailing by U.S. Mail, addressed as follows:

To the Class:

Alan Harris, Bar No. 146079
Priya Mohan, Bar No. 228984
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:       aharris@harrisandruble.com
                 pmohan@harrisandruble.com

To Defendant:

Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP

-38-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail:      dff@paynefears.com
             lf@paynefears.com
             rtm@paynefears.com

44.     <u>Enforceability</u>.  The Parties intend for this Agreement to be enforceable in the United States District Court for the Central District of California, by and subject to the Court's pending jurisdiction.

45.     <u>Interpretation</u>.  This Stipulation shall be construed as a whole according to its fair meaning.  It shall not be construed strictly for or against any Party.  Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and," and the singular or plural number shall be deemed to include the other.  Captions and headings are intended solely for convenience of reference and shall not be used in the interpretation of this Stipulation.

46.     <u>Confidentiality</u>.  PAGA / Class Representatives and PAGA / Class Counsel will not issue press releases, and will respond to any media or publication entity inquiries by stating that they believe a fair and equitable settlement has been achieved on behalf of the class.  PAGA / Class Representatives and PAGA / Class Counsel will not publish information on any website concerning the Settlement, apart from documents that have been publicly filed with the Court, or those materials as shall be contractually required to effectuate the terms of the Settlement as set forth herein, including proper notice. However, for the limited purpose of allowing PAGA / Class Counsel to prove adequacy as class counsel in other actions, or their billing rates, or the reasonableness of other settlements by analogy to this Settlement, they may disclose information about the Settlement that is publicly

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

available.

47.   Exhibits Incorporated by Reference.  The terms of this Stipulation include the terms set forth in any attached Exhibit, which are incorporated by this reference as though fully set forth herein.  Any Exhibit to this Stipulation is an integral part of the Settlement.

48.   Interim Stay of Proceedings.  The Parties agree to refrain from further litigation in the Action, including the Artiga Case and the Canas Case, except such proceedings necessary to implement and obtain an Order granting Final Approval of the terms of the Settlement.  The Parties further agree that the mutual, voluntary cessation of litigation shall terminate if this Stipulation and Settlement is nullified as described above.

49.   Dismissal of the Canas Case and ABM's counterclaim in the Artiga Case.  Within 5 days of the Effective Date, the Parties shall cooperate to: (a) file all necessary materials with the Los Angeles Superior Court to effectuate the dismissal of the Canas Case; and (b) file all necessary materials with the District Court to effectuate the dismissal of ABM's counterclaim in the Artiga Case.

50.   Invalidity of Any Provision.  Before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement valid and enforceable.

51.   Class Certification for Settlement Purposes Only.  The Parties have stipulated to the certification and/or recognition of the Settlement Class and PAGA

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

Group for purposes of this Settlement only.  If, for any reason, the Stipulation and Settlement is nullified as described above, the certification and/or recognition of the Settlement Class and PAGA Group will be null and void.  This Stipulation and Settlement is not an admission that class certification is proper under the standard applied to contested certification motions.  This Stipulation and Settlement will not be admissible in this or any other proceeding as evidence that a class or PAGA group should be certified and/or recognized.

52.     <u>All Terms Subject to Final Court Approval</u>.  All amounts and procedures described in this Stipulation shall be subject to final Court approval.

53.     <u>Execution of Necessary Documents</u>.  All Parties shall execute all documents reasonably necessary to effectuate the terms of this Settlement.

54.     <u>Binding Agreement</u>.  The Parties intend that this Settlement shall be fully enforceable and binding on all Parties, and that it shall be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

**PLAINTIFFS / CLASS REPRESENTATIVES**

DATED:   October 14, 2021

_____
Isabel Artiga

DATED:

_____
Jessica Sheehan

DATED:

_____
Gabriel Rodriguez

DATED:

_____
Mario Ernesto Gil Canas

DATED:

_____
Jaime Mendoza

DATED:

_____
Lorenza Torres

-42-
JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1

**PLAINTIFFS / CLASS
REPRESENTATIVES**

2

3

4   DATED: _____

Isabel Artiga

5

6

7   DATED: 10/14/2021

8   Jessica Sheehan

9

10

11   DATED: _____

12   Gabriel Rodriguez

13

14

15   DATED: _____

16   Mario Ernesto Gil Canas

17

18

19   DATED: _____

20   Jaime Mendoza

21

22

23   DATED: _____

Lorenza Torres

24

25

26

27

28

-42-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1

**PLAINTIFFS / CLASS**
**REPRESENTATIVES**

2

3

4    DATED: _____

5                                          _____
     Isabel Artiga
6

7

8    DATED: _____

9                                          _____
     Jessica Sheehan
10

11

─────DocuSign by:─────

*Gabriel Rodriguez*

─────9E3CC00ED8154D0...─────

11   DATED: 10/14/2021                     _____

12                                         Gabriel Rodriguez

13

14

15   DATED: _____

16                                         _____
     Mario Ernesto Gil Canas
17

18

19   DATED: _____

20                                         _____
     Jaime Mendoza
21

22

23   DATED: _____

24                                         _____
     Lorenza Torres
25

26

27

28

-42-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1

**PLAINTIFFS / CLASS
REPRESENTATIVES**

2

3

4   DATED: _____

5      Isabel Artiga

6

7

8   DATED: _____

9      Jessica Sheehan

10

11   DATED: _____

12      Gabriel Rodriguez

13

14

15   DATED:   10/14/2021   _____

16      Mario Ernesto Gil Cañas

17

18

19   DATED: _____

20      Jaime Mendoza

21

22

23   DATED: _____

24      Lorenza Torres

25

26

27

28

-42-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

**PLAINTIFFS / CLASS REPRESENTATIVES**

1

2

3

4 DATED: _____

Isabel Artiga

5

6

7

8 DATED: _____

Jessica Sheehan

9

10

11

12 DATED: _____

Gabriel Rodriguez

13

14

15

16 DATED: _____

Mario Ernesto Gil Canas

17

18

19 DATED: 10/14/2021 _____

Jaime Mendoza

20

21

22

23 DATED: _____

Lorenza Torres

24

25

26

27

28

-42-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

**PLAINTIFFS / CLASS REPRESENTATIVES**

DATED: _____

Isabel Artiga

DATED: _____

Jessica Sheehan

DATED: _____

Gabriel Rodriguez

DATED: _____

Mario Ernesto Gil Canas

DATED: _____

Jaime Mendoza

DATED:   October 14, 2021   _____

Lorenza Torres

-42-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

1

DATED:   October 13, 2021

**DEFENDANT ABM INDUSTRY GROUPS, LLC**

2

3

By: *Miranda Tolar*

4

Miranda Tolar
Senior Vice President & Deputy General
Counsel, Employment Law and Litigation

5

6

7

**APPROVED AS TO FORM AND CONTENT:**

8

DATED:   October 13, 2021

PAYNE & FEARS LLP
Attorneys at Law

9

10

By:

11

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC

12

13

DATED:

HARRIS & RUBLE LLP
Attorneys at Law

14

15

16

By:

Attorneys for Plaintiffs

17

18

19

4839-5346-1234, v. 1

20

21

22

23

24

25

26

27

28

-43-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

DATED:   October 13, 2021          **DEFENDANT ABM INDUSTRY GROUPS,
                                   LLC**

                                   By: *Miranda Tolar*
                                       _____
                                       Miranda Tolar
                                       Senior Vice President & Deputy General
                                       Counsel, Employment Law and Litigation

**APPROVED AS TO FORM AND CONTENT:**

DATED:   October 13, 2021          PAYNE & FEARS LLP
                                   Attorneys at Law

                                   By: _____
                                       Attorneys for Defendant
                                       ABM INDUSTRY GROUPS, LLC

DATED:   October 14, 2021          HARRIS & RUBLE LLP
                                   Attorneys at Law

                                   By: *Alan Harris*
                                       _____
                                       Attorneys for Plaintiffs

4839-5346-1234, v. 1

-43-

JOINT STIPULATION RE CLASS ACTION SETTLEMENT

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ISABEL ARTIGA, GABRIEL RODRIGUEZ, JESSICA SHEEHAN, MARIO ERNESTO GIL CANAS, JAIME MENDOZA and LORENZA TORRES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,

Defendants.

Case No. 2:19-cv-06735-GW-RAO
*Assigned to Hon. George H. Wu*

**THIRD AMENDED COMPLAINT**
[*PAGA Law Enforcement, Class Action and Collective Action Complaint*]

1.  Reserved.

2.  Failure to Provide Adequate Pay Stubs Labor Code § 226(a)

3.  Failure to Pay Minimum Wage, Cal. Lab. Code § 1194; IWC Wage Order

4.  Failure to Pay Minimum Wage, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5.  Continuing Wages, Cal. Lab. Code § 203

6.  Failure to Provide Proper Meal Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order

7.  Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order

8.  Reserved.

9.  Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

1

THIRD AMENDED COMPLAINT

10. Civil Penalties, Pursuant to Cal. Lab. Code § 2698 *et seq.*

**DEMAND FOR JURY TRIAL**

Isabel Artiga, ("Artiga"), Gabriel Rodriguez ("Rodriguez"), Jessica Sheehan ("Sheehan"), Mario Ernesto Gil Canas ("Canas"), Jaime Mendoza ("Mendoza") and Lorenza Torres ("Torres") (collectively "Plaintiffs"), on behalf of themselves as individuals and in their representative capacities, and on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.,* allege as follows:

### *JURISDICTION AND VENUE*

1.    This is a PAGA law enforcement action, class action and Fair Labor Standards Act collective action, seeking unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof, against Defendant ABM Industry Groups, LLC ("ABM").  This action alleges that ABM, *inter alia*, (1) collected unlawful deductions from employees; (2) failed to provide wage statements that supplied all of the information required by Labor Code § 226(a); (3) failed to pay Plaintiffs and Aggrieved Employees minimum and overtime wages; (4) failed to timely pay Plaintiffs all wages due, Labor Code §§ 203, 204; (5) failed to provide proper meal and rest breaks to Plaintiffs Rodriguez, a Supervisor, and Sheehan, a Lead, and other Aggrieved Employees who worked as a Supervisor and/or a Lead;  (6) failed to provide a proper sick leave policy for employees, Labor Code §§ 403, 404, 405, 406 and IWC Wage Order, Sec.9(c); (7) failed to provide employment records, Labor Code § 226(b); (8) failed to provide records, Labor Code § 432; (9) failed to provide records, Labor Code § 1198.5; and (10) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of aggrieved employees and the general public.  On August 28, 2018, Plaintiff Artiga provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this complaint.  On October 11, 2019,

2

THIRD AMENDED COMPLAINT

Plaintiffs Rodriguez and Sheehan provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this complaint. On or about May 13, 2020, Plaintiff Canas provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this complaint.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs also bring this case individually and as a class action on behalf of similarly situated individuals who have been employed by ABM as hourly, non-exempt workers in California (collectively referred to as "Aggrieved Employees") since four years prior to the filing of this action. Plaintiffs Artiga, Sheehan, Rodriguez and Canas also bring this action pursuant to PAGA, which does not require class certification, on a representative basis on behalf of the Labor & Workforce Development Agency of the State of California (the "LWDA"). The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, and for sick pay and record keeping violations, wage statement violations, continuing wages, and unfair competition, among other claims. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Rodriguez and Sheehan also bring this case individually and as a collective action on behalf of similarly situated individuals who have been employed by Defendants in California.

3. Venue as to Defendant is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

4. This action was filed in the Superior Court of the State of California for the County of Los Angeles. Thereafter, on August 2, 2019, Defendant removed this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, and

THIRD AMENDED COMPLAINT

section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  On September 30, 2020, Plaintiff Canas filed a Complaint alleging a cause of action pursuant to PAGA against Defendant, in the Superior Court of the State of California for the County of Los Angeles.  As part of the class action settlement reached in this case, the Parties have agreed to the filing this Third Amended Complaint, which incorporates Canas's claims as well as those of Plaintiffs Mendoza and Torres.

## *PARTIES AND SUBSTANTIVE ALLEGATIONS*

5.      Plaintiff Artiga is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California. Plaintiff Rodriguez is an individual who during the time periods relevant to this Complaint, was a resident of the Counties of Riverside and Los Angeles, State of California.  Rodriguez worked for Defendant ABM in the County of Los Angeles and the County of Riverside, State of California, working for Defendant as a Supervisor.  Plaintiff Sheehan is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Riverside, State of California, working for Defendant as a Lead.  Sheehan was employed by Defendant ABM in the County of Riverside, State of California during the relevant period.  Plaintiff Canas is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California, working for Defendant as a parking valet attendant.  Plaintiff Jaime Mendoza is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California, working for Defendant as a parking valet attendant.  Plaintiff Lorenza Torres is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California, working for Defendant as a cleaner.   Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

STLMT - 048

THIRD AMENDED COMPLAINT

EXHIBIT A

6.      Defendant ABM Industry Groups, LLC ("ABM") is a company that
conducts significant amounts of business within Los Angeles County.  ABM touts itself as
a leading provider of integrated facility solutions.  Among the services it provides, ABM
offers parking valet and transportation and janitorial contractor services to clients across
the United States, including throughout California.  ABM is a Delaware Limited Liability
Company with its headquarters in Sugar Land, Texas.  ABM is authorized to do and does
business in California.  ABM is a temporary services employer as defined by Cal. Lab.
Code § 201.3, which statute provides, in part:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts
with clients or customers to supply workers to perform services for the clients
or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and
place where the services are to be provided, the type of work, the working
conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers
retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or
customer when the worker is determined unacceptable by a specific client or
customer.

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

Cal. Lab. Code § 201.3(a)(1)(A)-(G).  As a temporary services employer, Defendant
contracts with clients or customers to supply workers to perform services.  On ABM's
website, ABM describes its provision of janitorial services to its customers as follows:

"We're a single-source commercial janitorial contractor with advanced

5

STLMT - 049                                              EXHIBIT A

THIRD AMENDED COMPLAINT

1    cleaning technologies. ABM's proven methods can save you time and

2    improve your bottom line. Our own team of well-trained, efficient,

3    environmentally aware professionals become part of your team, respecting

4    your culture. You're free to focus on your core responsibilities."

5    See https://www.abm.com/services/janitorial/ (last accessed July 6, 2020).  ABM

6    describes its provision of parking services to its customers on its website as well:

7    A wide range of off-street and on-street parking facilities across 200 client

8    locations, including some of the largest and most prestigious buildings in the

9    U.S., rely on us for best practices in operation and maintenance. ABM makes

10   sure your guests are happy and safe from arrival to departure, through

11   stringent employee screening, hiring, and training. Across shuttle service,

12   valet, and parking facility management, ABM contributes to building value.

13   See https://www.abm.com/services/parking-transportation/ (last accessed July 6,

14   2020).  ABM meets the definition of a temporary services provider.  It negotiates

15   with its customers where ABM employees will perform work and the type of work

16   that will be performed.  ABM also negotiates the cost of these services with the

17   customers.  Each of the Plaintiffs worked at ABM customer locations under ABM's

18   direction.  Each of the Plaintiffs were paid directly by ABM for the work performed

19   on customer sites.  ABM retains the ability to assign or reassign its workers.

20   Indeed, Plaintiff Artiga was assigned to various customer sites during her

21   employment with ABM.  Similarly, Plaintiff Rodriguez was assigned to at least two

22   different customers while working for ABM.  ABM also had the authority to hire

23   and terminate employees, and exercised that authority with respect to each of the

24   Plaintiffs.

25        7.    Defendant and/or its affiliates have been repeatedly charged with PAGA

26   violations, commencing soon after the statute became effective. E.g., Augustus v.

27   American Commercial Security Services, Inc. (L.A.Super.Ct., 2006, No. BC347914)

28   (settled for up to $2,500,000, including civil penalties of $730,000).  Accordingly, it is

6

1   appropriate to draw an inference that Defendant's conduct as described herein is

2   intentional, resulting in part from a continuing practice of devoting insufficient resources

3   to the payroll accounting and related human resources and compliance functions.

4       8.    The true names and/or capacities, whether individual, corporate, associate or

5   otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiffs at this time,

6   who therefore sue said defendants by such fictitious names.  When the true names and

7   capacities of said defendants have been ascertained, Plaintiffs will amend this complaint

8   accordingly.  Plaintiffs are informed and believe and thereupon alleges that each

9   defendant designated herein as a Doe is responsible, negligently, intentionally,

10   contractually, or in some other actionable manner, for the events and happenings

11   hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs

12   as is hereinafter alleged, either through said defendants' own wrongful conduct or through

13   the conduct of their agents, servants, employees, representatives, officers or attorneys, or

14   in some other manner.

15   ## **GENERAL ALLEGATIONS**

16       9.    Beginning on or about January 20, 2012 until in or about July, 2018, Plaintiff

17   Artiga was employed by ABM as a parking attendant in various locations in Los Angeles

18   County.  Attached hereto as Exhibit 1 are true and correct copies of some of Artiga's pay

19   stubs. Beginning in or about August, 2018 until August, 2019, Plaintiff Rodriguez was

20   employed by ABM in a janitorial position in Riverside and thereafter Los Angeles

21   County, as a Supervisor.  Attached hereto as Exhibit 2 are true and correct copies of some

22   of Rodriguez's pay stubs.  Beginning in or about December, 2017 until October, 2019,

23   Plaintiff Sheehan was employed by ABM as a Lead in janitorial position in Riverside

24   County.  Attached hereto as Exhibit 3 are true and correct copies of some of Sheehan's

25   pay stubs.  Beginning on or about December 27, 2018 until on or about November 15,

26   2019, Plaintiff Canas was employed by ABM as a parking attendant in various locations

27   in Los Angeles, California.  Beginning in or about February, 2018 until March, 2020,

28   Plaintiff Jaime Mendoza was employed by ABM as a parking attendant in Los Angeles,

STLMT - 051                    THIRD AMENDED COMPLAINT                    EXHIBIT A

California.  Beginning in or about May, 2015 until August, 2018, Plaintiff Lorenza Torres was employed by ABM as a cleaner in Los Angeles, California.

10.     Plaintiffs contend that Defendant failed to provide them and other Aggrieved Employees with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

> (a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central

8

THIRD AMENDED COMPLAINT

1    location within the State of California.

2    . . . .

3          (e)     An employee suffering injury as a result of a knowing and

4    intentional failure by an employer to comply with subdivision (a) is entitled

5    to recover the greater of all actual damages or fifty dollars ($50) for the initial

6    pay period in which a violation occurs and one hundred dollars ($100) per

7    employee for each violation in a subsequent pay period, not exceeding an

8    aggregate penalty of four thousand dollars ($4,000), and is entitled to an

9    award of costs and reasonable attorney's fees.

10   Cal. Lab. Code § 226.

11         11.     On information and belief, Plaintiffs contend that Defendant failed to

12   provide Plaintiffs and Aggrieved Employees with the data required by section 226 of the

13   California Labor Code.  Exhibits 1 through 3 are true and correct copies of certain of

14   Plaintiffs' wage statements.  On occasion, for example with respect to Plaintiff Rodriguez,

15   during the period April 1, 2019 to April 15, 2019, Defendant would make retroactive

16   adjustments resulting in wage statements that failed to state all applicable hourly rates and

17   were therefore confusing.  See Exhibit 2.  ABM's failure to provide the correct

18   information on wage statements has caused confusion by making it impossible for

19   Plaintiffs to determine whether or not they have been paid correctly.   Further, although

20   ABM is a temporary service provider, Exhibits 1, 2, and 3 show that ABM's wage

21   statements fail to provide the rate of pay and total hours worked for each temporary

22   services assignment.  For example, Exhibit 2 consists of certain wage statements provided

23   to Plaintiff Rodriguez.  During the pay period beginning July 1, 2019 through July 15,

24   2019, Rodriguez performed janitorial work for ABM's client Claremont McKenna

25   College in Los Angeles County.  During the pay period beginning June 16, 2019 through

26   June 30, 2019, Rodriguez performed work for ABM's client Amazon's facility located in

27   Moreno Valley, California.  The wage statements provided to Rodriguez (Exhibit 2)

28   provide no information regarding the temporary services assignment for which Rodriguez

STLMT - 053

EXHIBIT A

was being paid. Likewise, the wage statements attached as Exhibits 1 and 3 show that ABM did not provide any information regarding temporary services assignments to Plaintiffs Artiga and Sheehan. As a result, for example, it was not possible from the wage statement alone to determine whether the worker was paid an hourly rate which comported with the requirements of various municipal ordinances.  In addition to subjecting ABM to the damages specified in section 226(e), ABM's failure to provide such information to Plaintiffs and aggrieved employees subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 *et seq.*

12.    At all times relevant herein, sections 226 (b), (c), and (f) of the California Labor Code further provided in part:

> (b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.
>
> . . .
>
> (c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.
>
> . . .
>
> (f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty dollar ($750) penalty from the employer.

13.    At all times relevant herein, section 432 of the California Labor Code provided that: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request." Cal. Lab. Code § 432.

STLMT - 054

EXHIBIT A

14.     At all times relevant herein, section 1198.5 of the California Labor Code provided in part:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . .

15.     On November 12, 2019 Plaintiff Canas requested his employment records from Defendant pursuant to sections 226(c), 432 and 1198.5. However, Defendant failed to provide complete records within the time period required by statute.

16.     On information and belief, Plaintiffs contend that Defendant failed to provide Plaintiffs and Aggrieved Employees with payment of the required minimum wage.  For instance, Plaintiffs Canas, Mendoza, Rodriguez and Sheehan were required to attend new-hire training sessions during the class period for which they have never received any compensation.  Canas, Mendoza, Rodriguez and Sheehan, as well as other Aggrieved Employees were required to attend new-hire training sessions, without pay.  At these unpaid sessions, held for the benefit of ABM, the new employees were required, *inter alia*, to review the rules set forth in the Employee Handbook, review employer policies dealing with all manner of matters that the employers had to communicate to the new employees, payroll procedures, safety procedures and more.  Canas, Mendoza, Rodriguez, Sheehan and Aggrieved Employees performed this work without any compensation at all by Defendant.

17.     At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

STLMT - 055                    THIRD AMENDED COMPLAINT                    EXHIBIT A

earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

18.     Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage and overtime for hours worked over forty in a workweek.  See 29 U.S.C. §§ 206 and 207.

19.     Plaintiffs Rodriguez, Sheehan and Aggrieved Employees were prevented from taking proper meal and/or rest breaks as required by law, when assigned as a Supervisor or Lead being required to keep in constant communication with other coworkers via a phone or radio device.  In addition, from time to time Rodriguez, Sheehan and other Aggrieved Employees were subjected to tardy, truncated or altogether missed meal breaks, and not provided a second meal break when working in excess of ten hours in a shift.

20.     At all times relevant hereto, section 226.7 of the California Labor Code provided:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or

STLMT - 056

EXHIBIT A

1    rest period is not provided.

2    Cal. Lab. Code § 226.7.

3        21.    Here, Plaintiffs Rodriguez and Sheehan and Aggrieved Employees were

4    not provided proper thirty-minute meal breaks when working less than ten-hour

5    workdays.  Plaintiffs Rodriguez and Sheehan and other Aggrieved Employees were not

6    provided a second meal break when working more than ten hours in a workday.

7        22.    ABM violated sections 226.7 and 512 of the California Labor Code and the

8    relevant IWC Wage Order by failing to provide proper meal or rest periods.  Accordingly,

9    Plaintiffs and Class Members are entitled to an additional hour of pay for each workday

10   Plaintiffs were not properly provided proper meal or rest periods.  See Cal. Lab. Code §

11   226.7(b).

12       23.    Compensation for missed meal periods or rest breaks constitutes wages

13   within the meaning of section 200 et seq. of the California Labor Code.

14       24.    To date, Defendant has failed to compensate Plaintiffs and Aggrieved

15   Employees for all of their earned wages in accordance with the California Labor Code,

16   relevant IWC Wage Order, and/or the FLSA.

17       25.    Plaintiffs Artiga, Canas and Mendoza also contend that Defendant failed to

18   put certain monies in segregated, interest bearing accounts and accordingly unlawfully

19   deducted uniform deposits from their paychecks and the paychecks of other Aggrieved

20   Employees, all in violation of California Labor Code section 221 and otherwise as

21   hereinafter described.  In addition to subjecting ABM to damages, ABM's unlawful

22   deductions subject it to civil penalties.  See Cal. Lab. Code § 225.5.

23       26.    Defendant is liable to Plaintiffs and former employees for continuing wages

24   pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code

25   states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the

26   time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly,

27   section 202 of the Labor Code provides that, "[i]f an employee. . . quits his or her

28   employment, his or her wages shall become due and payable not later than 72 hours

13

THIRD AMENDED COMPLAINT
EXHIBIT A

thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202. . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Id. § 203(a).  In addition to subjecting Defendant to damages or penalties, Defendant's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.  Defendant did not pay all wages due and owing to Plaintiffs within the statutorily required time period.

27.   Further, Defendant's sick pay policy violates sections 233 and 234 of the Labor Code. Section 233 of the California Labor Code states:

a) Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5. This section does not extend the maximum period of leave to which an employee is entitled under Section 12945.2 of the Government Code or under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Sec. 2601 et seq.), regardless of whether the employee receives sick leave compensation during that leave.

. . .

 (c) An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a

14

STLMT - 058

EXHIBIT A

1  family member, or for any other reason specified in subdivision (a) of

2  Section 246.5.

3  (d) Any employee aggrieved by a violation of this section shall be entitled to

4  reinstatement and actual damages or one day's pay, whichever is greater, and

5  to appropriate equitable relief.

6  Cal. Lab. Code § 233. Section 234 of the Labor Code states:

7  An employer absence control policy that counts sick leave taken pursuant to

8  Section 233 as an absence that may lead to or result in discipline, discharge,

9  demotion, or suspension is a per se violation of Section 233. An employee

10  working under this policy is entitled to appropriate legal and equitable relief

11  pursuant to Section 233.

12  Cal. Lab. Code § 234. Defendant's sick leave policy, which *inter alia* does not include

13  leave for care of grandchildren or grandparents, as referenced in Code section 245.5, is in

14  violation of sections 233 and 234 of the Labor Code, a violation which gives rise to

15  PAGA civil penalties.

16  28.    Plaintiffs and Aggrieved Employees were injured by such actions and are

17  therefore entitled to seek the amounts as set forth in Labor Code section 226 subsections

18  (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the

19  California Labor Code in part provides:

20  (a) Any employer or other person acting on behalf of an employer, who

21  violates, or causes to be violated, any provision regulating minimum wages

22  or hours and days of work in any order of the Industrial Welfare

23  Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,

24  1193.6, 1194, or 2802, may be held liable as the employer for such violation.

25  (b) For purposes of this section, the term "other person acting on behalf of an

26  employer" is limited to a natural person who is an owner, director, officer, or

27  managing agent of the employer, and the term "managing agent" has the

28  same meaning as in subdivision (b) of Section 3294 of the Civil Code.

15

1    29.    Reserved.

2    30.    At all times relevant hereto, sections 510, 1194, and 1198 of the California

3    Labor Code required (1) the payment of at least the minimum wage, (2) the

4    payment of wages equal to one-and-one-half times an employee's regular rate of pay for

5    all hours worked in excess of eight per day or forty per week, and (3) the payment of

6    wages equal to double the employee's regular rate of pay for all hours worked in excess

7    of twelve per day and for all hours worked in excess of eight on the seventh day of work

8    in any one workweek. At all relevant times mentioned herein, California Labor Code

9    section 1194 provided, in relevant part:

10           Notwithstanding any agreement to work for a lesser wage, any employee

11           receiving less than the legal minimum wage or the legal overtime

12           compensation applicable to the employee is entitled to recover in a civil

13           action the unpaid balance of the full amount of this minimum wage or

14           overtime compensation, including interest thereon, reasonable attorney's fees,

15           and costs of suit.

16   Cal. Lab. Code § 1194(a).

17           31.    At all relevant times mentioned herein, section 1198 of the California

18   Labor Code provided:

19           The maximum hours of work and the standard conditions of labor fixed by

20           the commission shall be the maximum hours of work and the standard

21           conditions of labor for employees.  The employment of any employee for

22           longer hours than those fixed by the order or under conditions of labor

23           prohibited by the order is unlawful.

24   Cal. Lab. Code § 1198.  Section 1198 refers to "conditions of labor prohibited by the order

25   [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16.  To

26   date, Plaintiffs Canas, Mendoza, Torres, Rodriguez and Sheehan have not been paid for all

27   of the hours they worked for Defendant.  By failing to pay Plaintiffs Canas, Mendoza,

28   Torres, Rodriguez and Sheehan for all of their hours of work, Defendant violated section

16

THIRD AMENDED COMPLAINT

1  1198 by employing them "under conditions of labor prohibited by the order." Cal. Lab.
2  Code § 1198.

3       32.    At all relevant times mentioned herein, section 510 of the California Labor
4  Code provided, in relevant part:

5  > Eight hours of labor constitutes a day's work. Any work in excess of eight
6  > hours in one workday and any work in excess of 40 hours in any one
7  > workweek and the first eight hours worked on the seventh day of work in any
8  > one workweek shall be compensated at the rate of no less than one-and-one-
9  > half times the regular rate of pay for an employee.  Any work in excess of 12
10 > hours in one day shall be compensated at the rate of no less than twice the
11 > regular rate of pay for an employee.  In addition, any work in excess of eight
12 > hours on any seventh day of a workweek shall be compensated at the rate of
13 > no less than twice the regular rate of pay of an employee.  Nothing in this
14 > section requires an employer to combine more than one rate of overtime
15 > compensation in order to calculate the amount to be paid to an employee for
16 > any hour of overtime work.  The requirements of this section do not apply to
17 > the payment of overtime compensation to an employee working pursuant to
18 > any of the following:  (1) An alternative workweek schedule adopted
19 > pursuant to Section 511.  (2) An alternative workweek schedule adopted
20 > pursuant to a collective bargaining agreement pursuant to Section 514.
21 Cal. Lab. Code § 510(a).

22      33.    At all relevant times mentioned herein, section 1194 of the California Labor
23 Code provided, in relevant part:

24 > Notwithstanding any agreement to work for a lesser wage, any employee
25 > receiving less than the legal minimum wage or the legal overtime
26 > compensation applicable to the employee is entitled to recover in a civil
27 > action the unpaid balance of the full amount of this minimum wage or
28 > overtime compensation, including interest thereon, reasonable attorney's

17

THIRD AMENDED COMPLAINT

1     fees, and costs of suit.

2   Id. § 1194(a).

3       34.   With regard to the employment of Plaintiffs as described above, the

4   provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were

5   inapplicable in that no alternative workweek schedule had been adopted.

6       35.   Reserved.

7       36.   Plaintiffs are informed and believe, and based thereon allege, that

8   Defendant's labor practices and all other aspects of its operations, as well as the job duties

9   of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform

10  standards established by Defendant that apply throughout the company and certainly

11  throughout California.  Plaintiffs are informed and believe, and based thereon allege, that

12  Defendant requires compliance with detailed standards for completing assigned tasks and

13  running its operations.  As a result, Plaintiffs and Defendant's Aggrieved Employees in

14  California have been subject to uniform policies with respect to the violations alleged

15  herein and cause Aggrieved Employees to be similarly situated regardless of location and

16  position.

17      37.   Plaintiffs are further informed and believe that Defendant uniformly applies

18  policies and procedures to all Aggrieved Employees with respect to the maintenance of

19  employment records.  As a direct and proximate result of the unlawful actions of

20  Defendant, as alleged herein above and below, Plaintiffs and Class Members have

21  suffered and continue to suffer damages.

22      38.   Section 2699 of the California Labor Code, the Labor Code Private Attorneys

23  General Act of 2004, provides in subpart (a) and subparts (f) through (g):

24      (a) Notwithstanding any other provision of law, any provision of this code

25      that provides for a civil penalty to be assessed and collected by the Labor and

26      Workforce Development Agency or any of its departments, divisions, boards,

27      agencies or employees, for a violation of this code, may, as an alternative, be

28      recovered through a civil action brought by an aggrieved employee on behalf

18

THIRD AMENDED COMPLAINT                    EXHIBIT A

of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

39.   At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil

STLMT - 063                    THIRD AMENDED COMPLAINT                    EXHIBIT A

1    penalties provided for in this section are in addition to any other penalty

2    provided by law.

3    Cal. Lab. Code § 226.3.

4        40.    At all times relevant herein, section 210 of the California Labor Code

5    provided, in relevant part:

6        (a) In addition to, and entirely independent and apart from, any other penalty

7    provided in this article, every person who fails to pay the wages of each

8    employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5,

9    and 1197.5, shall be subject to a civil penalty as follows:

10       (1) For any initial violation, one hundred dollars ($100) for each failure to

11   pay each employee.

12       (2) For each subsequent violation, or any willful or intentional violation,

13   two hundred dollars ($200) for each failure to pay each employee, plus 25

14   percent of the amount unlawfully withheld.

15   Cal. Lab. Code § 210.

16       41.    At all times relevant herein, section 558 of the California Labor Code

17   provided, in relevant part:

18       (a) Any employer or other person acting on behalf of an employer who

19   violates, or causes to be violated, a section of this chapter or any provision

20   regulating hours and days of work in any order of the Industrial Welfare

21   Commission shall be subject to a civil penalty as follows:

22       (1) For any initial violation, fifty dollars ($50) for each underpaid

23   employee for each pay period for which the employee was underpaid in

24   addition to an amount sufficient to recover underpaid wages.

25       (2) For each subsequent violation, one hundred dollars ($100) for each

26   underpaid employee for each pay period for which the employee was

27   underpaid in addition to an amount sufficient to recover underpaid wages.

28

STLMT - 064                     THIRD AMENDED COMPLAINT                     EXHIBIT A

1   (3) Wages recovered pursuant to this section shall be paid to the affected

2   employee.

3  . . . .

4   (c) The civil penalties provided for in this section are in addition to any

5  other civil or criminal penalty provided by law.

6 Cal. Lab. Code § 558.

7   42. At all times relevant herein, section 1197.1 of the California Labor Code

8 provided, in relevant part:

9  (a) Any employer or other person acting either individually or as an officer,

10  agent, or employee of another person, who pays or causes to be paid to any

11  employee a wage less than the minimum fixed by an order of the commission

12  shall be subject to a civil penalty as follows:

13  (1) For any initial violation that is intentionally committed, one hundred

14  dollars ($100) for each underpaid employee for each pay period for which the

15  employee is underpaid.

16  (2) For each subsequent violation for the same specific offense, two

17  hundred fifty dollars ($250) for each underpaid employee for each pay period

18  for which the employee is underpaid regardless of whether the initial

19  violation is intentionally committed.

20 Cal. Lab. Code § 1197.1.

21   43. The Wage Order also provides for civil penalties with respect to

22 violations of the Wage Order.

23   44. ***Unfair Competition.*** Through the violations described in this Complaint,

24 Defendant has gained a decided advantage over competitors that abide by California's

25 laws relating to wage statements, timely payment of final wages, and minimum wage and

26 overtime laws.  Defendant's unlawful practices constitute unfair competition.  Section

27 17200 *et seq.* of the California Business and Professions Code prohibits such unfair

28 competition.

STLMT - 065                EXHIBIT A

THIRD AMENDED COMPLAINT

# *CLASS-ACTION ALLEGATIONS*

45.     Plaintiffs brings the second through seventh, and ninth causes of action below on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

> (a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent all individuals who, at any time since four years prior to the filing of this action to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker.  (Such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period").  The "Class Member" definition specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the <u>Romero-Abrego v. ABM Industries, Inc.</u>, litigation pending in the San Mateo Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

47.     Defendant, as to Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and to each member of the Orientation Subclass, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to the relevant minimum wage and overtime requirements. Accordingly, Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and each Subclass Member

STLMT - 066

EXHIBIT A

1   is entitled to payment of his or her unpaid minimum wage, liquidated damages thereon,

2   unpaid overtime, and interest.

3       48.  Defendant, as to Plaintiffs and each Wage Statement Subclass Member, also

4   failed to accurately provide the data required by section 226(a) of the California Labor

5   Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff and

6   each Wage Statement Subclass Member to either actual damages or statutory liquidated

7   damages, whichever is greater. As a Temporary Services Employer within the meaning of

8   Labor Code section 201.3, Defendant is required to show on employee wage statements,

9   "the rate of pay and the total hours worked for each temporary services assignment." Cal.

10  Lab. Code § 226(a)(9).  The failure to provide Plaintiffs and each Wage Statement

11  Subclass Member with the required data, caused Plaintiffs and each Subclass Member

12  injury by depriving them of information to which they were legally entitled. Despite the

13  requirements of the statute, it is not possible for the employee "from the wage statement

14  alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee

15  during the pay period or any of the other information required to be provided on the

16  itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision

17  (a)."  Cal. Lab. Code §226(e)(2)(B).

18      49.   Defendant's failure to provide proper meal periods or rest breaks as required

19  by sections 226.7 and 512 of the California Labor Code and the applicable Wage Order

20  entitles Plaintiffs Rodriguez, Sheehan and Class Members to payment of an additional

21  hour of pay at the employee's regular rate of compensation for each work day that a

22  proper meal period was not provided, as well as liquidated statutory damages.

23      50.   Defendant failed to provide a compliant sick leave policy pursuant to the

24  California Labor Code, the policy, inter alia, excluding grandparents and grandchildren

25  from the status of family members.

26      51.   Defendant's failure to make payments within the time provided by sections

27  201, 201.3, or 202 of the California Labor Code has been and is "willful" within the

28  meaning of section 203 of the California Labor Code and, accordingly, Plaintiffs and each

STLMT - 067                          THIRD AMENDED COMPLAINT                    EXHIBIT A

Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages for which provision is made by section 203 of the California Labor Code.

52.     The Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable, however not so large as to make the class unmanageable.  Further, the disposition of the claims of the Class and Subclasses in a class action will provide substantial benefits to both the parties and the Court.

53.     Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

54.     The provisions of the California Labor Code upon which Plaintiffs base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

55.     The nature of this action and the laws available to Plaintiffs and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

56.     Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of

STLMT - 068

THIRD AMENDED COMPLAINT

EXHIBIT A

retaliation and permanent damage to their careers with respect to subsequent employment.

57.     Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

58.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendant's practice of deducting uniform deposits from the paychecks of employees and failing to hold those funds in a segregated, interest bearing account with accrued interest paid to terminated employees is unlawful;

(b) Whether Defendant failed to pay minimum wage under California Labor Code § 1194(a);

(c) Reserved.

(d) Whether Defendant implemented and engaged in a systematic practice under which it improperly calculated employees' overtime wages;

(e) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code § 226(a);

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant failed to provide Lead and Supervisors who were required to have radios operating at all times with proper meal periods and rest breaks;

(g) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(h) Whether Plaintiffs and Class Members are entitled to statutory damages, restitution, and/or penalties.

59.     Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right

STLMT - 069                          THIRD AMENDED COMPLAINT                          EXHIBIT A

of each Class Member to recover on the causes of action alleged.

60.     Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiffs and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

61.     Furthermore, Plaintiffs and Class Members are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ABM. Accordingly, Plaintiffs on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

62.     Plaintiffs assert claims that are typical of those of the Class Members because they were employed by ABM in California, they were subjected to ABM's uniform policies and procedures, and they were similarly injured as a result of ABM's actions.

63.     Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in that they have no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiffs seek relief that is not antagonistic or adverse to the Class Members in that the infringement of their rights and the damages that they suffered are typical of all other Class Members.  Additionally, Plaintiffs have retained counsel who are competent and experienced in class-action litigation.

64.     Plaintiffs and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, Defendant's unlawful conduct will continue un-remedied and uncorrected.

## **FLSA COLLECTIVE-ACTION ALLEGATIONS**

65.     In this collective action, Plaintiffs Rodriguez, Sheehan, Canas, and Mendoza seek to represent all individuals employed by Defendant who, at any time during the three

STLMT - 070

EXHIBIT A

1   years preceding the filing of this Complaint, up to the time of the filing of a motion for

2   certification of a collective action, who participated in an ABM new-hire training

3   session[s] in California (the "Collective Action Members").  Attached hereto as **Exhibit 4**

4   are true and correct copies of the FLSA consent forms for Plaintiffs Artiga, Rodriguez,

5   Sheehan, Canas, Torres, and Mendoza.

6       66.    Plaintiffs Rodriguez, Sheehan, Canas and Mendoza are similarly situated

7   with the Collective Action Members in that: (a) Plaintiffs Rodriguez, Sheehan, Canas,

8   Mendoza and the Collective Action Members were employed by Defendant; (b) Plaintiffs

9   Rodriguez, Sheehan, Canas, Mendoza, and the Collective Action Members were not paid

10  their minimum wages for all hours worked; (c) Defendant knowingly and willfully

11  violated provisions of the FLSA by not paying Plaintiffs Rodriguez, Sheehan, Canas, and

12  Mendoza and the Collective Action Members their wages; (d) As a result of the practice

13  of Defendant of withholding compensation for all hours worked, Plaintiffs Rodriguez,

14  Sheehan, Canas and Mendoza,  and the Collective Action Members have been similarly

15  damaged in that they have not received timely payment in full of their earned wages.

16      67.    This action is maintainable as an "opt-in" collective action pursuant to 29

17  U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

18  FLSA.  All individuals employed by Defendants who, at any time since three years prior

19  to the filing of this Complaint participated in an ABM New-Hire Training Session in

20  California should be given notice and be allowed to give their consent in writing, i.e., "opt

21  in," to the collective action pursuant to 29 U.S.C. § 216(b).

22      68.    Reserved.

23      69.    The Wage Order provides, in part:

24      (C) A reasonable deposit may be required as security for the return of the

25      items furnished by the employer under provisions of subsections (A) and (B)

26      of this section upon issuance of a receipt to the employee for such deposit.

27      Such deposits shall be made pursuant to Section 400 and following of the

28      Labor Code or an employer with the prior written authorization of the

STLMT - 071                                                          EXHIBIT A

THIRD AMENDED COMPLAINT

1   employee may deduct from the employee's last check the cost of an item

2   furnished pursuant to (A) and (B) above in the event said item is not returned.

3   No deduction shall be made at any time for normal wear and tear. All items

4   furnished by the employer shall be returned by the employee upon

5   completion of the job.

6   Wage Order, ¶9(C). Defendant ABM's practice of taking uniform deductions from

7   Plaintiffs and members of the Class's paychecks violates California Labor Code § 403,

8   404, and 405. Plaintiffs are informed and believe and based thereon allege that Defendant

9   ABM commingled the earned but unpaid wages of Plaintiffs and the Class with other

10  funds of ABM in violation of Labor Code § 405. ABM failed and refused to pay interest

11  to workers on the return of such deposits.

12      70.    Reserved.

13                          **SECOND CLAIM FOR RELIEF**

14                       *Failure to Provide Adequate Pay Stubs*

15                     *In Violation of California Labor Code § 226*

16      *(Claim by Plaintiffs and the Wage Statement Subclass and against Defendant ABM)*

17      71.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth

18  herein.

19      72.    The California Labor Code requires employers to furnish each employee with

20  an itemized statement on a semi-monthly basis or with each paycheck showing the gross

21  wages earned, net wages earned, and all applicable deductions. See Cal. Lab. Code

22  § 226(a).

23      73.    Defendant failed to timely provide Plaintiffs and Wage Statement Subclass

24  Members with wage statements conforming to the requirements of section 226(a) of the

25  California Labor Code. Despite the requirements of the statute, Defendant did not provide

26  accurate information to Plaintiffs and/or Wage Statement Subclass Members regarding the

27  wage rates, inclusive dates of the pay period and hours worked. It is not possible for

28  Plaintiffs and/or Wage Statement Subclass Members "from the wage statement alone" to

28

ascertain information required to be provided on the itemized wage statements pursuant to section 226(a).  ABM's failure to provide the correct information on these wage statements has caused confusion by making it impossible for Plaintiffs and Wage Statement Subclass Members to determine whether or not they have been paid correctly. In addition, although ABM was a temporary services employer during the time period relevant to this complaint, ABM failed to comply with the requirements of Cal. Lab. Code § 226(a)(9) and provide "the rate of pay and the total hours worked for each temporary services assignment."  Cal. Lab. Code § 226(a)(9).

74.    Plaintiffs and Wage Statement Subclass Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

### THIRD CLAIM FOR RELIEF

*Failure to Pay Minimum Wage, Cal. Lab. Code § 1194 (Claim by Plaintiffs Rodriguez, Sheehan, Canas and Mendoza and the Training Subclass against Defendant ABM)*

75.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

76.    Within the four years before the filing of this action, Defendant employed Plaintiffs Rodriguez,Sheehan, Canas, Mendoza and members of the Training Subclass.

77.    Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

78.    Defendant, by failing to pay Plaintiffs Rodriguez,Sheehan, Canas, Mendoza and Subclass Members, at least the minimum wage and/or overtime compensation for all

THIRD AMENDED COMPLAINT

1  of their hours worked, as required by and in violation of sections 510, 1194 and 1197 of

2  the California Labor Code.

3      79.    Reserved.

4      80.    Reserved.

5      81.    Plaintiffs and Subclass members are accordingly entitled to the payment of

6  any back wages, liquidated damages, and the payment of liquidated damages, penalties

7  and civil penalties to each employee whose rights were violated for each day that the

8  violation occurred or continued and reasonable attorney's fees and costs.

9  ### FOURTH CLAIM FOR RELIEF

10  *Failure to Pay Minimum Wage,*

11  *Fair Labor Standards Act, 29 U.S.C. § 216(b))*

12  *(On Behalf of Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and Collective Action*

13  *Members*

14  *Against Defendant)*

15      82.    Plaintiffs replead, reallege, and incorporate by reference each and every

16  allegation set forth in the Complaint.

17      83.    Defendant intentionally and improperly failed to pay Plaintiffs Rodriguez,

18  Sheehan, Canas, Mendoza and Collective Action Members minimum wage compensation

19  to which they are entitled.  The FLSA, 29 U.S.C. § 207 provides, in relevant part:

20      [N]o employer shall employ any of his employees who in any workweek is

21      engaged in commerce or in the production of goods for commerce, or is

22      employed in an enterprise engaged in commerce or in the production of

23      goods for commerce, for a workweek longer than forty hours unless such

24      employee receives compensation for his employment in excess of the hours

25      above specified at a rate not less than one and one-half times the regular rate

26      at which he is employed.

27  29 U.S.C. § 207(a)(1).

28

30

THIRD AMENDED COMPLAINT

EXHIBIT A

84.     During their employment with Defendant, Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and Collective Action Members were not paid for all of their time worked.

85.     Accordingly, Plaintiffs and Collective Action Members request payment of minimum wage according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

### FIFTH CLAIM FOR RELIEF

*Continuing Wages, California Labor Code § 203*

*(Claim by Plaintiffs and the Former Employee Subclass and against Defendant ABM)*

86.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

87.     Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201. . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  By failing to pay minimum and overtime wages and vacation wages as alleged above, as well as by unlawfully deducting deposits from the paychecks of Class Members and failing to pay wages for missed meal breaks and/or rest periods, Defendant has willfully failed to pay all wages due and owing to those Class Members who are no longer employed by Defendant.

88.     Plaintiffs and Former Employee Subclass Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

//

//

//

//

//

31

STLMT - 075

THIRD AMENDED COMPLAINT

EXHIBIT A

**SIXTH CLAIM FOR RELIEF**

*Failure to Provide Meal Periods, California Labor Code sections 226.7 and 512 and IWC Wage Order*

*(Claim by Plaintiffs Rodriguez and Sheehan and the Class and against Defendant ABM)*

89.     Plaintiffs Rodriguez and Sheehan replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

90.     At all times herein relevant, sections 226.7 and 512 of the California Labor Code provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than five hours and a second thirty-minute meal period if an employee works for a period more than ten hours in a workday.  Plaintiffs Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and the Meal Break Class of Supervisors and Leads consistently worked more than 4 hour shifts. However, they were required to keep their radios or walkie talkies on their persons, turned on and audible at all times, including during their meal breaks.

91.   Because Defendant failed to properly provide the proper meal periods, it is liable to Plaintiffs Rodriguez and Sheehan and the Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7.  Plaintiffs Rodriguez and Sheehan also request relief as described below.

**SEVENTH CAUSE OF ACTION**

*Failure to Provide A Proper Rest Break Policy in Violation of California Labor Code § 226.7 and Wage Order.*

*(Claim by Plaintiff Rodriguez and Sheehan and the Class and against Defendant ABM)*

92.     Plaintiffs Rodriguez and Sheehan reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

93.     Labor Code Section 226.7 and the relevant Wage Orders require an employer to pay an additional hour of compensation for each rest period the employer fails to provide

STLMT - 076

THIRD AMENDED COMPLAINT

EXHIBIT A

1   a compliant rest period. Employees are entitled to a rest period of ten minutes for every four

2   hours worked or major fraction thereof.

3        94.   Plaintiff Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and

4   the Rest Break Class of Supervisors and Leads consistently worked more than 4 hour shifts.

5   However, they were required to keep their radios or walkie-talkies on their persons, turned

6   on and audible at all times, including during their rest breaks.

7        95.   Pursuant to Labor Code section 226.7 and Wage Order 4, 9, or 11, Plaintiff

8   and the Rest Break Class are entitled to damages in an amount equal to one hour of wages

9   per missed rest period, in an amount to be proven at trial.

10       96.   Reserved.

11       97.   Reserved.

12       98.   Reserved.

13                        ***NINTH CLAIM FOR RELIEF***

14         *Violation of California Business and Professions Code § 17200 et seq.*

15          *(Claim by Plaintiffs and the Class and against Defendant ABM)*

16       99.   Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth

17   herein.

18       100.  California Business and Professions Code section 17200 *et seq.* prohibits acts

19   of unfair competition, including any "unlawful, unfair, or fraudulent business act or

20   practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs allege that ABM has engaged in

21   unfair business practices in California by the above-described failure to pay minimum and

22   overtime wages to employees, failure to maintain accurate payroll records, failure to

23   provide adequate paystubs, failure to pay final wages and vacation wages to quitting

24   and/or discharged employees and through its unlawful deductions from employee

25   paychecks and failure to keep those funds in a segregated, interest-bearing account, and

26   failure to provide proper meal periods.

27       101.  ABM's actions entitle Plaintiffs and Class Members to seek the remedies

28   available pursuant to section 17200 *et seq.* Plaintiffs seek full restitution of said amounts

STLMT - 077                    THIRD AMENDED COMPLAINT                    EXHIBIT A

from ABM, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by ABM by means of the unfair practices complained of herein.  Plaintiffs, on behalf of themselves and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiffs seek the appointment of a receiver as necessary.

### TENTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

*(Claim by Plaintiffs Artiga, Rodriguez, Sheehan, Canas and Aggrieved Employees and against Defendant ABM)*

102.   Plaintiffs repeats and re-alleges the preceding paragraphs as if fully set forth herein.

103.   Plaintiffs are "aggrieved employees" under PAGA, as they were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violation set forth herein.  Accordingly, Plaintiffs Artiga, Rodriguez, Sheehan, and Canas seek to recover on behalf of themselves, the California Labor and Workforce Development Agency ("LWDA") and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

104.   Pursuant to section 2699.3(a)(1) of the Labor Code, on or about August 28, 2018, Plaintiff Artiga gave written notice by online filing to the LWDA of the specific provisions of the Labor Code and Los Angeles Minimum Wage Ordinance alleged to have been violated, including the theories set forth in this complaint.  Also on that day, Plaintiff Artiga gave written notice by certified mail to Defendant of the specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated by Defendant. Pursuant to section 2699.3(a)(1) of the Labor Code, on or about October 12, 2019, Plaintiffs Rodriguez and Sheehan gave written notice by online filing to the LWDA of the

34

THIRD AMENDED COMPLAINT

EXHIBIT A

specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated, including the theories set forth in this complaint.  Also on that day, Plaintiffs Rodriguez and Sheehan gave written notice by certified mail to Defendant of the specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated by Defendant.  On or about May 13, 2020, Plaintiff Canas provided statutory notice by online filing to the LWDA, and to Defendant via certified mail of the specific provisions of the Labor Code and IWC Wage Order alleged to have been violated, including the facts and theories set forth in this complaint.

105.   Under PAGA, "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."  Cal. Lab. Code § 2699.3(a)(2)(A).  More than 65 calendar days have passed since PAGA notice was sent by Plaintiffs Artiga, Rodriguez, Sheehan and Canas, and Plaintiffs therefore may commence a civil action pursuant to Section 2699.

106.   Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

107.   Plaintiffs seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions: sections 201, 202, 203, 204, 226, 226.7, 403, 404, 405, 406, 432, 510, 512, 1198.5 and 1194.

108.   Plaintiffs also specifically seeks civil penalties pursuant to PAGA for violations of California Labor Code section 221.   Said section prohibits Defendant ABM from collecting any part of wages paid by the employer to the employee. Notwithstanding the requirements of Labor Code § 221, Defendant ABM deducted amounts from Plaintiffs and Aggrieved Employees for the maintenance of their uniforms.  Plaintiffs are informed

STLMT - 079
EXHIBIT A

and believe, and thereon allege that the deductions made by Defendant ABM are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221.  Plaintiffs and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.      That the Court certify the class and subclasses described in this Complaint.

2.      Reserved.

3.      With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiffs and the Wage Statement Subclass for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant ABM .

4.      With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and the Training Subclass for back wages and penalties to each employee whose rights were violated for each day that the violation occurred or continued, civil penalties, attorney's fees and costs, all according to proof, against Defendant ABM.

5.      With respect to the fourth claim for relief, Plaintiffs Rodriguez, Sheehan, Canas, Mendoza and Collective Action Members be awarded their unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant ABM.

6.      With respect to the fifth claim for relief, that this Court enter judgment in favor of Plaintiffs and the 203 Subclass for payment of their continuing wages pursuant to California Labor Code section 203.

7.      With respect to the sixth claim for relief, Plaintiffs Rodriguez and Sheehan and the Meal Break Class be awarded an additional hour of pay for each workday for which they acted as either a Lead or Supervisor and a proper meal period was not, due to the requirement that the phone be responded to at all times, properly provided, or during

STLMT - 080                                           THIRD AMENDED COMPLAINT                                           EXHIBIT A

which they experienced truncated or tardy meal breaks or failed to be provided a second meal break after ten hours of work, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant ABM.

8.      With respect to the seventh claim for relief, Plaintiffs Rodriguez and Sheehan and the Rest Break Class be awarded an additional hour of pay for each workday for which they acted as either a Lead or Supervisor and a proper rest period was not, due to the requirement that the phone or walkie-talkie be responded to at all times, properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant ABM.

9.      Reserved.

10.      With respect to the ninth claim for relief, that it be adjudged that ABM's violations of the California Labor Code, the FLSA and Minimum Wage Ordinances constitute violations of section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ABM for the period of time from four years prior to the filing of the original Complaint to date.  Plaintiffs request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred in the prosecution of this claim for relief, against Defendant ABM.

11.      With respect to the tenth claim for relief, that the Court enter judgment in favor of Plaintiffs Artiga, Sheehan, Rodriguez, Canas and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant ABM.

//
//
//
//
//

37

STLMT - 081

THIRD AMENDED COMPLAINT

EXHIBIT A

12.     For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED:  October 18, 2021                    HARRIS & RUBLE


                                            */s/ Alan Harris*
                                            Alan Harris
                                            *Attorneys for Plaintiffs*

## **REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury as to all claims for relief.


DATED: October 18, 2021                     HARRIS & RUBLE

                                            */s/ Alan Harris*
                                            Alan Harris
                                            *Attorneys for Plaintiffs*

STLMT - 082                    THIRD AMENDED COMPLAINT                    EXHIBIT A

1

## **<u>INDEX TO EXHIBITS</u>**

2
Exhibit 1 – Plaintiff Artiga Wage Statements

3
Exhibit 2 – Plaintiff Rodriguez Wage Statements

4
Exhibit 3 – Plaintiff Sheehan Wage Statements

5
Exhibit 4 – FLSA Consent Forms for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STLMT - 083

THIRD AMENDED COMPLAINT

EXHIBIT A

# Exhibit 1

| ABM Industry Groups, LLC | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|---|
| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200141 | Vacation Bal | |
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX | Gross Wages | 540.00 | Taxable YTD | 17,319.61 | Net Pay | 489.29 | BIN | 07243124 |

| EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 32.00 | 13.50 | 432.00 | 12,286.29 | Federal Income Tax | 4.00 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 33.48 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 7.83 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 145.17 |
| HOLIDAY P | 8.00 | 13.50 | 108.00 | 108.00 | CALIFORNIA SDI EE | 5.40 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 180.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 24.50 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | | | | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 40.00 | | 540.00 | | | 50.71 | 2,626.26 |

DETACH BEFORE DEPOSITING

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

**ABM Industry Groups, LLC**
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT NOTING WATERMARK.
HOLD TO LIGHT TO VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.   **21200141**
DATE   7/13/2018
VOID AFTER 180 DAYS

Four hundred eighty nine and 29/100 Dollars

*********$489.29

TO THE ORDER OF   ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑾⑈ 21200141 ⑈⑾ ⑈0719232841⑈ 876591762511⑈

00305   22424203   00305-  22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

STLMT - 085

EXHIBIT A

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200140 | Vacation Bal | |
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX | Gross Wages | | Taxable YTD | | Net Pay | 250.00 | BTN | |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | 13.50 | | 12,286.29 | Federal Income Tax | | 971.65 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | | 1,009.37 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | | 236.06 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 139.29 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | | 162.81 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | -250.00 | -250.00 |
| VAC ACC-S | | | | 1,470.00 | | | |
| | | | | | | 250.00- | 2,515.93 |

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT NOTING WATERMARK. HOLD TO LIGHT TO VERIFY WATERMARK.

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.     21200140
DATE          7/13/2018
VOID AFTER 180 DAYS

**Two hundred fifty and 00/100 Dollars**

*********$250.00

TO THE ORDER OF     ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 21200140 ⑈ ⑆071923284⑆ 876591762 5⑈

00305      22424203      00305- 22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

STLMT - 086

EXHIBIT A

ABM-638-BL (Rev 7-15)

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200142 | Vacation Bal |
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 17.37 |
| SSN | XXX-XX- | Gross Wages | 1,039.37 | Taxable YTD | 17,319.61 | Net Pay | 886.79 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | | | 12,286.29 | Federal Income Tax | 56.79 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 64.45 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 15.07 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | 5.88 | 145.17 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | 10.39 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | 76.99 | 13.50 | 1,039.37 | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 76.99 | | 1,039.37 | | | 152.58 | 2,668.51 |

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

**ABM Industry Groups, LLC**
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
XXXXXXXXX HOLD TO LIGHT TO
XXXXXXXXX VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.     21200142
DATE          7/13/2018
VOID AFTER 180 DAYS

*********$886.79

Eight hundred eighty six and 79/100 Dollars

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 2120042 ⑈ ⑆0719232B4⑆ 876597176 25⑈

00305     22424203     00305-  22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

STLMT - 087

EXHIBIT A

ABM-638-BL  (Rev 7-15)

ABM Industry Groups, LLC

14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel 713-776-5100

| ISABEL ARTIGA | | Company | | | | | | | |
| EE # | 7015274 | Bus Unit | 00305 | Begin Date | 07/01/18 | Check # | 329205 | Vacation Bal | |
| SSN | XXX-XX- | Gross Wages | 22424203 | End Date | 07/15/18 | Check Date | 07/20/18 | Sick Bal | 18.97 |
| | | | 606.31 | Taxable YTD | 17,925.92 | Net Pay | 500.98 | JUN | 07243124 |

**EARNINGS**

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 40.00 | 12.60 | 504.00 | 12,790.29 |
| PPD ADJ R | | | | 806.40 |
| PPD ADJ D | | | | 392.00 |
| OVERTIME | 0.08 | 18.90 | 1.51 | 471.81 |
| HOLIDAY P | 8.00 | 12.60 | 100.80 | 206.80 |
| HOL NOT W | | | | 343.00 |
| MEAL BR P | | | | 12.25 |
| SICK PAY | | | | 392.00 |
| VAC ACC ( | | | | 1,039.37 |
| VAC ACC-S | | | | 1,470.00 |
| **Total** | **48.08** | | **606.31** | |

**DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 10.63 | 1,038.07 |
| Federal FICA Withheld | 37.59 | 1,111.41 |
| Federal Medicare Withheld | 8.80 | 259.93 |
| CALIFORNIA WH | | 145.17 |
| CALIFORNIA SDI EE | 6.06 | 179.26 |
| Union Dues | 30.00 | 210.00 |
| DUES ARREARS | 12.25 | 36.75 |
| EMP DEP $ | | -250.00 |
| | 105.33 | 2,731.59 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

ISABEL ARTIGA

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

STLMT - 088

EXHIBIT A-E

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

# Exhibit 2



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 332400 | 7/16/2019 | 7/31/2019 | 8/7/2019 | 1,029.22 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 88.00 | 12.50000 | 1,100.00 | 10,215.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 10.47 | 18.75000 | 196.32 | 292.54 |
| HOL NOT W | | | | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **98.47** | | **1,296.32** | |
| **Taxable YTD:** | | | | **10,942.57** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 128.48 | 891.60 |
| Federal FICA Withheld | 80.37 | 678.44 |
| Federal Medicare Withheld | 18.80 | 158.67 |
| CALIFORNIA WH | 26.49 | 106.42 |
| CALIFORNIA SDI EE | 12.96 | 109.43 |
| EMPL RECV | | -573.26 |
| **Total:** | **267.10** | **1,371.30** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 29.54 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

---

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND,  TX 77478
(323)  234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 329483 | 7/1/2019 | 7/15/2019 | 7/22/2019 | 1,223.07 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 83.98 | 16.00000 | 1,343.68 | 9,115.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 3.52 | 24.00000 | 84.48 | 96.22 |
| HOL NOT W | 8.00 | 16.00000 | 128.00 | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **95.50** | | **1,556.16** | |
| **Taxable YTD:** | | | | **9,646.25** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 159.66 | 763.12 |
| Federal FICA Withheld | 96.48 | 598.07 |
| Federal Medicare Withheld | 22.56 | 139.87 |
| CALIFORNIA WH | 38.82 | 79.93 |
| CALIFORNIA SDI EE | 15.57 | 96.47 |
| EMPL RECV | | -573.26 |
| **Total:** | **333.09** | **1,104.20** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 26.60 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT A



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND,  TX 77478
(323)  234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 326630 | 6/16/2019 | 6/30/2019 | 7/5/2019 | 310.63 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 28.99 | 12.50000 | 362.38 | 7,771.60 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **28.99** | | **362.38** | |
| **Taxable YTD:** | | | | **8,090.09** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 20.40 | 603.46 |
| Federal FICA Withheld | 22.47 | 501.59 |
| Federal Medicare Withheld | 5.26 | 117.31 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 3.62 | 80.90 |
| EMPL RECV | | -573.26 |
| **Total:** | **51.75** | **771.11** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 23.53 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 54233 | 6/1/2019 | 6/15/2019 | 6/14/2019 | 91.35 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | 8.00 | 12.50000 | 100.00 | 100.00 |
| **Total:** | **8.00** | | **100.00** | |
| **Taxable YTD:** | | | | **7,127.71** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 538.14 |
| Federal FICA Withheld | 6.20 | 441.92 |
| Federal Medicare Withheld | 1.45 | 103.35 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 1.00 | 71.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **8.65** | **622.54** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 20.96 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 320770 | 5/16/2019 | 5/31/2019 | 6/7/2019 | 483.79 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 46.03 | 12.50000 | 575.38 | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.01 | 18.75000 | 0.19 | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **46.04** | | **575.57** | |
| **Taxable YTD:** | | | | **7,027.71** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 41.99 | 538.14 |
| Federal FICA Withheld | 35.69 | 435.72 |
| Federal Medicare Withheld | 8.34 | 101.90 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.76 | 70.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **91.78** | **613.89** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 28.69 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 317814 | 5/1/2019 | 5/15/2019 | 5/22/2019 | 422.73 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 39.97 | 12.50000 | 499.63 | 6,233.84 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.03 | 18.75000 | 0.56 | 11.55 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **40.00** | | **500.19** | |
| **Taxable YTD:** | | | | **6,452.14** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 34.19 | 496.15 |
| Federal FICA Withheld | 31.01 | 400.03 |
| Federal Medicare Withheld | 7.26 | 93.56 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.00 | 64.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.46** | **522.11** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 27.15 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 314886 | 4/16/2019 | 4/30/2019 | 5/7/2019 | 503.00 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 47.98 | 12.50000 | 599.75 | 5,734.21 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **47.98** | | **599.75** | |
| **Taxable YTD:** | | | | **5,951.95** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 44.89 | 461.96 |
| Federal FICA Withheld | 37.18 | 369.02 |
| Federal Medicare Withheld | 8.68 | 86.30 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 6.00 | 59.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **96.75** | **444.65** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 25.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT A



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 11480 | 4/1/2019 | 4/15/2019 | 4/26/2019 | -2,019.17 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | | | | 5,134.46 |
| RETRO PAY | 8.00 | 0.25000 | 2.00 | 2,877.78 |
| RETRO PAY | -55.96 | 0.50000 | -27.98 | -27.98 |
| RETRO PAY | -38.96 | 0.75000 | -29.22 | -29.22 |
| RETRO PAY | -221.07 | 12.50000 | -2,763.38 | -2,763.38 |
| RETRO OT | -0.50 | 1.12500 | -0.56 | 1.31 |
| RETRO OT | -0.04 | 18.75000 | -0.75 | -0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **-308.53** | | **-2,819.89** | |
| **Taxable YTD:** | | | | |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | -412.98 | 417.07 |
| Federal FICA Withheld | -174.83 | 331.84 |
| Federal Medicare Withheld | -40.88 | 77.62 |
| CALIFORNIA WH | -143.83 | 41.11 |
| CALIFORNIA SDI EE | -28.20 | 53.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **-800.72** | **347.90** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT A



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 312009 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 442.91 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 42.00 | 12.50000 | 525.00 | 5,134.46 |
| RETRO PAY | | | | 2,820.58 |
| RETRO OT | | | | 1.31 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **42.00** | | **525.00** | |
| **Taxable YTD:** | | | | **8,116.33** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 36.67 | 830.05 |
| Federal FICA Withheld | 32.55 | 503.21 |
| Federal Medicare Withheld | 7.62 | 117.69 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 5.25 | 81.16 |
| EMPL RECV | | -573.26 |
| **Total:** | **82.09** | **1,143.79** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 52506 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 50.93 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 5,134.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | 2,818.58 |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 1.87 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **87.42** | | **55.76** | |
| **Taxable YTD:** | | | | **8,172.09** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 830.05 |
| Federal FICA Withheld | 3.46 | 506.67 |
| Federal Medicare Withheld | 0.81 | 118.50 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 0.56 | 81.72 |
| EMPL RECV | | -573.26 |
| **Total:** | **4.83** | **1,148.62** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 11480 | 4/1/2019 | 4/15/2019 | 4/8/2019 | 2,019.17 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 4.609.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO PAY | 221.07 | 12.50000 | 2,763.38 | 2,763.38 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 0.56 |
| RETRO OT | 0.04 | 18.75000 | 0.75 | 0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **308.53** | | **2,819.89** | |
| **Taxable YTD:** | | | | **7,591.33** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 412.98 | 793.38 |
| Federal FICA Withheld | 174.83 | 470.66 |
| Federal Medicare Withheld | 40.88 | 110.07 |
| CALIFORNIA WH | 143.83 | 184.94 |
| CALIFORNIA SDI EE | 28.20 | 75.91 |
| EMPL RECV | | -573.26 |
| **Total:** | **800.72** | **1,061.70** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT A



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-▮▮▮▮ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 309102 | 3/16/2019 | 3/31/2019 | 4/5/2019 | 572.97 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 53.75 | 12.50000 | 671.88 | 4,609.46 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | 2.00 | 12.50000 | 25.00 | 25.00 |
| **Total:** | **55.77** | | **697.26** | |
| **Taxable YTD:** | | | | **4,771.44** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 56.59 | 380.40 |
| Federal FICA Withheld | 43.23 | 295.83 |
| Federal Medicare Withheld | 10.11 | 69.19 |
| CALIFORNIA WH | 7.39 | 41.11 |
| CALIFORNIA SDI EE | 6.97 | 47.71 |
| EMPL RECV | | -573.26 |
| **Total:** | **124.29** | **260.98** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 51709 | 3/16/2019 | 3/31/2019 | 3/25/2019 | 27.39 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 3,937.58 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | 29.99 | 29.99 |
| OVERTIME | | | | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | | | **29.99** | |
| **Taxable YTD:** | | | | **4,074.18** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 323.81 |
| Federal FICA Withheld | 1.86 | 252.60 |
| Federal Medicare Withheld | 0.44 | 59.08 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 0.30 | 40.74 |
| EMPL RECV | | -573.26 |
| **Total:** | **2.60** | **136.69** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 306241 | 3/1/2019 | 3/15/2019 | 3/22/2019 | 474.75 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 30.96 | 11.75000 | 363.79 | 3,737.58 |
| REGULAR | 16.00 | 12.50000 | 200.00 | 200.00 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **46.98** | | **564.17** | |
| **Taxable YTD:** | | | | **4,044.19** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 40.62 | 323.81 |
| Federal FICA Withheld | 34.98 | 250.74 |
| Federal Medicare Withheld | 8.18 | 58.64 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.64 | 40.44 |
| EMPL RECV | | -573.26 |
| **Total:** | **89.42** | **134.09** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 303441 | 2/16/2019 | 2/28/2019 | 3/7/2019 | 422.38 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 39.98 | 12.50000 | 499.75 | 3,373.79 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **39.98** | | **499.75** | |
| **Taxable YTD:** | | | | **3,480.02** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 34.14 | 283.19 |
| Federal FICA Withheld | 30.98 | 215.76 |
| Federal Medicare Withheld | 7.25 | 50.46 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.00 | 34.80 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.37** | **44.67** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 19.45 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 300666 | 2/1/2019 | 2/15/2019 | 2/22/2019 | 573.26 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 55.81 | 12.50000 | 697.63 | 2.874.04 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| Total: | 55.81 | | 697.63 | |
| Taxable YTD: | | | | 2,980.27 |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 56.63 | 249.05 |
| Federal FICA Withheld | 43.26 | 184.78 |
| Federal Medicare Withheld | 10.11 | 43.21 |
| CALIFORNIA WH | 7.40 | 33.72 |
| CALIFORNIA SDI EE | 6.97 | 29.80 |
| Total: | 124.37 | 540.56 |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 18.11 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT A

# Exhibit 3

ABM Industry Groups, LLC         14141 Southwest Frwy, Suite 425        Sugar Land, TX 77478        Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 11/16/18 | Check # | 286685 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 11/30/18 | Check Date | 12/07/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 970.83 | Taxable YTD | 25,214.73 | Net Pay | 686.66 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 57.27 | 14.00 | 801 78 | 23,763.46 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 60.19 | 1,563.31 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 14.07 | 365.61 |
| PPD ADJ R | | | | 104 50 | CALIFORNIA WH | | | |
| OVERTIME | 0.05 | 21.00 | 1.05 | 872.57 | CALIFORNIA SDI EE | | 9.71 | 252.15 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | | | | |
| MEAL BR P | | | | 42.00 | | | | |
| | | | | | | | | |
| | | | | | | | 83.97 | 2,181.07 |
| Total | 65.32 | | 970.83 | | | | | |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 11/01/18 | Check # | 283879 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 11/15/18 | Check Date | 11/21/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,193.92 | Taxable YTD | 24,243.90 | Net Pay | 1090.64 | BIN | 07243124 |

### EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 85.25 | 14.00 | 1,193.50 | 22,961.68 |
| RETRO PAY | | | | 263.43 |
| RETRO OT | | | | 0.77 |
| PPD ADJ R | | | | 104.50 |
| OVERTIME | 0.02 | 21.00 | 0.42 | 871.52 |
| MEAL BR P | | | | 42.00 |
| | | | | |
| Total | 85.27 | | 1,193.92 | |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 74.02 | 1,503.12 |
| Federal FICA Withheld | 17.32 | 351.54 |
| Federal Medicare Withheld | | |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 11.94 | 242.44 |
| | 103.28 | 2,097.10 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
    JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC                14141 Southwest Frwy, Suite 425        Sugar Land, TX 77478              Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 10/01/18 | Check # | 278375 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 10/15/18 | Check Date | 10/22/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 850.99 | Taxable YTD | 21,971.00 | Net Pay | 777.38 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 60.59 | 14.00 | 848.26 | 20,689.62 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 52.76 | 1,362.20 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 12.34 | 318.58 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.13 | 21.00 | 2.73 | 870.68 | CALIFORNIA SDI EE | 8.51 | 219.71 |
| MEAL BR P | | | | 42.00 | | | |
| Total | 60.72 | | 850.99 | | | 73.61 | 1,900.49 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:


JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 109                                                    EXHIBIT A

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 09/16/18 | Check # | 275491 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 09/30/18 | Check Date | 10/05/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,025.99 | Taxable YTD | 21,120.01 | Net Pay | 937.24 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 66.34 | 14.00 | 928.76 | 19,841.36 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 63.61 | 1,309.44 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 14.88 | 306.24 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 4.63 | 21.00 | 97.23 | 867.95 | CALIFORNIA SDI EE | | 10.26 | 211.20 |
| MEAL BR P | | | | 42.00 | | | | |
| | | | | | | | | |
| Total | 70.97 | | 1,025.99 | | | | 88.75 | 1,826.88 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 09/01/18 | Check # | | 272607 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 09/15/18 | Check Date | 09/21/18 | | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,107.12 | Taxable YTD | 20,094.02 | Net Pay | 1011.36 | BIN | | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 77.96 | 14.00 | 1,091.44 | 18,912.60 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 68.64 | 1,245.83 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.05 | 291.36 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.08 | 21.00 | 1.68 | 770.72 | CALIFORNIA SDI EE | 11.07 | 200.94 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 42.00 | | | |
| | | | | | | | |
| Total | 79.04 | | 1,107.12 | | | 95.76 | 1,738.13 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425       Sugar Land, TX 77478       Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 08/16/18 | Check # | 269743 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | 09/07/18 | Sick Bal | 48.19 |
| SSN | XXX-XX- | Gross Wages | 1,376.13 | Taxable YTD | 18,986.90 | Net Pay | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Current | Current YTD | Deduction | Current | YTD | | |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | | | 85.32 | 1,177.19 |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | | 19.95 | 275.31 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | | | |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | | | 13.76 | 189.87 |
| MEAL BR P | | | | 28.00 | | | | | |
| Total | 96.76 | | 1,376.13 | | | | | 119.03 | 1,642.37 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451       32327747       00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC                          14141 Southwest Frwy, Suite 425        Sugar Land, TX 77478        Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 08/16/18 | Check # | 269743 | Vacation Bal | 48.19 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | 09/07/18 | Sick Bal | |
| SSN | XXX-XX | Gross Wages | 1,376.13 | Taxable YTD | 18,966.90 | Net Pay | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 85.32 | 1,177.19 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 19.95 | 275.31 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | 13.76 | 189.87 |
| MEAL BR P | | | | 28.00 | | | |
| Total | 96.76 | | 1,376.13 | | | 119.03 | 1,642.37 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451        32327747        00451- 32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | | 08/01/18 | Check # | | 73860232 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | | End Date | | 08/15/18 | Check Date | | 08/22/18 | Sick Bal | 45.06 |
| SSN | XXX-XX- | Gross Wages | 32327747 | | | | | | | | |
| | | | 1,228.78 | Taxable YTD | | 17,610.77 | Net Pay | | 1122.48 | BIN | 07243124 |

| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
|---|---|---|---|---|---|---|---|
| REGULAR | 87.53 | 14.00 | 1,225.42 | 16,509.50 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 76.19 | 1,091.87 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.82 | 255.36 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.16 | 21.00 | 3.36 | 704.57 | CALIFORNIA SDI EE | 12.29 | 176.11 |
| MEAL BR P | | | | 28.00 | | | |
| | 87.69 | | 1,228.78 | | | 106.30 | 1,523.34 |

**DETACH BEFORE DEPOSITING**

---

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC          THIS IS WATERMARKED PAPER. DO NOT
14141 Southwest Frwy, Suite 425   ACCEPT WITHOUT NOTING WATERMARK
Sugar Land, TX 77478              HOLD TO LIGHT TO
Tel: 713-776-5100                 VERIFY WATERMARK

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.   73860232
DATE        8/22/2018
VOID AFTER 180 DAYS

One thousand one hundred twenty two and 48/100 Dollars

*******$1,122.48



TO
THE
ORDER
OF
JESSICA M SHEEHAN

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 73860232 ⑈  ⑇071923284⑇  8765917625⑈

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 114                                                    EXHIBIT A

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | 264019 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | 08/07/18 | Sick Bal | 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | 1111.62 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 | Federal Income Tax | | |
| RETRO PAY | | | | 283.43 | Federal FICA Withheld | 75.44 | 1,015.68 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.65 | 237.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 | CALIFORNIA SDI EE | 12.17 | 163.82 |
| MEAL 8R P | | | | 28.00 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total | 86.86 | | 1,216.88 | | | 105.26 | 1,417.04 |

DETACH BEFORE DEPOSITING

| Bank No | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

           EXHIBIT A

ABM Industry Groups, LLC    14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | 264019 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | 08/07/18 | Sick Bal | 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | 1111.62 | BIN | 07243124 |

### EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 |
| RETRO PAY | | | | 263.43 |
| RETRO OT | | | | 0.77 |
| PPD ADJ R | | | | 104.50 |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 |
| MEAL BR P | | | | 28.00 |
| Total | 86.86 | | 1,216.88 | |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | | |
| Federal FICA Withheld | 75.44 | 1,015.68 |
| Federal Medicare Withheld | 17.65 | 237.54 |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 12.17 | 163.82 |
| | 105.26 | 1,417.04 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451    32327747    00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 116          EXHIBIT A

ABM Industry Groups, LLC                    14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478                 Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/01/18 | Check # | 255380 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/15/18 | Check Date | 06/22/18 | Sick Bal | 33.93 |
| SSN | XXX-XX- | Gross Wages | 1,505.42 | Taxable YTD | 12,419.64 | Net Pay | 1375.20 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 95.82 | 14.00 | 1,341.48 | 11,847.36 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 93.34 | 770.02 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 21.82 | 180.08 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 7.14 | 21.00 | 149.94 | 175.58 | CALIFORNIA SDI EE | 15.06 | 124.20 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 28.00 | | | |
| | | | | | | | |
| Total | 103.96 | | 1,505.42 | | | 130.22 | 1,074.30 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |
| | | | |

688 506
8807

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 117                                                    EXHIBIT A

Industry Groups, LLC    14141 Southwest Frwy. Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SICA M SHEEHAN | 10477399 | Company 00451 | Begin Date 05/01/18 | Check # 249677 | Vacation Bal | |
| N | XXX-XX- | Bus Unit 32327747 | End Date 05/15/18 | Check Date 05/22/18 | Sick Bal | 27.96 |
| | | Gross Wages 1,117.90 | Taxable YTD 9,738.57 | Net Pay 1021.20 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 79.82 | 14.00 | 1,117.48 | 9,345.28 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 69.31 | 603.79 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.21 | 141.21 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.02 | 21.00 | 0.42 | 24.59 | CALIFORNIA SDI EE | 11.18 | 97.39 |
| | | | | | | | |
| Total | 79.84 | | 1,117.90 | | | 96.70 | 842.39 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**

JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451    32327747    00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 118                   EXHIBIT A

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/19 | Check # | 50915 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/01/19 | Sick Bal | 25.60 |
| SSN | XXX-XX | Gross Wages | 336.00 | Taxable YTD | 5,045.25 | Net Pay | 306.92 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD | |
| REGULAR | | | | 4,396.14 | Federal Income Tax | | | |
| OVERTIME | | | | 19.11 | Federal FICA Withheld | 20.84 | 312.81 | |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 4.88 | 73.16 | |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 3.36 | 50.45 | |
| SICK PAY | 24.00 | 14.00 | 336.00 | 336.00 | | | | |
| Total | 24.00 | | 336.00 | | | 29.08 | 436.42 | |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

███████████████

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451        32327747        00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

███████████████

ABM Industry Groups, LLC

14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478

| | | Company | 00451 | Begin Date | 01/16/19 | Check # | 297792 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Bus Unit | | End Date | 01/31/19 | Check Date | 02/07/19 | Sick Bal | 48.80 |
| EE # | 10477399 | Gross Wages | 32327747 | Taxable YTD | 3,547.60 | Net Pay | 1198.59 | BIN | 07243124 |
| SSN | XXX-XX- | | 1,312.08 | | | | | | |

## EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Description | | Current | YTD |
| REGULAR | 93.42 | 14.00 | 1,307.88 | 3,237.22 | Federal Income Tax | | | |
| OVERTIME | 0.20 | 21.00 | 4.20 | 16.38 | Federal FICA Withheld | | 81.35 | 219.95 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 19.02 | 51 44 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 13.12 | 35.48 |
| Total | 93.62 | | 1,312.08 | | | | 113.49 | 306.87 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT A

ABM Industry Groups, LLC                    14141 Southwest Frwy, Suite 425          Sugar Land, TX 77478              Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/19 | Check # | 295042 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 01/15/19 | Check Date | 01/22/19 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,180.20 | Taxable YTD | 2,235.52 | Net Pay | 1078.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.30 | 14.00 | 998.20 | 1,929.34 | Federal Income Tax | | |
| OVERTIME | | | | 12.18 | Federal FICA Withheld | 73.17 | 138.60 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 17.12 | 32.42 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 14.00 | CALIFORNIA SDI EE | 11.81 | 22.36 |
| Total | 80.30 | | 1,180.20 | | | 102.10 | 193.38 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC       14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/19 | Check # | 303446 | Vacation Bal | 27.98 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/07/19 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,002.47 | Taxable YTD | 6,047.72 | Net Pay | 915.76 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.32 | 14.00 | 998.48 | 5,394.62 | Federal Income Tax | | |
| OVERTIME | 0.19 | 21.00 | 3.99 | 23.10 | Federal FICA Withheld | 62.15 | 374.96 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 14.53 | 87.69 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 10.03 | 60.48 |
| SICK PAY | | | | 336.00 | | | |
| | | | | | | | |
| Total | 71.51 | | 1,002.47 | | | 96.71 | 523.13 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 122                  EXHIBIT A

ABM Industry Groups, LLC       14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/01/19 | Check # | | 300671 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/19 | Check Date | 02/22/19 | Sick Bal | | |
| SSN | XXX-XX- | Gross Wages | 1,161.65 | Taxable YTD | 4,709.25 | Net Pay | 1061.18 | BIN | 07243124 | |

| EARNINGS | | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | | Description | Current | YTD | |
| REGULAR | 82.78 | 14.00 | 1,158.92 | | 1,396.14 | Federal Income Tax | 72.02 | 291.97 | |
| OVERTIME | 0.13 | 21.00 | 2.73 | | 19.11 | Federal FICA Withheld | 16.84 | 68.28 | |
| HOL NOT W | | | | | 112.00 | Federal Medicare Withheld | | | |
| HOL PAY O | | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | | 14.00 | CALIFORNIA SDI EE | 11.61 | 47.09 | |
| Total | 82.91 | | 1,161.65 | | | | 100.47 | 407.34 | |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451- 32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 123                              EXHIBIT A

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478        Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/18 | Check # | 292281 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327742 | End Date | 12/31/18 | Check Date | 01/07/19 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,055.32 | Taxable YTD | 1,055.32 | Net Pay | 964.04 | BIN | 07243124 |

## EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
|---|---|---|---|---|---|---|---|
| REGULAR | 63.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | 91.28 | 91.28 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE



00451      32327742      00451-  32327742-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT A

ABM Industry Groups, LLC                14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/18 | Check # | 292281 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/18 | Check Date | 01/07/19 | Sick Bal | |
| SSN | XXX-XX-X | Gross Wages | 1,055.32 | Taxable YTD | 1,055.32 | Net Pay | 964.04 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 66.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | 91 28 | 91 28 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
| --- | --- | --- | --- |
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

**NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE**

00451       32327747       00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 125                                                     EXHIBIT A

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425          Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/18 | Check # | 227060 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | | End Date | 01/15/18 | Check Date | 01/22/18 | Sick Bal | 5.38 |
| SSN | XXX-XX- | Gross Wages | 32327747 | Taxable YTD | 1,772.32 | Net Pay | 975.61 | BIN | 07243124 |
| | | | 1,067.99 | | | | | | |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.53 | 11.00 | 962.83 | 1,666.83 | Federal Income Tax | | |
| PPD ADJ R | 9.50 | 11.00 | 104.50 | 104.50 | Federal FICA Withheld | 66.21 | 109.88 |
| OVERTIME | 0.04 | 16.50 | 0.66 | 0.99 | Federal Medicare Withheld | 15.49 | 25.70 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.68 | 17.72 |
| Total | 97.07 | | 1,067.99 | | | 92.38 | 153.30 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

**NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE**

00451      32327747      00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 126                                              EXHIBIT A

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425   Sugar Land, TX 77478    Tel 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/01/19 | Check # | 306245 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/15/19 | Check Date | 03/22/19 | Sick Bal | 30.87 |
| SSN | XXX-XX- | Gross Wages | 1,211.21 | Taxable YTD | 7,258.93 | Net Pay | 1106.45 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 86.50 | 14.00 | 1,211.00 | 6,605.62 | Federal Income Tax | | | |
| OVERTIME | 0.01 | 21.00 | 0.21 | 23.31 | Federal FICA Withheld | | 75.09 | 450.05 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 17.56 | 105.25 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 12.11 | 72.59 |
| SICK PAY | | | | 336.00 | | | | |
| Total | 86.51 | | 1,211.21 | | | | 104.76 | 627.89 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

███████████████

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

███████████████

EXHIBIT A

ABM Industry Groups, LLC

| | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/18 | Check # | 235508 |
| EE # | 10477399 | Bus Unit | | End Date | 02/28/18 | Check Date | 03/07/18 |
| SSN | XXX-XX- | Gross Wages | 791.23 | Taxable YTD | 4,314.92 | Net Pay | 722.78 |

| | | | Vacation Bal | |
|---|---|---|---|---|
| | | | Sick Bal | 13.90 |
| | | | BIN | 07243124 |

## EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 71.84 | 11.00 | 790.24 | 4,207.94 |
| PPO ADJ R | | | | |
| OVERTIME | 0.06 | 16.50 | 0.99 | 2.48 |
| | | | | |
| **Total** | 71.90 | | 791.23 | |

## DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | | |
| Federal FICA Withheld | 49.06 | 267.53 |
| Federal Medicare Withheld | 11.48 | 62.57 |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 7.91 | 43.15 |
| | | |
| | 68.45 | 373.25 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/16/18 | Check # | 241123 | Vacation Bal | 19.43 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/31/18 | Check Date | 04/06/18 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,056.07 | Taxable YTD | 6,150.57 | Net Pay | 964.72 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD | |
| REGULAR | 95.33 | 11.00 | 1,048.63 | 6,031.85 | Federal Income Tax | | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | 65.48 | 381.34 | |
| OVERTIME | 0.45 | 16.50 | 7.44 | 14.22 | Federal Medicare Withheld | 15.31 | 89.18 | |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | 10.56 | 61.51 | |
| Total | 95.78 | | 1,056.07 | | | 91.35 | 532.03 | |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451          32327747          00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/01/18 | Check # | | 238290 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/15/18 | Check Date | 03/22/18 | Sick Bal | | 16.25 |
| SSN | XXX-XX- | Gross Wages | 779.58 | Taxable YTD | 5,094.50 | Net Pay | 712.15 | BIN | | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 70.48 | 11.00 | 775.28 | 4,983.22 | Federal Income Tax | | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | | 48.33 | 315.86 |
| OVERTIME | 0.26 | 16.50 | 4.30 | 6.78 | Federal Medicare Withheld | | 11.30 | 73.87 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 7.80 | 50.95 |
| Total | 70.74 | | 779.58 | | | | 67.43 | 440.68 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN
██████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN
██████████

STLMT - 130                                     EXHIBIT A

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/01/18 | Check # | | 243950 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/18 | Check Date | | 04/20/18 | Sick Bal | 22.36 |
| SSN | XXX-XX- | Gross Wages | 968.72 | Taxable YTD | 7,119.29 | Net Pay | | 884.93 | BDI | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.81 | 11.00 | 965.91 | 6,997.76 | Federal Income Tax | | |
| PPD ADJ R | | | | | Federal FICA Withheld | 60.06 | 441.40 |
| OVERTIME | 0.17 | 16.50 | 2.81 | 17.03 | Federal Medicare Withheld | 14.05 | 103.23 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 9.68 | 71.19 |
| Total | 87.98 | | 968.72 | | | 83.79 | 615.82 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 131            EXHIBIT A

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/17 | Check # | 224269 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/17 | Check Date | 01/05/18 | Sick Bal | 2.94 |
| SSN | XXX-XX | Gross Wages | 704.33 | Taxable YTD | 704.33 | Net Pay | 643.41 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 64.00 | 11.00 | 704.00 | 704.00 | Federal Income Tax | | |
| OVERTIME | 0.02 | 16.50 | 0.33 | 0.33 | Federal FICA Withheld | 43.67 | 43.67 |
| | | | | | Federal Medicare Withheld | 10.21 | 10.21 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 7.04 | 7.04 |
| Total | 64.02 | | 704.33 | | | 60.92 | 60.92 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC            14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478    Tel. 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/01/18 | Check # | 232692 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/18 | Check Date | 02/22/18 | Sick Bal | 11 50 |
| SSN | XXX-XX■■ | Gross Wages | 862 79 | Taxable YTD | 3,523.69 | Net Pay | 788.16 | BIN | 07243124 |

| EARNINGS | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 78.39 | 11.00 | 862.29 | 3,417.70 | Federal Income Tax | | |
| PPD ADJ R | | | | | Federal FICA Withheld | 53.49 | 218 47 |
| OVERTIME | 0.03 | 16.50 | 0.50 | 1.49 | Federal Medicare Withheld | 12.51 | 51.09 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 8 63 | 35.24 |
| Total | 78.42 | | 862 79 | . | | 74 63 | 304 80 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 133                                                                    EXHIBIT A

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478       Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/16/18 | Check # | 246799 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/30/18 | Check Date | 05/07/18 | Sick Bal | 25.29 |
| SSN | XXX-XX- | Gross Wages | 1,501.38 | Taxable YTD | 8,620.67 | Net Pay | 1371.51 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 87.86 | 14.00 | 1,230.04 | 8,227.80 | Federal Income Tax | | | |
| RETRO PAY | | | 263.43 | 263.43 | Federal FICA Withheld | | 93.08 | 534.48 |
| RETRO OT | | | 0.77 | 0.77 | Federal Medicare Withheld | | 21.77 | 125.00 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 0.34 | 21.00 | 7.14 | 24.17 | CALIFORNIA SDI EE | | 15.02 | 86.21 |
| Total | 88.20 | | 1,501.38 | | | | 129.87 | 745.69 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN

█████████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

█████████████

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478       Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/16/18 | Check # | 258288 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/30/18 | Check Date | 07/06/18 | Sick Bal | 36.57 |
| SSN | XXX-XX- | Gross Wages | 1,626.59 | Taxable YTD | 14,046.23 | Net Pay | 1485.88 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| --- | --- | --- | --- | --- | --- | --- | --- |
| REGULAR | 78.94 | 14.00 | 1,105.16 | 12,952.52 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 100.85 | 870.87 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 23.59 | 203.67 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 24.83 | 21.00 | 521.43 | 697.01 | CALIFORNIA SDI EE | 16.27 | 140.47 |
| MEAL BR P | | | | 28.00 | | | |
| Total | 103.77 | | 1,626.59 | | | 140.71 | 1,215.01 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
| --- | --- | --- | --- |
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel 713-776-5100

| | | Company | 00451 | Begin Date | 03/16/19 | Check # | 309106 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | | | | | | | | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/31/19 | Check Date | 04/05/19 | Sick Bal | 33.63 |
| SSN | XXX-XX- | Gross Wages | 1,162.70 | Taxable YTD | 8,421.63 | Net Pay | 1062 12 | BIN | 07243124 |

| | | EARNINGS | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 82.69 | 14.00 | 1,157 66 | 7,763.28 | Federal Income Tax | | | |
| OVERTIME | 0.24 | 21.00 | 5 04 | 28.35 | Federal FICA Withheld | | 72 09 | 522.14 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 16.86 | 122.11 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 11 63 | 84 22 |
| SICK PAY | | | | 336.00 | | | | |
| | | | | | | | | |
| Total | 82.93 | | 1,162.70 | | | | 100 58 | 728.47 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

    EXHIBIT A

ABM Industry Groups, LLC                    14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478            Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/01/19 | Check # | | 312013 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/19 | Check Date | | 04/22/19 | Sick Bal | 36.28 |
| SSN | XXX-XX- | Gross Wages | 1,124.69 | Taxable YTD | 9,546.32 | Net Pay | | 930.53 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 79.27 | 14.00 | 1,109.78 | 8,873.06 | Federal Income Tax | | 96.88 | 96.88 |
| OVERTIME | 0.71 | 21.00 | 14.91 | 43.26 | Federal FICA Withheld | | 69.73 | 591.87 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 16.31 | 138.42 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 11.24 | 95.46 |
| SICK PAY | | | | 336.00 | | | | |
| Total | 79.98 | | 1,124.69 | | | | 194.16 | 922.63 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

**NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE**

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451      32327747      00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT A

# Exhibit 4

## FORMA DEL CONSENTIMIENTO DE FLSA

Conforme a las provisiones de 29 U.S.C. el § 216 (b), los estándares de
trabajo justos actúa, yo consiente por este medio ser un demandante del
partido a esta acción.

_6/16/2018_
Fecha

_Isabel Artiga_
Nombre de impresión

_Isabel Artiga_
Firma

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.

05-02-19
Date

GABRIEL RODRIGUEZ
Print Name

Signature

STLMT - 140

EXHIBIT A

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.

_5/2/19_

Date

Print Name

Signature

EXHIBIT A

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.

_1-8-2020_
Date

Print Name

Signature

EXHIBIT A

# FORMA DEL CONSENTIMIENTO DE FLSA

Conforme a las provisiones de 29 U.S.C. el § 216 (b), los estándares de trabajo justos actúa, yo consiente por este medio ser un demandante del partido a esta acción.

_____

Fecha

_____

Nombre de impresión

_____

Firma

11

EXHIBIT A

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

11/12/19
Date

Mario Gil
Print Name

Signature

# Exhibit B

*Artiga et al v. ABM Industry Groups, LLC*, Case No. 2:19-cv-06735-GW-RAO
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
NOTICE OF CLASS ACTION SETTLEMENT

*You are not being sued. This notice affects your rights. Please read it carefully.*

To:     Former and current non-exempt hourly employees employed by ABM Industry Groups, LLC, and/or its predecessors, who worked in the State of California at any point from June 4, 2015, through _____ (the "Term Date"), and belong to one of the subclasses described below ("Class Members").

On _____, the Honorable George H. Wu of the U.S. District Court, Central District of CA, Western Division, granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members of the settlement. The settlement also includes claims under the California Labor Code Private Attorneys General Act of 2004, Cal. Labor Code § 2698 *et seq.* ("PAGA"), on behalf of the State of California and other allegedly aggrieved employees. **You have received this notice because the records of Defendant ABM Industry Groups, LLC. indicate that you are a Class Member and/or an allegedly aggrieved employee under PAGA, <u>and therefore entitled to a payment from the settlement.</u>**

The Final Fairness Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _:00 _.m. on _____, 2021 in Department ___ of the U.S. District Court, Central District of CA, Western Division., located at _____ You are not required to attend the hearing, but you are welcome to do so.

### Summary of the Litigation

Plaintiffs Isabel Artiga, Jessica Sheehan, Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza and Lorenza Torres (together, "Plaintiffs"), on their behalf and on behalf of other current and former non-exempt employees, allege that ABM Industry groups, LLC, ("Defendant") violated California state labor laws and have made the following claims for relief:  (a) failure to pay wages, including minimum wages; (b) failure to pay overtime wages; (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Settlement Class); (d) failure to authorize and permit rest breaks, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Subclass); (e) improper and/or inaccurate wage statements; (f) waiting time penalties for untimely pay of wages at the conclusion of employment; (g) failure to provide employment records; (h) failure to provide written notice of paid sick leave available; (i) unfair business practices; (j) failure to comply with employee bond laws regarding uniform deposits; and (k) civil penalties under PAGA.  Plaintiffs also allege violations under the Federal Fair Labor Standards Act ("FLSA").

After the exchange of relevant information and evidence, the parties agreed to enter into settlement negotiations in an attempt to informally resolve the claims in the case.  On March 18, 2021, the parties participated in mediation with Ninth Circuit Mediator Roxane G. Ashe, including additional settlement discussions afterwards.  With Mediator Ashe's guidance, the parties were able to negotiate a complete settlement of Plaintiffs' claims

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent Class Members, Harris & Ruble ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law.  While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement.  Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendant has denied, and continues to deny, the factual and legal allegations in the case and believes that it has valid defenses to Plaintiffs' claims.  By agreeing to settle, Defendant is not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendant has agreed to settle the case as part of a compromise with Plaintiffs.

**Summary of The Proposed Settlement Terms**

Plaintiffs and Defendants have agreed to settle the underlying claims in exchange for a Total Settlement Amount of $2,300,000.00.  This amount is inclusive of:  (1) payments to all Class Members who submit Claim Forms ("Qualified Claimants"); (2) Enhancement Awards of up to $5,000 to each of the Plaintiffs; (3) up to $765,900 to Class Counsel in attorneys fees and up to $30,000 in litigation costs and expenses; (4) an allocation toward settlement of claims under PAGA ("PAGA Payment"), of which 75% will go to the California Labor and Workforce Development Agency ("LWDA") and 25% will go to Qualified Claimants who are also alleged aggrieved employees under PAGA; and (5) reasonable Settlement Administrator's fees and expenses currently estimated at $74,000.

**Payments to Qualified Claimants**.

| Subclass | Payment | Tax Treatment |
|---|---|---|
| (1) New Hire Wage Class:  All non-exempt CA employees of ABM and its predecessors, who were hired during the period from 10/14/15 to the Term Date | $21, plus another $10 if you opt into the FLSA Collective Action | 60% wages<br><br>40% interest |
| (2) Wage Statement Settlement Subclass: All non-exempt CA employees of ABM from 10/14/18 to the Term Date. | $50 | 0% wages |
| (3) Former Employee Uniform Deposit Settlement Subclass:  All CA employees of ABM and its predecessors, with uniform deposits on file, who separated between 6/4/15 and 5/7/21, the date ABM terminated its uniform deposit program. | $50 | 0% wages |
| (4) Current Employee Uniform Deposit Settlement Subclass:  All CA employees of ABM, with uniform deposits on file, who were active as of 5/7/21, the date ABM terminated its uniform deposit program. | Automatically a Qualified Claimant for the PAGA Settlement Group | 0% wages |
| (5) Supervisor Meal and Rest Break Settlement Subclass: All non-exempt CA supervisors and leads of ABM and its predecessors, from 10/14/15 to the Term Date.  "Supervisors and Leads" are defined as all non-exempt employees with the term "Manager," "Supervisor," "Lead" or "Foreperson" in their job description field according to ABM records. | $20 per pay period worked. | 60% wages<br><br>40% interest |
| PAGA Settlement Group:  All CA allegedly aggrieved employees from 8/28/17 to the Term Date. | Equal share of 25% of the PAGA Payment. | 0% wages |

The PAGA Payment  shall be no less than 10% of the Net Settlement Amount (Total Settlement Amount after deduction of payments to Plaintiffs, Class Counsel, and the Claims Administrator).  If the claims made do not exhaust the Net Settlement Amount, the difference will be added to the PAGA Payment.  In the event that the claims made by Qualified Claimants exceed the Net Settlement Amount, the payments to Qualified Claimants shall be reduced on a pro rata basis.

**Taxes on Settlement Payments**. IRS Forms W-2 and 1099 will be distributed to Qualified Claimants and the appropriate taxing authorities reflecting the payments they receive under the settlement.  Qualified Claimants should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

**Questions?  Contact the Settlement Administrator toll free at 1-***-***-****

Page 2

## Your Options Under the Settlement

**Option 1 –** *Submit a Claim Form to be Eligible for Payment*

If you want to receive money from the settlement, you must complete and sign the enclosed Claim Form. You need to complete the Claim Form and promptly mail or fax it to the Claims Administrator no later than _____. You can also file a claim online at _____.

Under **Option 1**, and if the Court grants final approval of the settlement, you will be mailed a check for your share of the settlement funds.

**Option 2 –** *Opt Out of the Settlement*

Class Members who do not wish to participate in the settlement may exclude themselves by submitting a written request to the Settlement Administrator stating that they received this Notice of Class Action Settlement, and desire to be excluded from the settlement. The written request for exclusion must include the Class Member's name, signature, address, telephone number, and last four digits of the Class Member's Social Security Number. Sign, date, and fax or mail the request for exclusion by First Class U.S. Mail or equivalent, to the address below.

> Settlement Administrator
> c/o _____
> _____

The Request for Exclusion must be postmarked or faxed not later than _____, 2021. If you submit a Request for Exclusion which is not postmarked or faxed by _____, 2021, your Request for Exclusion will be rejected, and you will be included in the settlement class.

If you choose **Option 2**, you will no longer be a Class Member, and you will:

- Not Receive a Payment from the Net Settlement Amount.
- Not release the Released Claims. However, if the Court grants final approval of the settlement, all claims for PAGA civil penalties that arise from or relate to the Released Claims during the period from August 28, 2017 through the Term Date will be released.

**Option 3 –** *Object to the Settlement*

All Class Members may object to the settlement if they find it unfair or unreasonable. Class Members who elect to object to the settlement should provide: (1) their full name, signature, address, telephone number, and dates of employment, (2) a written statement of all grounds for their objection accompanied by any legal support; (3) copies of any papers, briefs, or other documents upon which the objection is based; and (4) a statement about whether they intend to appear at the Final Fairness Hearing. The objection should be filed with the Court and mailed to Class Counsel and Counsel for Defendant:

| Class Counsel: | Daniel F. Fears, Bar No. 110573 |
|---|---|
| Alan Harris, Bar No. 146079 | Laura Fleming, Bar No. 219287 |
| Priya Mohan, Bar No. 228984 | Robert T. Matsuishi, Bar No. 259182 |
| HARRIS & RUBLE | PAYNE & FEARS LLP |
| 655 North Central Ave. | 4 Park Plaza, Suite 1100 |
| Glendale, California 91203 | Irvine, California 92614 |
| Telephone: (323) 962-3777 | Telephone: (949) 851-1100 |
| Facsimile: (323) 962-3004 | Facsimile: (949) 851-1212 |

All objections must be filed by _____2021. Late objections may not be considered. By submitting an objection, you are not excluding yourself from the settlement. To exclude yourself from the settlement, you must follow the directions described above. Please note that you cannot both object to the settlement and exclude yourself. You must choose one option only.

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

STLMT - 148      EXHIBIT B

You may also, if you wish, appear at the Final Fairness Hearing held at _:00 _.m. on _____, 2021 in Department ___ of the U.S. District Court, Central District of CA, Western Division., located at _____ and discuss your objection with the Court and the Parties at your own expense. You may also retain an attorney to represent you at the hearing. Due to COVID-19 restrictions, the hearing may proceed virtually. If this is the case, you may obtain instructions on how to make a virtual appearance via the Court's website: https://www.cacd.uscourts.gov/honorable-george-h-wu

If you choose **Option 3** and the Court overrules your objection or otherwise approves the settlement, you will still be entitled to the money from the settlement but only if you complete your Claim Form and postmark it by _____, as described in **Option 1**. Otherwise, if the Court overrules your objection, you will be deemed to have released the Released Claims and will not receive a payment from the settlement..

**Option 4 –** *Do Not Do Anything*

You may also do nothing in response to this notice. However, if you choose to do nothing, and if the Court grants final approval of the settlement, you will be deemed to have released the Released Claims even though you will not receive money from the settlement. If you do not want to be deemed to have released the Released Claims, you must exclude yourself from the settlement by following **Option 2**. If you want to receive money from the settlement, you must choose **Option 1**.

<u>**The Released Claims**</u>

Once the Court grants final approval of the settlement, all Class Members who do not choose **Option 2** ("Participating Class Members") will be deemed to have released or waived the following claims ("Released Claims"):

All causes of action and factual or legal theories/allegations that were alleged in the operative complaints in the Actions, or that could have been brought in the Actions based on those same factual or legal theories/allegations, against the Released Parties. This Release includes, but is not limited to, claims for violation of Labor Code sections 201-203, 204, 221, 226, 226(a) – (f), 226.7 (limited to the members of the Supervisor Meal and Rest Break Settlement Subclass), 227.3, 233, 234, 245, 245.5, 246, 246.5, 247.5, 403-406, 432, 510 (limited to claims of members of the New Hire Wage Subclass with respect to services performed during the same pay period[s] in which a new-hire orientation occurred), 512 (limited to the members of the Supervisor Meal and Rest Break Settlement Subclass), 558, 558.1,1174.5, 1174(d), 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199; with respect to the limited overtime and meal and rest break claims released above, Code of Regulations, Title 8, Section 11090 (IWC Wage Order 9-2001); Business & Professions Code section 17200-17208; and the Fair Labor Standards Act with respect to those who opt in. Civil penalty claims, including those under Labor Code sections 210, 225.5, 226.3, 2698 *et seq.,* and 2699 are limited to the PAGA Settlement Group. This Release also includes, but is not limited to, the following claims for relief: (a) failure to pay wages, including minimum wages; (b) failure to pay overtime wages (limited to claims of members of the New Hire Wage Subclass with respect to services performed during the same pay period[s] in which a new-hire orientation occurred); (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Settlement Class); (d) failure to authorize and permit rest breaks, and to properly provide premium pay in lieu thereof (limited to the members of the Supervisor Meal and Rest Break Subclass); (e) improper and/or inaccurate wage statements; (f) waiting time penalties for untimely pay of wages at the conclusion of employment; (g) failure to provide employment records; (h) failure to provide written notice of paid sick leave available; (i) unfair business practices; (j) failure to comply with employee bond laws as alleged in the Actions; (k) civil penalties under the Private Attorneys General Act ("PAGA") within the scope of the PAGA letters submitted by Plaintiff in support of the Actions

(limited to the PAGA Settlement Group); and (l) all damages, penalties, restitution, attorneys' fees, interest, and other amounts recoverable in connection with the above legal authorities and/or claims for relief under local, California and federal law. The "Released Parties" includes Defendant, and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers, including but not limited to ABM Industry Groups, LLC and ABM Industries Incorporated, but only with respect to Released Claims alleged by employees of ABM Industry Groups, LLC.

### **Additional Information**

This Notice of Class Action Settlement is only a summary of the case and the settlement.  For a more detailed statement of the matters involved in the case and the settlement, you may refer to the pleadings, the settlement agreement, and other papers filed in the case.  You may access the Court's docket, pleadings, and files through the PACER, available at: https://pacer.uscourts.gov/.

Please note that date and/or time of the Final Fairness Hearing may change without notice.  You should check the Court's calendar using the PACER link above for more information on any such updates.  All inquiries by Class Members regarding this Class Notice and/or the settlement should be directed to the Settlement Administrator or Class Counsel.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH INQUIRIES.

## CLAIM FORM
### Return This Form to Receive Your Settlement Payment

**MAIL OR FAX TO:**
*Artiga, et al v. ABM Industry Groups, LLC*
c/o Claims Administrator
[ADDRESS]
Fax: (***) ***-****
Website:

**You must submit a valid and timely Claim Form to become a Qualified Claimant and receive a settlement payment.  Your Claim Form must be completed and received by fax or postmarked on or before _____, or it will be rejected.  You may also submit your Claim Form online at _____.**

**You are responsible for maintaining a copy of the fully completed Claim Form and proof of fax or mailing.  If you move, please inform the Claims Administrator of your new address.  It is your responsibility to keep a current address on file with the Claims Administrator.**

<u>**Calculation of Settlement Payments**</u>: Each Qualified Claimant's share of the Net Settlement Amount shall be based upon membership in one of five subclasses:  (1) New Hire Wage Subclass; (2) Wage Statement Subclass; (3) Former Employee Uniform Deposit Subclass; (4) Current Employee Uniform Deposit Subclass; and (5) Supervisor Meal and Rest Break Subclass.  Qualified Claimants may also be eligible for an additional payment under the California Labor Code Private Attorneys General Act of 2004, Cal. Labor Code § 2698 et seq. ("PAGA").

According to Company records, you are a member of the _____ Subclass(es).   Please see the attached Notice for your payment(s) under the Settlement.

[For members of the New Hire Wage Subclass:  Initial here _____ to opt into the FLSA Collective Action.]
[For members of the Supervisor Meal and Rest Break Subclass:  According to Company records, you worked _____ pay periods for the Company.]

If you dispute the Company records stated above, the Company's records will control unless you are able to provide documentation with this Claim Form that establishes otherwise.  If there is a dispute about whether the Company's information or yours is accurate, and the dispute cannot be resolved informally, the dispute will be resolved by the Claims Administrator.  Such a determination by the Claims Administrator will be final and binding with no opportunity for further appeal.

_____
Sign your name here

_____
Print your name here

_____
Date

SSN: ☐ ☐ ☐ ☐
*(Enter the <u>last four digits</u> of your Social Security Number only)*

**Questions?  Contact the Settlement Administrator toll free at 1-***-***-******
Page 6

# Exhibit C

EXHIBIT C

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:   aharris@harrisandruble.com
              pmohan@harrisandruble.com

Attorneys for Plaintiffs

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No. 2:19-cv-06735-GW-RAO<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Action Filed:      June 4, 2019<br>Trial Date:        None Set |
| ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>Counter-Claimant,<br><br>v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>Counter-Defendants. | |

-1-

1 | Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
2 | Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP
3 | Attorneys at Law
4 Park Plaza, Suite 1100
4 | Irvine, California 92614
Telephone: (949) 851-1100
5 | Facsimile: (949) 851-1212
E-Mail:  dff@paynefears.com
6 |          lf@paynefears.com
           rtm@paynefears.com
7 |
Attorneys for Defendant and Counter-
8 | Claimant ABM INDUSTRY GROUPS,
LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# **[PROPOSED] ORDER**

On _____, this Court conducted a hearing on Plaintiffs' Motion for Preliminary Approval of the Class Action and PAGA Settlement (the "Motion"). Having considered the Motion and the points and authorities submitted in support of the Motion, including the Joint Stipulation re Class Action Settlement ("Settlement Agreement" or "Settlement") and exhibits, and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, subject to the following findings and orders:

1.      This Order incorporates by reference the Settlement Agreement, and unless indicated otherwise, all capitalized terms used herein will have the same meaning as set forth in the Settlement Agreement.

2.      The Settlement Class Members shall be conditionally certified for settlement purposes only and shall consist of five subclasses:

        a.      New Hire Wage Subclass, defined as all current and former non-exempt California employees of ABM and its predecessors, who were hired during the period 10/14/15 to the Settlement End Date.

        b.      Wage Statement Subclass, defined as all current and former non-exempt California employees of ABM from 10/14/18 to the Settlement End Date.

        c.      Former Employee Uniform Deposit Subclass, defined as all California employees of ABM and its predecessors, with uniform deposits on file at the time of separation, who separated between June 4, 2015 and May 7, 2021.

        d.      Current Employee Uniform Deposit Subclass, defined as all California employees of ABM, with uniform deposits on file, who were active as of 5/7/21.

        e.      Supervisor Meal and Rest Break Subclass, defined as all current and

-3-

1　　　　　　　former non-exempt California employees of ABM, from 10/14/2015

2　　　　　　　to the Settlement End Date, whose job position included the title

3　　　　　　　"Manager," "Supervisor," "Lead," or "Foreperson," according to

4　　　　　　　ABM records.

5　The "Settlement Class Members" definition specifically excludes the approximately 100

6　ABM "Event Tech" employees who are the subject of the <u>Romero-Abrego v. ABM</u>

7　<u>Industries, Inc.</u>, litigation pending in the San Mateo Superior Court, Case No. 20-CIV-

8　04089 (filed Sept. 22, 2020).

9　　　　　　3.　　　The class action settlement set forth in the Settlement Agreement, entered

10　into among the Parties and their counsel, is preliminarily approved as it appears to be

11　proper, to fall within the range of reasonableness, to be the product of arm's-length and

12　informed negotiations, to treat all Settlement Class Members fairly, and to be

13　presumptively valid, subject only to any objections that may be raised at or before the final

14　approval hearing.

15　　　　　　4.　　　The Court further finds that Plaintiffs conducted extensive investigation and

16　research, and that they were able to reasonably evaluate their positions and the strengths

17　and weaknesses of their claims and their ability to certify them. Plaintiffs have provided

18　the Court with enough information about the nature and magnitude of the claims being

19　settled, as well as the impediments to recovery, to make an independent assessment of the

20　reasonableness of the terms to which the Parties have agreed.

21　　　　　　5.　　　The Court also finds that settlement now will avoid additional and potentially

22　substantial litigation costs, as well as delay and risks if the Parties were to continue to

23　litigate the Action.

24　　　　　　6.　　　The Court preliminarily approves the Settlement Agreement, including all

25　the terms and conditions set forth therein and the Total Settlement Amount and allocation

26　of payments.

27　　　　　　7.　　　The Total Settlement Amount of the Settlement Agreement shall be

28

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

STLMT - 156　　　　　　　　　　　　　　　　　　　　　　　　EXHIBIT C

$2,300,000.00. The Total Settlement Amount is a common fund, non-reversionary amount. Defendant will not be held responsible for paying any amount over and above the Total Settlement Amount, other than employer-side payroll taxes associated with wage payments to Qualified Claimants.  Out of the Total Settlement Amount will come (1) distributions to Qualified Claimants; (2) the PAGA Allocation as defined in the Settlement Agreement; (3) the PAGA / Class Counsel Attorneys' Fee Award and Costs; (4) settlement administration fees and costs, and (5) enhancement payments to the PAGA / Class Representatives, including consideration for general releases.

8.      The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement.

9.      The Court approves, as to form and content, the proposed Notice of Class Action Settlement ("Notice Packet").

10.      The Court directs the mailing, by first-class regular U.S. mail, of the Notice Packet to Settlement Class Members in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Settlement Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

11.      Plaintiffs Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres will serve as the PAGA / Class Representatives for Settlement Class Members and PAGA Settlement Group Members.

12.      The Court appoints Harris & Ruble as PAGA / Class Counsel. The Court finds that counsel has demonstrable experience litigating, certifying, and settling class

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

1    actions, and will serve as adequate counsel for the Class conditionally certified by this

2    Order.

3           13.    The Court approves and appoints CPT Group as the Settlement

4    Administrator.

5           14.    The following dates shall govern for purposes of this Settlement:

6

| Date | Event |
|------|-------|
| _____(or, 21 calendar days after the Court grants preliminary approval of the Settlement Agreement, if later) | Last day for Defendant to provide the Settlement Administrator with data for the Settlement Class Members and PAGA Settlement Group Members per the Settlement Agreement. |
| _____ (or,14 calendar days after Defendant produces the class data, if later) | Last day for the Settlement Administrator to mail Notice Packets to all Settlement Class Members and PAGA Settlement Group Members. |
| _____ (or, 60 calendar days after the Settlement Administrator mails the Notice Packets, if later) | Last day for Settlement Class Members to submit Requests for Exclusion or Objections to the Settlement. |
| At least 7 calendar days prior to the deadline for Plaintiffs to file the Final Settlement Papers | Last Day for Plaintiffs to submit the Final Settlement Papers to Defendant. |
| _____ | Last day for Plaintiffs to file the Final Settlement Papers. |
| _____ at _____ a.m./p.m. | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Enhancement Awards. |

22          15.    The Court expressly reserves the right to continue or adjourn the final

23   approval hearing without further notice to the Class Members.

24

25          **IT IS SO ORDERED.**

26

27   Dated: _____         _____

                                           Hon. George H. Wu
28                                         U.S. District Court Judge

                                    -6-

1
4819-4049-8934, v. 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

EXHIBIT C

# Exhibit D

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Flo
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
*Attorneys for Plaintiff I. Artiga*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| I. ARTIGA, individually and on behalf of all others similarly situated, ,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No.<br>**COMPLAINT**<br>[*PAGA Law Enforcement and Class Action Complaint*]<br><br>1.  Failure to Make Security Deposits Cal. Lab. Code §§ 403, 404, 405, 406 and IWC Wage Order 9, Sec.9(c)<br><br>2.  Failure to Provide Adequate Pay Stubs Labor Code § 226(a)<br><br>3.  Failure to Pay Minimum Wage, Los Angeles County Minimum Wage Ordinance, Los Angeles County Code of Ordinances, Title 8, Div. 4, Chapter 8.100, § 8.100.040 *et seq.*<br><br>4.  Failure to Pay Overtime Wages Cal. Lab. Code §§ 510 and 1194<br><br>5.  Continuing Wages, Cal. Lab. Code § 203<br><br>6.  Failure to Provide Employment Records Upon Request. Cal. Lab. Code § 226<br><br>7.  Failure to Provide Employment Records Upon Request, Cal. Lab. Code § 1198.5<br><br>8.  Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>9.  Civil Penalties, Pursuant to Cal. Lab. Code § 2698 *et seq.*<br>**DEMAND FOR JURY TRIAL** |

1

1     I. Artiga, ("Artiga" or "Plaintiff"), on behalf of herself as an individual and in her

2    representative capacity, and on behalf of the State of California Labor & Workforce

3    Development Agency ("LWDA") under the Labor Code Private Attorneys General Act

4    of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.* alleges as

5    follows:

6                   ***JURISDICTION AND VENUE***

7    1.     This is a civil action and law enforcement action under PAGA seeking

8    unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof,

9    against Defendant ABM Industry Groups, LLC ("ABM"). This action alleges that ABM,

10   *inter alia*, (1) collected unlawful deductions from employees; (2) failed to pay Plaintiff

11   and aggrieved employees minimum wages; (3) failed to timely pay Plaintiff all of her

12   wages due at the termination of her employment; and (4) engaged in unfair, unlawful,

13   and/or fraudulent business practices in violation of California law to the detriment of

14   aggrieved employees and the general public. On August 28, 2018, Plaintiff provided

15   statutory notice to the California Labor and Workforce Development Agency of the

16   claims set forth in this complaint and to Defendant ABM.

17   2.     Pursuant to California Code of Civil Procedure section 382, Plaintiff also

18   brings this case individually and as a class action on behalf of similarly situated

19   individuals who have been employed by ABM as hourly, non-exempt workers in

20   California (collectively referred to as "Aggrieved Employees") since four years prior to

21   the filing of this Complaint.

22   3.     Venue as to Defendant is proper in this judicial district, pursuant to

23   California Business & Professions Code section 17203 and California Code of Civil

24   Procedure sections 395(a) and 395.5. Defendant maintains an office, transacts business,

25   has an agent, or is found in the County of Los Angeles and is within the jurisdiction of

26   this Court for purposes of service of process. The unlawful acts alleged herein had a

27   direct effect on and were committed within the State of California.

28

STLMT - 162    PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT  EXHIBIT D

1    ***PARTIES AND SUBSTANTIVE ALLEGATIONS***

2        4.      Plaintiff Artiga is an individual during the time periods relevant to this

3    Complaint, was and is a resident of the County of Los Angeles, State of California.

4    Artiga was employed by Defendant ABM in the County of Los Angeles, State of

5    California during the relevant period.  Plaintiff brings this action on behalf of herself, on

6    behalf of all others similarly situated, and pursuant to California Business and

7    Professions Code section 17200 *et seq.*

8        5.      Plaintiff is informed and believes, and based thereon alleges, that ABM is a

9    company that conducts significant amounts of business within Los Angeles County.

10   ABM touts itself as a leading provider of integrated facility solutions.  Among the

11   services it provides, ABM provides parking valet and transportation services to clients

12   across the United States, including California and Los Angeles County.  Beginning on or

13   about January 20, 2012 and throughout the relevant period, until July, 2018, Plaintiff was

14   employed by ABM as a parking attendant in various locations in Los Angeles County.

15       6.      Plaintiff contends that Defendant failed to provide her and other aggrieved

16   employees with adequate pay stubs.  In this regard, section 226 of the California Labor

17   Code provides:

18               (a)      Every employer shall, semimonthly or at the time of each

19           payment of wages, furnish each of his or her employees, either as a

20           detachable part of the check, draft, or voucher paying the employee's wages,

21           or separately when wages are paid by personal check or cash, an itemized

22           statement in writing showing (1) gross wages earned, (2) total hours worked

23           by the employee, except for any employee whose compensation is solely

24           based on a salary and who is exempt from payment of overtime under

25           subdivision (a) of Section 515 or any applicable order of the Industrial

26           Welfare Commission, (3) the number of piece-rate units earned and any

27           applicable piece rate if the employee is paid on a piece-rate basis, (4) all

28           deductions, provided, that all deductions made on written orders of the

3

employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

7.     On information and belief, Plaintiff contends that Defendant failed to provide Plaintiff and Aggrieved Employees with the data required by section 226 of the California Labor Code. Attached hereto as **Exhibit 1** are true and correct copies of certain of Plaintiff's wage statements. Plaintiff is a former employee of the Defendant. Exhibit 1 hereto shows that Defendant fail to include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. For instance, Exhibit 1 contains two wage statements. Exhibit 1, page 1 is a wage statement bearing the check date July 13, 2018 and page 2 is a wage

4

1   statement bearing the check date July 20, 2018. Each of these wage statements purports
2   to be for payment of wages earned during the period July 1, 2018 through July 15, 2018.
3   The discrepancies between these wage statements show that the information provided to
4   Plaintiff regarding the wage rates, inclusive dates of the period and hours worked was not
5   accurate. ABM's failure to provide the correct information on these wage statements has
6   caused confusion by making it impossible for Plaintiff to determine whether or not she
7   has been paid correctly. In addition to subjecting ABM to the damages specified in
8   section 226(e), ABM's failure to provide such information subjects it to civil penalties.
9   See Cal. Lab. Code §§ 226.3, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

10      8.      On information and belief, Plaintiff contends that Defendant failed to
11   provide Plaintiff and Aggrieved Employees with minimum wages and overtime. For
12   instance, Exhibit 1, page 2 (the July 20, 2018 wage statement) indicates that Plaintiff
13   worked 40 hours at a straight time rate of $12.60 and .08 hours at a overtime rate of
14   $18.90. The Los Angeles County Minimum Wage Ordinance mandated that as of July 1,
15   2018, any employer who employed more than 26 employees was required to pay a
16   minimum wage rate of $13.25 per hour. ABM employed more than 26 employees and
17   was subject to this minimum wage requirement. The July 20, 2018 wage statement
18   shows that Plaintiff was not paid the correct minimum wage for the hours worked.

19      9.      Plaintiff also contends that Defendant unlawfully deducted uniform deposits
20   from the paychecks of Plaintiff and Aggrieved Employees in violation of California
21   Labor Code section 221. In addition to subjecting ABM to damages, ABM's unlawful
22   deductions subject it to civil penalties. See Cal. Lab. Code § 225.5.

23      10.     Defendant is liable to Plaintiff and former employees for continuing wages
24   pursuant to sections 201 through 203 of the Labor Code. Section 201 of the Labor Code
25   states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the
26   time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Similarly,
27   section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her
28   employment, his or her wages shall become due and payable not later than 72 hours

1  thereafter, unless the employee has given 72 hours previous notice of his or her intention
2  to quit, in which case the employee is entitled to his or her wages at the time of quitting."
3  Id. § 202(a). According to section 203 of the Labor Code, "[i]f an employer willfully
4  fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202 . . .
5  any wages of an employee who is discharged or who quits, the wages of the employee
6  shall continue as a penalty from the due date thereof at the same rate until paid or until an
7  action therefor is commenced; but the wages shall not continue for more than 30 days."
8  Id. § 203(a). In addition to subjecting Defendant to damages, Defendant's failure to
9  timely pay all outstanding wages upon the termination of employment subjects it to civil
10  penalties. See Cal. Lab. Code § 2698 *et seq.* Defendant did not pay all wages due and
11  owing to Plaintiff within the statutorily required time period.

12      11.    Plaintiff and Aggrieved Employees were injured by such actions and are
13  therefor entitled to seek the amounts as set forth in Labor Code section 226 subsections
14  (e)–(f), and penalties pursuant to Cal. Lab. Code § 558. Present section 558.1 of the
15  California Labor Code in part provides:

16          (a) Any employer or other person acting on behalf of an employer, who
17          violates, or causes to be violated, any provision regulating minimum wages
18          or hours and days of work in any order of the Industrial Welfare
19          Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,
20          1193.6, 1194, or 2802, may be held liable as the employer for such violation.
21          (b) For purposes of this section, the term "other person acting on behalf of
22          an employer" is limited to a natural person who is an owner, director,
23          officer, or managing agent of the employer, and the term "managing agent"
24          has the same meaning as in subdivision (b) of Section 3294 of the Civil
25          Code.

26      12.    After July 1, 2018, the Los Angeles County Minimum Wage Ordinance
27  required Defendant to pay Plaintiff and Aggrieved Employees a minimum wage of at
28  least $13.25 per hour. Section 8.101.170 of the Los Angeles County Minimum Wage

1  Ordinance provides that:

2         Any Employee aggrieved by a violation of Chapter 8.100 or this Chapter,

3         the County, or any other person or entity acting on behalf of the public as

4         provided for under applicable State law, may bring a civil action in a court

5         of competent jurisdiction against the Employer violating Chapter 8.100 or

6         this Chapter and, upon prevailing, shall be entitled to such legal or equitable

7         relief as may be appropriate to remedy the violation including, without

8         limitation, the payment of any back wages unlawfully withheld, the payment

9         of fines in the amount of $100 to each Employee whose rights under Chapter

10        8.100 or this Chapter were violated for each day that the violation occurred

11        or continued, reinstatement in employment and/or injunctive relief, and shall

12        be awarded reasonable attorneys' fees and costs. Any person or entity

13        enforcing Chapter 8.100 or this Chapter on behalf of the public as provided

14        for under applicable State law, upon prevailing, shall be entitled only to

15        equitable, injunctive or restitutionary relief, and reasonable attorneys' fees

16        and costs.

17  Los Angeles County Minimum Wage Ordinance, Section 8.101.170(B).

18         13.    At all times relevant hereto, sections 510, 1194, and 1198 of the California

19  Labor Code required (1) the payment of at least the minimum wage, (2) the

20  payment of wages equal to one-and-one-half times an employee's regular rate of pay for

21  all hours worked in excess of eight per day or forty per week, and (3) the payment of

22  wages equal to double the employee's regular rate of pay for all hours worked in

23  excess of twelve per day and for all hours worked in excess of eight on the seventh day

24  of work in any one workweek.

25         14.    At all relevant times mentioned herein, section 510 of the California Labor

26  Code provided, in relevant part:

27         Eight hours of labor constitutes a day's work. Any work in excess of eight

28         hours in one workday and any work in excess of 40 hours in any one

7

1   workweek and the first eight hours worked on the seventh day of work in

2   any one workweek shall be compensated at the rate of no less than one-and-

3   one-half times the regular rate of pay for an employee. Any work in excess

4   of 12 hours in one day shall be compensated at the rate of no less than twice

5   the regular rate of pay for an employee. In addition, any work in excess of

6   eight hours on any seventh day of a workweek shall be compensated at the

7   rate of no less than twice the regular rate of pay of an employee. Nothing in

8   this section requires an employer to combine more than one rate of overtime

9   compensation in order to calculate the amount to be paid to an employee for

10  any hour of overtime work. The requirements of this section do not apply to

11  the payment of overtime compensation to an employee working pursuant to

12  any of the following: (1) An alternative workweek schedule adopted

13  pursuant to Section 511. (2) An alternative workweek schedule adopted

14  pursuant to a collective bargaining agreement pursuant to Section 514.

15  Cal. Lab. Code § 510(a).

16      15.    At all relevant times mentioned herein, section 1194 of the California Labor

17  Code provided, in relevant part:

18      Notwithstanding any agreement to work for a lesser wage, any employee

19  receiving less than the legal minimum wage or the legal overtime

20  compensation applicable to the employee is entitled to recover in a civil

21  action the unpaid balance of the full amount of this minimum wage or

22  overtime compensation, including interest thereon, reasonable attorney's

23  fees, and costs of suit.

24  Id. § 1194(a).

25      16.    With regard to the employment of Plaintiff as described above, the

26  provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were

27  inapplicable in that no alternative workweek schedule had been adopted.

28

8

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

EXHIBIT D

17.    Plaintiff worked for Defendant during the relevant period. Plaintiff is informed and believes and based thereon allege that, as a matter of uniform company policy, from July 1, 2018 and for a period of time thereafter, Aggrieved Employees who worked for Defendant in Los Angeles County and who worked in excess of eight hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages.

18.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout Los Angeles County and California. Plaintiff is informed and believes, and based thereon alleges, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations. As a result, Defendant's Aggrieved Employees in California are subject to uniform policies with respect to the violations alleged herein and cause Aggrieved Employees to be similarly situated regardless of location and position.

19.    Plaintiff is further informed and believes that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records. As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiffs and Class Members have suffered and continue to suffer damages.

20.    ***Unfair Competition.***    Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, employee security deposits, timely payment of final wages, and minimum wage and overtime laws. Defendant's unlawful practices constitute unfair competition. Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

1

### *CLASS-ACTION ALLEGATIONS*

2      21.    Plaintiff brings the first through sixth causes of action below on a class-wide

3  basis pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to

4  represent all individuals who, at any time since four years prior to the filing of this

5  Complaint to date, were or have been employed by Defendant in the State of California

6  as a non-exempt, hourly worker (the "Class"). Plaintiff also seeks to represent the

7  following subclasses: (1) All individuals who, at any time since one year prior to the

8  filing of this Complaint to date, were or have been employed by Defendant in the State of

9  California as a non-exempt, hourly worker (the "Wage Statement Subclass"); (2) All

10  individuals who, at any time since July 1, 2018 to date, were or have been employed by

11  Defendant in Los Angeles County as a non-exempt, hourly worker (the "Minimum Wage

12  and Overtime Subclass"); (3) All individuals employed by Defendant in California whose

13  employment with Defendant terminated due to discharge or quitting at any time since

14  four years prior to the filing of this Complaint to date (the "Former Employee Subclass").

15      22.    The proposed Class and Subclasses are ascertainable in that its Members can

16  be identified using the information contained in Defendant's payroll and personnel

17  records.

18      23.    The Members of the Class and Subclasses are sufficiently numerous in that

19  joinder of all such Members would be impracticable. Further, the disposition of the

20  claims of the Class and Subclasses in a class action will provide substantial benefits to

21  both the parties and the Court.

22      24.    The provisions of the California Labor Code upon which Plaintiffs base their

23  claims are broadly remedial in nature. These laws and labor standards serve an important

24  public interest in establishing minimum working conditions and standards in California.

25  These laws and labor standards protect the average working employee from exploitation

26  by employers who may seek to take advantage of superior economic and bargaining

27  power in setting onerous terms and conditions on employment.

28

PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT

STLMT - 170                                            EXHIBIT D

25.    The nature of this action and the laws available to Plaintiffs and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

26.    Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

27.    Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

28.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendant's  practice of deducting uniform deposits from the paychecks of employees is unlawful;

(b) Whether Defendant violated the Los Angeles County Minimum Wage Ordinance by failing to pay employees the mandated hourly rate;

(c) Whether Defendant implemented and engaged in a systematic practice under which it improperly calculated employees' overtime wages;

(d) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code Airport Agents §226(a);

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(g) Whether Plaintiff and Class Members are entitled to statutory damages, restitution, and/or penalties.

29.     Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

30.     Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

31.     Furthermore, Plaintiff and Class Members are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ABM. Accordingly, Plaintiff on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

32.     Plaintiff assert claims that are typical of those of the Class Members because she were employed by ABM in California, she were subjected to ABM's uniform policies and procedures, and she were similarly injured as a result of ABM's actions.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that she has no disabling conflicts of interest that would be antagonistic to other Class Members. Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Class Members in that the infringement of her rights and the damages that she suffered are typical of all other Class Members. Additionally,

STLMT - 172          PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT          EXHIBIT D

1   Plaintiff has retained counsel who are competent and experienced in class-action
2   litigation.

3       34.   Plaintiff and Class Members have all similarly suffered irreparable harm and
4   damages as a result of Defendant's unlawful and wrongful conduct. This action will
5   provide substantial benefits to both the Class and the public because, absent this action,
6   Defendant's unlawful conduct will continue un-remedied and uncorrected.

7                    ***FIRST CLAIM FOR RELIEF***

8   *(Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, and*
9                *405 and in Violation of IWC Wage Order 9, Sec. 9(c)*
10              *(Claim by Plaintiff and the Class against Defendant ABM)*

11      35.   Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
12  herein.

13      36.   Wage Order 9 provides, in part:

14      (C) A reasonable deposit may be required as security for the return of the

15      items furnished by the employer under provisions of subsections (A) and (B)

16      of this section upon issuance of a receipt to the employee for such deposit.

17      Such deposits shall be made pursuant to Section 400 and following of the

18      Labor Code or an employer with the prior written authorization of the

19      employee may deduct from the employee's last check the cost of an item

20      furnished pursuant to (A) and (B) above in the event said item is not

21      returned. No deduction shall be made at any time for normal wear and tear.

22      All items furnished by the employer shall be returned by the employee upon

23      completion of the job.

24  Wage Order 9, ¶9(C). Defendant ABM's practice of taking uniform deductions from
25  Plaintiff's and members of the Class's paychecks violates California Labor Code § 403,
26  404, and 405. Plaintiff is informed and believes and based thereon alleges that Defendant
27  ABM commingled the earned but unpaid wages of Plaintiff and the Class with other
28  funds of ABM in violation of Labor Code § 405. ABM failed and refused to pay interest

13
STLMT - 173                                                        EXHIBIT D

1    to workers on the return of such deposits.

2        37.    Plaintiff and the Class are entitled to a declaratory judgment that Defendant
3    ABM's practices violate Labor Code §§403, 404 and 405.

4                              **SECOND CLAIM FOR RELIEF**

5                        *Failure to Provide Adequate Pay Stubs*

6                     *In Violation of California Labor Code § 226*

7        *(Claim by Plaintiff and the Wage Statement Subclass and against Defendant ABM)*

8        38.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
9    herein.

10       39.    The California Labor Code requires employers to furnish each employee
11   with an itemized statement on a semi-monthly basis or with each paycheck showing the
12   gross wages earned, net wages earned, and all applicable deductions. See Cal. Lab. Code
13   § 226(a).

14       40.    Defendant failed to timely provide Plaintiff and Wage Statement Subclass
15   Members with wage statements conforming to the requirements of section 226(a) of the
16   California Labor Code. Despite the requirements of the statute, Defendant did not
17   provide accurate information to Plaintiff and/or Wage Statement Subclass Members
18   regarding the wage rates, inclusive dates of the pay period and hours worked. It is not
19   possible for Plaintiff and/or Wage Statement Subclass Members "from the wage
20   statement alone" to ascertain information required to be provided on the itemized wage
21   statements pursuant to section 226(a). ABM's failure to provide the correct information
22   on these wage statements has caused confusion by making it impossible for Plaintiff and
23   Wage Statement Subclass Members to determine whether or not they have been paid
24   correctly.

25       41.    Plaintiff and Wage Statement Subclass Members were injured by
26   Defendant's failure to maintain and provide adequate payroll records, and they are
27   therefore entitled to seek the amounts set forth in Labor Code section 226(e), including
28   reasonable attorney's fees and costs of suit.

14

***THIRD CLAIM FOR RELIEF***

*Failure to Pay Minimum Wage, Los Angeles County Minimum Wage Ordinance, Los*

*Angeles County Code of Ordinances, Title 8, Div. 4, Chapter 8.100, § 8.100.040 et seq.*

*(Claim by all Plaintiff and Minimum Wage and Overtime Subclass against Defendant*

*ABM)*

42.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

43.     Within the four years before the filing of this Complaint, Defendant has employed Plaintiffs and the Class as Airport Agents throughout the State of California.

44.     During all relevant time periods, Los Angeles County Code of Ordinances, Title 8, Division 4, Chapter 8.100, section 8.100.040 stated in relevant part:

A.     For each hour worked within the unincorporated areas of the County an employer shall pay its Employee no less than the hourly rates set forth below:

1.     Employees with twenty-six (26) or more Employees shall pay Employees a wage of no less than the following hourly rates:

a.     On July 1, 2016, the hourly wage shall be $10.50;

b.     On July 1, 2017, the hourly wage shall be $12.00;

c.     **On July 1, 2018, the hourly wage shall be $13.25**

Los Angeles Code of Ordinances, Title 8, Div. 4, Ch. 8.100, § 8.100.040(a)(1)(c) (emphasis added).  Defendant failed to properly compensate Plaintiff and members of the Minimum Wage and Overtime Subclass as required under the Los Angeles County Minimum Wage Ordinance after July 1, 2018.  For example, although Plaintiff was supposed to receive a minimum wage rate of at least $13.25 per hour after July 1, 2018, Exhibit 1, page 2 (the wage statement dated July 20, 2018) shows that Plaintiff was paid an hourly rate of only $12.60 during the pay period July 1 through July 15, 2018. Defendant's failure to comply with the Los Angeles County Minimum Wage Ordinance was intentional misconduct as Defendant had knowledge of its obligation to pay Plaintiff

1  and members of the Minimum Wage and Overtime Subclass with the minimum wage and
2  refused to do so.

3      45.    Plaintiff and Minimum Wage and Overtime Subclass members are
4  accordingly entitled to the payment of any back wages, the payment of fines in the
5  amount of $100 to each employee whose rights were violated for each day that the
6  violation occurred or continued and reasonable attorney's fees and costs.

7                                        **FOURTH CLAIM FOR RELIEF**

8  *Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510 and 1194*
9  *(Claim by Plaintiff and Minimum Wage and Overtime Subclass against Defendant ABM)*

10      46.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
11  herein.

12      47.    California Labor Code section 510 applied to Plaintiff and Minimum Wage
13  and Overtime Subclass Members and provided that any work performed by a non-exempt
14  employee in excess of eight hours a day or in excess of forty hours a week must be
15  compensated at one-and-one-half times the employee's regular rate of pay. Work in
16  excess of twelve hours per day must be compensated at double time. Defendant did not
17  properly compensate Plaintiff or Minimum Wage and Overtime Subclass Members for all
18  hours worked in excess of eight hours in a day or in excess of forty hours a week at one-
19  and-one-half times their regular rate of pay. Defendant also failed to properly calculate
20  the overtime rate of wages owing to employees.

21      48.    Defendant's improper actions have proximately caused Plaintiff and
22  Minimum Wage and Overtime Subclass Members damages that they are entitled to
23  recover, including their unpaid overtime compensation and penalties or liquidated
24  damages arising therefrom, as well as interest thereon, costs, and attorney's fees.

25      49.    In failing to compensate Plaintiffs and the Class for overtime, Plaintiffs are
26  informed and believe and based thereon alleges that Defendant acted and continues to act
27  maliciously, oppressively, and despicably, with the wrongful intention of causing injury
28  and hardship to Minimum Wage and Overtime Subclass Members by reaping economic

1  gain at their expense, in a willful and conscious disregard of their statutory and regulatory
2  right to overtime compensation.

3      50.    Plaintiff is informed and believes and thereon alleges that Defendant knew
4  or should have known that Plaintiff and Members of the Class should have been paid a
5  premium for all overtime hours they worked and purposely and unfairly elected not to
6  properly pay them for their overtime labor, thereby subjecting Defendant to damages and
7  penalties.

8      51.    Such a pattern, practice, and uniform administration of corporate policy
9  regarding illegal employee compensation, as described herein, is unlawful, and Plaintiff
10  and Minimum Wage and Overtime Subclass Members are entitled to recover in a civil
11  action the unpaid balance of the full amount of the overtime premiums owing, including
12  interest thereon, as well as penalties, reasonable attorney's fees, and costs of suit pursuant
13  to the California Labor Code. Plaintiffs and the Minimum Wage and Overtime Subclass
14  Members request such a recovery.

### FIFTH CLAIM FOR RELIEF

*Continuing Wages, California Labor Code § 203*

*(Claim by Plaintiff and the Former Employee Subclass and against Defendant ABM)*

18      52.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
19  herein.

20      53.    Section 203 of the Labor Code states that, "[i]f an employer willfully fails to
21  pay, without abatement or reduction, in accordance with Sections 201,. . . [or] 202, . . .
22  any wages of an employee who is discharged or who quits, the wages of the employee
23  shall continue as a penalty from the due date thereof at the same rate until paid or until an
24  action therefor is commenced; but the wages shall not continue for more than 30 days."
25  Cal. Lab. Code § 203(a). By failing to pay minimum and overtime wages as alleged
26  above, as well as by unlawfully deducting deposits from the paychecks of Class
27  Members, Defendant has willfully failed to pay all wages due and owing to those Class
28  Members who are no longer employed by Defendant.

17

1    54.    Plaintiff and Former Employee Subclass Members are therefore entitled to
2  seek the amounts set forth in Labor Code section 203(e).

3                          **SIXTH CLAIM FOR RELIEF**

4                  *Failure to Provide Employment Records Upon Request*
5                          *California Labor Code §226*

6              *(Claim by Plaintiff in individual and against Defendant ABM)*

7    55.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
8  herein. Plaintiff brings this claim as an individual claim against Defendant ABM.

9    56.    Pursuant to Labor Code section 226(b), an employer shall afford current and
10  former employees the right to inspect or copy the records pertaining to that current or
11  former employee, upon reasonable request to the employer.

12    57.    Plaintiff requested that Defendant ABM permit inspection or copying of her
13  employment records pursuant to Labor Code Section 226(b). Defendant has failed to
14  provide Plaintiff with an opportunity to inspect or copy all of her employment records
15  within 21 days of her request. See Cal. Lab. Code § 226(c). On or about June 18, 2018,
16  Plaintiff sent a Labor Code section 226 request to ABM via its Registered Agent for
17  Service of Process requesting copies of her employment records. A true and correct copy
18  of Plaintiff's records request and proof of mailing is attached hereto as **Exhibit 2**. As of
19  the date of filing of this Complaint, Defendant ABM has failed to respond properly and
20  fully to Plaintiff's request.

21    58.    Pursuant to Labor Code Section 226(f) and (6), Plaintiff is entitled, and
22  hereby seeks to recover from ABM a seven-hundred-fifty dollar ($750) penalty,
23  reasonable attorneys' fees, and the costs of bringing this claim for relief.

24                        **SEVENTH CLAIM FOR RELIEF**

25                  *Failure to Provide Employment Records Upon Request*
26                        *California Labor Code §1198.5*

27              *(Claim by Plaintiff in individual and against Defendant ABM)*

28    59.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

18

1 herein. Plaintiff brings this claim as an individual claim against Defendant ABM.

2     60.    Pursuant to Labor Code section 1198.5, an employer shall afford current and

3 former employees the right to inspect or copy the records pertaining to that current or

4 former employee, upon reasonable request to the employer.

5     61.    Plaintiff requested that Defendant ABM permit inspection or copying of her

6 employment records pursuant to Labor Code Section 1198.5. Defendant has failed to

7 provide Plaintiff with an opportunity to inspect or copy all of her employment records

8 within 30 days of her request. See Cal. Lab. Code § 1198.5. On or about June 18, 2018,

9 Plaintiff sent a Labor Code section 1198.5 request to ABM via its Registered Agent for

10 Service of Process requesting copies of her employment records. A true and correct copy

11 of Plaintiff's section 1198.5 request and proof of mailing is attached hereto as **Exhibit 2**.

12 As of the date of filing of this Complaint, Defendant ABM has failed to respond properly

13 and fully to Plaintiff's request.

14     62.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby

15 seeks to recover from ABM a seven-hundred-fifty dollar ($750) penalty, reasonable

16 attorneys' fees, and the costs of bringing this claim for relief.

17 <center>**_EIGHTH CLAIM FOR RELIEF_**</center>

18 <center>_Violation of California Business and Professions Code § 17200 et seq._</center>

19 <center>_(Claim by Plaintiff and the Class and against Defendant ABM)_</center>

20     63.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

21 herein.

22     64.    California Business and Professions Code section 17200 _et seq._ prohibits

23 acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or

24 practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that ABM has engaged in

25 unfair business practices in California by the above-described failure to pay minimum

26 and overtime wages to employees, failure to maintain accurate payroll records, failure to

27 provide adequate paystubs, failure to pay final wages to quitting and/or discharged

28 employees and through its unlawful deductions from their paychecks.

<center>19</center>

65.     ABM's actions entitle Plaintiff and Class Members to seek the remedies available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from ABM, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by ABM by means of the unfair practices complained of herein. Plaintiff, on behalf of herself and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

### NINTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

*(Claim by Plaintiff and Aggrieved Employees and against Defendant ABM)*

66.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

67.     Plaintiff is an "aggrieved employee" under PAGA, as she was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violation sset forth herein. Accordingly, she seeks to recover on behalf of herself, the California Labor and Workforce Development Agency ("LWDA") and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

68.     Pursuant to section 2699.3(a)(1) of the Labor Code, on or about August 28, 2018, Plaintiff gave written notice by online filing to the LWDA of the specific provisions of the Labor Code and Los Angeles County Minimum Wage Ordinance alleged to have been violated, including the theories set forth in this Complaint. Also on that day, Plaintiff gave written notice by certified mail to Defendant of the specific provisions of the Labor Code and Los Angeles County Minimum Wage Ordinance alleged to have been violated by Defendant.

69.     Under PAGA, "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).  More than 65 calendar days have passed since the notice was sent, and Plaintiff therefore may commence a civil action pursuant to Section 2699.

70.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

71.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the Los Angeles County Minimum Wage Ordinance, IWC Wage Order 9 and the following Labor Code provisions: sections 201, 202, 203, 204, 226, 403, 404, 405, 406, 510, and 1194.

72.     Plaintiff also specifically seeks civil penalties pursuant to PAGA for violations of California Labor Code section 221.   Said section prohibits Defendant ABM from collecting any part of wages paid by the employer to the employee. Notwithstanding the requirements of Labor Code § 221, Defendant ABM deducted amounts from Plaintiff and Aggrieved Employees for the maintenance of their uniforms.  Plaintiff is informed and believes, and thereon alleges that the deductions made by Defendant ABM are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221. Plaintiffs and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That the Court certify the class and subclasses described in this Complaint.

2. With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for all improper deductions, civil penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant ABM.

3. With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiff and the Wage Statement Subclass for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant ABM .

4. With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiff and the Minimum Wage and Overtime Subclass for back wages, a fine in the amount of $100 to each employee whose rights under the Los Angeles County Minimum Wage Ordinance were violated for each day that the violation occurred or continued, civil penalties, attorney's fees and costs, all according to proof, against Defendant ABM.

5. With respect to the fourth claim for relief, that this Court enter judgment in favor of Plaintiff and the Minimum Wage and Overtime Subclass for payment of their unpaid overtime compensation, interest thereon, reasonable attorney's fees, and costs of suit, all according to proof, in accordance with sections 1194 and 1194.2 of the California Labor Code, against Defendant ABM.

6. With respect to the fifth claim for relief, that Plaintiff and the Former Employee Subclass be awarded up to thirty days continuing wages pursuant to California Labor Code section 203.

7. With respect to the sixth claim for relief, that the Court enter judgment in favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided by Labor Code section 226(b) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendant ABM.

8. With respect to the seventh claim for relief, that the Court enter judgment in favor of Plaintiff individually and that Plaintiff be awarded the statutory penalty provided by Labor Code section 1198.5(k) in the amount of $750, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5(l), against Defendant ABM.

1        9.    With respect to the eighth claim for relief, that it be adjudged that ABM's

2    violations of the California Labor Code and Los Angeles County Minimum Wage

3    Ordinance constitute violations of section 17200 *et seq.* of the California Business and

4    Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay

5    restitution to Members of the Class in the form of the compensation retained by ABM for

6    the period of time from four years prior to the filing of the original Complaint to date.

7    Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs

8    incurred in the prosecution of this claim for relief, against Defendant ABM.

9        10.    With respect to the ninth claim for relief, that the Court enter judgment in

10   favor of Plaintiff and other aggrieved former and current employees their civil penalties,

11   attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the

12   Labor Code, against Defendant ABM.

13       11.    For such further relief as the Court may order, including reasonable

14   attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the

15   California Labor Code, as well as section 1021.5 of the California Code of Civil

16   Procedure.

17   DATED:  June 3, 2019               HARRIS & RUBLE

18

19

                                     Alan Harris

20                                        Priya Mohan

21                                        *Attorneys for Plaintiff*

22                            **REQUEST FOR JURY TRIAL**

23           Plaintiff requests a trial by jury as to all claims for relief.

24   DATED: June 3, 2019               HARRIS & RUBLE

25

26                                    Alan Harris

27                                        Priya Mohan

28                                        *Attorneys for Plaintiff*

STLMT - 183    PAGA LAW ENFORCEMENT AND CLASS ACTION COMPLAINT  EXHIBIT D

# Exhibit 1

EXHIBIT D



ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| ISABEL ARTIGA | | | Company | 00305 | Begin Date | | 07/01/18 | Check # | 21200141 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | | Bus Unit | 22424203 | End Date | | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX- | | Gross Wages | 840.00 | Taxable YTD | | 17,310.61 | Net Pay | 489.29 | EIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 32.00 | 13.50 | 432.00 | 12,208.29 | Federal Income Tax | 4.00 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 33.48 | 1,073.62 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 7.83 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 145.17 |
| HOLIDAY P | 8.00 | 13.50 | 108.00 | 108.00 | CALIFORNIA SDI EE | 5.40 | 173.30 |
| HOL NOT W | | | | 343.00 | Union Dues | | 180.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 24.50 |
| SICK PAY | | | | 382.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | | | | 1,036.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 40.00 | | 540.00 | | | 50.71 | 2,626.36 |

DETACH BEFORE DEPOSITING

SECURITY ALERT. PAPER CONTAINS MULTIPLE SECURITY WATERMARKS. HOLD TO LIGHT TO VERIFY WATERMARK. SEE REVERSE FOR A LIST OF SECURITY FEATURES.

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
XXXXXXXXX HOLD TO LIGHT TO
XXXXXXXXX VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-3226/719 B.

CHECK NO.    21200141
DATE    7/13/2018
VOID AFTER 180 DAYS

Four hundred eighty nine and 29/100 Dollars

*********$489.29

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑆21200141⑆ ⑈071923284⑈ 8765917625⑈

00305     22424203     00305-   22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

EXHIBIT D

ABM Industry Groups, LLC

ISRAEL ARTIGA

| | Company: | 14141 Southwest Frwy, Suite 425 | Sugar Land, TX 77478 | Tel: 713-776-6100 | | Check # | | |
|---|---|---|---|---|---|---|---|---|

**EARNINGS**

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 40.00 | 12.60 | 604.00 | 12,793.29 |
| PPD ADJ R | | | | 606.40 |
| PPD ADJ D | | | | 392.00 |
| OVERTIME | 0.08 | 18.90 | 1.51 | 471.91 |
| HOLIDAY P | 8.00 | 12.60 | 100.80 | 226.88 |
| HOL NOT W | | | | 343.00 |
| MEAL BR P | | | | 12.25 |
| SICK PAY | | | | 380.00 |
| VAC AGO | | | | 1,039.37 |
| VAC ACC-S | | | | 1,470.00 |
| Total | 48.08 | | 606.31 | |

**DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 10.83 | 1,008.00 |
| Federal FICA Withheld | 32.59 | 1,111.41 |
| Federal Medicare Withheld | 8.00 | 299.80 |
| CALIFORNIA WH | | 168.17 |
| CALIFORNIA SDI EE | 6.06 | 179.24 |
| Union Dues | 39.00 | 333.00 |
| DUES ARREARS | 12.25 | 36.15 |
| EMP DEF $ | | 240.00 |
| | 108.33 | 2,761.59 |

DETACH BEFORE DEPOSITING

DEPOSITED FOR:

ISRAEL ARTIGA

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-6100

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

EXHIBIT D

# Exhibit 2

June 16, 2018

Re: Request for Cal. Lab. Code §§ 226, 432 and 1198.5 Records for Isabel Artiga

To Whom it May Concern:

Pursuant to sections 226, 432 and 1198.5 of the California Labor Code and other applicable regulations, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to me "the records pertaining to" my employment including the following: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked;" (8) Any documents I signed during my employment; (9) Any employee reviews of disciplinary write-ups and any employee handbook(s) as well as any other documents you maintain regarding my performance or any grievance concerning my employment, and a copy of all instruments I signed relating to the obtaining or holding of my employment with you. Please provide the documents directly to my representative at:

Alan Harris
Harris & Ruble
655 North Central Avenue, 17th Floor
Glendale CA 91203
harrisa@harrisandruble.com

Very truly yours,

Isabel Artiga

13

EXHIBIT D



Alan Harris
HARRIS & RUBLE
655 North Central Avenue, 17th Floor
Glendale CA 91203

ABM Industry Groups, LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles CA 90017-3476

EXHIBIT D

# Exhibit E

# HARRIS & RUBLE
## ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

655 NORTH CENTRAL AVE 17th FL
GLENDALE CA 91203
TELEPHONE: 323.982.3777
FAX: 323.982.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

———

PRIYA MOHAN
DAVID GARRETT
MIN JI GAL
LIN ZHAN

*RETIRED

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.982.3004

*SUBMITTED ONLINE*

August 28, 2018

California Labor & Workforce Development Agency

Re:   *Artiga v. ABM Industry Groups, LLC.,*

To whom it may concern:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, I. Artiga, ("Plaintiff"), hereby alleges with respect to her employment with ABM Industry Groups, LLC, ("Defendant"), that Defendant violated provisions of the California Labor Code. The facts and circumstances concerning the alleged violations are outlined in the enclosed draft Complaint.

Please advise whether you will proceed with an investigation of this matter or whether Plaintiff may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

Alan Harris
Enclosures

Cc: (Via Certified Mail) ABM Industry Groups, LLC, 14141 Southwest Frwy, Suite 477, Sugar Land, TX 77478, ABM Industry Groups, LLC, Eric J. Wersching, Ross Wersch & Wolcott LLP, 3151 Airway Avenue, Building S, Costa Mesa, California 92626

# Exhibit F

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTSRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ISABEL ARTIGA, GABRIEL RODRIGUEZ and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,

      Plaintiffs,

  v.

ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,

      Defendants.

Case No. 2:19-cv-06735-GW-RAO
*Assigned to Hon. George H. Wu*

**FIRST AMENDED COMPLAINT**
[*PAGA Law Enforcement, Class Action and Collective Action Complaint*]

1.  Failure to Make Security Deposits Cal. Lab. Code §§ 403, 404, 405, 406 and IWC Wage Order, Sec.9(c)

2.  Failure to Provide Adequate Pay Stubs Labor Code § 226(a)

3.  Failure to Pay Minimum Wage, Cal. Lab. Code § 1194; IWC Wage Order

4.  Failure to Pay Minimum Wage, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5.  Continuing Wages, Cal. Lab. Code § 203

6.  Failure to Provide Proper Meal Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order

7.  Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order

8.  Failure to Provide Proper Sick Leave Policy, in Violation of Cal. Lab. Code §§ 233, 234

9.  Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

10. Civil Penalties, Pursuant to Cal. Lab. Code § 2698 *et seq.*

**DEMAND FOR JURY TRIAL**

Isabel Artiga, ("Artiga"), Gabriel Rodriguez ("Rodriguez"), Jessica Sheehan ("Sheehan") (collectively "Plaintiffs"), on behalf of themselves as individuals and in their representative capacities, and on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.,* allege as follows:

### *JURISDICTION AND VENUE*

1.      This is a PAGA law enforcement action, class action and Fair Labor Standards Act collective action, seeking unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof, against Defendant ABM Industry Groups, LLC ("ABM").  This action alleges that ABM, *inter alia*, (1) collected unlawful deductions from employees; (2) failed to provide wage statements that supplied all of the information required by Labor Code § 226(a); (3) failed to pay Plaintiffs and Aggrieved Employees minimum and overtime wages; (4) failed to timely pay Plaintiffs all wages due; (5) failed to provide proper meal and rest breaks to Plaintiffs Rodriguez, a Supervisor, and Sheehan, a Lead, and other Aggrieved Employees who worked as a Supervisor and/or a Lead;  (6) failed to provide a proper sick leave policy for employees; and (7) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of aggrieved employees and the general public.  On August 28, 2018, Plaintiff Artiga provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this complaint.  On October 11, 2019, Plaintiffs Rodriguez and Sheehan provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of

STLMT - 194                                                EXHIBIT F

the PAGA claims set forth in this First Amended Complaint.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs also bring this case individually and as a class action on behalf of similarly situated individuals who have been employed by ABM as hourly, non-exempt workers in California (collectively referred to as "Aggrieved Employees") since four years prior to the filing of this action.  Plaintiffs also bring this action pursuant to PAGA, which does not require class certification, on a representative basis on behalf of the Labor & Workforce Development Agency of the State of California (the "LWDA"). The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, and for sick pay and record keeping violations, wage statement violations, continuing wages, and unfair competition, among other claims.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs Rodriguez and Sheehan also bring this case individually and as a collective action on behalf of similarly situated individuals who have been employed by Defendants in California.

3.      Venue as to Defendant is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

4.      This action was filed in the Superior Court of the State of California for the County of Los Angeles.  Thereafter, on August 2, 2019, Defendant removed this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## *PARTIES AND SUBSTANTIVE ALLEGATIONS*

5.      Plaintiff Artiga is an individual who during the time periods relevant to

STLMT - 195                                                                                    EXHIBIT F

this Complaint, was and is a resident of the County of Los Angeles, State of California. Plaintiff Rodriguez is an individual who during the time periods relevant to this Complaint, was a resident of the Counties of Riverside and Los Angeles, State of California. Rodriguez worked for Defendant ABM in the County of Los Angeles and the County of Riverside, State of California, working for Defendant as a Supervisor. Plaintiff Sheehan is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Riverside, State of California, working for Defendant as a Lead. Sheehan was employed by Defendant ABM in the County of Riverside, State of California during the relevant period. Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

6.    Plaintiffs are informed and believe, and based thereon allege, that Defendant ABM Industry Groups, LLC ("ABM") is a company that conducts significant amounts of business within Los Angeles County. ABM touts itself as a leading provider of integrated facility solutions. Among the services it provides, ABM offers parking valet and transportation and janitorial contractor services to clients across the United States, including throughout California. ABM is a Delaware Limited Liability Company with its headquarters in Sugar Land, Texas. ABM is authorized to do and does business in California. Plaintiffs are informed and believe, and based thereon allege that ABM is a temporary services employer as defined by Cal. Lab. Code § 201.3, which statute provides, in part:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

STLMT - 196                                                                EXHIBIT F

(B) Determines assignments or reassignments of workers, even if workers

retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or

customer when the worker is determined unacceptable by a specific client or

customer.

(D) Assigns or reassigns workers to perform services for clients or

customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

Cal. Lab. Code § 201.3(a)(1)(A)-(G).  As a temporary services employer, Defendant

contracts with clients or customers to supply workers to perform services.

7.      Defendant and/or its affiliates have been repeatedly charged with PAGA

violations, commencing soon after the statute became effective. E.g., Augustus v.

American Commercial Security Services, Inc. (L.A.Super.Ct., 2006, No. BC347914)(settled

for up to $2,500,000, including civil penalties of $730,000).  Accordingly, it is appropriate

to draw an inference that Defendant's conduct as described herein is intentional, resulting

in part from a continuing practice of devoting insufficient resources to the payroll

accounting and related human resources and compliance functions.

8.      The true names and/or capacities, whether individual, corporate, associate

or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiffs at this time,

who therefore sue said defendants by such fictitious names.  When the true names and

capacities of said defendants have been ascertained, Plaintiffs will amend this complaint

accordingly.  Plaintiffs are informed and believe and thereupon alleges that each

defendant designated herein as a Doe is responsible, negligently, intentionally,

contractually, or in some other actionable manner, for the events and happenings

hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs

as is hereinafter alleged, either through said defendants' own wrongful conduct or through

1    the conduct of their agents, servants, employees, representatives, officers or attorneys, or

2    in some other manner.

3                              **GENERAL ALLEGATIONS**

4          9.    Beginning on or about January 20, 2012 until in or about July, 2018,

5    Plaintiff Artiga was employed by ABM as a parking attendant in various locations in Los

6    Angeles County.  Attached hereto as Exhibit 1 are true and correct copies of some of

7    Artiga's pay stubs. Beginning in or about August, 2018 until August, 2019, Plaintiff

8    Rodriguez was employed by ABM in a janitorial position in Riverside and thereafter Los

9    Angeles County, as a Supervisor.  Attached hereto as Exhibit 2 are true and correct

10   copies of some of Rodriguez's pay stubs.  Beginning in or about December, 2017 until

11   October, 2019, Plaintiff Sheehan was employed by ABM as a Lead in janitorial position

12   in Riverside County.  Attached hereto as Exhibit 3 are true and correct copies of some of

13   Sheehan's pay stubs.

14         10.   Plaintiffs contend that Defendant failed to provide them and other Aggrieved

15   Employees with adequate pay stubs.  In this regard, section 226 of the California Labor

16   Code provides:

17               (a)    Every employer shall, semimonthly or at the time of each

18         payment of wages, furnish each of his or her employees, either as a

19         detachable part of the check, draft, or voucher paying the employee's wages,

20         or separately when wages are paid by personal check or cash, an itemized

21         statement in writing showing (1) gross wages earned, (2) total hours worked

22         by the employee, except for any employee whose compensation is solely

23         based on a salary and who is exempt from payment of overtime under

24         subdivision (a) of Section 515 or any applicable order of the Industrial

25         Welfare Commission, (3) the number of piece-rate units earned and any

26         applicable piece rate if the employee is paid on a piece-rate basis, (4) all

27         deductions, provided, that all deductions made on written orders of the

28         employee may be aggregated and shown as one item, (5) net wages earned,

STLMT - 198                                                    EXHIBIT F

(6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . .  if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

11.    On information and belief, Plaintiffs contend that Defendant failed to provide Plaintiffs and Aggrieved Employees with the data required by section 226 of the California Labor Code.  Exhibits 1 through 3 are true and correct copies of certain of Plaintiffs' wage statements.  On occasion, for example with respect to Plaintiff Rodriguez, during the period April 1, 2019 to April 15, 2019, Defendant would make retroactive adjustments resulting in wage statements that failed to state all applicable hourly rates and were therefore confusing.  See Exhibit 2.  ABM's failure to provide the

correct information on wage statements has caused confusion by making it impossible for Plaintiffs to determine whether or not they have been paid correctly. Further, although ABM is a temporary service provider, Exhibits 1, 2, and 3 show that ABM's wage statements fail to provide the rate of pay and total hours worked for each temporary services assignment. For example, Exhibit 2 consists of certain wage statements provided to Plaintiff Rodriguez. During the pay period beginning July 1, 2019 through July 15, 2019, Rodriguez performed janitorial work for ABM's client Claremont McKenna College in Los Angeles County. During the pay period beginning June 16, 2019 through June 30, 2019, Rodriguez performed work for ABM's client Amazon's facility located in Moreno Valley, California. The wage statements provided to Rodriguez (Exhibit 2) provide no information regarding the temporary services assignment for which Rodriguez was being paid. Likewise, the wage statements attached as Exhibits 1 and 3 show that ABM did not provide any information regarding temporary services assignments to Plaintiffs Artiga and Sheehan. As a result, for example, it was not possible from the wage statement alone to determine whether the worker was paid an hourly rate which comported with the requirements of various municipal ordinances. In addition to subjecting ABM to the damages specified in section 226(e), ABM's failure to provide such information to Plaintiffs and aggrieved employees subjects it to civil penalties. See Cal. Lab. Code §§ 226.3, 2698 *et seq.*

      12.    On information and belief, Plaintiffs contend that Defendant failed to provide Plaintiffs and Aggrieved Employees with payment of the required minimum wage. For instance, Plaintiffs Rodriguez and Sheehan were required to attend new-hire training sessions for which they have never received any compensation. Rodriguez and Sheehan, as well as other Aggrieved Employees were required to attend new-hire training sessions, without pay. At these unpaid sessions, held for the benefit of ABM, the new employees were required, *inter alia*, to review the rules set forth in the Employee Handbook, review employer policies dealing with all manner of matters that the employers had to communicate to the new employees, payroll procedures, safety

procedures and more.  Rodriguez, Sheehan and Aggrieved Employees performed this work without any compensation at all by Defendant.

13.    At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
> earned by any person in any employment are due and payable twice during
> each calendar month, on days designated in advance by the employer as the
> regular paydays. Labor performed between the 1st and 15th days, inclusive,
> of any calendar month shall be paid for between the 16th and the 26th day of
> the month during which the labor was performed, and labor performed
> between the 16th and the last day, inclusive, of any calendar month, shall be
> paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

14.    Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage and overtime for hours worked over forty in a workweek.  See 29 U.S.C. §§ 206 and 207.

15.    Plaintiffs Rodriguez, Sheehan and Aggrieved Employees were prevented from taking proper meal and/or rest breaks as required by law, when assigned as a Supervisor or Lead being required to keep in constant communication with other coworkers via a phone or radio device.  In addition, from time to time Rodriguez, Sheehan and other Aggrieved Employees were subjected to tardy, truncated or altogether missed meal breaks, and not provided a second meal break when working in excess of ten hours in a shift.

16.    At all times relevant hereto, section 226.7 of the California Labor Code provided:

> (a) No employer shall require any employee to work during any meal or rest
> period mandated by an applicable order of the Industrial Welfare

FIRST AMENDED COMPLAINT

EXHIBIT F

Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

17.     Here, Plaintiffs Rodriguez and Sheehan and Aggrieved Employees were not provided proper thirty-minute meal breaks when working less than ten-hour workdays.  Plaintiffs Rodriguez and Sheehan and other Aggrieved Employees were not provided a second meal break when working more than ten hours in a workday.

18.     ABM violated sections 226.7 and 512 of the California Labor Code and the relevant IWC Wage Order by failing to provide proper meal or rest periods. Accordingly, Plaintiffs and Class Members are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided proper meal or rest periods. See Cal. Lab. Code § 226.7(b).

19.     Compensation for missed meal periods or rest breaks constitutes wages within the meaning of section 200 *et seq*. of the California Labor Code.

20.     To date, Defendant has failed to compensate Plaintiffs and Aggrieved Employees for all of their earned wages in accordance with the California Labor Code, relevant IWC Wage Order, and/or the FLSA.

21.     Plaintiff Artiga also contends that Defendant failed to put certain monies in segregated, interest bearing accounts and accordingly unlawfully deducted uniform deposits from her paycheck and the paychecks of other Aggrieved Employees, all in violation of California Labor Code section 221 and otherwise as hereinafter described.  In addition to subjecting ABM to damages, ABM's unlawful deductions subject it to civil penalties.  See Cal. Lab. Code § 225.5.

FIRST AMENDED COMPLAINT

EXHIBIT F

22.    Defendant is liable to Plaintiffs and former employees for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee. . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202. . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Id. § 203(a).  In addition to subjecting Defendant to damages or penalties, Defendant's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.  Defendant did not pay all wages due and owing to Plaintiffs within the statutorily required time period.

23.    Further, Defendant's sick pay policy violates sections 233 and 234 of the Labor Code. Section 233 of the California Labor Code states:

a) Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5. This section does not extend the maximum period of leave to which an employee is entitled under Section 12945.2 of the Government Code or under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Sec.

2601 et seq.), regardless of whether the employee receives sick leave compensation during that leave.

. . .

 (c) An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5.

(d) Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief.

Cal. Lab. Code § 233. Section 234 of the Labor Code states:

An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233.

Cal. Lab. Code § 234. Defendant's sick leave policy, which *inter alia* does not include leave for care of grandchildren or grandparents, as referenced in Code section 245.5, is in violation of sections 233 and 234 of the Labor Code, a violation which gives rise to PAGA civil penalties.

24.     Plaintiffs and Aggrieved Employees were injured by such actions and are therefore entitled to seek the amounts as set forth in Labor Code section 226 subsections (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the California Labor Code in part provides:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages

or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

25.    Reserved.

26.    At all times relevant hereto, sections 510, 1194, and 1198 of the California Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

27.    At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard

FIRST AMENDED COMPLAINT

EXHIBIT F

conditions of labor for employees.  The employment of any employee for

longer hours than those fixed by the order or under conditions of labor

prohibited by the order is unlawful.

Cal. Lab. Code § 1198.  Section 1198 refers to "conditions of labor prohibited by the

order [of the IWC]" and therefore incorporates by reference IWC Wage Order

Number 16.  To date, Plaintiffs Rodriguez and Sheehan have not been paid for all of the

hours they worked for Defendant.  By failing to pay Plaintiffs Rodriguez and Sheehan for

all of their hours of work, Defendant violated section 1198 by employing Plaintiffs

Rodriguez and Sheehan "under conditions of labor prohibited by the order."  Cal. Lab.

Code § 1198.

28.    At all relevant times mentioned herein, section 510 of the California Labor

Code provided, in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight

hours in one workday and any work in excess of 40 hours in any one

workweek and the first eight hours worked on the seventh day of work in

any one workweek shall be compensated at the rate of no less than one-and-

one-half times the regular rate of pay for an employee.  Any work in excess

of 12 hours in one day shall be compensated at the rate of no less than twice

the regular rate of pay for an employee.  In addition, any work in excess of

eight hours on any seventh day of a workweek shall be compensated at the

rate of no less than twice the regular rate of pay of an employee.  Nothing in

this section requires an employer to combine more than one rate of overtime

compensation in order to calculate the amount to be paid to an employee for

any hour of overtime work.  The requirements of this section do not apply to

the payment of overtime compensation to an employee working pursuant to

any of the following:  (1) An alternative workweek schedule adopted

pursuant to Section 511.  (2) An alternative workweek schedule adopted

pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510(a).

29.     At all relevant times mentioned herein, section 1194 of the California Labor Code provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Id. § 1194(a).

30.     With regard to the employment of Plaintiffs Rodriguez and Sheehan as described above, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted.

31.     Reserved.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout California.  Plaintiffs are informed and believe, and based thereon allege, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Plaintiffs and Defendant's Aggrieved Employees in California have been subject to uniform policies with respect to the violations alleged herein and cause Aggrieved Employees to be similarly situated regardless of location and position.

33.     Plaintiffs are further informed and believe that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of

Defendant, as alleged herein above and below, Plaintiffs and Class Members have suffered and continue to suffer damages.

34.    Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or

FIRST AMENDED COMPLAINT
EXHIBIT F

concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

35.     At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

36.     At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

37.     At all times relevant herein, section 558 of the California Labor Code provided, in relevant part:

FIRST AMENDED COMPLAINT
EXHIBIT F

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

. . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

Cal. Lab. Code § 558.

38.     At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1)     For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2)     For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay

period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

39. The Wage Order also provides for civil penalties with respect to violations of the Wage Order.

40. ***Unfair Competition.*** Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, timely payment of final wages, and minimum wage and overtime laws. Defendant's unlawful practices constitute unfair competition. Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

## *CLASS-ACTION ALLEGATIONS*

41. Plaintiff brings the first through third, fifth through seventh, and tenth through thirteenth causes of action below on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent all individuals who, at any time since four years prior to the filing of this action to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker. (Such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period").

42.   Defendant, as to Plaintiffs Rodriguez, Sheehan and to each member of the Orientation Subclass, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to the relevant minimum wage and overtime requirements. Accordingly, Plaintiffs Rodriguez and Sheehan and Subclass Member is entitled to payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid overtime, and interest.

43.   Defendant, as to Plaintiffs and each Wage Statement Subclass Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff and each Wage Statement Subclass Member to either actual damages or statutory liquidated damages, whichever is greater. As a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9). The failure to provide Plaintiffs and each Wage Statement Subclass Member with the required data, caused Plaintiffs and each Subclass Member injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wage statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)." Cal. Lab. Code §226(e)(2)(B).

44.   Defendant's failure to provide proper meal periods or rest breaks as required by sections 226.7 and 512 of the California Labor Code and the applicable Wage Order

entitles Plaintiffs Rodriguez, Sheehan and Class Members to payment of an additional hour of pay at the employee's regular rate of compensation for each work day that a proper meal period was not provided, as well as liquidated statutory damages.

45. Defendant failed to provide a compliant sick leave policy pursuant to the California Labor Code, the policy, inter alia, excluding grandparents and grandchildren from the status of family members. This entitles Plaintiffs and Class Members to damages, including interest thereon, and they request such relief as well as civil penalties.

46. Defendant's failure to make payments within the time provided by sections 201, 201.3, or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and, accordingly, Plaintiffs and each Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages for which provision is made by section 203 of the California Labor Code.

47. The Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable, however not so large as to make the class unmanageable. Further, the disposition of the claims of the Class and Subclasses in a class action will provide substantial benefits to both the parties and the Court.

48. Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

49. The provisions of the California Labor Code upon which Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

50.     The nature of this action and the laws available to Plaintiffs and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

51.     Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

52.     Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

53.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendant's practice of deducting uniform deposits from the paychecks of employees and failing to hold those funds in a segregated, interest bearing account is unlawful;

(b) Whether Defendant failed to pay minimum wage under California Labor Code § 1194(a);

(c) Whether Defendant utilized and enforced a sick leave policy that violated Labor Code sections 233 and 234;

(d) Whether Defendant implemented and engaged in a systematic practice under

which it improperly calculated employees' overtime wages;

(e) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code § 226(a);

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant failed to provide Lead and Supervisors who were required to have radios operating at all times with proper meal periods and rest breaks;

(g) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(h) Whether Plaintiffs and Class Members are entitled to statutory damages, restitution, and/or penalties.

54.    Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

55.    Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiffs and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

56.    Furthermore, Plaintiffs and Class Members are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ABM. Accordingly, Plaintiffs on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

57.    Plaintiffs assert claims that are typical of those of the Class Members because they were employed by ABM in California, they were subjected to ABM's uniform policies and procedures, and they were similarly injured as a result of ABM's actions.

FIRST AMENDED COMPLAINT

STLMT - 215                                                    EXHIBIT F

58.     Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in that they have no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiffs seek relief that is not antagonistic or adverse to the Class Members in that the infringement of their rights and the damages that they suffered are typical of all other Class Members.  Additionally, Plaintiffs have retained counsel who are competent and experienced in class-action litigation.

59.     Plaintiffs and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, Defendant's unlawful conduct will continue un-remedied and uncorrected.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

60.     In this collective action, Plaintiffs Rodriguez and Sheehan seek to represent all individuals employed by Defendant who, at any time during the three years preceding the filing of this Complaint, up to the time of the filing of a motion for certification of a collective action, who participated in an ABM new-hire training session[s] in California (the "Collective Action Members").  Attached hereto as **Exhibit 4** are true and correct copies of the FLSA consent forms for Plaintiffs Artiga, Rodriguez and Sheehan.

61.     Plaintiffs Rodriguez and Sheehan are similarly situated with the Collective Action Members in that: (a) Plaintiffs Rodriguez and Sheehan and the Collective Action Members were employed by Defendant; (b) Plaintiffs Rodriguez and Sheehan and the Collective Action Members were not paid their minimum wages for all hours worked; (c) Defendant knowingly and willfully violated provisions of the FLSA by not paying Plaintiffs Rodriguez and Sheehan and the Collective Action Members their wages; (d) As a result of the practice of Defendant of withholding compensation for all hours worked, Plaintiffs Rodriguez and Sheehan and the Collective Action Members have been similarly damaged in that they have not received timely payment in full of their earned wages.

62.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA.  All individuals employed by Defendants who, at any time since three years prior to the filing of this Complaint participated in an ABM New-Hire Training Session in California should be given notice and be allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

### *FIRST CLAIM FOR RELIEF*

*(Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, and 405 and in Violation of IWC Wage Order, Sec. 9(c)*

*(Claim by Plaintiff Artiga and the Class against Defendant ABM)*

63.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

64.     The Wage Order provides, in part:

(C) A reasonable deposit may be required as security for the return of the items furnished by the employer under provisions of subsections (A) and (B) of this section upon issuance of a receipt to the employee for such deposit. Such deposits shall be made pursuant to Section 400 and following of the Labor Code or an employer with the prior written authorization of the employee may deduct from the employee's last check the cost of an item furnished pursuant to (A) and (B) above in the event said item is not returned. No deduction shall be made at any time for normal wear and tear. All items furnished by the employer shall be returned by the employee upon completion of the job.

Wage Order, ¶9(C).  Defendant ABM's practice of taking uniform deductions from Plaintiffs and members of the Class's paychecks violates California Labor Code § 403, 404, and 405.  Plaintiffs are informed and believe and based thereon allege that Defendant ABM commingled the earned but unpaid wages of Plaintiffs and the Class with other funds of ABM in violation of Labor Code § 405.  ABM failed and refused to

pay interest to workers on the return of such deposits.

65.     Plaintiff Artiga and the Class are entitled to a declaratory judgment that Defendant ABM's practices violate Labor Code §§ 403, 404 and 405 and any associated penalties.

### SECOND CLAIM FOR RELIEF

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

*(Claim by Plaintiffs and the Wage Statement Subclass and against Defendant ABM)*

66.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

67.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).

68.     Defendant failed to timely provide Plaintiffs and Wage Statement Subclass Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  Despite the requirements of the statute, Defendant did not provide accurate information to Plaintiffs and/or Wage Statement Subclass Members regarding the wage rates, inclusive dates of the pay period and hours worked.  It is not possible for Plaintiffs and/or Wage Statement Subclass Members "from the wage statement alone" to ascertain information required to be provided on the itemized wage statements pursuant to section 226(a).  ABM's failure to provide the correct information on these wage statements has caused confusion by making it impossible for Plaintiffs and Wage Statement Subclass Members to determine whether or not they have been paid correctly.  In addition, although ABM was a temporary services employer during the time period relevant to this complaint, ABM failed to comply with the requirements of Cal. Lab. Code § 226(a)(9) and provide "the rate of pay and the total hours worked for each temporary services assignment."  Cal. Lab. Code § 226(a)(9).

69.     Plaintiffs and Wage Statement Subclass Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

### THIRD CLAIM FOR RELIEF

*Failure to Pay Minimum Wage, Cal. Lab. Code § 1194 (Claim by all Plaintiffs Rodriguez and Sheehan and the Training Subclass against Defendant ABM)*

70.     Plaintiffs Rodriguez and Sheehan repeat and re-allege the preceding paragraphs as if fully set forth herein.

71.     Within the four years before the filing of this action, Defendant employed Plaintiffs Rodriguez and Sheehan and members of the Training Subclass.

72.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

73.     Defendant, by failing to pay Plaintiffs Rodriguez and Sheehan  and Subclass Members, at least the minimum wage and/or overtime compensation for all of their hours worked, as required by and in violation of sections 510, 1194 and 1197 of the California Labor Code.

74.     Reserved.

75.     Reserved.

76.     Plaintiffs and Subclass members are accordingly entitled to the payment of any back wages, liquidated damages, and the payment of liquidated damages, penalties and civil penalties to each employee whose rights were violated for each day that the violation occurred or continued and reasonable attorney's fees and costs.

27

FIRST AMENDED COMPLAINT

## FOURTH CLAIM FOR RELIEF

*Failure to Pay Minimum Wage,*

*Fair Labor Standards Act, 29 U.S.C. § 216(b))*

*(On Behalf of Plaintiffs Rodriguez and Sheehan and Collective Action Members*

*Against Defendant)*

77.     Plaintiffs Rodriguez and Sheehan replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

78.     Defendant intentionally and improperly failed to pay Plaintiffs Rodriguez and Sheehan and Collective Action Members minimum wage compensation to which they are entitled.    The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

79.     During their employment with Defendant, Plaintiffs Rodriguez and Sheehan and Collective Action Members were not paid for all of their time worked.

80.     Accordingly, Plaintiffs and Collective Action Members request payment of minimum wage according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF

*Continuing Wages, California Labor Code § 203*

*(Claim by Plaintiffs and the Former Employee Subclass and against Defendant ABM)*

81.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

STLMT - 220                    EXHIBIT F

82.   Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201,. . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  By failing to pay minimum and overtime wages and vacation wages as alleged above, as well as by unlawfully deducting deposits from the paychecks of Class Members and failing to pay wages for missed meal breaks and/or rest periods, Defendant has willfully failed to pay all wages due and owing to those Class Members who are no longer employed by Defendant.

83.   Plaintiffs and Former Employee Subclass Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

### SIXTH CLAIM FOR RELIEF

*Failure to Provide Meal Periods, California Labor Code sections 226.7 and 512 and IWC Wage Order*

*(Claim by Plaintiffs Rodriguez and Sheehan and the Class and against Defendant ABM)*

84.   Plaintiffs Rodriguez and Sheehan replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

85.   At all times herein relevant, sections 226.7 and 512 of the California Labor Code provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than five hours and a second thirty-minute meal period if an employee works for a period more than ten hours in a workday.  Plaintiffs Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and the Meal Break Class of Supervisors and Leads consistently worked more than 4 hour shifts. However, they were required to keep their radios or walkie talkies on their persons, turned on and audible at all times, including during their meal breaks.

86.   Because Defendant failed to properly provide the proper meal periods, it is liable to Plaintiffs Rodriguez and Sheehan and the Class for one hour of

STLMT - 221                                                      EXHIBIT F

additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7. Plaintiffs Rodriguez and Sheehan also request relief as described below.

### SEVENTH CAUSE OF ACTION

*Failure to Provide A Proper Rest Break Policy in Violation of California Labor Code § 226.7 and Wage Order.*

*(Claim by Plaintiff Rodriguez and Sheehan and the Class and against Defendant ABM)*

87. Plaintiffs Rodriguez and Sheehan reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

88. Labor Code Section 226.7 and the relevant Wage Orders require an employer to pay an additional hour of compensation for each rest period the employer fails to provide a compliant rest period. Employees are entitled to a rest period of ten minutes for every four hours worked or major fraction thereof.

89. Plaintiff Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and the Rest Break Class of Supervisors and Leads consistently worked more than 4 hour shifts. However, they were required to keep their radios or walkie talkies on their persons, turned on and audible at all times, including during their rest breaks.

90. Pursuant to Labor Code section 226.7 and Wage Order 4, 9, or 11, Plaintiff and the Rest Break Class are entitled to damages in an amount equal to one hour of wages per missed rest period, in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

*Failure to Provide A Proper Sick Leave Policy in Violation of California Labor Code § 233, 234.*

*(Claim by Plaintiffs and the Class and against Defendant ABM)*

91. Plaintiffs repeat and reallege all paragraphs in this Complaint as if fully set forth herein.

92. At all times relevant to this Complaint, Labor Code §§ 233, 234 were in full force and effect and binding on Defendant. Under California law, for purposes of

STLMT - 222

EXHIBIT F

compliance with sections 233 and 234 of the Code, a "family member" includes both a grandparent and a grandchild.  Code § 245.5 (c)(5) and (6). Under ABM's sick leave policies, neither a grandparent nor a grandchild is deemed a covered "family member." Maintaining such an illegal policy is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233." Cal. Labor Code § 234.

93.     Plaintiffs are informed and believe, and thereon allege that the sick leave policy of Defendant is unlawful under of the California Labor Code. Plaintiffs and the Class Members are therefore entitled to the recovery of "actual damages or one day's pay, whichever is greater, and to appropriate equitable relief."  Cal. Lab. Code § 233, as well as an award of reasonable attorneys' fees.

### NINTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

*(Claim by Plaintiffs and the Class and against Defendant ABM)*

94.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

95.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Plaintiffs allege that ABM has engaged in unfair business practices in California by the above-described failure to pay minimum and overtime wages to employees, failure to maintain accurate payroll records, failure to provide adequate paystubs, failure to pay final wages and vacation wages to quitting and/or discharged employees and through its unlawful deductions from employee paychecks and failure to keep those funds in a segregated, interest-bearing account, failure to provide proper meal periods, and failure to provide a lawful sick pay policy.

96.     ABM's actions entitle Plaintiffs and Class Members to seek the remedies available pursuant to section 17200 *et seq.*  Plaintiffs seek full restitution of said amounts from ABM, as necessary and according to proof, to restore any and all amounts—

STLMT - 223                                                    EXHIBIT F

1  including interest—withheld, acquired, or converted by ABM by means of the unfair

2  practices complained of herein.  Plaintiffs, on behalf of themselves and other similarly

3  situated employees, as well as on behalf of the general public, further seek attorney's fees

4  and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the

5  California Code of Civil Procedure.  In addition, Plaintiffs seek the appointment of a

6  receiver as necessary.

### TENTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

*(Claim by Plaintiffs and Aggrieved Employees and against Defendant ABM)*

10  97.    Plaintiffs repeats and re-alleges the preceding paragraphs as if fully set forth

11  herein.

12  98.    Plaintiffs are "aggrieved employees" under PAGA, as they were employed

13  by Defendant during the applicable statutory period and suffered one or more of the

14  Labor Code Violation set forth herein.  Accordingly, they seek to recover on behalf of

15  themselves, the California Labor and Workforce Development Agency ("LWDA") and

16  all other current and former Aggrieved Employees of Defendant, the civil penalties for

17  which provision is made by PAGA, as well as reasonable attorney's fees and costs.

18  99.    Pursuant to section 2699.3(a)(1) of the Labor Code, on or about August 28,

19  2018, Plaintiff Artiga gave written notice by online filing to the LWDA of the specific

20  provisions of the Labor Code and Los Angeles Minimum Wage Ordinance alleged to

21  have been violated, including the theories set forth in this Complaint.  Also on that day,

22  Plaintiff Artiga gave written notice by certified mail to Defendant of the specific

23  provisions of the Labor Code and Minimum Wage Ordinances alleged to have been

24  violated by Defendant.  Pursuant to section 2699.3(a)(1) of the Labor Code, on or about

25  October 12, 2019, Plaintiffs Rodriguez and Sheehan gave written notice by online filing

26  to the LWDA of the specific provisions of the Labor Code and Minimum Wage

27  Ordinances alleged to have been violated, including the theories set forth in this

28  Complaint.  Also on that day, Plaintiffs Rodriguez and Sheehan gave written notice by

1  certified mail to Defendant of the specific provisions of the Labor Code and Minimum

2  Wage Ordinances alleged to have been violated by Defendant.

3      100.   Under PAGA, "[t]he agency shall notify the employer and the aggrieved

4  employee or representative by certified mail that it does not intend to investigate the

5  alleged violation within 60 calendar days of the postmark date of the notice received

6  pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within

7  65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the

8  aggrieved employee may commence a civil action pursuant to Section 2699."  Cal. Lab.

9  Code § 2699.3(a)(2)(A).  More than 65 calendar days have passed since PAGA notice

10  was sent by Plaintiff Artiga, and Plaintiff Artiga therefore may commence a civil action

11  pursuant to Section 2699.  After 65 days have passed from the date of their October 12,

12  2019 PAGA Notice, Saravia will also be permitted to pursue his claim pursuant to

13  PAGA.

14      101.   Plaintiffs seek to recover the PAGA civil penalties through a representative

15  action permitted by PAGA and the California Supreme Court in Arias v. Superior Court,

16  46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

17      102.   Plaintiffs seek civil penalties pursuant to PAGA for violations of the City of

18  Los Angeles Minimum Wage Ordinance, County of Los Angeles Minimum Wage

19  Ordinance, the IWC Wage Order and the following Labor Code provisions: sections 201,

20  202, 203, 204, 226, 226.7, 227.3 233, 234, 403, 404, 405, 406, 510, 512, and 1194.

21      103.   Plaintiffs also specifically seeks civil penalties pursuant to PAGA for

22  violations of California Labor Code section 221.   Said section prohibits Defendant ABM

23  from collecting any part of wages paid by the employer to the employee. Notwithstanding

24  the requirements of Labor Code § 221, Defendant ABM deducted amounts from

25  Plaintiffs and Aggrieved Employees for the maintenance of their uniforms.  Plaintiffs are

26  informed and believe, and thereon allege that the deductions made by Defendant ABM

27  are an unlawful attempt at passing on business loses and/or expenses to employees and

28  constitutes an unlawful collection of wages previously paid in violation of Labor Code §

221.  Plaintiffs and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.  That the Court certify the class and subclasses described in this Complaint.

2.  With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for all improper deductions, civil penalties, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant ABM.

3.  With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiffs and the Wage Statement Subclass for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, against Defendant ABM .

4.  With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiffs Rodriguez and Sheehan, the Training Subclass for back wages and penalties to each employee whose rights were violated for each day that the violation occurred or continued, civil penalties, attorney's fees and costs, all according to proof, against Defendant ABM.

5.  With respect to the fourth claim for relief, Plaintiffs Rodriguez and Sheehan and Collective Action Members be awarded their unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant ABM.

6.  With respect to the fifth claim for relief, that this Court enter judgment in favor of Plaintiffs and the 203 Subclass for payment of their continuing wages pursuant to California Labor Code section 203.

7.  With respect to the sixth claim for relief, Plaintiffs Rodriguez and Sheehan and the Meal Break Class be awarded an additional hour of pay for each workday for which they acted as either a Lead or Supervisor and a proper meal period was not, due to the requirement that the phone be responded to at all times, properly provided, or during which they experienced truncated or tardy meal breaks or failed to be provided a second

1  meal break after ten hours of work, reasonable attorneys' fees, and costs of suit, each

2  according to proof, pursuant to California Labor Code section 226.7, against Defendant

3  ABM.

4      8.    With respect to the seventh claim for relief, Plaintiffs Rodriguez and

5  Sheehan and the Rest Break Class be awarded an additional hour of pay for each

6  workday for which they acted as either a Lead or Supervisor and a proper rest period was

7  not, due to the requirement that the phone or walkie-talkie be responded to at all times,

8  properly provided, reasonable attorneys' fees, and costs of suit, each according to proof,

9  pursuant to California Labor Code section 226.7, against Defendant ABM.

10     9.    With respect to the eighth claim for relief Defendant's for failure to maintain

11 a proper sick leave policy in violation of the California Labor Code, including sections

12 233 and 234, that the Court award Plaintiffs and Class Members recovery of "actual

13 damages or one day's pay, whichever is greater, and to appropriate equitable relief," and

14 attorneys' fees.

15     10.   With respect to the ninth claim for relief, that it be adjudged that ABM's

16 violations of the California Labor Code, the FLSA and Minimum Wage Ordinances

17 constitute violations of section 17200 *et seq.* of the California Business and Professions

18 Code.  Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to

19 Members of the Class in the form of the compensation retained by ABM for the period of

20 time from four years prior to the filing of the original Complaint to date.  Plaintiffs

21 request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred

22 in the prosecution of this claim for relief, against Defendant ABM.

23     11.   With respect to the tenth claim for relief, that the Court enter judgment in

24 favor of Plaintiffs and other aggrieved former and current employees their civil penalties,

25 attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the

26 Labor Code, against Defendant ABM.

27     12.   For such further relief as the Court may order, including reasonable

28 attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the

1   California Labor Code, as well as section 1021.5 of the California Code of Civil

2   Procedure.

3

4   DATED:  October 14, 2019                    HARRIS & RUBLE

5

6                                               */s/ Alan Harris*
                                                Alan Harris
7                                               *Attorneys for Plaintiffs*

8

9                        **REQUEST FOR JURY TRIAL**

10          Plaintiffs request a trial by jury as to all claims for relief.

11

12  DATED: October 14, 2019                     HARRIS & RUBLE

13                                              */s/ Alan Harris*
                                                Alan Harris
14                                              *Attorneys for Plaintiffs*

# INDEX TO EXHIBITS

Exhibit 1 – Plaintiff Artiga Wage Statements

Exhibit 2 – Plaintiff Rodriguez Wage Statements

Exhibit 3 – Plaintiff Sheehan Wage Statements

Exhibit 4 – FLSA Consent Forms for Plaintiffs Artiga, Rodriguez and Sheehan

37
FIRST AMENDED COMPLAINT

# Exhibit 1

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200141 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX | Gross Wages | 540.00 | Taxable YTD | 17,319.61 | Net Pay | 489.29 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 32.00 | 13.50 | 432.00 | 12,286.29 | Federal Income Tax | 4.00 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 33.48 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 7.83 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 145.17 |
| HOLIDAY P | 8.00 | 13.50 | 108.00 | 108.00 | CALIFORNIA SDI EE | 5.40 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 180.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 24.50 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | | | | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 40.00 | | 540.00 | | | 50.71 | 2,626.26 |

DETACH BEFORE DEPOSITING

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
HOLD TO LIGHT TO
VERIFY WATERMARK

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.    21200141
DATE    7/13/2018
VOID AFTER 180 DAYS

Four hundred eighty nine and 29/100 Dollars

*********$489.29

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 21200141 ⑈ ⑆071923284⑆ 876591 7625⑈

00305     22424203     00305-    22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

EXHIBIT E

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200140 | Vacation Bal | |
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX | Gross Wages | | Taxable YTD | | Net Pay | 250.00 | BTN | |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | 13.50 | | 12,286.29 | Federal Income Tax | | 971.65 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | | 1,009.37 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | | 236.06 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 139.29 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | | 162.81 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | -250.00 | -250.00 |
| VAC ACC-S | | | | 1,470.00 | | | |
| | | | | | | 250.00- | 2,515.93 |

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
XXXXXXXX HOLD TO LIGHT TO
XXXXXXXX VERIFY WATERMARK

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO. 21200140
DATE 7/13/2018
VOID AFTER 180 DAYS

*********$250.00

Two hundred fifty and 00/100 Dollars

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑆ 21200140 ⑆ ⑆071923284⑆ 876591762 5⑈

00305    22424203    00305- 22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

EXHIBIT F

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200142 | Vacation Bal | |
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 17.37 |
| SSN | XXX-XX- | Gross Wages | 1,039.37 | Taxable YTD | 17,319.61 | Net Pay | 886.79 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | | | 12,286.29 | Federal Income Tax | 56.79 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 64.45 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 15.07 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | 5.88 | 145.17 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | 10.39 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | 76.99 | 13.50 | 1,039.37 | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 76.99 | | 1,039.37 | | | 152.58 | 2,668.51 |

**DETACH BEFORE DEPOSITING**



STLMT - 233

ABM Industry Groups, LLC

| ISABEL ARTIGA | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Company | 00305 | Begin Date | 07/01/18 | Check # | 329265 | Vacation Bal | |
| SSN | XXX-XX- | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/20/18 | Sick Bal | 18.97 |
| | | Gross Wages | 606.31 | Taxable YTD | 17,925.92 | Net Pay | 500.98 | HIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 40.00 | 12.60 | 504.00 | 12,790.29 | Federal Income Tax | | 10.63 | 1,038.07 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | | 37.59 | 1,111.41 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | | 8.80 | 259.93 |
| OVERTIME | 0.08 | 18.90 | 1.51 | 471.81 | CALIFORNIA WH | | | 145.17 |
| HOLIDAY P | 8.00 | 12.60 | 100.80 | 208.80 | CALIFORNIA SDI EE | | 6.06 | 179.26 |
| HOL NOT W | | | | 343.00 | Union Dues | | 30.00 | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 12.25 | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | | -250.00 |
| VAC ACC ( | | | | 1,039.37 | | | | |
| VAC ACC-S | | | | 1,470.00 | | | | |
| | | | | | | | 105.33 | 2,731.59 |
| Total | 48.08 | | 606.31 | | | | | |

## DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

ISABEL ARTIGA

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

STMT 234

EXHIBIT F

# Exhibit 2



**Building Value**

GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 332400 | 7/16/2019 | 7/31/2019 | 8/7/2019 | 1,029.22 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 88.00 | 12.50000 | 1,100.00 | 10,215.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 10.47 | 18.75000 | 196.32 | 292.54 |
| HOL NOT W | | | | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **98.47** | | **1,296.32** | |
| **Taxable YTD:** | | | | **10,942.57** |

## ...uctions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 128.48 | 891.60 |
| Federal FICA Withheld | 80.37 | 678.44 |
| Federal Medicare Withheld | 18.80 | 158.67 |
| CALIFORNIA WH | 26.49 | 106.42 |
| CALIFORNIA SDI EE | 12.96 | 109.43 |
| EMPL RECV | | -573.26 |
| **Total:** | **267.10** | **1,371.30** |

## ...ccruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | 8.00 | 29.54 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 329483 | 7/1/2019 | 7/15/2019 | 7/22/2019 | 1,223.07 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 83.98 | 16.00000 | 1,343.68 | 9,115.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 3.52 | 24.00000 | 84.48 | 96.22 |
| HOL NOT W | 8.00 | 16.00000 | 128.00 | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **95.50** | | **1,556.16** | |
| **Taxable YTD:** | | | | **9,646.25** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 159.66 | 763.12 |
| Federal FICA Withheld | 96.48 | 598.07 |
| Federal Medicare Withheld | 22.56 | 139.87 |
| CALIFORNIA WH | 38.82 | 79.93 |
| CALIFORNIA SDI EE | 15.57 | 96.47 |
| EMPL RECV | | -573.26 |
| **Total:** | **333.09** | **1,104.20** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 26.60 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 326630 | 6/16/2019 | 6/30/2019 | 7/5/2019 | 310.63 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 28.99 | 12.50000 | 362.38 | 7,771.60 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **28.99** | | **362.38** | |
| **Taxable YTD:** | | | | **8,090.09** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 20.40 | 603.46 |
| Federal FICA Withheld | 22.47 | 501.59 |
| Federal Medicare Withheld | 5.26 | 117.31 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 3.62 | 80.90 |
| EMPL RECV | | -573.26 |
| **Total:** | **51.75** | **771.11** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | 8.00 | 23.53 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**GABRIEL RODRIGUEZ**

## ABM INDUSTRY GROUPS, LLC
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 54233 | 6/1/2019 | 6/15/2019 | 6/14/2019 | 91.35 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | | | | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | 8.00 | 12.50000 | 100.00 | 100.00 |
| **Total:** | **8.00** | | **100.00** | |
| **Taxable YTD:** | | | | **7,127.71** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | | 538.14 |
| Federal FICA Withheld | 6.20 | 441.92 |
| Federal Medicare Withheld | 1.45 | 103.35 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 1.00 | 71.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **8.65** | **622.54** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | 8.00 | 20.96 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**ABM**
Building Value

## GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 320770 | 5/16/2019 | 5/31/2019 | 6/7/2019 | 483.79 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 46.03 | 12.50000 | 575.38 | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.01 | 18.75000 | 0.19 | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **46.04** | | **575.57** | |
| **Taxable YTD:** | | | | **7,027.71** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 41.99 | 538.14 |
| Federal FICA Withheld | 35.69 | 435.72 |
| Federal Medicare Withheld | 8.34 | 101.90 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.76 | 70.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **91.78** | **613.89** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 28.69 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**Building Value**

GABRIEL RODRIGUEZ

███████████████

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-██ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 317814 | 5/1/2019 | 5/15/2019 | 5/22/2019 | 422.73 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 39.97 | 12.50000 | 499.63 | 6,233.84 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.03 | 18.75000 | 0.56 | 11.55 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **40.00** | | **500.19** | |
| **Taxable YTD:** | | | | **6,452.14** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 34.19 | 496.15 |
| Federal FICA Withheld | 31.01 | 400.03 |
| Federal Medicare Withheld | 7.26 | 93.56 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.00 | 64.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.46** | **522.11** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 27.15 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



# GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 314886 | 4/16/2019 | 4/30/2019 | 5/7/2019 | 503.00 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 47.98 | 12.50000 | 599.75 | 5,734.21 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **47.98** | | **599.75** | |
| **Taxable YTD:** | | | | **5,951.95** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 44.89 | 461.96 |
| Federal FICA Withheld | 37.18 | 369.02 |
| Federal Medicare Withheld | 8.68 | 86.30 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 6.00 | 59.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **96.75** | **444.65** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 25.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

███████████████

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-███ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 11480 | 4/1/2019 | 4/15/2019 | 4/26/2019 | -2,019.17 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 5,134.46 |
| RETRO PAY | 8.00 | 0.25000 | 2.00 | 2,877.78 |
| RETRO PAY | -55.96 | 0.50000 | -27.98 | -27.98 |
| RETRO PAY | -38.96 | 0.75000 | -29.22 | -29.22 |
| RETRO PAY | -221.07 | 12.50000 | -2,763.38 | -2,763.38 |
| RETRO OT | -0.50 | 1.12500 | -0.56 | 1.31 |
| RETRO OT | -0.04 | 18.75000 | -0.75 | -0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **-308.53** | | **-2,819.89** | |
| **Taxable YTD:** | | | | |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | -412.98 | 417.07 |
| Federal FICA Withheld | -174.83 | 331.84 |
| Federal Medicare Withheld | -40.88 | 77.62 |
| CALIFORNIA WH | -143.83 | 41.11 |
| CALIFORNIA SDI EE | -28.20 | 53.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **-800.72** | **347.90** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 312009 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 442.91 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 42.00 | 12.50000 | 525.00 | 5,134.46 |
| RETRO PAY | | | | 2,820.58 |
| RETRO OT | | | | 1.31 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **42.00** | | **525.00** | |
| **Taxable YTD:** | | | | **8,116.33** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 36.67 | 830.05 |
| Federal FICA Withheld | 32.55 | 503.21 |
| Federal Medicare Withheld | 7.62 | 117.69 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 5.25 | 81.16 |
| EMPL RECV | | -573.26 |
| **Total:** | **82.09** | **1,143.79** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



# GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 52506 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 50.93 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 5,134.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | 2,818.58 |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 1.87 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **87.42** | | **55.76** | |
| **Taxable YTD:** | | | | **8,172.09** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 830.05 |
| Federal FICA Withheld | 3.46 | 506.67 |
| Federal Medicare Withheld | 0.81 | 118.50 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 0.56 | 81.72 |
| EMPL RECV | | -573.26 |
| **Total:** | **4.83** | **1,148.62** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**Building Value**

# GABRIEL RODRIGUEZ

███████████████

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-█ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 11480 | 4/1/2019 | 4/15/2019 | 4/8/2019 | 2,019.17 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 4,609.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO PAY | 221.07 | 12.50000 | 2,763.38 | 2,763.38 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 0.56 |
| RETRO OT | 0.04 | 18.75000 | 0.75 | 0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **308.53** | | **2,819.89** | |
| **Taxable YTD:** | | | | **7,591.33** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 412.98 | 793.38 |
| Federal FICA Withheld | 174.83 | 470.66 |
| Federal Medicare Withheld | 40.88 | 110.07 |
| CALIFORNIA WH | 143.83 | 184.94 |
| CALIFORNIA SDI EE | 28.20 | 75.91 |
| EMPL RECV | | -573.26 |
| **Total:** | **800.72** | **1,061.70** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**Building Value**

# GABRIEL RODRIGUEZ

## ABM INDUSTRY GROUPS, LLC
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 309102 | 3/16/2019 | 3/31/2019 | 4/5/2019 | 572.97 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 53.75 | 12.50000 | 671.88 | 4,609.46 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | 2.00 | 12.50000 | 25.00 | 25.00 |
| **Total:** | **55.77** | | **697.26** | |
| **Taxable YTD:** | | | | **4,771.44** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 56.59 | 380.40 |
| Federal FICA Withheld | 43.23 | 295.83 |
| Federal Medicare Withheld | 10.11 | 69.19 |
| CALIFORNIA WH | 7.39 | 41.11 |
| CALIFORNIA SDI EE | 6.97 | 47.71 |
| EMPL RECV | | -573.26 |
| **Total:** | **124.29** | **260.98** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**Building Value**

## GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 51709 | 3/16/2019 | 3/31/2019 | 3/25/2019 | 27.39 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 3,937.58 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | 29.99 | 29.99 |
| OVERTIME | | | | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | | | **29.99** | |
| **Taxable YTD:** | | | | **4,074.18** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 323.81 |
| Federal FICA Withheld | 1.86 | 252.60 |
| Federal Medicare Withheld | 0.44 | 59.08 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 0.30 | 40.74 |
| EMPL RECV | | -573.26 |
| **Total:** | **2.60** | **136.69** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**Building Value**

GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 306241 | 3/1/2019 | 3/15/2019 | 3/22/2019 | 474.75 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 30.96 | 11.75000 | 363.79 | 3,737.58 |
| REGULAR | 16.00 | 12.50000 | 200.00 | 200.00 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **46.98** | | **564.17** | |
| **Taxable YTD:** | | | | **4,044.19** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 40.62 | 323.81 |
| Federal FICA Withheld | 34.98 | 250.74 |
| Federal Medicare Withheld | 8.18 | 58.64 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.64 | 40.44 |
| EMPL RECV | | -573.26 |
| **Total:** | **89.42** | **134.09** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**Building Value**

# GABRIEL RODRIGUEZ

███████████████████

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-███ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 303441 | 2/16/2019 | 2/28/2019 | 3/7/2019 | 422.38 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 39.98 | 12.50000 | 499.75 | 3,373.79 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **39.98** | | **499.75** | |
| **Taxable YTD:** | | | | **3,480.02** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 34.14 | 283.19 |
| Federal FICA Withheld | 30.98 | 215.76 |
| Federal Medicare Withheld | 7.25 | 50.46 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.00 | 34.80 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.37** | **44.67** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 19.45 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT F



**Building Value**

GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

| Statement of Earnings and Deductions | | | | |
|---|---|---|---|---|
| **Name** | **SSN** | **Employee ID** | **Company** | **Bus Unit** |
| GABRIEL RODRIGUEZ | XXX-XX | 11003707 | 00451 | 32327747 |
| **Check Number** | **Pay Period Start** | **Pay Period End** | **Check Date** | **Net Pay** |
| 300666 | 2/1/2019 | 2/15/2019 | 2/22/2019 | 573.26 |

| Earnings | | | | |
|---|---|---|---|---|
| **Description** | **Hours** | **Rate** | **Current Amount** | **YTD Amount** |
| REGULAR | 55.81 | 12.50000 | 697.63 | 2,874.04 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **55.81** | | **697.63** | |
| **Taxable YTD:** | | | | **2,980.27** |

| Deductions | | |
|---|---|---|
| **Description** | **Current Amount** | **YTD Amount** |
| Federal Income Tax | 56.63 | 249.05 |
| Federal FICA Withheld | 43.26 | 184.78 |
| Federal Medicare Withheld | 10.11 | 43.21 |
| CALIFORNIA WH | 7.40 | 33.72 |
| CALIFORNIA SDI EE | 6.97 | 29.80 |
| **Total:** | **124.37** | **540.56** |

| Accruals | | |
|---|---|---|
| **Description** | **Taken** | **Available** |
| SICK BAL | | 18.11 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

Case 2:19-cv-06735-CW-RAO Document 140-1 Filed 10/18/21 Page 258 of 433 Page ID
#:4067
Case 2:19-cv-06735-GW-RAO Document 21-1 Filed 10/14/19 Page 23 of 58 Page ID
#:1007

# Exhibit 3

EXHIBIT F

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 11/16/18 | Check # | 286685 | Vacation Bal | |
| EE # | 10477399 | | Bus Unit | 32327747 | End Date | 11/30/18 | Check Date | 12/07/18 | Sick Bal | 48.80 |
| SSN | XXX-XX-▇ | | Gross Wages | 970.83 | Taxable YTD | 25,214.73 | Net Pay | 686.86 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 57.27 | 14.00 | 801 78 | 23,763.46 | Federal Income Tax | | 60.19 | 1,563.31 |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 14.07 | 365.61 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | | |
| PPD ADJ R | | | | 104 50 | CALIFORNIA WH | | | |
| OVERTIME | 0.05 | 21.00 | 1.05 | 872.57 | CALIFORNIA SDI EE | | 9.71 | 252.15 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | | | | |
| MEAL BR P | | | | 42.00 | | | | |
| | | | | | | | | |
| | | | | | | | 83.97 | 2,181.07 |
| Total | 65.32 | | 970.83 | | | | | |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

**ABM Industry Groups, LLC**     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| | | | | | | |
|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 11/01/18 | Check # | 283879 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 11/15/18 | Check Date | 11/21/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,193.92 | Taxable YTD | 24,243.90 | Net Pay | 1090.64 | BIN | 07243124 |

### EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 85.25 | 14.00 | 1,193.50 | 22,961.68 |
| RETRO PAY | | | | 263.43 |
| RETRO OT | | | | 0.77 |
| PPD ADJ R | | | | 104.50 |
| OVERTIME | 0.02 | 21.00 | 0.42 | 871.52 |
| MEAL BR P | | | | 42.00 |
| | | | | |
| **Total** | **85.27** | | **1,193.92** | |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 74.02 | 1,503.12 |
| Federal FICA Withheld | 17.32 | 351.54 |
| Federal Medicare Withheld | | |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 11.94 | 242.44 |
| | **103.28** | **2,097.10** |

---

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |



**DEPOSITED FOR:**
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425          Sugar Land, TX 77478          Tel: 713-776-5100

| ABM Industry Groups, LLC | | | | | | | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 10/01/18 | Check # | 278375 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 10/15/18 | Check Date | 10/22/18 | Sick Bal | 48.80 |
| SSN | XXX-XX | Gross Wages | 850.99 | Taxable YTD | 21,971.00 | Net Pay | 777.38 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 60.59 | 14.00 | 848.26 | 20,689.62 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 52.76 | 1,362.20 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 12.34 | 318.58 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.13 | 21.00 | 2.73 | 870.68 | CALIFORNIA SDI EE | 8.51 | 219.71 |
| MEAL BR P | | | | 42.00 | | | |
| Total | 60.72 | | 850.99 | | | 73.61 | 1,900.49 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451          32327747          00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 09/16/18 | Check # | 275491 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 09/30/18 | Check Date | 10/05/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,025.99 | Taxable YTD | 21,120.01 | Net Pay | 937.24 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 66.34 | 14.00 | 928.76 | 19,841.36 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 63.61 | 1,309.44 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 14.88 | 306.24 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 4.63 | 21.00 | 97.23 | 867.95 | CALIFORNIA SDI EE | | 10.26 | 211.20 |
| MEAL BR P | | | | 42.00 | | | | |
| | | | | | | | | |
| Total | 70.97 | | 1,025.99 | | | | 88.75 | 1,826.88 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451      32327747      00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 09/01/18 | Check # | 272607 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 09/15/18 | Check Date | 09/21/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,107.12 | Taxable YTD | 20,094.02 | Net Pay | 1011.36 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 77.96 | 14.00 | 1,091.44 | 18,912.60 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 68.64 | 1,245.83 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.05 | 291.36 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.08 | 21.00 | 1.68 | 770.72 | CALIFORNIA SDI EE | 11.07 | 200.94 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 42.00 | | | |
| Total | 79.04 | | 1,107.12 | | | 95.76 | 1,738.13 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC 　　　　　14141 Southwest Frwy, Suite 425　　　Sugar Land, TX 77478　　　Tel: 713-776-5100

| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 08/16/18 | Check # | | 269743 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EE # | | 10477399 | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | | 09/07/18 | Sick Bal | 48.19 |
| SSN | | XXX-XX- | Gross Wages | 1,376.13 | Taxable YTD | 18,986.90 | Net Pay | | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Current | YTD | Pay Description | | Current | YTD |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 85.32 | 1,177.19 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 19.95 | 275.31 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | | 13.76 | 189.87 |
| MEAL BR P | | | | 28.00 | | | | |
| | | | | | | | | |
| Total | 96.76 | | 1,376.13 | | | | 119.03 | 1,642.37 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:



JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451　　　32327747　　　00451-　32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 08/16/18 | Check # | 269743 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | 09/07/18 | Sick Bal | 48.19 |
| SSN | XXX-XX- | Gross Wages | 1,376.13 | Taxable YTD | 18,986.90 | Net Pay | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 85.32 | 1,177.19 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 19.95 | 275.31 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | 13.76 | 189.87 |
| MEAL BR P | | | | 28.00 | | | |
| Total | 96.76 | | 1,376.13 | | | 119.03 | 1,642.37 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT F

ABM Industry Groups, LLC    14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| JESSICA M SHEEHAN | | | | | |
|---|---|---|---|---|---|
| EE # | 10477399 | Company | 00451 | Begin Date | 08/01/18 | Check # | 73860232 |
| SSN | XXX-XX- | Bus Unit | | End Date | 08/15/18 | Check Date | 08/22/18 |
| | | Gross Wages | 32327747 | | | Net Pay | |

Vacation Bal — 45.06
Sick Bal
BIN 07243124

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 87.53 | 14.00 | 1,225.42 | 16,509.50 |
| RETRO PAY | | | | 263.43 |
| RETRO OT | | | | 0.77 |
| PPD ADJ R | | | | 104.50 |
| OVERTIME | | | | 704.57 |
| MEAL BR P | 0.16 | 21.00 | 3.36 | 28.00 |
| | 87.69 | | 1,228.78 | |

**EARNINGS** — Gross Wages 1,228.78 / Taxable YTD 17,610.77 / Net Pay 1122.48

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 76.19 | 1,091.87 |
| Federal FICA Withheld | 17.82 | 255.36 |
| Federal Medicare Withheld | | |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 12.29 | 176.11 |
| | 106.30 | 1,523.34 |

**DEDUCTIONS**

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT NOTING WATERMARK. HOLD TO LIGHT TO VERIFY WATERMARK

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.   73860232
DATE   8/22/2018

VOID AFTER 180 DAYS

One thousand one hundred twenty two and 48/100 Dollars

*******$1,122.48

TO
THE
ORDER
OF

JESSICA M SHEEHAN



COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈73860232⑈ ⑆071923284⑆ 87659176 25⑈

00451   32327747   00451- 32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | 264019 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | 08/07/18 | Sick Bal | 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | 1111.62 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 | Federal Income Tax | | |
| RETRO PAY | | | | 283.43 | Federal FICA Withheld | 75.44 | 1,015.68 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.65 | 237.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 | CALIFORNIA SDI EE | 12.17 | 163.82 |
| MEAL 8R P | | | | 28.00 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total | 86.86 | | 1,216.88 | | | 105.26 | 1,417.04 |

DETACH BEFORE DEPOSITING

| Bank No | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | | 264019 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | | 08/07/18 | Sick Bal | 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | | 1111.62 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 75.44 | 1,015.68 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 17.65 | 237.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 | CALIFORNIA SDI EE | | 12.17 | 163.82 |
| MEAL BR P | | | | 28.00 | | | | |
| Total | 86.86 | | 1,216.88 | | | | 105.26 | 1,417.04 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

       EXHIBIT F

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/01/18 | Check # | 255380 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/15/18 | Check Date | 06/22/18 | Sick Bal | 33.93 |
| SSN | XXX-XX- | Gross Wages | 1,505.42 | Taxable YTD | 12,419.64 | Net Pay | 1375.20 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 95.82 | 14.00 | 1,341.48 | 11,847.36 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 93.34 | 770.02 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 21.82 | 180.08 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 7.14 | 21.00 | 149.94 | 175.58 | CALIFORNIA SDI EE | 15.06 | 124.20 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 28.00 | | | |
| Total | 103.96 | | 1,505.42 | | | 130.22 | 1,074.30 |



**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

688 506
8807

DEPOSITED FOR:
JESSICA M SHEEHAN
████████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451    32327747    00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN
████████████

EXHIBIT F

Industry Groups, LLC 14141 Southwest Frwy. Suite 425 Sugar Land, TX 77478 Tel: 713-776-5100

| SICA M SHEEHAN | | Company | 00451 | Begin Date | 05/01/18 | Check # | 249677 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| | 10477390 | Bus Unit | 32327747 | End Date | 05/15/18 | Check Date | 05/22/18 | Sick Bal | 27.96 |
| N | XXX-XX- | Gross Wages | 1,117.90 | Taxable YTD | 9,738.57 | Net Pay | 1021.20 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 79.82 | 14.00 | 1,117.48 | 9,345.28 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 69.31 | 603.79 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.21 | 141.21 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.02 | 21.00 | 0.42 | 24.59 | CALIFORNIA SDI EE | 11.18 | 97.39 |
| | | | | | | | |
| Total | 79.84 | | 1,117.90 | | | 96.70 | 842.39 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425          Sugar Land, TX 77478          Tel: 713-776-5100

| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 02/16/19 | Check # | 50915 | Vacation Bal | |
| EE # | | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/01/19 | Sick Bal | 25.60 |
| SSN | | XXX-XX | Gross Wages | 336.00 | Taxable YTD | 5,045.25 | Net Pay | 306.92 | DIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | | | | 4,396.14 | Federal Income Tax | | | |
| OVERTIME | | | | 19.11 | Federal FICA Withheld | | 20.84 | 312.81 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 4.88 | 73.16 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 3.36 | 50.45 |
| SICK PAY | 24.00 | 14.00 | 336.00 | 336.00 | | | | |
| Total | 24.00 | | 336.00 | | | | 29.08 | 436.42 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
| --- | --- | --- | --- |
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451          32327747          00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

Case 2:19-cv-06735-GW-RAO Document 141-1 Filed 10/18/21 Page 272 of 483 Page ID
#:4004
Case 2:19-cv-06735-GW-RAO Document 21-1 Filed 10/14/19 Page 272 of 583 Page ID
#:404

| ABM Industry Groups, LLC | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel. 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 01/16/19 | Check # | 297792 | Vacation Bal | |
| EE # | 10477399 | | Bus Unit | | End Date | 01/31/19 | Check Date | 02/07/19 | Sick Bal | 48.80 |
| SSN | XXX-XX- | | Gross Wages | 32327747 | Taxable YTD | 3,547.60 | Net Pay | 1198.59 | BIN | 07243124 |
| | | | | 1,312.08 | | | | | | |

## EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Description | | Current | YTD |
| REGULAR | 93.42 | 14.00 | 1,307.88 | 3,237.22 | Federal Income Tax | | | |
| OVERTIME | 0.20 | 21.00 | 4.20 | 16.38 | Federal FICA Withheld | | 81.35 | 219.95 |
| HOL NOT W | | | | 112 00 | Federal Medicare Withheld | | 19.02 | 51 44 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 13.12 | 35.48 |
| | | | | | | | | |
| Total | 93.62 | | 1,312.08 | | | | 113.49 | 306.87 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**

JESSICA M SHEEHAN

**NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE**

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451    32327747    00451- 32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT F

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/19 | Check # | | 295042 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 01/15/19 | Check Date | | 01/22/19 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,180.20 | Taxable YTD | 2,235.52 | Net Pay | | 1078.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.30 | 14.00 | 998.20 | 1,929.34 | Federal Income Tax | | |
| OVERTIME | | | | 12.18 | Federal FICA Withheld | 73.17 | 138.60 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 17.12 | 32 42 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 14.00 | CALIFORNIA SDI EE | 11.81 | 22.36 |
| | | | | | | | |
| Total | 80.30 | | 1,180.20 | | | 102.10 | 193.38 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
**JESSICA M SHEEHAN**


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

**JESSICA M SHEEHAN**

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/19 | Check # | 303446 | Vacation Bal | 27.98 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/07/19 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,002.47 | Taxable YTD | 6,047.72 | Net Pay | 915.76 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.32 | 14.00 | 998.48 | 5,394.62 | Federal Income Tax | | |
| OVERTIME | 0.19 | 21.00 | 3.99 | 23.10 | Federal FICA Withheld | 62.15 | 374.96 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 14.53 | 87.69 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 10.03 | 60.48 |
| SICK PAY | | | | 336.00 | | | |
| | | | | | | | |
| Total | 71.51 | | 1,002.47 | | | 96.71 | 523.13 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478     Tel: 713-776-5100

| | | Company | 00451 | Begin Date | 02/01/19 | Check # | | 300671 | Vacation Bal | 48.80 |
|---|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | | | | | | | | | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/19 | Check Date | 02/22/19 | Sick Bal | | |
| SSN | XXX-XX- | Gross Wages | 1,161.65 | Taxable YTD | 4,709.25 | Net Pay | 1061.18 | BIN | 07243124 | |

| EARNINGS | | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | | Description | Current | YTD |
| REGULAR | 82.78 | 14.00 | 1,158.92 | | 1,396.14 | Federal Income Tax | | |
| OVERTIME | 0.13 | 21.00 | 2.73 | | 19.11 | Federal FICA Withheld | 72.02 | 291.97 |
| HOL NOT W | | | | | 112.00 | Federal Medicare Withheld | 16.84 | 68.28 |
| HOL PAY O | | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | | 14.00 | CALIFORNIA SDI EE | 11.61 | 47.09 |
| | | | | | | | | |
| Total | 82.91 | | 1,161.65 | | | | 100.47 | 407.34 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

██████████

**NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE**

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451      32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

██████████

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | | 12/16/18 | Check # | | 292281 | Vacation Bal | | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | | 12/31/18 | Check Date | | 01/07/19 | Sick Bal | | |
| SSN | XXX-XX- | Gross Wages | 1,055.32 | Taxable YTD | | 1,055.32 | Net Pay | | 964.04 | BIN | | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 63.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | | 91.28 | 91.28 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451- 32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/18 | Check # | | 292281 | Vacation Bal | 48.80 |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/18 | Check Date | 01/07/19 | | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,055.32 | Taxable YTD | 1,055.32 | Net Pay | | 964.04 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 66.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | 91 28 | 91 28 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN
███████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN
███████████

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/18 | Check # | 227060 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | | End Date | 01/15/18 | Check Date | 01/22/18 | Sick Bal | 5.38 |
| SSN | XXX-XX- | Gross Wages | 32327747 | Taxable YTD | 1,772.32 | Net Pay | 975.61 | BIN | 07243124 |

| | | EARNINGS | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | | Current | YTD |
| REGULAR | 87.53 | 11.00 | 962.83 | 1,666.83 | Federal Income Tax | | | | |
| PPD ADJ R | 9.50 | 11.00 | 104.50 | 104.50 | Federal FICA Withheld | | | 66.21 | 109.88 |
| OVERTIME | 0.04 | 16.50 | 0.66 | 0.99 | Federal Medicare Withheld | | | 15.49 | 25.70 |
| | | | | | CALIFORNIA WH | | | | |
| | | | | | CALIFORNIA SDI EE | | | 10.68 | 17.72 |
| Total | 97.07 | | 1,067.99 | | | | | 92.38 | 153.30 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425   Sugar Land, TX 77478    Tel 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | | 03/01/19 | Check # | | 306245 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | | 03/15/19 | Check Date | | 03/22/19 | Sick Bal | 30.87 |
| SSN | XXX-XX- | Gross Wages | 1,211.21 | Taxable YTD | | 7,258.93 | Net Pay | | 1106.45 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 86 50 | 14 00 | 1,211.00 | 6,605.62 | Federal Income Tax | | | |
| OVERTIME | 0.01 | 21 00 | 0.21 | 23.31 | Federal FICA Withheld | | 75.09 | 450.05 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 17.56 | 105.25 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14 00 | CALIFORNIA SDI EE | | 12 11 | 72.59 |
| SICK PAY | | | | 336.00 | | | | |
| Total | 86.51 | | 1,211 21 | | | | 104.76 | 627.89 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC

| | | 14141 Southwest Frwy. Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/18 | Check # | 235508 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | | End Date | 02/28/18 | Check Date | 03/07/18 | Sick Bal | 13.90 |
| SSN | XXX-XX- | Gross Wages | 791.23 | Taxable YTD | 4,314.92 | Net Pay | 722.78 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.84 | 11.00 | 790.24 | 4,207.94 | Federal Income Tax | | |
| PPO ADJ R | | | | 104.50 | Federal FICA Withheld | 49.06 | 267.53 |
| OVERTIME | 0.06 | 16.50 | 0.99 | 2.48 | Federal Medicare Withheld | 11.48 | 62.57 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 7.91 | 43.15 |
| Total | 71.90 | | 791.23 | | | 68.45 | 373.25 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|---|

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/16/18 | Check # | 241123 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/31/18 | Check Date | 04/06/18 | Sick Bal | 19.43 |
| SSN | XXX-XX- | Gross Wages | 1,056.07 | Taxable YTD | 6,150.57 | Net Pay | 964.72 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 95.33 | 11.00 | 1,048.63 | 6,031.85 | Federal Income Tax | | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | | 65.48 | 381.34 |
| OVERTIME | 0.45 | 16.50 | 7.44 | 14.22 | Federal Medicare Withheld | | 15.31 | 89.18 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 10.56 | 61.51 |
| Total | 95.78 | | 1,056.07 | | | | 91.35 | 532.03 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/01/18 | Check # | | 238290 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/15/18 | Check Date | | 03/22/18 | Sick Bal | 16.25 |
| SSN | XXX-XX- | Gross Wages | 779.58 | Taxable YTD | 5,094.50 | Net Pay | | 712.15 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 70.48 | 11.00 | 775.28 | 4,983.22 | Federal Income Tax | | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | | 48.33 | 315.86 |
| OVERTIME | 0.26 | 16.50 | 4.30 | 6.78 | Federal Medicare Withheld | | 11.30 | 73.87 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 7.80 | 50.95 |
| Total | 70.74 | | 779.58 | | | | 67.43 | 440.68 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/01/18 | Check # | | 243950 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/18 | Check Date | | 04/20/18 | Sick Bal | 22.36 |
| SSN | XXX-XX- | Gross Wages | 968.72 | Taxable YTD | 7,119.29 | Net Pay | | 884.93 | BDI | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.81 | 11.00 | 965.91 | 6,997.76 | Federal Income Tax | | |
| PPD ADJ R | | | | | Federal FICA Withheld | 60.06 | 441.40 |
| OVERTIME | 0.17 | 16.50 | 2.81 | 17.03 | Federal Medicare Withheld | 14.05 | 103.23 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 9.68 | 71.19 |
| Total | 87.98 | | 968.72 | | | 83.79 | 615.82 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
     JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/17 | Check # | | 224269 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/17 | Check Date | | 01/05/18 | Sick Bal | 2.94 |
| SSN | XXX-XX | Gross Wages | 704.33 | Taxable YTD | 704.33 | Net Pay | | 643.41 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 64.00 | 11.00 | 704.00 | 704.00 | Federal Income Tax | | |
| OVERTIME | 0.02 | 16.50 | 0.33 | 0.33 | Federal FICA Withheld | 43.67 | 43.67 |
| | | | | | Federal Medicare Withheld | 10.21 | 10.21 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 7.04 | 7.04 |
| Total | 64.02 | | 704.33 | | | 60.92 | 60.92 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/01/18 | Check # | | 232692 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/18 | Check Date | | 02/22/18 | Sick Bal | 11.50 |
| SSN | XXX-XX▇▇ | Gross Wages | 862.79 | Taxable YTD | 3,523.69 | Net Pay | | 788.16 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 78.39 | 11.00 | 862.29 | 3,417.70 | Federal Income Tax | | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | | 53.49 | 218.47 |
| OVERTIME | 0.03 | 16.50 | 0.50 | 1.49 | Federal Medicare Withheld | | 12.51 | 51.09 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 8.63 | 35.24 |
| Total | 78.42 | | 862.79 | . | | | 74.63 | 304.80 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 279                               EXHIBIT F

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/16/18 | Check # | 246799 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/30/18 | Check Date | 05/07/18 | Sick Bal | 25.29 |
| SSN | XXX-XX- | Gross Wages | 1,501.38 | Taxable YTD | 8,620.67 | Net Pay | 1371.51 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.86 | 14.00 | 1,230.04 | 8,227.80 | Federal Income Tax | | |
| RETRO PAY | | | 263.43 | 263.43 | Federal FICA Withheld | 93.08 | 534.48 |
| RETRO OT | | | 0.77 | 0.77 | Federal Medicare Withheld | 21.77 | 125.00 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.34 | 21.00 | 7.14 | 24.17 | CALIFORNIA SDI EE | 15.02 | 86.21 |
| | | | | | | | |
| Total | 88.20 | | 1,501.38 | | | 129.87 | 745.69 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451- 32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 280             EXHIBIT F

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/16/18 | Check # | 258288 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/30/18 | Check Date | 07/06/18 | Sick Bal | 36.57 |
| SSN | XXX-XX- | Gross Wages | 1,626.59 | Taxable YTD | 14,046.23 | Net Pay | 1485.88 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 78.94 | 14.00 | 1,105.16 | 12,952.52 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 100.85 | 870.87 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 23.59 | 203.67 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 24.83 | 21.00 | 521.43 | 697.01 | CALIFORNIA SDI EE | 16.27 | 140.47 |
| MEAL BR P | | | | 28.00 | | | |
| | | | | | | | |
| Total | 103.77 | | 1,626.59 | | | 140.71 | 1,215.01 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/16/19 | Check # | 309106 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/31/19 | Check Date | 04/05/19 | Sick Bal | 33.63 |
| SSN | XXX-XX- | Gross Wages | 1,162.70 | Taxable YTD | 8,421.63 | Net Pay | 1062.12 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 82.69 | 14.00 | 1,157.66 | 7,763.28 | Federal Income Tax | | | |
| OVERTIME | 0.24 | 21.00 | 5.04 | 28.35 | Federal FICA Withheld | | 72.09 | 522.14 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 16.86 | 122.11 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 11.63 | 84.22 |
| SICK PAY | | | | 336.00 | | | | |
| Total | 82.93 | | 1,162.70 | | | | 100.58 | 728.47 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

     EXHIBIT F

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/01/19 | Check # | | 312013 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/19 | Check Date | 04/22/19 | | Sick Bal | 36.28 |
| SSN | XXX-XX- | Gross Wages | 1,124.69 | Taxable YTD | 9,546.32 | Net Pay | | 930.53 | BIN | 07243124 |

## EARNINGS / DEDUCTIONS

| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
|---|---|---|---|---|---|---|---|
| REGULAR | 79.27 | 14.00 | 1,109.78 | 8,873.06 | Federal Income Tax | 96.88 | 96.88 |
| OVERTIME | 0.71 | 21.00 | 14.91 | 43.26 | Federal FICA Withheld | 69.73 | 591.87 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 16.31 | 138.42 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 11.24 | 95.46 |
| SICK PAY | | | | 336.00 | | | |
| Total | 79.98 | | 1,124.69 | | | 194.16 | 922.63 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-    32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

         EXHIBIT F

Case 2:19-cv-06735-GW-RAO   Document 121-1   Filed 10/14/19   Page 35 of 58   Page ID
#:1119

# Exhibit 4

## FORMA DEL CONSENTIMIENTO DE FLSA

Conforme a las provisiones de 29 U.S.C. el § 216 (b), los estándares de trabajo justos actúa, yo consiente por este medio ser un demandante del partido a esta acción.

6/16/2018

Fecha

Isabel Artiga

Nombre de impresión

Firma

11

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

05-02-19
Date

GABRIEL RODRIGUEZ
Print Name

Signature

11

EXHIBIT F

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards
Act, I hereby consent to be a party plaintiff to this action.

_5/2/19_
Date

_Jessica Sheehan_
Print Name

_[signature]_
Signature

11

# Exhibit G

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

655 NORTH CENTRAL AVE 17th FL
GLENDALE CA 91203
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

———

PRIYA MOHAN
DAVID GARRETT
MIN JI GAL
LIN ZHAN

*RETIRED

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.962.3004

*SUBMITTED ONLINE*

October 11, 2019

California Labor & Workforce Development Agency

Re:   *Gabriel Rodriguez v. ABM Industry Groups, LLC.*

To whom it may concern:

     Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Gabriel Rodriguez, ("Plaintiff"), hereby alleges with respect to his employment with ABM Industry Groups, LLC, ("Defendant"), that Defendant violated provisions of the California Labor Code. The facts and circumstances concerning the alleged violations are outlined in the enclosed draft Complaint.

     Please advise whether you will proceed with an investigation of this matter or whether Plaintiff may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

Alan Harris
Enclosures

Cc: (Via Certified Mail) ABM Industry Groups, LLC, c/o C.T. Corporation System, 818 West Seventh Street Suite 930, Los Angeles, CA 90017; ABM Industry Groups, LLC, Laura Fleming, Payne & Fears LLP, 4 Park Plaza, Irvine, CA 92614

STLMT - 289                                                                    EXHIBIT G

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

655 NORTH CENTRAL AVE 17th FL
GLENDALE CA 91203
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

———

PRIYA MOHAN
DAVID GARRETT
MIN JI GAL
LIN ZHAN

*RETIRED

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.962.3004

*SUBMITTED ONLINE*

October 11, 2019

California Labor & Workforce Development Agency

Re:     *Jessica Sheehan v. ABM Industry Groups, LLC.,*

To whom it may concern:

      Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Jessica Sheehan, ("Plaintiff"), hereby alleges with respect to his employment with ABM Industry Groups, LLC, ("Defendant"), that Defendant violated provisions of the California Labor Code. The facts and circumstances concerning the alleged violations are outlined in the enclosed draft Complaint.

      Please advise whether you will proceed with an investigation of this matter or whether Plaintiff may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

Alan Harris
Enclosures

Cc: (Via Certified Mail) ABM Industry Groups, LLC, c/o C.T. Corporation System, 818 West Seventh Street Suite 930, Los Angeles, CA 90017; ABM Industry Groups, LLC, Laura Fleming, Payne & Fears LLP, 4 Park Plaza, Irvine, CA 92614

EXHIBIT G

# Exhibit H

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>      Defendants. | Case No. 2:19-cv-06735-GW-RAO<br>*Assigned to Hon. George H. Wu*<br><br>**SECOND AMENDED COMPLAINT**<br>[*PAGA Law Enforcement, Class Action and Collective Action Complaint*]<br><br>1.  Reserved.<br><br>2.  Failure to Provide Adequate Pay Stubs Labor Code § 226(a)<br><br>3.  Failure to Pay Minimum Wage, Cal. Lab. Code § 1194; IWC Wage Order<br><br>4.  Failure to Pay Minimum Wage, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br><br>5.  Continuing Wages, Cal. Lab. Code § 203<br><br>6.  Failure to Provide Proper Meal Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order<br><br>7.  Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and 512 and IWC Wage Order<br><br>8.  Reserved.<br><br>9.  Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* |

10. Civil Penalties, Pursuant to Cal. Lab. Code § 2698 *et seq.*

**DEMAND FOR JURY TRIAL**

Isabel Artiga, ("Artiga"), Gabriel Rodriguez ("Rodriguez"), Jessica Sheehan ("Sheehan") (collectively "Plaintiffs"), on behalf of themselves as individuals and in their representative capacities, and on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.,* allege as follows:

### *JURISDICTION AND VENUE*

1.      This is a PAGA law enforcement action, class action and Fair Labor Standards Act collective action, seeking unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof, against Defendant ABM Industry Groups, LLC ("ABM").  This action alleges that ABM, *inter alia*, (1) collected unlawful deductions from employees; (2) failed to provide wage statements that supplied all of the information required by Labor Code § 226(a); (3) failed to pay Plaintiffs and Aggrieved Employees minimum and overtime wages; (4) failed to timely pay Plaintiffs all wages due; (5) failed to provide proper meal and rest breaks to Plaintiffs Rodriguez, a Supervisor, and Sheehan, a Lead, and other Aggrieved Employees who worked as a Supervisor and/or a Lead;  (6) failed to provide a proper sick leave policy for employees; and (7) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of aggrieved employees and the general public.  On August 28, 2018, Plaintiff Artiga provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this complaint.  On October 11, 2019, Plaintiffs Rodriguez and Sheehan provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the PAGA claims set forth in this First Amended Complaint.

STLMT - 293                                                  EXHIBIT H

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs also bring this case individually and as a class action on behalf of similarly situated individuals who have been employed by ABM as hourly, non-exempt workers in California (collectively referred to as "Aggrieved Employees") since four years prior to the filing of this action.  Plaintiffs also bring this action pursuant to PAGA, which does not require class certification, on a representative basis on behalf of the Labor & Workforce Development Agency of the State of California (the "LWDA"). The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, and for sick pay and record keeping violations, wage statement violations, continuing wages, and unfair competition, among other claims.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs Rodriguez and Sheehan also bring this case individually and as a collective action on behalf of similarly situated individuals who have been employed by Defendants in California.

3.     Venue as to Defendant is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

4.     This action was filed in the Superior Court of the State of California for the County of Los Angeles.  Thereafter, on August 2, 2019, Defendant removed this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## *PARTIES AND SUBSTANTIVE ALLEGATIONS*

5.     Plaintiff Artiga is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California. Plaintiff Rodriguez is an individual who during the time periods relevant to this Complaint, was a resident of the Counties of Riverside and Los Angeles, State of

SECOND AMENDED COMPLAINT

EXHIBIT H

1   California.  Rodriguez worked for Defendant ABM in the County of Los Angeles and the

2   County of Riverside, State of California, working for Defendant as a Supervisor.

3   Plaintiff Sheehan is an individual who during the time periods relevant to this Complaint,

4   was and is a resident of the County of Riverside, State of California, working for

5   Defendant as a Lead.  Sheehan was employed by Defendant ABM in the County of

6   Riverside, State of California during the relevant period.  Plaintiffs bring this action on

7   behalf of themselves, on behalf of all others similarly situated, and pursuant to California

8   Business and Professions Code section 17200 *et seq.*

9       6.      Defendant ABM Industry Groups, LLC ("ABM") is a company that

10  conducts significant amounts of business within Los Angeles County.  ABM touts itself

11  as a leading provider of integrated facility solutions.  Among the services it provides,

12  ABM offers parking valet and transportation and janitorial contractor services to clients

13  across the United States, including throughout California.  ABM is a Delaware Limited

14  Liability Company with its headquarters in Sugar Land, Texas.  ABM is authorized to do

15  and does business in California.  ABM is a temporary services employer as defined by

16  Cal. Lab. Code § 201.3, which statute provides, in part:

17      (a) For purposes of this section, the following definitions apply:

18      (1) "Temporary services employer" means an employing unit that contracts

19      with clients or customers to supply workers to perform services for the

20      clients or customers and that performs all of the following functions:

21      (A) Negotiates with clients and customers for matters such as the time and

22      place where the services are to be provided, the type of work, the working

23      conditions, and the quality and price of the services.

24      (B) Determines assignments or reassignments of workers, even if workers

25      retain the right to refuse specific assignments.

26      (C) Retains the authority to assign or reassign a worker to another client or

27      customer when the worker is determined unacceptable by a specific client or

28      customer.

SECOND AMENDED COMPLAINT

EXHIBIT H

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

Cal. Lab. Code § 201.3(a)(1)(A)-(G).  As a temporary services employer, Defendant contracts with clients or customers to supply workers to perform services.  On ABM's website, ABM describes its provision of janitorial services to its customers as follows:

"We're a single-source commercial janitorial contractor with advanced cleaning technologies. ABM's proven methods can save you time and improve your bottom line. Our own team of well-trained, efficient, environmentally aware professionals become part of your team, respecting your culture. You're free to focus on your core responsibilities."

See https://www.abm.com/services/janitorial/ (last accessed July 6, 2020).  ABM describes its provision of parking services to its customers on its website as well:

A wide range of off-street and on-street parking facilities across 200 client locations, including some of the largest and most prestigious buildings in the U.S., rely on us for best practices in operation and maintenance. ABM makes sure your guests are happy and safe from arrival to departure, through stringent employee screening, hiring, and training. Across shuttle service, valet, and parking facility management, ABM contributes to building value.

See https://www.abm.com/services/parking-transportation/ (last accessed July 6, 2020).  ABM meets the definition of a temporary services provider.  It negotiates with its customers where ABM employees will perform work and the type of work that will be performed.  ABM also negotiates the cost of these services with the customers.  Each of the Plaintiffs worked at ABM customer locations under ABM's direction.  Each of the Plaintiffs were paid directly by ABM for the work performed on customer sites.  ABM retains the ability to assign or reassign its

SECOND AMENDED COMPLAINT

EXHIBIT H

workers.  Indeed, Plaintiff Artiga was assigned to various customer sites during her employment with ABM.  Similarly, Plaintiff Rodriguez was assigned to at least two different customers while working for ABM.  ABM also had the authority to hire and terminate employees, and exercised that authority with respect to each of the Plaintiffs.

7.    Defendant and/or its affiliates have been repeatedly charged with PAGA violations, commencing soon after the statute became effective. <u>E.g.</u>, <u>Augustus v. American Commercial Security Services, Inc.</u> (L.A.Super.Ct., 2006, No. BC347914)(settled for up to $2,500,000, including civil penalties of $730,000).  Accordingly, it is appropriate to draw an inference that Defendant's conduct as described herein is intentional, resulting in part from a continuing practice of devoting insufficient resources to the payroll accounting and related human resources and compliance functions.

8.    The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## **GENERAL ALLEGATIONS**

9.    Beginning on or about January 20, 2012 until in or about July, 2018, Plaintiff Artiga was employed by ABM as a parking attendant in various locations in Los Angeles County.  Attached hereto as Exhibit 1 are true and correct copies of some of Artiga's pay stubs. Beginning in or about August, 2018 until August, 2019, Plaintiff

SECOND AMENDED COMPLAINT

EXHIBIT H

Rodriguez was employed by ABM in a janitorial position in Riverside and thereafter Los Angeles County, as a Supervisor. Attached hereto as Exhibit 2 are true and correct copies of some of Rodriguez's pay stubs. Beginning in or about December, 2017 until October, 2019, Plaintiff Sheehan was employed by ABM as a Lead in janitorial position in Riverside County. Attached hereto as Exhibit 3 are true and correct copies of some of Sheehan's pay stubs.

10. Plaintiffs contend that Defendant failed to provide them and other Aggrieved Employees with adequate pay stubs. In this regard, section 226 of the California Labor Code provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The

STLMT - 298                                          EXHIBIT H

1   deductions made from payments of wages shall be recorded in ink or other

2   indelible form, properly dated, showing the month, day, and year, and a copy

3   of the statement or a record of the deductions shall be kept on file by the

4   employer for at least three years at the place of employment or at a central

5   location within the State of California.

6   . . . .

7   (e)   An employee suffering injury as a result of a knowing and

8   intentional failure by an employer to comply with subdivision (a) is entitled

9   to recover the greater of all actual damages or fifty dollars ($50) for the

10   initial pay period in which a violation occurs and one hundred dollars ($100)

11   per employee for each violation in a subsequent pay period, not exceeding

12   an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

13   award of costs and reasonable attorney's fees.

14   Cal. Lab. Code § 226.

15   11.   On information and belief, Plaintiffs contend that Defendant failed to

16   provide Plaintiffs and Aggrieved Employees with the data required by section 226 of the

17   California Labor Code.  Exhibits 1 through 3 are true and correct copies of certain of

18   Plaintiffs' wage statements.  On occasion, for example with respect to Plaintiff

19   Rodriguez, during the period April 1, 2019 to April 15, 2019, Defendant would make

20   retroactive adjustments resulting in wage statements that failed to state all applicable

21   hourly rates and were therefore confusing.  See Exhibit 2.  ABM's failure to provide the

22   correct information on wage statements has caused confusion by making it impossible for

23   Plaintiffs to determine whether or not they have been paid correctly.   Further, although

24   ABM is a temporary service provider, Exhibits 1, 2, and 3 show that ABM's wage

25   statements fail to provide the rate of pay and total hours worked for each temporary

26   services assignment.  For example, Exhibit 2 consists of certain wage statements

27   provided to Plaintiff Rodriguez.  During the pay period beginning July 1, 2019 through

28   July 15, 2019, Rodriguez performed janitorial work for ABM's client Claremont

8

SECOND AMENDED COMPLAINT

EXHIBIT H

McKenna College in Los Angeles County.  During the pay period beginning June 16, 2019 through June 30, 2019, Rodriguez performed work for ABM's client Amazon's facility located in Moreno Valley, California.  The wage statements provided to Rodriguez (Exhibit 2) provide no information regarding the temporary services assignment for which Rodriguez was being paid. Likewise, the wage statements attached as Exhibits 1 and 3 show that ABM did not provide any information regarding temporary services assignments to Plaintiffs Artiga and Sheehan. As a result, for example, it was not possible from the wage statement alone to determine whether the worker was paid an hourly rate which comported with the requirements of various municipal ordinances.  In addition to subjecting ABM to the damages specified in section 226(e), ABM's failure to provide such information to Plaintiffs and aggrieved employees subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 *et seq.*

12.    On information and belief, Plaintiffs contend that Defendant failed to provide Plaintiffs and Aggrieved Employees with payment of the required minimum wage.  For instance, Plaintiffs Rodriguez and Sheehan were required to attend new-hire training sessions for which they have never received any compensation.  Rodriguez and Sheehan, as well as other Aggrieved Employees were required to attend new-hire training sessions, without pay.  At these unpaid sessions, held for the benefit of ABM, the new employees were required, *inter alia*, to review the rules set forth in the Employee Handbook, review employer policies dealing with all manner of matters that the employers had to communicate to the new employees, payroll procedures, safety procedures and more.  Rodriguez, Sheehan and Aggrieved Employees performed this work without any compensation at all by Defendant.

13.    At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the

STLMT - 300                                                            EXHIBIT H

regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

14. Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

15. Plaintiffs Rodriguez, Sheehan and Aggrieved Employees were prevented from taking proper meal and/or rest breaks as required by law, when assigned as a Supervisor or Lead being required to keep in constant communication with other coworkers via a phone or radio device. In addition, from time to time Rodriguez, Sheehan and other Aggrieved Employees were subjected to tardy, truncated or altogether missed meal breaks, and not provided a second meal break when working in excess of ten hours in a shift.

16. At all times relevant hereto, section 226.7 of the California Labor Code provided:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

17.     Here, Plaintiffs Rodriguez and Sheehan and Aggrieved Employees were not provided proper thirty-minute meal breaks when working less than ten-hour workdays.  Plaintiffs Rodriguez and Sheehan and other Aggrieved Employees were not provided a second meal break when working more than ten hours in a workday.

18.     ABM violated sections 226.7 and 512 of the California Labor Code and the relevant IWC Wage Order by failing to provide proper meal or rest periods. Accordingly, Plaintiffs and Class Members are entitled to an additional hour of pay for each workday Plaintiffs were not properly provided proper meal or rest periods.  See Cal. Lab. Code § 226.7(b).

19.     Compensation for missed meal periods or rest breaks constitutes wages within the meaning of section 200 *et seq*. of the California Labor Code.

20.     To date, Defendant has failed to compensate Plaintiffs and Aggrieved Employees for all of their earned wages in accordance with the California Labor Code, relevant IWC Wage Order, and/or the FLSA.

21.     Plaintiff Artiga also contends that Defendant failed to put certain monies in segregated, interest bearing accounts and accordingly unlawfully deducted uniform deposits from her paycheck and the paychecks of other Aggrieved Employees, all in violation of California Labor Code section 221 and otherwise as hereinafter described.  In addition to subjecting ABM to damages, ABM's unlawful deductions subject it to civil penalties.  See Cal. Lab. Code § 225.5.

22.     Defendant is liable to Plaintiffs and former employees for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee. . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention

1  to quit, in which case the employee is entitled to his or her wages at the time of quitting."

2  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully

3  fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202. . .

4  any wages of an employee who is discharged or who quits, the wages of the employee

5  shall continue as a penalty from the due date thereof at the same rate until paid or until an

6  action therefor is commenced; but the wages shall not continue for more than 30 days."

7  Id. § 203(a).  In addition to subjecting Defendant to damages or penalties, Defendant's

8  failure to timely pay all outstanding wages upon the termination of employment subjects

9  it to civil penalties.  See Cal. Lab. Code § 2698 et seq.  Defendant did not pay all wages

10  due and owing to Plaintiffs within the statutorily required time period.

11    23.    Further, Defendant's sick pay policy violates sections 233 and 234 of the

12  Labor Code. Section 233 of the California Labor Code states:

13    a) Any employer who provides sick leave for employees shall permit an

14    employee to use in any calendar year the employee's accrued and available

15    sick leave entitlement, in an amount not less than the sick leave that would

16    be accrued during six months at the employee's then current rate of

17    entitlement, for the reasons specified in subdivision (a) of Section 246.5.

18    This section does not extend the maximum period of leave to which an

19    employee is entitled under Section 12945.2 of the Government Code or

20    under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Sec.

21    2601 et seq.), regardless of whether the employee receives sick leave

22    compensation during that leave.

23    . . .

24    (c) An employer shall not deny an employee the right to use sick leave or

25    discharge, threaten to discharge, demote, suspend, or in any manner

26    discriminate against an employee for using, or attempting to exercise the

27    right to use, sick leave to attend to an illness or the preventive care of a

28

1   family member, or for any other reason specified in subdivision (a) of

2   Section 246.5.

3   (d) Any employee aggrieved by a violation of this section shall be entitled to

4   reinstatement and actual damages or one day's pay, whichever is greater,

5   and to appropriate equitable relief.

6   Cal. Lab. Code § 233. Section 234 of the Labor Code states:

7   An employer absence control policy that counts sick leave taken pursuant to

8   Section 233 as an absence that may lead to or result in discipline, discharge,

9   demotion, or suspension is a per se violation of Section 233. An employee

10   working under this policy is entitled to appropriate legal and equitable relief

11   pursuant to Section 233.

12   Cal. Lab. Code § 234. Defendant's sick leave policy, which *inter alia* does not include

13   leave for care of grandchildren or grandparents, as referenced in Code section 245.5, is in

14   violation of sections 233 and 234 of the Labor Code, a violation which gives rise to

15   PAGA civil penalties.

16       24.    Plaintiffs and Aggrieved Employees were injured by such actions and are

17   therefore entitled to seek the amounts as set forth in Labor Code section 226 subsections

18   (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the

19   California Labor Code in part provides:

20   (a) Any employer or other person acting on behalf of an employer, who

21   violates, or causes to be violated, any provision regulating minimum wages

22   or hours and days of work in any order of the Industrial Welfare

23   Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,

24   1193.6, 1194, or 2802, may be held liable as the employer for such violation.

25   (b) For purposes of this section, the term "other person acting on behalf of

26   an employer" is limited to a natural person who is an owner, director,

27   officer, or managing agent of the employer, and the term "managing agent"

28

1    has the same meaning as in subdivision (b) of Section 3294 of the Civil

2    Code.

3        25.    Reserved.

4        26.    At all times relevant hereto, sections 510, 1194, and 1198 of the California

5    Labor Code required (1) the payment of at least the minimum wage, (2) the

6    payment of wages equal to one-and-one-half times an employee's regular rate of pay for

7    all hours worked in excess of eight per day or forty per week, and (3) the payment of

8    wages equal to double the employee's regular rate of pay for all hours worked in

9    excess of twelve per day and for all hours worked in excess of eight on the seventh day

10   of work in any one workweek. At all relevant times mentioned herein, California Labor

11   Code section 1194 provided, in relevant part:

12       Notwithstanding any agreement to work for a lesser wage, any employee

13       receiving less than the legal minimum wage or the legal overtime

14       compensation applicable to the employee is entitled to recover in a civil

15       action the unpaid balance of the full amount of this minimum wage or

16       overtime compensation, including interest thereon, reasonable attorney's

17       fees, and costs of suit.

18   Cal. Lab. Code § 1194(a).

19       27.    At all relevant times mentioned herein, section 1198 of the California

20   Labor Code provided:

21       The maximum hours of work and the standard conditions of labor fixed by

22       the commission shall be the maximum hours of work and the standard

23       conditions of labor for employees.  The employment of any employee for

24       longer hours than those fixed by the order or under conditions of labor

25       prohibited by the order is unlawful.

26   Cal. Lab. Code § 1198.  Section 1198 refers to "conditions of labor prohibited by the

27   order [of the IWC]" and therefore incorporates by reference IWC Wage Order

28   Number 16.  To date, Plaintiffs Rodriguez and Sheehan have not been paid for all of the

hours they worked for Defendant.  By failing to pay Plaintiffs Rodriguez and Sheehan for all of their hours of work, Defendant violated section 1198 by employing Plaintiffs Rodriguez and Sheehan "under conditions of labor prohibited by the order."  Cal. Lab. Code § 1198.

28.    At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one-and-one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510(a).

29.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil

1    action the unpaid balance of the full amount of this minimum wage or

2    overtime compensation, including interest thereon, reasonable attorney's

3    fees, and costs of suit.

4    Id. § 1194(a).

5         30.    With regard to the employment of Plaintiffs Rodriguez and Sheehan as

6    described above, the provisions of subparagraphs (1) and (2) of section 510 of the

7    California Labor Code were inapplicable in that no alternative workweek schedule had

8    been adopted.

9         31.    Reserved.

10        32.    Plaintiffs are informed and believe, and based thereon allege, that

11   Defendant's labor practices and all other aspects of its operations, as well as the job

12   duties of Aggrieved Employees, are stringently controlled and monitored pursuant to

13   uniform standards established by Defendant that apply throughout the company and

14   certainly throughout California.  Plaintiffs are informed and believe, and based thereon

15   allege, that Defendant requires compliance with detailed standards for completing

16   assigned tasks and running its operations.  As a result, Plaintiffs and Defendant's

17   Aggrieved Employees in California have been subject to uniform policies with respect to

18   the violations alleged herein and cause Aggrieved Employees to be similarly situated

19   regardless of location and position.

20        33.    Plaintiffs are further informed and believe that Defendant uniformly applies

21   policies and procedures to all Aggrieved Employees with respect to the maintenance of

22   employment records.  As a direct and proximate result of the unlawful actions of

23   Defendant, as alleged herein above and below, Plaintiffs and Class Members have

24   suffered and continue to suffer damages.

25        34.    Section 2699 of the California Labor Code, the Labor Code Private

26   Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

27        (a) Notwithstanding any other provision of law, any provision of this code

28        that provides for a civil penalty to be assessed and collected by the Labor

STLMT - 307                                                          EXHIBIT H

and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

35.    At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per

1    employee per violation in an initial citation and one thousand dollars ($

2    1,000) per employee for each violation in a subsequent citation, for which

3    the employer fails to provide the employee a wage deduction statement or

4    fails to keep the records required in subdivision (a) of Section 226. The civil

5    penalties provided for in this section are in addition to any other penalty

6    provided by law.

7    Cal. Lab. Code § 226.3.

8        36.    At all times relevant herein, section 210 of the California Labor Code

9    provided, in relevant part:

10    (a) In addition to, and entirely independent and apart from, any other

11    penalty provided in this article, every person who fails to pay the wages of

12    each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205,

13    205.5, and 1197.5, shall be subject to a civil penalty as follows:

14    (1) For any initial violation, one hundred dollars ($100) for each failure to

15    pay each employee.

16    (2) For each subsequent violation, or any willful or intentional violation,

17    two hundred dollars ($200) for each failure to pay each employee, plus 25

18    percent of the amount unlawfully withheld.

19    Cal. Lab. Code § 210.

20       37.    At all times relevant herein, section 558 of the California Labor Code

21    provided, in relevant part:

22    (a) Any employer or other person acting on behalf of an employer who

23    violates, or causes to be violated, a section of this chapter or any provision

24    regulating hours and days of work in any order of the Industrial Welfare

25    Commission shall be subject to a civil penalty as follows:

26    (1) For any initial violation, fifty dollars ($50) for each underpaid

27    employee for each pay period for which the employee was underpaid in

28    addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

. . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

Cal. Lab. Code § 558.

38.     At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1)     For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2)     For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

39.     The Wage Order also provides for civil penalties with respect to violations of the Wage Order.

40.     ***Unfair Competition.***  Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, timely payment of final wages, and minimum wage and

overtime laws.  Defendant's unlawful practices constitute unfair competition.  Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

### *CLASS-ACTION ALLEGATIONS*

41.     Plaintiff brings the second through seventh, and ninth causes of action below on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

> (a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent all individuals who, at any time since four years prior to the filing of this action to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker.  (Such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period").

42.     Defendant, as to Plaintiffs Rodriguez, Sheehan and to each member of the Orientation Subclass, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to the relevant minimum wage and overtime requirements. Accordingly, Plaintiffs Rodriguez and Sheehan and Subclass Member is entitled to

1  payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid

2  overtime, and interest.

3      43.  Defendant, as to Plaintiffs and each Wage Statement Subclass Member, also

4  failed to accurately provide the data required by section 226(a) of the California Labor

5  Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff

6  and each Wage Statement Subclass Member to either actual damages or statutory

7  liquidated damages, whichever is greater. As a Temporary Services Employer within the

8  meaning of Labor Code section 201.3, Defendant is required to show on employee wage

9  statements, "the rate of pay and the total hours worked for each temporary services

10  assignment." Cal. Lab. Code § 226(a)(9).  The failure to provide Plaintiffs and each

11  Wage Statement Subclass Member with the required data, caused Plaintiffs and each

12  Subclass Member injury by depriving them of information to which they were legally

13  entitled. Despite the requirements of the statute, it is not possible for the employee "from

14  the wage statement alone" to ascertain "(i) The amount of the gross wages or net wages

15  paid to the employee during the pay period or any of the other information required to be

16  provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and

17  (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

18      44.  Defendant's failure to provide proper meal periods or rest breaks as required

19  by sections 226.7 and 512 of the California Labor Code and the applicable Wage Order

20  entitles Plaintiffs Rodriguez, Sheehan and Class Members to payment of an additional

21  hour of pay at the employee's regular rate of compensation for each work day that a

22  proper meal period was not provided, as well as liquidated statutory damages.

23      45.  Defendant failed to provide a compliant sick leave policy pursuant to the

24  California Labor Code, the policy, inter alia, excluding grandparents and grandchildren

25  from the status of family members.

26      46.  Defendant's failure to make payments within the time provided by sections

27  201, 201.3, or 202 of the California Labor Code has been and is "willful" within the

28  meaning of section 203 of the California Labor Code and, accordingly, Plaintiffs and

STLMT - 312                                                    EXHIBIT H

each Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages for which provision is made by section 203 of the California Labor Code.

47.     The Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable, however not so large as to make the class unmanageable.  Further, the disposition of the claims of the Class and Subclasses in a class action will provide substantial benefits to both the parties and the Court.

48.     Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

49.     The provisions of the California Labor Code upon which Plaintiffs base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

50.     The nature of this action and the laws available to Plaintiffs and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

51.     Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of

STLMT - 313     EXHIBIT H

retaliation and permanent damage to their careers with respect to subsequent employment.

52.    Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

53.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendant's practice of deducting uniform deposits from the paychecks of employees and failing to hold those funds in a segregated, interest bearing account with accrued interest paid to terminated employees is unlawful;

(b) Whether Defendant failed to pay minimum wage under California Labor Code § 1194(a);

(c) Reserved.

(d) Whether Defendant implemented and engaged in a systematic practice under which it improperly calculated employees' overtime wages;

(e) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code § 226(a);

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant failed to provide Lead and Supervisors who were required to have radios operating at all times with proper meal periods and rest breaks;

(g) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(h) Whether Plaintiffs and Class Members are entitled to statutory damages, restitution, and/or penalties.

SECOND AMENDED COMPLAINT

STLMT - 314                                          EXHIBIT H

54.     Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

55.     Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiffs and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

56.     Furthermore, Plaintiffs and Class Members are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ABM. Accordingly, Plaintiffs on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

57.     Plaintiffs assert claims that are typical of those of the Class Members because they were employed by ABM in California, they were subjected to ABM's uniform policies and procedures, and they were similarly injured as a result of ABM's actions.

58.     Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in that they have no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiffs seek relief that is not antagonistic or adverse to the Class Members in that the infringement of their rights and the damages that they suffered are typical of all other Class Members.  Additionally, Plaintiffs have retained counsel who are competent and experienced in class-action litigation.

59.     Plaintiffs and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, Defendant's unlawful conduct will continue un-remedied and uncorrected.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

60.     In this collective action, Plaintiffs Rodriguez and Sheehan seek to represent all individuals employed by Defendant who, at any time during the three years preceding the filing of this Complaint, up to the time of the filing of a motion for certification of a collective action, who participated in an ABM new-hire training session[s] in California (the "Collective Action Members").  Attached hereto as **Exhibit 4** are true and correct copies of the FLSA consent forms for Plaintiffs Artiga, Rodriguez and Sheehan.

61.     Plaintiffs Rodriguez and Sheehan are similarly situated with the Collective Action Members in that: (a) Plaintiffs Rodriguez and Sheehan and the Collective Action Members were employed by Defendant; (b) Plaintiffs Rodriguez and Sheehan and the Collective Action Members were not paid their minimum wages for all hours worked; (c) Defendant knowingly and willfully violated provisions of the FLSA by not paying Plaintiffs Rodriguez and Sheehan and the Collective Action Members their wages; (d) As a result of the practice of Defendant of withholding compensation for all hours worked, Plaintiffs Rodriguez and Sheehan and the Collective Action Members have been similarly damaged in that they have not received timely payment in full of their earned wages.

62.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA.  All individuals employed by Defendants who, at any time since three years prior to the filing of this Complaint participated in an ABM New-Hire Training Session in California should be given notice and be allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

63.     Reserved.

64.     The Wage Order provides, in part:

(C) A reasonable deposit may be required as security for the return of the items furnished by the employer under provisions of subsections (A) and (B) of this section upon issuance of a receipt to the employee for such deposit.

Such deposits shall be made pursuant to Section 400 and following of the Labor Code or an employer with the prior written authorization of the employee may deduct from the employee's last check the cost of an item furnished pursuant to (A) and (B) above in the event said item is not returned. No deduction shall be made at any time for normal wear and tear. All items furnished by the employer shall be returned by the employee upon completion of the job.

Wage Order, ¶9(C). Defendant ABM's practice of taking uniform deductions from Plaintiffs and members of the Class's paychecks violates California Labor Code § 403, 404, and 405. Plaintiffs are informed and believe and based thereon allege that Defendant ABM commingled the earned but unpaid wages of Plaintiffs and the Class with other funds of ABM in violation of Labor Code § 405. ABM failed and refused to pay interest to workers on the return of such deposits.

65.     Reserved.

### SECOND CLAIM FOR RELIEF

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

*(Claim by Plaintiffs and the Wage Statement Subclass and against Defendant ABM)*

66.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

67.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions. See Cal. Lab. Code § 226(a).

68.     Defendant failed to timely provide Plaintiffs and Wage Statement Subclass Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code. Despite the requirements of the statute, Defendant did not provide accurate information to Plaintiffs and/or Wage Statement Subclass Members

regarding the wage rates, inclusive dates of the pay period and hours worked.  It is not possible for Plaintiffs and/or Wage Statement Subclass Members "from the wage statement alone" to ascertain information required to be provided on the itemized wage statements pursuant to section 226(a).  ABM's failure to provide the correct information on these wage statements has caused confusion by making it impossible for Plaintiffs and Wage Statement Subclass Members to determine whether or not they have been paid correctly.  In addition, although ABM was a temporary services employer during the time period relevant to this complaint, ABM failed to comply with the requirements of Cal. Lab. Code § 226(a)(9) and provide "the rate of pay and the total hours worked for each temporary services assignment."  Cal. Lab. Code § 226(a)(9).

69.     Plaintiffs and Wage Statement Subclass Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

### THIRD CLAIM FOR RELIEF

*Failure to Pay Minimum Wage, Cal. Lab. Code § 1194 (Claim by all Plaintiffs Rodriguez and Sheehan and the Training Subclass against Defendant ABM)*

70.     Plaintiffs Rodriguez and Sheehan repeat and re-allege the preceding paragraphs as if fully set forth herein.

71.     Within the four years before the filing of this action, Defendant employed Plaintiffs Rodriguez and Sheehan and members of the Training Subclass.

72.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

73.     Defendant, by failing to pay Plaintiffs Rodriguez and Sheehan and Subclass Members, at least the minimum wage and/or overtime compensation for all of their hours worked, as required by and in violation of sections 510, 1194 and 1197 of the California Labor Code.

74.     Reserved.

75.     Reserved.

76.     Plaintiffs and Subclass members are accordingly entitled to the payment of any back wages, liquidated damages, and the payment of liquidated damages, penalties and civil penalties to each employee whose rights were violated for each day that the violation occurred or continued and reasonable attorney's fees and costs.

### *FOURTH CLAIM FOR RELIEF*

*Failure to Pay Minimum Wage,*

*Fair Labor Standards Act, 29 U.S.C. § 216(b)*

*(On Behalf of Plaintiffs Rodriguez and Sheehan and Collective Action Members Against Defendant)*

77.     Plaintiffs Rodriguez and Sheehan replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

78.     Defendant intentionally and improperly failed to pay Plaintiffs Rodriguez and Sheehan and Collective Action Members minimum wage compensation to which they are entitled.    The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

79.   During their employment with Defendant, Plaintiffs Rodriguez and Sheehan and Collective Action Members were not paid for all of their time worked.

80.   Accordingly, Plaintiffs and Collective Action Members request payment of minimum wage according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

### FIFTH CLAIM FOR RELIEF

*Continuing Wages, California Labor Code § 203*

*(Claim by Plaintiffs and the Former Employee Subclass and against Defendant ABM)*

81.   Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

82.   Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201. . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  By failing to pay minimum and overtime wages and vacation wages as alleged above, as well as by unlawfully deducting deposits from the paychecks of Class Members and failing to pay wages for missed meal breaks and/or rest periods, Defendant has willfully failed to pay all wages due and owing to those Class Members who are no longer employed by Defendant.

83.   Plaintiffs and Former Employee Subclass Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

### SIXTH CLAIM FOR RELIEF

*Failure to Provide Meal Periods, California Labor Code sections 226.7 and 512 and IWC Wage Order*

*(Claim by Plaintiffs Rodriguez and Sheehan and the Class and against Defendant ABM)*

84.   Plaintiffs Rodriguez and Sheehan replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

85.     At all times herein relevant, sections 226.7 and 512 of the California Labor Code provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than five hours and a second thirty-minute meal period if an employee works for a period more than ten hours in a workday.  Plaintiffs Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and the Meal Break Class of Supervisors and Leads consistently worked more than 4 hour shifts. However, they were required to keep their radios or walkie talkies on their persons, turned on and audible at all times, including during their meal breaks.

86.     Because Defendant failed to properly provide the proper meal periods, it is liable to Plaintiffs Rodriguez and Sheehan and the Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7.  Plaintiffs Rodriguez and Sheehan also request relief as described below.

### SEVENTH CAUSE OF ACTION

*Failure to Provide A Proper Rest Break Policy in Violation of California Labor Code § 226.7 and Wage Order.*

*(Claim by Plaintiff Rodriguez and Sheehan and the Class and against Defendant ABM)*

87.     Plaintiffs Rodriguez and Sheehan reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

88.     Labor Code Section 226.7 and the relevant Wage Orders require an employer to pay an additional hour of compensation for each rest period the employer fails to provide a compliant rest period. Employees are entitled to a rest period of ten minutes for every four hours worked or major fraction thereof.

89.     Plaintiff Rodriguez and Sheehan, as a Supervisor and Lead, respectively, and the Rest Break Class of Supervisors and Leads consistently worked more than 4 hour shifts. However, they were required to keep their radios or walkie talkies on their persons, turned on and audible at all times, including during their rest breaks.

STLMT - 321                                          EXHIBIT H

90.     Pursuant to Labor Code section 226.7 and Wage Order 4, 9, or 11, Plaintiff and the Rest Break Class are entitled to damages in an amount equal to one hour of wages per missed rest period, in an amount to be proven at trial.

91.     Reserved.

92.     Reserved.

93.     Reserved.

### NINTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

*(Claim by Plaintiffs and the Class and against Defendant ABM)*

94.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

95.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs allege that ABM has engaged in unfair business practices in California by the above-described failure to pay minimum and overtime wages to employees, failure to maintain accurate payroll records, failure to provide adequate paystubs, failure to pay final wages and vacation wages to quitting and/or discharged employees and through its unlawful deductions from employee paychecks and failure to keep those funds in a segregated, interest-bearing account, and failure to provide proper meal periods.

96.     ABM's actions entitle Plaintiffs and Class Members to seek the remedies available pursuant to section 17200 *et seq.* Plaintiffs seek full restitution of said amounts from ABM, as necessary and according to proof, to restore any and all amounts— including interest—withheld, acquired, or converted by ABM by means of the unfair practices complained of herein. Plaintiffs, on behalf of themselves and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure. In addition, Plaintiffs seek the appointment of a

receiver as necessary.

## TENTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

*(Claim by Plaintiffs and Aggrieved Employees and against Defendant ABM)*

97.   Plaintiffs repeats and re-alleges the preceding paragraphs as if fully set forth herein.

98.   Plaintiffs are "aggrieved employees" under PAGA, as they were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violation set forth herein.  Accordingly, they seek to recover on behalf of themselves, the California Labor and Workforce Development Agency ("LWDA") and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

99.   Pursuant to section 2699.3(a)(1) of the Labor Code, on or about August 28, 2018, Plaintiff Artiga gave written notice by online filing to the LWDA of the specific provisions of the Labor Code and Los Angeles Minimum Wage Ordinance alleged to have been violated, including the theories set forth in this Complaint.  Also on that day, Plaintiff Artiga gave written notice by certified mail to Defendant of the specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated by Defendant.  Pursuant to section 2699.3(a)(1) of the Labor Code, on or about October 12, 2019, Plaintiffs Rodriguez and Sheehan gave written notice by online filing to the LWDA of the specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated, including the theories set forth in this Complaint.  Also on that day, Plaintiffs Rodriguez and Sheehan gave written notice by certified mail to Defendant of the specific provisions of the Labor Code and Minimum Wage Ordinances alleged to have been violated by Defendant.

100.   Under PAGA, "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received

STLMT - 323                                                                 EXHIBIT H

pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A). More than 65 calendar days have passed since PAGA notice was sent by Plaintiffs Artiga, Rodriguez and Sheehan, and Plaintiffs therefore may commence a civil action pursuant to Section 2699.

101. Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

102. Plaintiffs seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions: sections 201, 202, 203, 204, 226, 226.7, 403, 404, 405, 406, 510, 512, and 1194.

103. Plaintiffs also specifically seeks civil penalties pursuant to PAGA for violations of California Labor Code section 221. Said section prohibits Defendant ABM from collecting any part of wages paid by the employer to the employee. Notwithstanding the requirements of Labor Code § 221, Defendant ABM deducted amounts from Plaintiffs and Aggrieved Employees for the maintenance of their uniforms. Plaintiffs are informed and believe, and thereon allege that the deductions made by Defendant ABM are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221. Plaintiffs and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. That the Court certify the class and subclasses described in this Complaint.

2. Reserved.

3. With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiffs and the Wage Statement Subclass for pay-stub damages, reasonable

attorney's fees, and costs of suit, all according to proof, against Defendant ABM .

4.      With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiffs Rodriguez and Sheehan, the Training Subclass for back wages and penalties to each employee whose rights were violated for each day that the violation occurred or continued, civil penalties, attorney's fees and costs, all according to proof, against Defendant ABM.

5.      With respect to the fourth claim for relief, Plaintiffs Rodriguez and Sheehan and Collective Action Members be awarded their unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant ABM.

6.      With respect to the fifth claim for relief, that this Court enter judgment in favor of Plaintiffs and the 203 Subclass for payment of their continuing wages pursuant to California Labor Code section 203.

7.      With respect to the sixth claim for relief, Plaintiffs Rodriguez and Sheehan and the Meal Break Class be awarded an additional hour of pay for each workday for which they acted as either a Lead or Supervisor and a proper meal period was not, due to the requirement that the phone be responded to at all times, properly provided, or during which they experienced truncated or tardy meal breaks or failed to be provided a second meal break after ten hours of work, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant ABM.

8.      With respect to the seventh claim for relief, Plaintiffs Rodriguez and Sheehan and the Rest Break Class be awarded an additional hour of pay for each workday for which they acted as either a Lead or Supervisor and a proper rest period was not, due to the requirement that the phone or walkie-talkie be responded to at all times, properly provided, reasonable attorneys' fees, and costs of suit, each according to proof, pursuant to California Labor Code section 226.7, against Defendant ABM.

9.      Reserved.

10. With respect to the ninth claim for relief, that it be adjudged that ABM's violations of the California Labor Code, the FLSA and Minimum Wage Ordinances constitute violations of section 17200 *et seq*. of the California Business and Professions Code. Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ABM for the period of time from four years prior to the filing of the original Complaint to date. Plaintiffs request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred in the prosecution of this claim for relief, against Defendant ABM.

11. With respect to the tenth claim for relief, that the Court enter judgment in favor of Plaintiffs and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant ABM.

12. For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED: July 7, 2020                    HARRIS & RUBLE

                                       */s/ Alan Harris*
                                       Alan Harris
                                       *Attorneys for Plaintiffs*

## **REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury as to all claims for relief.

DATED: July 7, 2020                    HARRIS & RUBLE

                                       */s/ Alan Harris*
                                       Alan Harris
                                       *Attorneys for Plaintiffs*

# INDEX TO EXHIBITS

Exhibit 1 – Plaintiff Artiga Wage Statements

Exhibit 2 – Plaintiff Rodriguez Wage Statements

Exhibit 3 – Plaintiff Sheehan Wage Statements

Exhibit 4 – FLSA Consent Forms for Plaintiffs Artiga, Rodriguez and Sheehan

SECOND AMENDED COMPLAINT

STLMT - 327                                                          EXHIBIT H

Case 2:19-cv-06785-GW-RAO Document 140-1 Filed 10/18/21 Page 334 of 433 Page ID
Case 2:19-cv-06785-GW-RAO Document 96-1 Filed 07/07/20 Page 1 of 38 Page ID #:3439
#:4146

# Exhibit 1

EXHIBIT H

ABM Industry Groups, LLC        14141 Southwest Frwy, Suite 425        Sugar Land, TX 77478        Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200141 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX-■■■■ | Gross Wages | 540.00 | Taxable YTD | 17,319.61 | Net Pay | 489.29 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 32.00 | 13.50 | 432.00 | 12,286.29 | Federal Income Tax | 4.00 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 33.48 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 7.83 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 145.17 |
| HOLIDAY P | 8.00 | 13.50 | 108.00 | 108.00 | CALIFORNIA SDI EE | 5.40 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 180.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 24.50 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | | | | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 40.00 | | 540.00 | | | 50.71 | 2,626.26 |

DETACH BEFORE DEPOSITING

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT NOTING WATERMARK. HOLD TO LIGHT TO VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.        21200141
DATE        7/13/2018
VOID AFTER 180 DAYS

Four hundred eighty nine and 29/100 Dollars

*********$489.29

TO THE ORDER OF        ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 21200141 ⑈ ⑆071923284⑆ 876591762 5⑈

00305        22424203        00305-  22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | 21200140 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | 07/13/18 | Sick Bal | 14.80 |
| SSN | XXX-XX | Gross Wages | | Taxable YTD | | Net Pay | 250.00 | BTN | |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | 13.50 | | 12,286.29 | Federal Income Tax | | 971.65 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | | 1,009.37 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | | 236.06 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | | 139.29 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | | 162.81 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | -250.00 | -250.00 |
| VAC ACC-S | | | | 1,470.00 | | | |
| | | | | | | 250.00- | 2,515.93 |

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK.
XXXXXXXX HOLD TO LIGHT TO
XXXXXXXXX VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.    21200140
DATE    7/13/2018
VOID AFTER 180 DAYS

Two hundred fifty and 00/100 Dollars

\*\*\*\*\*\*\*\*$250.00

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈ 21200140 ⑈ ⑉071923284⑉ 876591762 5⑈

00305     22424203     00305-   22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

EXHIBIT H
EE-FED-BI (Rev 7-15)

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| ISABEL ARTIGA | | Company | 00305 | Begin Date | 07/01/18 | Check # | | 21200142 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Bus Unit | 22424203 | End Date | 07/15/18 | Check Date | | 07/13/18 | Sick Bal | 17.37 |
| SSN | XXX-XX- | Gross Wages | 1,039.37 | Taxable YTD | | 17,319.61 | Net Pay | 886.79 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | | | 12,286.29 | Federal Income Tax | 56.79 | 1,028.44 |
| PPD ADJ R | | | | 806.40 | Federal FICA Withheld | 64.45 | 1,073.82 |
| PPD ADJ D | | | | 392.00 | Federal Medicare Withheld | 15.07 | 251.13 |
| OVERTIME | | | | 470.30 | CALIFORNIA WH | 5.88 | 145.17 |
| HOLIDAY P | | | | 108.00 | CALIFORNIA SDI EE | 10.39 | 173.20 |
| HOL NOT W | | | | 343.00 | Union Dues | | 210.00 |
| MEAL BR P | | | | 12.25 | DUES ARREARS | | 36.75 |
| SICK PAY | | | | 392.00 | EMP DEP $ | | -250.00 |
| VAC ACC ( | 76.99 | 13.50 | 1,039.37 | 1,039.37 | | | |
| VAC ACC-S | | | | 1,470.00 | | | |
| | 76.99 | | 1,039.37 | | | 152.58 | 2,668.51 |

**DETACH BEFORE DEPOSITING**

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT NOTING WATERMARK.
HOLD TO LIGHT TO VERIFY WATERMARK.

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

70-2328/719 IL

CHECK NO.    21200142
DATE    7/13/2018
VOID AFTER 180 DAYS

Eight hundred eighty six and 79/100 Dollars

*********$886.79

TO
THE
ORDER
OF

ISABEL ARTIGA

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑆21200142⑆ ⑈071923284⑈ 876591762 5⑆

00305     22424203     00305- 22424203-8385-22424203

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

ISABEL ARTIGA

EXHIBIT H

ABM Industry Groups, LLC

14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| ISABEL ARTIGA | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 7015274 | Company Bus Unit | 00305 | Begin Date | 07/01/18 | Check # | 329205 | Vacation Bal | |
| SSN | XXX-XX- | Gross Wages | 22424203 606.31 | End Date | 07/15/18 | Check Date | 07/20/18 | Sick Bal | 18.97 |
| | | | | Taxable YTD | 17,925.92 | Net Pay | 500.98 | HIN | 07243124 |

**EARNINGS**

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 40.00 | 12.60 | 504.00 | 12,790.29 |
| PPD ADJ R | | | | 806.40 |
| PPD ADJ D | | | | 392.00 |
| OVERTIME | 0.08 | 18.90 | 1.51 | 471.81 |
| HOLIDAY P | 8.00 | 12.60 | 100.80 | 206.80 |
| HOL NOT W | | | | 343.00 |
| MEAL BR P | | | | 12.28 |
| SICK PAY | | | | 392.00 |
| VAC ACC ( | | | | 1,039.37 |
| VAC ACC-S | | | | 1,470.00 |
| **Total** | **48.08** | | **606.31** | |

**DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 10.63 | 1,038.07 |
| Federal FICA Withheld | 37.59 | 1,111.41 |
| Federal Medicare Withheld | 8.80 | 259.93 |
| CALIFORNIA WH | | 145.17 |
| CALIFORNIA SDI EE | 6.06 | 179.26 |
| Union Dues | 30.00 | 210.00 |
| DUES ARREARS | 12.25 | 36.75 |
| EMP DEP $ | | -250.00 |
| | 105.33 | 2,731.59 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**

ISABEL ARTIGA

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

STLMT-332

EXHIBIT H

# Exhibit 2



**ABM**
Building Value

**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 332400 | 7/16/2019 | 7/31/2019 | 8/7/2019 | 1,029.22 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|------------|-------|------|----------------|------------|
| REGULAR | 88.00 | 12.50000 | 1,100.00 | 10,215.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 10.47 | 18.75000 | 196.32 | 292.54 |
| HOL NOT W | | | | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **98.47** | | **1,296.32** | |
| **Taxable YTD:** | | | | **10,942.57** |

### ...uctions

| Description | Current Amount | YTD Amount |
|------------|----------------|------------|
| Federal Income Tax | 128.48 | 891.60 |
| Federal FICA Withheld | 80.37 | 678.44 |
| Federal Medicare Withheld | 18.80 | 158.67 |
| CALIFORNIA WH | 26.49 | 106.42 |
| CALIFORNIA SDI EE | 12.96 | 109.43 |
| EMPL RECV | | -573.26 |
| **Total:** | **267.10** | **1,371.30** |

### ...ccruals

| Description | Taken | Available |
|------------|-------|-----------|
| SICK BAL | 8.00 | 29.54 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 329483 | 7/1/2019 | 7/15/2019 | 7/22/2019 | 1,223.07 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 83.98 | 16.00000 | 1,343.68 | 9,115.28 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 3.52 | 24.00000 | 84.48 | 96.22 |
| HOL NOT W | 8.00 | 16.00000 | 128.00 | 222.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **95.50** | | **1,556.16** | |
| **Taxable YTD:** | | | | **9,646.25** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 159.66 | 763.12 |
| Federal FICA Withheld | 96.48 | 598.07 |
| Federal Medicare Withheld | 22.56 | 139.87 |
| CALIFORNIA WH | 38.82 | 79.93 |
| CALIFORNIA SDI EE | 15.57 | 96.47 |
| EMPL RECV | | -573.26 |
| **Total:** | **333.09** | **1,104.20** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | 8.00 | 26.60 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND,  TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 326630 | 6/16/2019 | 6/30/2019 | 7/5/2019 | 310.63 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 28.99 | 12.50000 | 362.38 | 7,771.60 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | | | | 100.00 |
| **Total:** | **28.99** | | **362.38** | |
| **Taxable YTD:** | | | | **8,090.09** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 20.40 | 603.46 |
| Federal FICA Withheld | 22.47 | 501.59 |
| Federal Medicare Withheld | 5.26 | 117.31 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 3.62 | 80.90 |
| EMPL RECV | | -573.26 |
| **Total:** | **51.75** | **771.11** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 23.53 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**


**Building Value**

GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-▓ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 54233 | 6/1/2019 | 6/15/2019 | 6/14/2019 | 91.35 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| SICK PAY | 8.00 | 12.50000 | 100.00 | 100.00 |
| **Total:** | **8.00** | | **100.00** | |
| **Taxable YTD:** | | | | **7,127.71** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | | 538.14 |
| Federal FICA Withheld | 6.20 | 441.92 |
| Federal Medicare Withheld | 1.45 | 103.35 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 1.00 | 71.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **8.65** | **622.54** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | 8.00 | 20.96 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**GABRIEL RODRIGUEZ**

███████████████████

### ABM INDUSTRY GROUPS, LLC
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

#### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-█ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 320770 | 5/16/2019 | 5/31/2019 | 6/7/2019 | 483.79 |

#### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 46.03 | 12.50000 | 575.38 | 6,809.22 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.01 | 18.75000 | 0.19 | 11.74 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **46.04** | | **575.57** | |
| **Taxable YTD:** | | | | **7,027.71** |

#### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 41.99 | 538.14 |
| Federal FICA Withheld | 35.69 | 435.72 |
| Federal Medicare Withheld | 8.34 | 101.90 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.76 | 70.28 |
| EMPL RECV | | -573.26 |
| **Total:** | **91.78** | **613.89** |

#### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 28.69 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**


**Building Value**

**GABRIEL RODRIGUEZ**

███████████

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX-███ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 317814 | 5/1/2019 | 5/15/2019 | 5/22/2019 | 422.73 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 39.97 | 12.50000 | 499.63 | 6,233.84 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.03 | 18.75000 | 0.56 | 11.55 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **40.00** | | **500.19** | |
| **Taxable YTD:** | | | | **6,452.14** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 34.19 | 496.15 |
| Federal FICA Withheld | 31.01 | 400.03 |
| Federal Medicare Withheld | 7.26 | 93.56 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 5.00 | 64.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.46** | **522.11** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 27.15 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**Building Value**

## GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 314886 | 4/16/2019 | 4/30/2019 | 5/7/2019 | 503.00 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 47.98 | 12.50000 | 599.75 | 5,734.21 |
| RETRO PAY | | | | 57.20 |
| RETRO OT | | | | 0.56 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **47.98** | | **599.75** | |
| **Taxable YTD:** | | | | **5,951.95** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 44.89 | 461.96 |
| Federal FICA Withheld | 37.18 | 369.02 |
| Federal Medicare Withheld | 8.68 | 86.30 |
| CALIFORNIA WH | | 41.11 |
| CALIFORNIA SDI EE | 6.00 | 59.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **96.75** | **444.65** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 25.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

STLMT - 340                                    EXHIBIT H


Building Value

**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 11480 | 4/1/2019 | 4/15/2019 | 4/26/2019 | -2,019.17 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 5,134.46 |
| RETRO PAY | 8.00 | 0.25000 | 2.00 | 2,877.78 |
| RETRO PAY | -55.96 | 0.50000 | -27.98 | -27.98 |
| RETRO PAY | -38.96 | 0.75000 | -29.22 | -29.22 |
| RETRO PAY | -221.07 | 12.50000 | -2,763.38 | -2,763.38 |
| RETRO OT | -0.50 | 1.12500 | -0.56 | 1.31 |
| RETRO OT | -0.04 | 18.75000 | -0.75 | -0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **-308.53** | | **-2,819.89** | |
| **Taxable YTD:** | | | | |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | -412.98 | 417.07 |
| Federal FICA Withheld | -174.83 | 331.84 |
| Federal Medicare Withheld | -40.88 | 77.62 |
| CALIFORNIA WH | -143.83 | 41.11 |
| CALIFORNIA SDI EE | -28.20 | 53.52 |
| EMPL RECV | | -573.26 |
| **Total:** | **-800.72** | **347.90** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**Building Value**

# GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-███ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 312009 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 442.91 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 42.00 | 12.50000 | 525.00 | 5,134.46 |
| RETRO PAY | | | | 2,820.58 |
| RETRO OT | | | | 1.31 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **42.00** | | **525.00** | |
| **Taxable YTD:** | | | | **8,116.33** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 36.67 | 830.05 |
| Federal FICA Withheld | 32.55 | 503.21 |
| Federal Medicare Withheld | 7.62 | 117.69 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 5.25 | 81.16 |
| EMPL RECV | | -573.26 |
| **Total:** | **82.09** | **1,143.79** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

| Statement of Earnings and Deductions | | | | |
|---|---|---|---|---|
| **Name** | **SSN** | **Employee ID** | **Company** | **Bus Unit** |
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |
| **Check Number** | **Pay Period Start** | **Pay Period End** | **Check Date** | **Net Pay** |
| 52506 | 4/1/2019 | 4/15/2019 | 4/22/2019 | 50.93 |

| Earnings | | | | |
|---|---|---|---|---|
| **Description** | **Hours** | **Rate** | **Current Amount** | **YTD Amount** |
| REGULAR | | | | 5,134.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | 2,818.58 |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 1.87 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **87.42** | | **55.76** | |
| **Taxable YTD:** | | | | **8,172.09** |

| Deductions | | |
|---|---|---|
| **Description** | **Current Amount** | **YTD Amount** |
| Federal Income Tax | | 830.05 |
| Federal FICA Withheld | 3.46 | 506.67 |
| Federal Medicare Withheld | 0.81 | 118.50 |
| CALIFORNIA WH | | 184.94 |
| CALIFORNIA SDI EE | 0.56 | 81.72 |
| EMPL RECV | | -573.26 |
| **Total:** | **4.83** | **1,148.62** |

| Accruals | | |
|---|---|---|
| **Description** | **Taken** | **Available** |
| SICK BAL | | 24.22 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

STLMT - 343                                           EXHIBIT H



**Building Value**

## GABRIEL RODRIGUEZ

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 11480 | 4/1/2019 | 4/15/2019 | 4/8/2019 | 2,019.17 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | | | | 4,609.46 |
| RETRO PAY | -8.00 | 0.25000 | -2.00 | |
| RETRO PAY | 55.96 | 0.50000 | 27.98 | 27.98 |
| RETRO PAY | 38.96 | 0.75000 | 29.22 | 29.22 |
| RETRO PAY | 221.07 | 12.50000 | 2,763.38 | 2,763.38 |
| RETRO OT | 0.50 | 1.12500 | 0.56 | 0.56 |
| RETRO OT | 0.04 | 18.75000 | 0.75 | 0.75 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | | | | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | | | | 25.00 |
| **Total:** | **308.53** | | **2,819.89** | |
| **Taxable YTD:** | | | | **7,591.33** |

### Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 412.98 | 793.38 |
| Federal FICA Withheld | 174.83 | 470.66 |
| Federal Medicare Withheld | 40.88 | 110.07 |
| CALIFORNIA WH | 143.83 | 184.94 |
| CALIFORNIA SDI EE | 28.20 | 75.91 |
| EMPL RECV | | -573.26 |
| **Total:** | **800.72** | **1,061.70** |

### Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H


**ABM**
Building Value

**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|---|---|---|---|---|
| GABRIEL RODRIGUEZ | XXX-XX-■■■■ | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|---|---|---|---|---|
| 309102 | 3/16/2019 | 3/31/2019 | 4/5/2019 | 572.97 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 53.75 | 12.50000 | 671.88 | 4,609.46 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | | 29.99 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.99 |
| HOL NOT W | | | | 94.00 |
| MEAL BR P | 2.00 | 12.50000 | 25.00 | 25.00 |
| **Total:** | **55.77** | | **697.26** | |
| **Taxable YTD:** | | | | **4,771.44** |

## Deductions

| Description | Current Amount | YTD Amount |
|---|---|---|
| Federal Income Tax | 56.59 | 380.40 |
| Federal FICA Withheld | 43.23 | 295.83 |
| Federal Medicare Withheld | 10.11 | 69.19 |
| CALIFORNIA WH | 7.39 | 41.11 |
| CALIFORNIA SDI EE | 6.97 | 47.71 |
| EMPL RECV | | -573.26 |
| **Total:** | **124.29** | **260.98** |

## Accruals

| Description | Taken | Available |
|---|---|---|
| SICK BAL | | 22.82 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

## Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 51709 | 3/16/2019 | 3/31/2019 | 3/25/2019 | 27.39 |

## Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | | | | 3,937.58 |
| RETRO PAY | | | | 2.00 |
| PPD ADJ R | | | 29.99 | 29.99 |
| OVERTIME | | | | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | | | **29.99** | |
| **Taxable YTD:** | | | | **4,074.18** |

## Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | | 323.81 |
| Federal FICA Withheld | 1.86 | 252.60 |
| Federal Medicare Withheld | 0.44 | 59.08 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 0.30 | 40.74 |
| EMPL RECV | | -573.26 |
| **Total:** | **2.60** | **136.69** |

## Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**Building Value**

GABRIEL RODRIGUEZ

## ABM INDUSTRY GROUPS, LLC
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 306241 | 3/1/2019 | 3/15/2019 | 3/22/2019 | 474.75 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 30.96 | 11.75000 | 363.79 | 3,737.58 |
| REGULAR | 16.00 | 12.50000 | 200.00 | 200.00 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | 0.02 | 18.75000 | 0.38 | 10.61 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **46.98** | | **564.17** | |
| **Taxable YTD:** | | | | **4,044.19** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 40.62 | 323.81 |
| Federal FICA Withheld | 34.98 | 250.74 |
| Federal Medicare Withheld | 8.18 | 58.64 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.64 | 40.44 |
| EMPL RECV | | -573.26 |
| **Total:** | **89.42** | **134.09** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 21.02 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H



**GABRIEL RODRIGUEZ**

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

### Statement of Earnings and Deductions

| Name | SSN | Employee ID | Company | Bus Unit |
|------|-----|-------------|---------|----------|
| GABRIEL RODRIGUEZ | XXX-XX- | 11003707 | 00451 | 32327747 |

| Check Number | Pay Period Start | Pay Period End | Check Date | Net Pay |
|--------------|------------------|----------------|------------|---------|
| 303441 | 2/16/2019 | 2/28/2019 | 3/7/2019 | 422.38 |

### Earnings

| Description | Hours | Rate | Current Amount | YTD Amount |
|-------------|-------|------|----------------|------------|
| REGULAR | 39.98 | 12.50000 | 499.75 | 3,373.79 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **39.98** | | **499.75** | |
| **Taxable YTD:** | | | | **3,480.02** |

### Deductions

| Description | Current Amount | YTD Amount |
|-------------|----------------|------------|
| Federal Income Tax | 34.14 | 283.19 |
| Federal FICA Withheld | 30.98 | 215.76 |
| Federal Medicare Withheld | 7.25 | 50.46 |
| CALIFORNIA WH | | 33.72 |
| CALIFORNIA SDI EE | 5.00 | 34.80 |
| EMPL RECV | | -573.26 |
| **Total:** | **77.37** | **44.67** |

### Accruals

| Description | Taken | Available |
|-------------|-------|-----------|
| SICK BAL | | 19.45 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**



**Building Value**

GABRIEL RODRIGUEZ

---

**ABM INDUSTRY GROUPS, LLC**
· 14141 SOUTHWEST FRWY, SUITE 425 ·
SUGARLAND, TX 77478
(323) 234-2001
BIN: 07243124

| Statement of Earnings and Deductions | | | | |
|---|---|---|---|---|
| **Name** | **SSN** | **Employee ID** | **Company** | **Bus Unit** |
| GABRIEL RODRIGUEZ | XXX-XX▮ | 11003707 | 00451 | 32327747 |
| **Check Number** | **Pay Period Start** | **Pay Period End** | **Check Date** | **Net Pay** |
| 300666 | 2/1/2019 | 2/15/2019 | 2/22/2019 | 573.26 |

| Earnings | | | | |
|---|---|---|---|---|
| **Description** | **Hours** | **Rate** | **Current Amount** | **YTD Amount** |
| REGULAR | 55.81 | 12.50000 | 697.63 | 2.874.04 |
| RETRO PAY | | | | 2.00 |
| OVERTIME | | | | 10.23 |
| HOL NOT W | | | | 94.00 |
| **Total:** | **55.81** | | **697.63** | |
| **Taxable YTD:** | | | | **2,980.27** |

| Deductions | | |
|---|---|---|
| **Description** | **Current Amount** | **YTD Amount** |
| Federal Income Tax | 56.63 | 249.05 |
| Federal FICA Withheld | 43.26 | 184.78 |
| Federal Medicare Withheld | 10.11 | 43.21 |
| CALIFORNIA WH | 7.40 | 33.72 |
| CALIFORNIA SDI EE | 6.97 | 29.80 |
| **Total:** | **124.37** | **540.56** |

| Accruals | | |
|---|---|---|
| **Description** | **Taken** | **Available** |
| SICK BAL | | 18.11 |

**View your pay stub on-line anytime at www.doculivery.com/ABM**
You will need to provide your login ID and your password.

**See www.abm.com/careers for current PROMOTIONAL OPPORTUNITIES AND JOB OPENINGS**

EXHIBIT H

# Exhibit 3

EXHIBIT H

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| | | | | | | |
|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 11/16/18 | Check # 286685 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 11/30/18 | Check Date 12/07/18 | Sick Bal 48.80 |
| SSN | XXX-XX-■■ | Gross Wages | 970.83 | Taxable YTD | 25,214.73 | Net Pay 686.86 | BIN 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 57.27 | 14.00 | 801 78 | 23,763.46 | Federal Income Tax | 60.19 | 1,563.31 |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 14.07 | 365.61 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | |
| PPD ADJ R | | | | 104 50 | CALIFORNIA WH | | |
| OVERTIME | 0.05 | 21.00 | 1.05 | 872.57 | CALIFORNIA SDI EE | 9.71 | 252.15 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | | | |
| MEAL BR P | | | | 42.00 | | | |
| | | | | | | | |
| | | | | | | 83.97 | 2,181.07 |
| Total | 65.32 | | 970.83 | | | | |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| | | | | | |
|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 11/01/18 | Check # | 283879 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 11/15/18 | Check Date | 11/21/18 | Sick Bal | 48.80 |
| SSN | XXX-XX-■ | Gross Wages | 1,193.92 | Taxable YTD | 24,243.90 | Net Pay | 1090.64 | BIN | 07243124 |

### EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount | DEDUCTIONS Description | Current | YTD |
|---|---|---|---|---|---|---|---|
| REGULAR | 85.25 | 14.00 | 1,193.50 | 22,961.68 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 74.02 | 1,503.12 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.32 | 351.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.02 | 21.00 | 0.42 | 871.52 | CALIFORNIA SDI EE | 11.94 | 242.44 |
| MEAL BR P | | | | 42.00 | | | |
| Total | 85.27 | | 1,193.92 | | | 103.28 | 2,097.10 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |



DEPOSITED FOR:
    JESSICA M SHEEHAN
    ██████████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN
██████████████

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 10/01/18 | Check # | 278375 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 10/15/18 | Check Date | 10/22/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 850.99 | Taxable YTD | 21,971.00 | Net Pay | 777.38 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 60.59 | 14.00 | 848.26 | 20,689.62 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 52.76 | 1,362.20 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 12.34 | 318.58 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 0.13 | 21.00 | 2.73 | 870.68 | CALIFORNIA SDI EE | | 8.51 | 219.71 |
| MEAL BR P | | | | 42.00 | | | | |
| Total | 60.72 | | 850.99 | | | | 73.61 | 1,900.49 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:


JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-    32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 09/16/18 | Check # | 275491 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 09/30/18 | Check Date | 10/05/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,025.99 | Taxable YTD | 21,120.01 | Net Pay | 937.24 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 66.34 | 14.00 | 928.76 | 19,841.36 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 63.61 | 1,309.44 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 14.88 | 306.24 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 4.63 | 21.00 | 97.23 | 867.95 | CALIFORNIA SDI EE | | 10.26 | 211.20 |
| MEAL BR P | | | | 42.00 | | | | |
| Total | 70.97 | | 1,025.99 | | | | 88.75 | 1,826.88 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
| --- | --- | --- | --- |
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-    32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 09/01/18 | Check # | 272607 | Vacation Bal | |
| EE # | 10477399 | | Bus Unit | 32327747 | End Date | 09/15/18 | Check Date | 09/21/18 | Sick Bal | 48.80 |
| SSN | XXX-XX- | | Gross Wages | 1,107.12 | Taxable YTD | 20,094.02 | Net Pay | 1011.36 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 77.96 | 14.00 | 1,091.44 | 18,912.60 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 68.64 | 1,245.83 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.05 | 291.36 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.08 | 21.00 | 1.68 | 770.72 | CALIFORNIA SDI EE | 11.07 | 200.94 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 42.00 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total | 79.04 | | 1,107.12 | | | 95.76 | 1,738.13 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451        32327747        00451- 32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC          14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | | Company | 00451 | Begin Date | 08/16/18 | Check # | 269743 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | 09/07/18 | Sick Bal | 48.19 |
| SSN | XXX-XX- | | Gross Wages | 1,376.13 | Taxable YTD | 18,986.90 | Net Pay | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | | YTD | | | YTD |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | 85.32 | 1,177.19 |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 19.95 | 275.31 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | 13.76 | 189.87 |
| MEAL BR P | | | | 28.00 | | | |
| | | | | | | | |
| Total | 96.76 | | 1,376.13 | | | 119.03 | 1,642.37 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 08/16/18 | Check # | | 269743 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 08/31/18 | Check Date | | 09/07/18 | Sick Bal | 48.19 |
| SSN | XXX-XX- | Gross Wages | 1,376.13 | Taxable YTD | 18,986.90 | Net Pay | | 1257.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 93.69 | 14.00 | 1,311.66 | 17,821.16 | Federal Income Tax | | |
| RETRO PAY | | | 263.43 | Federal FICA Withheld | 85.32 | 1,177.19 | |
| RETRO OT | | | 0.77 | Federal Medicare Withheld | 19.95 | 275.31 | |
| PPD ADJ R | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 3.07 | 21.00 | 64.47 | 769.04 | CALIFORNIA SDI EE | 13.76 | 189.87 |
| MEAL BR P | | | 28.00 | | | | |
| | | | | | | | |
| Total | 96.76 | | 1,376.13 | | | 119.03 | 1,642.37 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-    32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 357                        EXHIBIT H

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478

JESSICA M SHEEHAN    Tel: 713-776-5100

| | | Company | 00451 | Begin Date | 08/01/18 | Check # | 73860232 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 08/15/18 | Check Date | 08/22/18 | Sick Bal | 45.06 |
| SSN | XXX-XX- | Gross Wages | 1,228.78 | Taxable YTD | 17,610.77 | Net Pay | 1122.48 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.53 | 14.00 | 1,225.42 | 16,509.50 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 76.19 | 1,091.87 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.82 | 255.36 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.16 | 21.00 | 3.36 | 704.57 | CALIFORNIA SDI EE | 12.29 | 176.11 |
| MEAL BR P | | | | 28.00 | | | |
| | | | | | | | |
| | 87.69 | | 1,228.78 | | | 106.30 | 1,523.34 |

**DETACH BEFORE DEPOSITING**

---

SECURITY ALERT: PAPER CONTAINS CHAIN LINK WATERMARK - HOLD TO LIGHT TO VERIFY WATERMARK • SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

THIS IS WATERMARKED PAPER. DO NOT
ACCEPT WITHOUT NOTING WATERMARK
HOLD TO LIGHT TO
VERIFY WATERMARK

Payable at your local Bank of America
or at 850 N. Broadway
Los Angeles CA

0-2328/719 IL

CHECK NO.    73860232
DATE    8/22/2018

VOID AFTER 180 DAYS

One thousand one hundred twenty two and 48/100 Dollars

*******$1,122.48



TO
THE
ORDER
OF

JESSICA M SHEEHAN

COUNTER SIGNATURE REQUIRED
IF AMOUNT IN EXCESS OF $10,000.00

⑈73860232⑈ ⑉071923284⑆ 876591762 5⑈

00451    32327747    00451-    32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | | 264019 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | | 08/07/18 | Sick Bal | 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | | 1111.62 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 75.44 | 1,015.68 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 17.65 | 237.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 | CALIFORNIA SDI EE | 12.17 | 163.82 |
| MEAL 8R P | | | | 28.00 | | | |
| | | | | | | | |
| Total | 86.86 | | 1,216.88 | | | 105.26 | 1,417.04 |

DETACH BEFORE DEPOSITING

| Bank No | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 07/16/18 | Check # | 264019 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 07/31/18 | Check Date | 08/07/18 | Sick Bal 42.14 |
| SSN | XXX-XX- | Gross Wages | 1,216.88 | Taxable YTD | 16,381.99 | Net Pay | 1111.62 | BIN 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 86.74 | 14.00 | 1,214.36 | 15,284.08 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 75.44 | 1,015.68 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 17.65 | 237.54 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 0.12 | 21.00 | 2.52 | 701.21 | CALIFORNIA SDI EE | | 12.17 | 163.82 |
| MEAL BR P | | | | 28.00 | | | | |
| Total | 86.86 | | 1,216.88 | | | | 105.26 | 1,417.04 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/01/18 | Check # | 255380 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/15/18 | Check Date | 06/22/18 | Sick Bal | 33.93 |
| SSN | XXX-XX- | Gross Wages | 1,505.42 | Taxable YTD | 12,419.64 | Net Pay | 1375.20 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 95.82 | 14.00 | 1,341.48 | 11,847.36 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 93.34 | 770.02 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 21.82 | 180.08 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 7.14 | 21.00 | 149.94 | 175.58 | CALIFORNIA SDI EE | 15.06 | 124.20 |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 28.00 | | | |
| Total | 103.96 | | 1,505.42 | | | 130.22 | 1,074.30 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

688 506
8907

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451    32327747    00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

Industry Groups, LLC      14141 Southwest Frwy. Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | 10477399 | Company | 00451 | Begin Date | 05/01/18 | Check # | 249677 | Vacation Bal |
| N | XXX-XX- | Bus Unit | 32327747 | End Date | 05/15/18 | Check Date | 05/22/18 | Sick Bal 27.96 |
| | | Gross Wages | 1,117.90 | Taxable YTD | 9,738.57 | Net Pay | 1021.20 | BIN 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 79.82 | 14.00 | 1,117.48 | 9,345.28 | Federal Income Tax | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | 69.31 | 603.79 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | 16.21 | 141.21 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.02 | 21.00 | 0.42 | 24.59 | CALIFORNIA SDI EE | 11.18 | 97.39 |
| Total | 79.84 | | 1,117.90 | | | 96.70 | 842.39 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**
JESSICA M SHEEHAN


ΛBM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-    32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/19 | Check # | 50915 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/01/19 | Sick Bal 25.60 |
| SSN | XXX-XX | Gross Wages | 336.00 | Taxable YTD | 5,045.25 | Net Pay | 306.92 | DIN 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | | | | 4,396.14 | Federal Income Tax | | |
| OVERTIME | | | | 19.11 | Federal FICA Withheld | 20.84 | 312.81 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 4.88 | 73.16 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 3.36 | 50.45 |
| SICK PAY | 24.00 | 14.00 | 336.00 | 336.00 | | | |
| Total | 24.00 | | 336.00 | | | 29.08 | 436.42 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451       32327747       00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

ABM Industry Groups, LLC

| JESSICA M SHEEHAN | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Company | 00451 | Begin Date | 01/16/19 | Check # | 297792 | Vacation Bal | |
| SSN | XXX-XX- | Bus Unit | 32327747 | End Date | 01/31/19 | Check Date | 02/07/19 | Sick Bal | 48.80 |
| | | Gross Wages | 1,312.08 | Taxable YTD | 3,547.60 | Net Pay | 1198.59 | BIN | 07243124 |

14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel. 713-776-5100

## EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 93.42 | 14.00 | 1,307.88 | 3,237.22 |
| OVERTIME | 0.20 | 21.00 | 4.20 | 16.38 |
| HOL NOT W | | | | 112.00 |
| HOL PAY O | | | | 168.00 |
| MEAL BR P | | | | 14.00 |
| Total | 93.62 | | 1,312.08 | |

## DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | | |
| Federal FICA Withheld | 81.35 | 219.95 |
| Federal Medicare Withheld | 19.02 | 51.44 |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 13.12 | 35.48 |
| | 113.49 | 306.87 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451    32327747    00451-    32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/19 | Check # | | 295042 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 01/15/19 | Check Date | | 01/22/19 | Sick Bal | 48.80 |
| SSN | XXX-XX- | Gross Wages | 1,180.20 | Taxable YTD | 2,235.52 | Net Pay | | 1078.10 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.30 | 14.00 | 998.20 | 1,929.34 | Federal Income Tax | | |
| OVERTIME | | | | 12.18 | Federal FICA Withheld | 73.17 | 138.60 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 17.12 | 32.42 |
| HOL PAY O | 8.00 | 21.00 | 168.00 | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | 1.00 | 14.00 | 14.00 | 14.00 | CALIFORNIA SDI EE | 11.81 | 22.36 |
| Total | 80.30 | | 1,180.20 | | | 102.10 | 193.38 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/19 | Check # | | 303446 | Vacation Bal | 27.98 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/19 | Check Date | 03/07/19 | | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,002.47 | Taxable YTD | 6,047.72 | Net Pay | 915.76 | | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.32 | 14.00 | 998.48 | 5,394.62 | Federal Income Tax | | |
| OVERTIME | 0.19 | 21.00 | 3.99 | 23.10 | Federal FICA Withheld | 62.15 | 374.96 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 14.53 | 87.69 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 10.03 | 60.48 |
| SICK PAY | | | | 336.00 | | | |
| | | | | | | | |
| Total | 71 51 | | 1,002.47 | | | 96.71 | 523.13 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | | | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/01/19 | Check # | 300871 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/19 | Check Date | 02/22/19 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,161.65 | Taxable YTD | 4,709.25 | Net Pay | 1061.18 | BIN | 07243124 |

| EARNINGS | | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | | Description | | Current | YTD |
| REGULAR | 82.78 | 14.00 | 1,158.92 | | 4,396.14 | Federal Income Tax | | 72.02 | 291.97 |
| OVERTIME | 0.13 | 21.00 | 2.73 | | 19.11 | Federal FICA Withheld | | 16.84 | 68.28 |
| HOL NOT W | | | | | 112.00 | Federal Medicare Withheld | | | |
| HOL PAY O | | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | | 14.00 | CALIFORNIA SDI EE | | 11.61 | 47.09 |
| | | | | | | | | | |
| Total | 82.91 | | 1,161.65 | | | | | 100.47 | 407.34 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

███████████

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451      32327747      00451- 32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

███████████

EXHIBIT H

| ABM Industry Groups, LLC | | 14141 Southwest Frwy, Suite 425 | | Sugar Land, TX 77478 | | Tel: 713-776-5100 | |
|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/18 | Check # | 292281 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/18 | Check Date | 01/07/19 | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,055.32 | Taxable YTD | 1,055.32 | Net Pay | 964.04 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 63.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | 91.28 | 91.28 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451    32327747    00451-  32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/18 | Check # | | 292281 | Vacation Bal | 48.80 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/18 | Check Date | 01/07/19 | | Sick Bal | |
| SSN | XXX-XX- | Gross Wages | 1,055.32 | Taxable YTD | 1,055.32 | Net Pay | | 964.04 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 66.51 | 14.00 | 931.14 | 931.14 | Federal Income Tax | | |
| OVERTIME | 0.58 | 21.00 | 12.18 | 12.18 | Federal FICA Withheld | 65.43 | 65.43 |
| HOL NOT W | 8.00 | 14.00 | 112.00 | 112.00 | Federal Medicare Withheld | 15.30 | 15.30 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.55 | 10.55 |
| Total | 75.09 | | 1,055.32 | | | 91 28 | 91 28 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

       **EXHIBIT H**

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 01/01/18 | Check # | 227060 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 01/15/18 | Check Date | 01/22/18 | Sick Bal | 5.38 |
| SSN | XXX-XX- | Gross Wages | 1,067.99 | Taxable YTD | 1,772.32 | Net Pay | 975.61 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.53 | 11.00 | 962.83 | 1,666.83 | Federal Income Tax | | |
| PPD ADJ R | 9.50 | 11.00 | 104.50 | 104.50 | Federal FICA Withheld | 66.21 | 109.88 |
| OVERTIME | 0.04 | 16.50 | 0.66 | 0.99 | Federal Medicare Withheld | 15.49 | 25.70 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.68 | 17.72 |
| Total | 97.07 | | 1,067.99 | | | 92.38 | 153.30 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel 713-776-5100

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/01/19 | Check # | 306245 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/15/19 | Check Date | 03/22/19 | Sick Bal 30.87 |
| SSN | XXX-XX- | Gross Wages | 1,211.21 | Taxable YTD | 7,258.93 | Net Pay | 1106.45 | BIN 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 86 50 | 14 00 | 1,211.00 | 6,605.62 | Federal Income Tax | | | |
| OVERTIME | 0.01 | 21 00 | 0.21 | 23.31 | Federal FICA Withheld | | 75.09 | 450.05 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 17.56 | 105.25 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14 00 | CALIFORNIA SDI EE | | 12 11 | 72.59 |
| SICK PAY | | | | 336.00 | | | | |
| | | | | | | | | |
| Total | 86.51 | | 1,211 21 | | | | 104.76 | 627.89 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

**NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE**

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451- 32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

    EXHIBIT H

Case 2:19-cv-06735-CW-RAO Document 140-1 Filed 10/18/21 Page 378 of 433 Page ID
Case 2:19-cv-06735-CW-RAO Document 96-1 Filed 07/07/20 Page 375 of 583 Page ID
#:5493
#:4490

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/16/18 | Check # | | 235508 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/28/18 | Check Date | | 03/07/18 | Sick Bal | 13.90 |
| SSN | XXX-XX- | Gross Wages | 791.23 | Taxable YTD | 4,314.92 | Net Pay | | 722.78 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 71.84 | 11.00 | 790.24 | 4,207.94 | Federal Income Tax | | |
| PPO ADJ R | | | | 104.50 | Federal FICA Withheld | 49.06 | 267.53 |
| OVERTIME | 0.06 | 16.50 | 0.99 | 2.48 | Federal Medicare Withheld | 11.48 | 62.57 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 7.91 | 43.15 |
| Total | 71.90 | | 791.23 | | | 68.45 | 373.25 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | | | | | |
|---|---|---|---|---|---|---|
| EE # | 10477399 | Company | 00451 | Begin Date | 03/16/18 | Check # 241123 |
| SSN | XXX-XX-▇ | Bus Unit | 32327747 | End Date | 03/31/18 | Check Date 04/06/18 |
| | | Gross Wages | 1,056.07 | Taxable YTD | 6,150.57 | Net Pay 964.72 |

Vacation Bal 19.43 / Sick Bal / BIN 07243124

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 95.33 | 11.00 | 1,048.63 | 6,031.85 | Federal Income Tax | | |
| PPD ADJ R | | | | 104.50 | Federal FICA Withheld | 65.48 | 381.34 |
| OVERTIME | 0.45 | 16.50 | 7.44 | 14.22 | Federal Medicare Withheld | 15.31 | 89.18 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 10.56 | 61.51 |
| Total | 95.78 | | 1,056.07 | | | 91.35 | 532.03 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 373                      EXHIBIT H

ABM Industry Groups, LLC    14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478    Tel: 713-776-5100

| | | | | | |
|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/01/18 |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/15/18 |
| SSN | XXX-XX-■■■ | Gross Wages | 779.58 | Taxable YTD | 5,094.50 |

| | |
|---|---|
| Check # | 238290 |
| Check Date | 03/22/18 |
| Net Pay | 712.15 |

| | |
|---|---|
| Vacation Bal | |
| Sick Bal | 16.25 |
| BIN | 07243124 |

### EARNINGS

| Pay Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| REGULAR | 70.48 | 11.00 | 775.28 | 4,983.22 |
| PPD ADJ R | | | | 104.50 |
| OVERTIME | 0.26 | 16.50 | 4.30 | 6.78 |
| | | | | |
| Total | 70.74 | | 779.58 | |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Federal Income Tax | | |
| Federal FICA Withheld | 48.33 | 315.86 |
| Federal Medicare Withheld | 11.30 | 73.87 |
| CALIFORNIA WH | | |
| CALIFORNIA SDI EE | 7.80 | 50.95 |
| | 67.43 | 440.68 |

## DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451    32327747    00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/01/18 | Check # | 243950 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/18 | Check Date | 04/20/18 | Sick Bal | 22.36 |
| SSN | XXX-XX- | Gross Wages | 968.72 | Taxable YTD | 7,119.29 | Net Pay | 884.93 | BD | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.81 | 11.00 | 965.91 | 6,997.76 | Federal Income Tax | | |
| PPD ADJ R | | | | | Federal FICA Withheld | 60.06 | 441.40 |
| OVERTIME | 0.17 | 16.50 | 2.81 | 17.03 | Federal Medicare Withheld | 14.05 | 103.23 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 9.68 | 71.19 |
| Total | 87.98 | | 968.72 | | | 83.79 | 615.82 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**
JESSICA M SHEEHAN

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

# NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

STLMT - 375          EXHIBIT H

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 12/16/17 | Check # | 224269 | Vacation Bal | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 12/31/17 | Check Date | 01/05/18 | Sick Bal | 2.94 |
| SSN | XXX-XX- | Gross Wages | 704.33 | Taxable YTD | 704.33 | Net Pay | 643.41 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 64.00 | 11.00 | 704.00 | 704.00 | Federal Income Tax | | |
| OVERTIME | 0.02 | 16.50 | 0.33 | 0.33 | Federal FICA Withheld | 43.67 | 43.67 |
| | | | | | Federal Medicare Withheld | 10.21 | 10.21 |
| | | | | | CALIFORNIA WH | | |
| | | | | | CALIFORNIA SDI EE | 7.04 | 7.04 |
| Total | 64.02 | | 704.33 | | | 60.92 | 60.92 |

### DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

**DEPOSITED FOR:**

JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451     32327747     00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 02/01/18 | Check # | | 232692 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 02/15/18 | Check Date | | 02/22/18 | Sick Bal | 11.50 |
| SSN | XXX-XX | Gross Wages | 862.79 | Taxable YTD | 3,523.69 | Net Pay | | 788.16 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 78.39 | 11.00 | 862.29 | 3,417.70 | Federal Income Tax | | | |
| PPD ADJ R | | | | | Federal FICA Withheld | | 53.49 | 218.47 |
| OVERTIME | 0.03 | 16.50 | 0.50 | 1.49 | Federal Medicare Withheld | | 12.51 | 51.09 |
| | | | | | CALIFORNIA WH | | | |
| | | | | | CALIFORNIA SDI EE | | 8.63 | 35.24 |
| Total | 78.42 | | 862.79 | . | | | 74.63 | 304.80 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN



ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-   32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

Case 2:19-cv-06735-GW-RAO Document 140-1 Filed 10/18/21 Page 384 of 433 Page ID
Case 2:19-cv-06735-GW-RAO Document 96-1 Filed 07/07/20 Page 31 of 58 Page ID
#:5490
#:3436

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425      Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 04/16/18 | Check # | 246799 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/30/18 | Check Date | 05/07/18 | Sick Bal | 25.29 |
| SSN | XXX-XX- | Gross Wages | 1,501.38 | Taxable YTD | 8,620.67 | Net Pay | 1371.51 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 87.86 | 14.00 | 1,230.04 | 8,227.80 | Federal Income Tax | | |
| RETRO PAY | | | 263.43 | 263.43 | Federal FICA Withheld | 93.08 | 534.48 |
| RETRO OT | | | 0.77 | 0.77 | Federal Medicare Withheld | 21.77 | 125.00 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | |
| OVERTIME | 0.34 | 21.00 | 7.14 | 24.17 | CALIFORNIA SDI EE | 15.02 | 86.21 |
| Total | 88.20 | | 1,501.38 | | | 129.87 | 745.69 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

███████████████

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE

00451      32327747      00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

███████████████

STLMT - 378             EXHIBIT H

ABM Industry Groups, LLC                    14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478          Tel: 713-776-5100

| ABM Industry Groups, LLC | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 06/16/18 | Check # | 258288 | Vacation Bal |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 06/30/18 | Check Date | 07/06/18 | Sick Bal | 36.57 |
| SSN | XXX-XX- | Gross Wages | 1,626.59 | Taxable YTD | 14,046.23 | Net Pay | 1485.88 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 78.94 | 14.00 | 1,105.16 | 12,952.52 | Federal Income Tax | | | |
| RETRO PAY | | | | 263.43 | Federal FICA Withheld | | 100.85 | 870.87 |
| RETRO OT | | | | 0.77 | Federal Medicare Withheld | | 23.59 | 203.67 |
| PPD ADJ R | | | | 104.50 | CALIFORNIA WH | | | |
| OVERTIME | 24.83 | 21.00 | 521.43 | 697.01 | CALIFORNIA SDI EE | | 16.27 | 140.47 |
| MEAL BR P | | | | 28.00 | | | | |
| | | | | | | | | |
| Total | 103.77 | | 1,626.59 | | | | 140.71 | 1,215.01 |

**DETACH BEFORE DEPOSITING**

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:
JESSICA M SHEEHAN


ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

00451        32327747        00451-  32327747-4096-45115014

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

EXHIBIT H

ABM Industry Groups, LLC      14141 Southwest Frwy, Suite 425    Sugar Land, TX 77478      Tel: 713-776-5100

| JESSICA M SHEEHAN | | Company | 00451 | Begin Date | 03/16/19 | Check # | 309106 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 03/31/19 | Check Date | 04/05/19 | Sick Bal | 33.63 |
| SSN | XXX-XX- | Gross Wages | 1,162.70 | Taxable YTD | 8,421.63 | Net Pay | 1062.12 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | Current | YTD |
| REGULAR | 82.69 | 14.00 | 1,157.66 | 7,763.28 | Federal Income Tax | | |
| OVERTIME | 0.24 | 21.00 | 5.04 | 28.35 | Federal FICA Withheld | 72.09 | 522.14 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | 16.86 | 122.11 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | 11.63 | 84.22 |
| SICK PAY | | | | 336.00 | | | |
| Total | 82.93 | | 1,162.70 | | | 100.58 | 728.47 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

## NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE  -  NON-NEGOTIABLE

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-   32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

          EXHIBIT H

ABM Industry Groups, LLC     14141 Southwest Frwy, Suite 425     Sugar Land, TX 77478     Tel: 713-776-5100

| | | Company | 00451 | Begin Date | 04/01/19 | Check # | 312013 | Vacation Bal | |
|---|---|---|---|---|---|---|---|---|---|
| JESSICA M SHEEHAN | | | | | | | | | |
| EE # | 10477399 | Bus Unit | 32327747 | End Date | 04/15/19 | Check Date | 04/22/19 | Sick Bal | 36.28 |
| SSN | XXX-XX- | Gross Wages | 1,124.69 | Taxable YTD | 9,546.32 | Net Pay | 930.53 | BIN | 07243124 |

| EARNINGS | | | | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|
| Pay Description | Hours | Rate | Amount | YTD Amount | Description | | Current | YTD |
| REGULAR | 79.27 | 14.00 | 1,109.78 | 8,873.06 | Federal Income Tax | | 96.88 | 96.88 |
| OVERTIME | 0.71 | 21.00 | 14.91 | 43.26 | Federal FICA Withheld | | 69.73 | 591.87 |
| HOL NOT W | | | | 112.00 | Federal Medicare Withheld | | 16.31 | 138.42 |
| HOL PAY O | | | | 168.00 | CALIFORNIA WH | | | |
| MEAL BR P | | | | 14.00 | CALIFORNIA SDI EE | | 11.24 | 95.46 |
| SICK PAY | | | | 336.00 | | | | |
| Total | 79.98 | | 1,124.69 | | | | 194.16 | 922.63 |

DETACH BEFORE DEPOSITING

| Bank No. | Name of Bank / Saving & Loan | Account Number | Amount |
|---|---|---|---|
| | | | |

DEPOSITED FOR:

JESSICA M SHEEHAN

**NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE - NON-NEGOTIABLE**

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

00451     32327747     00451-    32327747-4096-4025

ABM Industry Groups, LLC
14141 Southwest Frwy, Suite 425
Sugar Land, TX 77478
Tel: 713-776-5100

JESSICA M SHEEHAN

       EXHIBIT H

Case 2:19-cv-06735-GW-RAO   Document 96-1   Filed 07/09/20   Page 38 of 58   Page ID
#:3100

# Exhibit 4

Case 2:19-cv-06735-CW-RAO Document 140-1 Filed 10/18/21 Page 389 of 483 Page ID
Case 2:19-cv-06735-GW-RAO Document 96-1 Filed 07/16/20 Page 88 of 58 PageID
#:4204

## FORMA DEL CONSENTIMIENTO DE FLSA

Conforme a las provisiones de 29 U.S.C. el § 216 (b), los estándares de
trabajo justos actúa, yo consiente por este medio ser un demandante del
partido a esta acción.

6/16/2018
_____
Fecha

Isabel Artiga
_____
Nombre de impresión

_____
Firma

11

EXHIBIT H

Case 2:19-cv-06735-CW-RAO Document 140-1 Filed 10/18/21 Page 390 of 433 Page ID
Case 2:19-cv-06735-CW-RAO Document 96-1 Filed 07/07/20 Page 37 of 58 Page ID
#:4205
#:3403

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.


_05-02-19_
Date

_GABRIEL RODRIGUEZ_
Print Name

Signature

11

EXHIBIT H

Case 2:19-cv-06735-CW-RAO Document 140-1 Filed 10/18/21 Page 391 of 433 Page ID
Case 2:19-cv-06735-CW-RAO Document 96-1 Filed 07/07/20 Page 38 of 58 Page ID
#:5406

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards

Act, I hereby consent to be a party plaintiff to this action.

_5/2/19_

Date

Jessica Sheehan

Print Name

Signature

EXHIBIT H

# Exhibit I

EXHIBIT I

Electronically FILED by Superior Court of California, County of Los Angeles on 09/30/2020 06:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Lin Zhan (SBN 317087)
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
lzhan@harrisandruble.com
*Attorneys for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIO ERNESTO GIL CANAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No. 20STCV37443<br><br>**COMPLAINT**<br>[*PAGA Law Enforcement Complaint*]<br><br>1.  Civil Penalties, Pursuant to Cal. Lab. Code § 2698 *et seq.* |

STLMT - 387                                                    EXHIBIT I

1   Mario Ernesto Gil Canas ("Plaintiff"), on behalf of himself as an individual and in

2   his representative capacity, and on behalf of the State of California Labor & Workforce

3   Development Agency ("LWDA") under the Labor Code Private Attorneys General Act

4   of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.,* alleges as

5   follows:

6   ### *JURISDICTION AND VENUE*

7       1.     This is a PAGA law enforcement action seeking civil penalties and

8   attorneys' fees and costs, all according to proof, against Defendant ABM Industry

9   Groups, LLC ("ABM").  This action alleges that ABM, *inter alia*, ABM: (1) collected

10  unlawful deductions from employees; (2) failed to provide wage statements that supplied

11  all of the information required by Labor Code § 226(a) (the "Code"); (3) failed to pay

12  Plaintiff and Aggrieved Employees minimum and overtime wages; (4) failed to timely

13  pay Plaintiff all wages when due, Code §§ 203,  204; (5) failed to provide a proper sick

14  leave policy for employees, Code §§ 233, 234; and (6) failed to Make Security Deposits

15  Cal. Lab. Code §§ 403, 404, 405, 406 and IWC Wage Order, Sec.9(c); (7) failed to

16  Provide Employment Records, Cal. Lab. Code § 226(b); (8) failed to provide records,

17  Code §432; (9) failed to provide records, Code § 1198.5.2.  On or about May 13, 2020,

18  Plaintiff provided statutory notice to the California Labor and Workforce Development

19  Agency and to Defendant of the PAGA claims set forth in this complaint.  Plaintiff brings

20  this action pursuant to PAGA, which does not require class certification, on a

21  representative basis on behalf of the Labor & Workforce Development Agency of the

22  State of California (the "LWDA"). The alleged violations include failure to make timely

23  payment of earned wages, pay minimum wages, and for sick pay violations, wage

24  statement violations, continuing wages, and unfair competition.

25      2.     Venue as to Defendant is proper in this District because a substantial part of

26  the events or omissions giving rise to the claims occurred in this District.  Defendant

27  maintains an office, transacts business, has an agent, or is found in the County of Los

28  Angeles and is within the jurisdiction of this Court for purposes of service of process.

1   The unlawful acts alleged herein had a direct effect on and were committed within the

2   State of California.

3          3.     This Court has jurisdiction over Defendants because, upon information and

4   belief, Defendants are either residents of California, have minimum contacts in

5   California, or otherwise intentionally avail themselves of the protections of California so

6   as to render California's exercise of jurisdiction over Defendants consistent with

7   traditional notions of fair play and substantial justice. This case is a law enforcement

8   action under the California Labor Code Private Attorneys General Act ("PAGA") seeking

9   unpaid wages, continuing wages, damages, civil penalties, statutory penalties and

10  attorneys' fees and costs.  Emergency Rule 9 as promulgated by the Judicial Council of

11  California provides:  "Notwithstanding any other law, the statutes of limitations and

12  repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until

13  October 1, 2020."  The Advisory Committee Comment notes that:  "Emergency rule 9 is

14  intended to apply broadly to toll any statute of limitations on the filing of a pleading in

15  court asserting a civil cause of action. The term "civil causes of action" includes special

16  proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code

17  (Of the Time of Commencing Civil Actions), is construed "as including a special

18  proceeding of a civil nature"). . . . The rule also applies to statutes of limitations on filing

19  of causes of action in court found in codes other than the Code of Civil Procedure."

### PARTIES AND SUBSTANTIVE ALLEGATIONS

21         4.     Plaintiff Mario Ernesto Gil Canas is an individual who during the time

22  periods relevant to this Complaint, was and is a resident of the County of Los Angeles,

23  State of California.  Plaintiff brings this action on behalf of himself, on a representative

24  basis on behalf of the LWDA and the State of California, on behalf of all others similarly

25  situated, and pursuant to California Business and Professions Code section 17200 *et seq*.

26         5.     Plaintiff is informed and believes, and based thereon alleges, that

27  Defendant ABM Industry Groups, LLC ("ABM") is a company that conducts significant

28  amounts of business within Los Angeles County.  ABM touts itself as a leading provider

of integrated facility solutions.  Among the services it provides, ABM offers parking valet and transportation and janitorial contractor services to clients across the United States, including throughout California.  ABM is a Delaware Limited Liability Company with its headquarters in Sugar Land, Texas.  ABM is authorized to do and does business in California.  Plaintiff is informed and believes, and based thereon allege that ABM is a temporary services employer as defined by Cal. Lab. Code § 201.3, which statute provides, in part:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

Cal. Lab. Code § 201.3(a)(1)(A)-(G).  As a temporary services employer, Defendant contracts with clients or customers to supply workers to perform services.

6.      Defendant and/or its affiliates have been repeatedly charged with PAGA violations, commencing soon after the statute became effective. E.g., Augustus v.

4
COMPLAINT

<u>American Commercial Security Services, Inc.</u> (L.A.Super.Ct., 2006, No. BC347914) (settled for up to $2,500,000, including civil penalties of $730,000).  Accordingly, it is appropriate to draw an inference that Defendant's conduct as described herein is intentional, resulting in part from a continuing practice of devoting insufficient resources to the payroll accounting and related human resources and compliance functions.

7.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Plaintiff is informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as is hereinafter alleged, either through said defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## **GENERAL ALLEGATIONS**

8.     Beginning on or about December 27, 2018 until on or about November 15, 2019, Plaintiff was employed by ABM as a parking attendant in various locations in Los Angeles County.

9.     Plaintiff contends that Defendant failed to provide him and other Aggrieved Employees with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked

by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . .  if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

10.     On information and belief, Plaintiff contend that Defendant failed to provide Plaintiff and Aggrieved Employees with the data required by section 226 of the California Labor Code.  ABM's failure to provide the correct information on wage statements has caused confusion and harm to Plaintiff by, among other things making it impossible for Plaintiff to determine whether or not he has been paid correctly.   Further, although ABM is a temporary service provider.  Wage statements issued to Plaintiff show that ABM's wage statements fail to provide the rate of pay and total hours worked for each temporary services assignment.  In addition to subjecting ABM to the damages specified in section 226(e), ABM's failure to provide such information to Plaintiff and Aggrieved Employees subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 *et seq.*

11.     At all times relevant herein, sections 226 (b), (c), and (f) of the California Labor Code further provided in part:

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

. . .

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

. . .

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

12.     At all times relevant herein, section 432 of the California Labor Code

provided that: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request." Cal. Lab. Code § 432.

13.     At all times relevant herein, section 1198.5 of the California Labor Code provided in part:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . .

14.     On November 12, 2019 Plaintiff requested his employment records from Defendant pursuant to sections 226(c), 432 and 1198.5.  However, Defendant failed to provide complete records within the time period required by statute.

15.     On information and belief, Plaintiff contends that Defendant failed to provide Plaintiff and Aggrieved Employees with payment of the required minimum wage.  For instance, Plaintiff was required to attend a new-hire training session for which he has never received any compensation.  Plaintiff, as well as other Aggrieved Employees were required to attend new-hire training sessions, without pay.  At these unpaid sessions, held for the benefit of ABM, the new employees was required, *inter alia*, to review the rules set forth in the Employee Handbook, review employer policies dealing with all manner of matters that the employers had to communicate to the new employees, payroll procedures, safety procedures and more.  Plaintiff and Aggrieved Employees performed this work without any compensation at all by Defendant.

16.     At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

STLMT - 394                                                     EXHIBIT I

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

17.     To date, Defendant has failed to compensate Plaintiff and Aggrieved Employees for all of their earned wages in accordance with the California Labor Code.

18.     Plaintiff also contends that Defendant failed to put certain monies in segregated, interest bearing accounts and accordingly unlawfully deducted uniform deposits from his paycheck and the paychecks of other Aggrieved Employees, all in violation of California Labor Code section 221 and otherwise as hereinafter described.  In addition to subjecting ABM to damages, ABM's unlawful deductions subject it to civil penalties.  See Cal. Lab. Code § 225.5.

19.     Defendant is liable to Plaintiff and former employees for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202. . . any wages of an employee who is discharged or who quits, the wages of the employee

shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Id. § 203(a).  In addition to subjecting Defendant to damages or penalties, Defendant's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.  Defendant did not pay all wages due and owing to Plaintiff within the statutorily required time period.

20.    Further, Defendant's sick pay policy violates sections 233 and 234 of the Labor Code. Section 233 of the California Labor Code states:

a) Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5. This section does not extend the maximum period of leave to which an employee is entitled under Section 12945.2 of the Government Code or under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Sec. 2601 et seq.), regardless of whether the employee receives sick leave compensation during that leave.

. . .

(c) An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5.

(d) Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief.

Cal. Lab. Code § 233. Section 234 of the Labor Code states:

> An employer absence control policy that counts sick leave taken pursuant to
> Section 233 as an absence that may lead to or result in discipline, discharge,
> demotion, or suspension is a per se violation of Section 233. An employee
> working under this policy is entitled to appropriate legal and equitable relief
> pursuant to Section 233.

Cal. Lab. Code § 234. Defendant's sick leave policy, which *inter alia* does not include leave for care of grandchildren or grandparents, as referenced in Code section 245.5, is in violation of sections 233 and 234 of the Labor Code, a violation which gives rise to PAGA civil penalties.

21.     Plaintiff and Aggrieved Employees were injured by such actions and are therefore entitled to seek the amounts as set forth in Labor Code section 226 subsections (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the California Labor Code in part provides:

> (a) Any employer or other person acting on behalf of an employer, who
> violates, or causes to be violated, any provision regulating minimum wages
> or hours and days of work in any order of the Industrial Welfare
> Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,
> 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
> (b) For purposes of this section, the term "other person acting on behalf of
> an employer" is limited to a natural person who is an owner, director,
> officer, or managing agent of the employer, and the term "managing agent"
> has the same meaning as in subdivision (b) of Section 3294 of the Civil
> Code.

22.     At all times relevant hereto, section 1194 of the California Labor Code required (1) the payment of at least the minimum wage. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee

1     receiving less than the legal minimum wage or the legal overtime

2     compensation applicable to the employee is entitled to recover in a civil

3     action the unpaid balance of the full amount of this minimum wage or

4     overtime compensation, including interest thereon, reasonable attorney's

5     fees, and costs of suit.

6 Cal. Lab. Code § 1194(a).

7     23.    At all relevant times mentioned herein, section 1198 of the California

8 Labor Code provided:

9     The maximum hours of work and the standard conditions of labor fixed by

10     the commission shall be the maximum hours of work and the standard

11     conditions of labor for employees.  The employment of any employee for

12     longer hours than those fixed by the order or under conditions of labor

13     prohibited by the order is unlawful.

14 Cal. Lab. Code § 1198.  Section 1198 refers to "conditions of labor prohibited by the

15 order [of the IWC]" and therefore incorporates by reference IWC Wage Order

16 Number 16.  To date, Plaintiff has not been paid for all of the hours he worked for

17 Defendant.  By failing to pay Plaintiff for all of his hours of work, Defendant violated

18 section 1198 by employing Plaintiff "under conditions of labor prohibited by the order."

19 Cal. Lab. Code § 1198.

20     24.    At all relevant times mentioned herein, section 1194 of the California Labor

21 Code provided, in relevant part:

22     Notwithstanding any agreement to work for a lesser wage, any employee

23     receiving less than the legal minimum wage or the legal overtime

24     compensation applicable to the employee is entitled to recover in a civil

25     action the unpaid balance of the full amount of this minimum wage or

26     overtime compensation, including interest thereon, reasonable attorney's

27     fees, and costs of suit.

28 Id. § 1194(a).

25.     Plaintiff is informed and believes, and based thereon allege, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout California.  Plaintiff is informed and believes, and based thereon alleges, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Plaintiff and Defendant's Aggrieved Employees in California have been subject to uniform policies with respect to the violations alleged herein and cause Aggrieved Employees to be similarly situated regardless of location and position.

26.     Plaintiff is further informed and believes that Defendant uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiff and Aggrieved Employees have suffered and continue to suffer damages.

27.     Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the

STLMT - 399                                                          EXHIBIT I

person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

28.     At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

29.     At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

30.     At all times relevant herein, section 558 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

. . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

Cal. Lab. Code § 558.

31.     At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1)     For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2)     For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

32.     The Wage Order also provides for civil penalties with respect to violations of the Wage Order.

33.     ***Unfair Competition.***  Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, timely payment of final wages, and minimum wage and overtime laws.  Defendant's unlawful practices constitute unfair competition.  Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

34.     Plaintiff and other workers were not paid at least the minimum wage for all hours worked pursuant to the relevant minimum wage requirements.  Accordingly, Plaintiff and other workers are entitled to payment of civil penalties.

35.     Defendant, as to Plaintiff and other workers who were issued Wage Statements, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles

Plaintiff and each Aggrieved Employee to civil penalties, along with the LWDA. As a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9). The failure to provide Plaintiff and others with the required data, caused Plaintiff and others injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wage statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

36.    Defendant failed to provide a compliant sick leave policy pursuant to the California Labor Code, the policy, inter alia, excluding grandparents and grandchildren from the status of family members. This entitles Plaintiff and Aggrieved Employees to damages, including interest thereon, and they request such relief as well as civil penalties.

37.    Defendant's failure to make payments within the time provided by sections 201, 201.3, or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and, accordingly, Plaintiff and others who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages for which provision is made by section 203 of the California Labor Code.

38.    The disposition of the claims will provide substantial benefits to both the parties and the Court.

39.    The identity of the Aggrieved Employees is readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Aggrieved Employee is readily ascertainable by an examination of those same records.

EXHIBIT I

40.     The provisions of the California Labor Code upon which Plaintiff bases his claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

41.     The nature of this action and the laws available to Plaintiff and Aggrieved Employees make this case a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, ABM would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

42.     Requiring each to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

43.     Moreover, the prosecution of separate actions by individual Aggrieved Employees would create a substantial risk of inconsistent or varying adjudications with respect to individual Aggrieved Employees against the Defendant.

44.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common predominate over questions that may impact individual Aggrieved Employees. These common questions include but are not limited to, the following:

(a) Whether Defendant's practice of deducting uniform deposits from the paychecks of employees and failing to hold those funds in a segregated, interest bearing account is unlawful;

(b) Whether Defendant failed to pay minimum wage under California Labor Code § 1194(a);

(c) Whether Defendant utilized and enforced a sick leave policy that violated Labor Code sections 233 and 234;

(d) Whether Defendant failed to provide employees with adequate paystubs in accordance with California Labor Code § 226(a);

(e) Whether Defendant failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendant's conduct constituted an illegal, unfair, or deceptive business practice;

(g) Whether Plaintiff and Aggrieved Employees are entitled to relief.

45.    Proof of a common business practice or factual pattern that Plaintiff experienced is representative of that experienced by the Aggrieved Employees.

46.    Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and Aggrieved Employees to recover in a civil action including reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code.

47.    Plaintiff asserts claims that are typical of those of the Aggrieved Employees because they were employed by ABM in California, they were subjected to ABM's uniform policies and procedures, and they were similarly injured as a result of ABM's actions.

48.    Plaintiff will fairly and adequately represent and protect the interests of the Aggrieved Employees in that they have no disabling conflicts of interest that would be antagonistic to them.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Aggrieved Employees in that the infringement of their rights and the damages that they suffered are typical of all other Aggrieved Employees.  Additionally, Plaintiff has retained counsel who are competent and experienced in PAGA litigation.

49.     Plaintiff and Aggrieved Employees have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Aggrieved Employees and the public because, absent this action, Defendant's unlawful conduct will continue un-remedied and uncorrected.

50.     On or about May 13, 2020, Plaintiff gave written notice by certified mail and online filing of Defendant's violations of various provisions of the California Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendant.

51.     More than sixty-five days have passed from the date of Plaintiff's notice to the LWDA and Plaintiff has not been notified by the LWDA that it intends to investigate Plaintiff's allegations.  Therefore, pursuant to section 2699.3(a)(2)(A), Plaintiff "may commence a civil action pursuant to Section 2699."  Cal. Lab. Code § 2699.3(a)(2)(A).

52.     Plaintiff is informed and believes and thereon alleges that Defendant has routinely failed to provide Plaintiff and other Aggrieved Employees with the prompt payment of wages and vacation pay upon termination of employment, reporting time pay, and proper itemized wage statements.

53.     Plaintiff alleges that Defendant violated PAGA in the following ways: (1) failing to timely pay all wages, including minimum wages in violation of Labor Code §§ 201, 202, 203, 204 and 1194; (2) willfully failing to provide Aggrieved Employees with proper itemized wage statements in violation of Labor Code § 226(a); (3) failing to timely and properly respond to Labor Code section 226(b) and 1198.5 requests for employment records; 4) failing to make security deposits pursuant to Cal. Lab. Code §§ 403, 404 and 405; and 5) failing to provide a proper sick leave policy pursuant to Cal. Lab. Code §§ 233 and 234.  "PAGA actions can serve to *indirectly* enforce certain wage order provisions by enforcing *statutes* that require compliance with wage orders (e.g., § 1198, which prohibits longer work hours than those fixed by wage order or employment under conditions prohibited by a wage order)."  Thurman v. Bayshore Transit Mgmt.,

EXHIBIT I

Inc., 203 Cal. App. 4th 1112, 1132 (2012).

## FIRST CLAIM FOR RELIEF

*(Civil Penalties Pursuant to California Labor Code § 2698 et seq. Claim by Plaintiff and Aggrieved Employees against Defendant ABM)*

54.     Plaintiff repeat and re-allege the preceding paragraphs as if fully set forth herein.

55.     The applicable Wage Order provides, in part:

(C) A reasonable deposit may be required as security for the return of the items furnished by the employer under provisions of subsections (A) and (B) of this section upon issuance of a receipt to the employee for such deposit. Such deposits shall be made pursuant to Section 400 and following of the Labor Code or an employer with the prior written authorization of the employee may deduct from the employee's last check the cost of an item furnished pursuant to (A) and (B) above in the event said item is not returned. No deduction shall be made at any time for normal wear and tear. All items furnished by the employer shall be returned by the employee upon completion of the job.

IWC Wage Order 9, ¶ 9(C).  Defendant ABM's practice of taking uniform deductions from Plaintiff and Aggrieved Employee's paychecks violates California Labor Code § 403, 404, and 405.  Plaintiff is informed and believes and based thereon alleges that Defendant ABM commingled the earned but unpaid wages of Plaintiff and the Aggrieved Employees with other funds of ABM in violation of Labor Code § 405.  ABM failed and refused to pay interest to workers on the return of such deposits.

56.     Defendant ABM's practices violate Labor Code §§ 403, 404 and 405 and any associated penalties.

57.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code

§ 226(a).

58.     Defendant failed to timely provide Plaintiff and Aggrieved Employees Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  Despite the requirements of the statute, Defendant did not provide accurate information to Plaintiff and/or Aggrieved Employees regarding the wage rates, inclusive dates of the pay period and hours worked.  It is not possible for Plaintiff and/or others "from the wage statement alone" to ascertain information required to be provided on the itemized wage statements pursuant to section 226(a).  ABM's failure to provide the correct information on these wage statements has caused confusion by making it impossible for Plaintiff or others to determine whether or not they have been paid correctly.  In addition, although ABM was a temporary services employer during the time period relevant to this complaint, ABM failed to comply with the requirements of Cal. Lab. Code § 226(a)(9) and provide "the rate of pay and the total hours worked for each temporary services assignment."  Cal. Lab. Code § 226(a)(9).

59.     Plaintiff and others were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

60.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.  This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

61.     Defendant, by failing to pay Plaintiff and Aggrieved Employees, at least the minimum wage for all of their hours worked, as required by and in violation of sections 1194 and 1197 of the California Labor Code.

62.     Plaintiff and Aggrieved Employees are accordingly entitled to the payment

of civil penalties to each employee whose rights were violated and reasonable attorney's fees and costs.

63.     Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201,. . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  By failing to pay minimum wages as alleged above, as well as by failing to provide Plaintiff and Aggrieved Employees their final paychecks within the time specified by sections 201, 202 and 203 of the California Labor Code, Defendant has willfully failed to pay all wages due and owing to those Aggrieved Employees who are no longer employed by Defendant.  For example, although Plaintiff was told by Defendant's representative that his last day of work was November 15, 2019, he was not provided his final paycheck on that day and only received a paycheck some days later.

64.     Plaintiff and Former Employees are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

65.     Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

66.     Plaintiff requested that Defendant permit inspection or copying of his employment records pursuant to Labor Code section 226(b).  Defendant has failed to provide Plaintiff with an opportunity to inspect or copy all of the required employment records within 21 days of his request.

67.     Pursuant to Labor Code Section 226(f), Plaintiff is entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty for each violation, reasonable attorney's fees, and the costs of bringing this cause of action.

68.     Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or

1    former employee, upon reasonable request to the employer.

2         69.    Plaintiff has requested that Defendant permit inspection or copying of his

3    employment records pursuant to Labor Code section 1198.5.  Defendant failed to provide

4    Plaintiff with complete records.

5         70.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby

6    seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty for each

7    violation, reasonable attorney's fees, and the costs of bringing this cause of action.

8         71.    At all times relevant to this Complaint, Labor Code §§ 233, 234 were in full

9    force and effect and binding on Defendant.  Under California law, for purposes of

10   compliance with sections 233 and 234 of the Code, a "family member" includes both a

11   grandparent and a grandchild.  Code § 245.5 (c)(5) and (6). Under ABM's sick leave

12   policies, neither a grandparent nor a grandchild is deemed a covered "family member."

13   Maintaining such an illegal policy is a per se violation of Section 233. An employee

14   working under this policy is entitled to appropriate legal and equitable relief pursuant to

15   Section 233." Cal. Labor Code § 234.

16        72.    Plaintiff is informed and believes, and thereon allege that the sick leave

17   policy of Defendant is unlawful under of the California Labor Code. Plaintiff and the

18   Aggrieved Employees are therefore entitled to the recovery of "actual damages or one

19   day's pay, whichever is greater, and to appropriate equitable relief."  Cal. Lab. Code §

20   233, as well as an award of reasonable attorneys' fees.

21        73.    California Business and Professions Code section 17200 *et seq.* prohibits

22   acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or

23   practice."  Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges that ABM has engaged in

24   unfair business practices in California by the above-described failure to pay minimum

25   wages to employees, failure to maintain accurate payroll records, failure to provide

26   adequate paystubs, failure to pay final wages to quitting and/or discharged employees and

27   through its unlawful deductions from employee paychecks and failure to keep those funds

28   in a segregated, interest-bearing account, and failure to provide a lawful sick pay policy.

74. ABM's actions entitle Plaintiff and Aggrieved Employees to seek the remedies available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from ABM, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by ABM by means of the unfair practices complained of herein. Plaintiff, on behalf of himself and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

75. Plaintiff is an "aggrieved employee" under PAGA, as he were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violation set forth herein. Accordingly, he seeks to recover on behalf of himself, the California Labor and Workforce Development Agency ("LWDA") and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

76. Pursuant to section 2699.3(a)(1) of the Labor Code, on or about May 6, 2020, Plaintiff gave written notice by online filing to the LWDA of the specific provisions of the Labor Code alleged to have been violated, including the theories set forth in this Complaint. Also on that day, Plaintiff gave written notice by certified mail to Defendant of the specific provisions of the Labor Code alleged to have been violated by Defendant.

77. Under PAGA, "[t]he agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A). More than 65 calendar days have passed since PAGA notice

EXHIBIT I

was sent by Plaintiff, and Plaintiff therefore may commence a civil action pursuant to Section 2699.

78.   Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

79.   Plaintiff seeks civil penalties pursuant to PAGA for violations of the IWC Wage Order and the following Labor Code provisions: sections 201, 202, 203, 204, 226, 233, 234, 403, 404, 405, 406, 1194, 1197, and 1198.5.

80.   Plaintiff also specifically seeks civil penalties pursuant to PAGA for violations of California Labor Code section 221.   Said section prohibits Defendant ABM from collecting any part of wages paid by the employer to the employee. Notwithstanding the requirements of Labor Code § 221, Defendant ABM deducted amounts from Plaintiff and Aggrieved Employees for the maintenance of their uniforms.  Plaintiff is informed and believes, and thereon alleges that the deductions made by Defendant ABM are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221.  Plaintiff and Aggrieved Employees are entitled to the recovery of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

//
//
//
//
//
//
//
//
//
//

STLMT - 412                                                    EXHIBIT I

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff pray for judgment as follows:

1.     With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Aggrieved Employees for all civil penalties, reasonable attorney's fees, and costs of suit, against Defendant ABM, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant ABM.

2.     For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED:  September 30, 2020                    HARRIS & RUBLE

                                                                    *Alan Harris*

                                                                    Alan Harris
                                                                    *Attorneys for Plaintiffs*

# Exhibit J

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

655 NORTH CENTRAL AVE  17th  FL
GLENDALE CA 91203
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*
————

PRIYA MOHAN
DAVID GARRETT
MIN JI GAL
LIN ZHAN

*RETIRED

**NORTHERN CALIFORNIA OFFICE:**

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.962.3004

*SUBMITTED ONLINE*

May 13, 2020

California Labor & Workforce Development Agency

Re:     *Mario Ernesto Gil Canas v. ABM Industry Groups, LLC.,*

To whom it may concern:

     Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Mario Ernesto Gil Canas, ("Plaintiff"), hereby alleges with respect to his employment with ABM Industry Groups, LLC, ("Defendant"), that Defendant violated provisions of the California Labor Code.  The facts and circumstances concerning the alleged violations are outlined in the attached draft complaint.

     Please advise whether you will proceed with an investigation of this matter or whether Plaintiff may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,

*Alan Harris*

Alan Harris
Enclosures

Cc: (Via Certified Mail) <u>ABM Industry Groups, LLC</u>, c/o C.T. Corporation System, 818 West Seventh Street Suite 930, Los Angeles, CA 90017; (Via Certified  Mail and E-Mail) <u>ABM Industry Groups, LLC</u>, Laura Fleming, Payne & Fears LLP, 4 Park Plaza, Irvine, CA 92614

# Exhibit K

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:   aharris@harrisandruble.com
             pmohan@harrisandruble.com

Attorneys for Plaintiffs

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>Counter-Claimant,<br><br>v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>Counter-Defendants. | Case No. 2:19-cv-06735-GW-RAO<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES, AND ENHANCEMENT AWARDS**<br><br>Action Filed:        June 4, 2019<br>Trial Date:          None Set |

-1-

STLMT - 417

EXHIBIT K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail:  dff@paynefears.com
         lf@paynefears.com
         rtm@paynefears.com

Attorneys for Defendant and Counter-
Claimant ABM INDUSTRY GROUPS,
LLC

-2-

# **[PROPOSED] ORDER**

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action Settlement and Motion for Attorneys' Fees, Costs and Expenses, and Enhancement Awards (collectively, the "Motions"). Due and adequate notice having been given to Settlement Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1.      For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of Fed. R. Civ. P. 23 have been satisfied.

2.      This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation re Class Action Settlement ("Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3.      The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all Settlement Class Members and PAGA Settlement Group Members.

4.      The Class Notice fully and accurately informed Settlement Class Members of all material elements of the proposed settlement, advised Settlement Class Members of their right to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class Members; and complied fully with Fed. R. Civ. P. 23 and due process. The Class Notice fairly and adequately described the settlement and provided Settlement Class Members with adequate instructions and a variety of means to obtain additional information. All Settlement Class Members who did not timely and properly opt out of the settlement are bound by this Order.

5.      The Court finds that ___ Settlement Class Members have objected to the Settlement. ___ Settlement Class Members have requested exclusion from the Settlement.

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL

STLMT - 419                                                          EXHIBIT K

1 | Those individuals are identified in the list submitted in the Declaration of the Claims
2 | Administrator, dated ___.

3 |      6.     The Court has considered all relevant factors for determining the fairness of
4 | the settlement and has concluded that all such factors weigh in favor of granting final
5 | approval. In particular, the Court finds that the settlement was reached following
6 | meaningful discovery and investigation conducted by PAGA / Class Counsel; that the
7 | settlement is the result of serious, informed, adversarial, and arm's-length negotiations
8 | between the Parties; and that the terms of the settlement are in all respects fair, adequate,
9 | and reasonable.

10 |      7.     In so finding, the Court has considered all evidence presented, including
11 | evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the
12 | claims presented; the likely duration of further litigation; the amount offered in settlement;
13 | the extent of investigation and discovery completed; and the experience and views of
14 | counsel. The Parties have provided the Court with sufficient information about the nature
15 | and magnitude of the claims being settled, as well as the impediments to recovery, to make
16 | an independent assessment of the reasonableness of the terms to which the Parties have
17 | agreed.

18 |      8.     Accordingly, the Court hereby approves the settlement as set forth in the
19 | Settlement Agreement and expressly finds that the settlement is, in all respects, fair,
20 | reasonable, adequate, and in the best interests of all Settlement Class Members and hereby
21 | directs implementation of all remaining terms, conditions, and provisions of the Settlement
22 | Agreement. The Court also finds that settlement now will avoid additional and potentially
23 | substantial litigation costs, as well as delay and risks if the Parties were to continue to
24 | litigate the case. Additionally, after considering the monetary recovery provided by the
25 | settlement in light of the challenges posed by continued litigation, the Court concludes that
26 | the settlement provides Settlement Class Members, PAGA Settlement Group Members,
27 | and the LWDA with fair and adequate relief.

28 |

-4-

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL

9.      The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

10.     Final approval shall be with respect to five subclasses:

a.   New Hire Wage Subclass, defined as all current and former non-exempt California employees of ABM and its predecessors, who were hired during the period 10/14/15 to the Settlement End Date.

b.   Wage Statement Subclass, defined as all current and former non-exempt California employees of ABM from 10/14/18 to the Settlement End Date.

c.   Former Employee Uniform Deposit Subclass, defined as all California employees of ABM and its predecessors, with uniform deposits on file at the time of separation, who separated between June 4, 2015 and May 7, 2021.

d.   Current Employee Uniform Deposit Subclass, defined as all California employees of ABM, with uniform deposits on file, who were active as of 5/7/21.

e.   Supervisor Meal and Rest Break Subclass, defined as all current and former non-exempt California employees of ABM, from 10/14/2015 to the Settlement End Date, whose job position included the title "Manager," "Supervisor," "Lead," or "Foreperson," according to ABM records.

The "Settlement Class Members" definition specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the Romero-Abrego v. ABM

-5-

<u>Industries, Inc.</u>, litigation pending in the San Mateo Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

11.     Plaintiffs Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres shall serve as the PAGA / Class Representatives for Settlement Class Members and PAGA Settlement Group Members.

12.     The Court finds that the attorneys at Harris & Ruble have the requisite qualifications, experience, and skill to protect and advance the interests of the class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of PAGA / Class Counsel, and hereby appoints Harris & Ruble as counsel for Settlement Class Members and PAGA Settlement Group Members.

13.     All Settlement Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all such persons wishing to be heard have been heard. All Settlement Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement.

14.     The terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Settlement Class Members who did not opt out, the PAGA Settlement Group Members, and the State of California. Accordingly, this Order and Judgment shall have the force and effect of res judicata as to each Settlement Class Member, PAGA Settlement Group Member, and the State of California as described in the Settlement Agreement.

15.     The PAGA / Class Representatives, and all Settlement Class Members who did not opt out, are barred from prosecuting against Defendant or any of the Released Parties identified in the Settlement Agreement, any individual, representative, collective, or class action claims which are released by the Settlement Agreement.

16.     Likewise, the State of California and all PAGA Settlement Group Members are barred from prosecuting any claims for civil penalties which are released by the Settlement Agreement.

17.     Except as set forth below, it is ordered that all claims asserted by Plaintiffs are hereby dismissed with prejudice. Promptly after the Effective Date of the settlement and in no event more than twelve court days thereafter, pursuant to the provisions of Rule

-6-

3.770 of the California Rules of Court, PAGA / Class Counsel is ordered to move for dismissal with prejudice of the Canas Case.

18.    The claims of _____ shall be dismissed without prejudice on the date this Order becomes final. These are Settlement Class Members who opted out of this settlement.

19.    It is hereby ordered that the Settlement Administrator shall pay the Settlement Class Members who submitted claims pursuant to the terms set forth in the Settlement Agreement. All payments to Settlement Class Members shall be disbursed pursuant to the terms of the Settlement Agreement. Payments for PAGA / Class Counsel's attorneys' fees and costs, the Claims Administrator's fees and costs, Plaintiffs' Enhancement Awards, and civil penalties under PAGA to the California Labor and Workforce Development Agency shall be made in the amounts specified below.

20.    Harris & Ruble is qualified to represent the Settlement Class Members, and the Court confirms their appointment as PAGA / Class Counsel. PAGA / Class Counsel has requested attorneys' fees in the amount of $_____ and reimbursement of incurred costs and expenses in the amount of $_____.  The Court hereby awards a total of $_____ in attorneys' fees, and $_____ in costs and expenses, to PAGA / Class Counsel. The Court finds that the requested award of attorneys' fees is reasonable for a contingency fee in a class action such as this; *i.e.*, one-third of the common fund created by the settlement. PAGA / Class Counsel has also established the reasonableness of the requested award of attorneys' fees via their lodestar crosscheck, and the Court finds that the rates, hours billed, and risk multiplier are fair and reasonable. The attorneys' fees award and costs award shall be paid from the Total Settlement Amount.

21.    The Court approves settlement administration costs and expenses in the amount of $_____ to CPT Group. All fees and actual costs for claims administration, including related accounting costs shall be paid from the Total Settlement Amount.

22.    Plaintiffs have requested Enhancement Awards in the amount of $_____ each to Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres. The Court hereby awards Plaintiffs Enhancement Awards of $_____ each to Isabel Artiga, Jessica

-7-

Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres. The Enhancement Awards shall be paid from the Total Settlement Amount.

23.    The settlement of civil penalties under PAGA in the amount of $_____ [10% of the Net Settlement Amount, plus any residual after payments to Qualified Claimants] is hereby approved. Seventy-Five Percent (75%), or $_____, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $_____, will be paid to PAGA Settlement Group Members as described in the Settlement Agreement. The PAGA Allocation shall be paid from the Total Settlement Amount.

24.    Without affecting the finality of this Order in any way, the Court hereby retains jurisdiction over the parties, including the Class, for the purpose of construing, enforcing, and administering this Order, as well as the Settlement Agreement itself.

**IT IS SO ORDERED.**

Dated: _____        _____
                                    Hon. George H. Wu
                                    U.S. District Court Judge

4834-4297-8038, v. 1

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL

EXHIBIT K

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
E-Mail:  aharris@harrisandruble.com
         pmohan@harrisandruble.com
Attorneys for Plaintiffs

[ADDITIONAL COUNSEL ON
FOLLOWING PAGE]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>   Defendants. | Case No. 2:19-cv-06735-GW-RAO<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**[PROPOSED] JUDGMENT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Action Filed:  June 4, 2019<br>Trial Date:   None Set |
| ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>   Counter-Claimant,<br><br>  v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>   Counter-Defendants. | |

1
Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
2
Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP
3
Attorneys at Law
4 Park Plaza, Suite 1100
4
Irvine, California 92614
Telephone: (949) 851-1100
5
Facsimile: (949) 851-1212
E-Mail:  dff@paynefears.com
6
         lf@paynefears.com
         rtm@paynefears.com
7
Attorneys for Defendant and Counter-
8
Claimant ABM INDUSTRY GROUPS,
LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
[PROPOSED] JUDGMENT

**[PROPOSED] JUDGMENT**

In accordance with the Order Granting Final Approval of Class-Action Settlement ("Final Approval Order") entered by the Court in this action, **IT IS ORDERED** that:

1.  The Settlement Class conditionally certified in the Preliminary Approval Order is confirmed.

2.     The claims of _____ [individuals who opted out of the Settlement] shall be dismissed without prejudice on the date this Order becomes final.

3.     Judgment is hereby entered dismissing the above-captioned action against Defendant on the merits and with prejudice and without the payment of fees or costs other than as provided in the Settlement referred to in the Final Approval Order.

4.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) the implementation of the Settlement as described in the Final Approval Order, (b) the payment of the amount of reasonable attorney's fees and costs to be awarded to Class Counsel as provided for in the Settlement, and (c) all Parties hereto for the purpose of administering the Settlement and enforcing the terms of this Judgment.

**IT IS SO ORDERED.**


Dated:_____          _____
                                   George H. Wu
                                   U.S. District Court Judge

4850-4322-8407, v. 1

[PROPOSED] JUDGMENT

STLMT - 427                                          EXHIBIT K