Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
E-Mail:  aharris@harrisandruble.com
            pmohan@harrisandruble.com

Attorneys for Plaintiffs

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No. CV 19-6735-GW-RAOx<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Action Filed:     June 4, 2019<br>Trial Date:       None Set |
| ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>Counter-Claimant,<br><br>v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>Counter-Defendants. | |

-1-

Daniel F. Fears, Bar No. 110573
Laura Fleming, Bar No. 219287
Robert T. Matsuishi, Bar No. 259182
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail:  dff@paynefears.com
        lf@paynefears.com
        rtm@paynefears.com

Attorneys for Defendant and Counter-
Claimant ABM INDUSTRY GROUPS,
LLC

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

## <u>ORDER</u>

On December 13, 2021, this Court conducted a hearing on Plaintiffs' Motion for Preliminary Approval of the Class Action and PAGA Settlement (the "Motion"). Having considered the Motion and the points and authorities submitted in support of the Motion, including the Joint Stipulation re Class Action Settlement ("Settlement Agreement" or "Settlement") and exhibits, and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, subject to the following findings and orders:

1.      This Order incorporates by reference the Settlement Agreement, and unless indicated otherwise, all capitalized terms used herein will have the same meaning as set forth in the Settlement Agreement.

2.      The Settlement Class Members shall be conditionally certified for settlement purposes only and shall consist of five subclasses:

        a.      New Hire Wage Subclass, defined as all current and former non-exempt California employees of ABM and its predecessors, who were hired during the period 10/14/15 to the Settlement End Date.

        b.      Wage Statement Subclass, defined as all current and former non-exempt California employees of ABM from 10/14/18 to the Settlement End Date.

        c.      Former Employee Uniform Deposit Subclass, defined as all California employees of ABM and its predecessors, with uniform deposits on file at the time of separation, who separated between June 4, 2015 and May 7, 2021.

        d.      Current Employee Uniform Deposit Subclass, defined as all California employees of ABM, with uniform deposits on file, who were active as of 5/7/21.

        e.      Supervisor Meal and Rest Break Subclass, defined as all current and

former non-exempt California employees of ABM, from 10/14/2015 to the Settlement End Date, whose job position included the title "Manager," "Supervisor," "Lead," or "Foreperson," according to ABM records.

The "Settlement Class Members" definition specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the Romero-Abrego v. ABM Industries, Inc., litigation pending in the San Mateo Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

3.    The class action settlement set forth in the Settlement Agreement, entered into among the Parties and their counsel, is preliminarily approved as it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and informed negotiations, to treat all Settlement Class Members fairly, and to be presumptively valid, subject only to any objections that may be raised at or before the final approval hearing.

4.    The Court further finds that Plaintiffs conducted extensive investigation and research, and that they were able to reasonably evaluate their positions and the strengths and weaknesses of their claims and their ability to certify them. Plaintiffs have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

5.    The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the Action.

6.    The Court preliminarily approves the Settlement Agreement, including all the terms and conditions set forth therein and the Total Settlement Amount and allocation of payments.

7.    The Total Settlement Amount of the Settlement Agreement shall be

$2,300,000.00. The Total Settlement Amount is a common fund, non-reversionary amount. Defendant will not be held responsible for paying any amount over and above the Total Settlement Amount, other than employer-side payroll taxes associated with wage payments to Qualified Claimants.  Out of the Total Settlement Amount will come (1) distributions to Qualified Claimants; (2) the PAGA Allocation as defined in the Settlement Agreement; (3) the PAGA / Class Counsel Attorneys' Fee Award and Costs; (4) settlement administration fees and costs, and (5) enhancement payments to the PAGA / Class Representatives, including consideration for general releases.  Any payments to Qualified Claimants which are not cashed on or before the Check Cashing Deadline set forth in the Settlement Agreement shall be considered unclaimed and shall be distributed by the Settlement Administrator to the California Labor and Workforce Development Agency.

8.      The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement.

9.      The Court approves, as to form and content, the proposed Notice of Class Action Settlement ("Notice Packet").

10.      The Court directs the emailing and mailing, by first-class regular U.S. mail, of the Notice Packet to Settlement Class Members in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court finds that the methods selected for communicating the preliminary approval of the Settlement Agreement to Settlement Class Members constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

11.      Plaintiffs Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario

Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres will serve as the PAGA / Class Representatives for Settlement Class Members and PAGA Settlement Group Members.

12.     The Court appoints Harris & Ruble as PAGA / Class Counsel. The Court finds that counsel has demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

13.     The Court approves and appoints CPT Group as the Settlement Administrator.

14.     The following dates shall govern for purposes of this Settlement:

| Date | Event |
|---|---|
| 21 calendar days after the Court grants preliminary approval of the Settlement Agreement, if later) | Last day for Defendant to provide the Settlement Administrator with data for the Settlement Class Members and PAGA Settlement Group Members per the Settlement Agreement. |
| 14 calendar days after Defendant produces the class data, if later) | Last day for the Settlement Administrator to mail Notice Packets to all Settlement Class Members and PAGA Settlement Group Members. |
| 60 calendar days after the Settlement Administrator mails the Notice Packets, if later) | Last day for Settlement Class Members to submit Requests for Exclusion or Objections to the Settlement. |
| At least 7 calendar days prior to the deadline for Plaintiffs to file the Final Settlement Papers | Last Day for Plaintiffs to submit the Final Settlement Papers to Defendant. |
| 28 calendar days prior to the date set for Final Approval | Last day for Plaintiffs to file the Final Settlement Papers. |
| March 3, 2022 at 8:30 a.m. | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Enhancement Awards. |

15.     The Court expressly reserves the right to continue or adjourn the final approval hearing without further notice to the Class Members.

16. The Motion for Preliminary Approval is granted [as of the execution date below] / [nunc pro tunc to November 15, 2021, with the dates in Paragraph 14 above governed by the execution date below].

**IT IS SO ORDERED.**

Dated: December 14, 2021

_____
Hon. George H. Wu
U.S. District Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL