Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
E-Mail: aharris@harrisandruble.com
pmohan@harrisandruble.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ISABEL ARTIGA, GABRIEL RODRIGUEZ, and JESSICA SHEEHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE TEN,<br><br>Defendants.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware Limited Liability Company<br><br>Counter-Claimant,<br><br>v.<br><br>I. ARTIGA, an individual, and ROES 1 through 10,<br><br>Counter-Defendants. | Case No. CV 19-6735-GW-RAOx<br>Hon. Judge George H. Wu<br><br>(Removed from Los Angeles Superior Court, Case No. 19STCV19268)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES, AND ENHANCEMENT AWARDS**<br><br>Date: April 14, 2022<br>Time: 8:30 a.m.<br>Ctrm: 9D<br>  350 West First Street<br>  Los Angeles, CA 90012<br><br>Action Filed:  June 4, 2019<br>Trial Date:  None Set |

# ORDER

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action Settlement and Motion for Attorneys' Fees, Costs and Expenses, and Enhancement Awards (collectively, the "Motions"). Due and adequate notice having been given to Settlement Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order and the Court's Order of April 4, 2022, which are adopted and incorporated herein by reference, this Court finds that the requirements of Fed. R. Civ. P. 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation re Class Action Settlement ("Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all Settlement Class Members and PAGA Settlement Group Members.

4. The Class Notice fully and accurately informed Settlement Class Members of all material elements of the proposed settlement, advised Settlement Class Members of their right to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class Members; and complied fully with Fed. R. Civ. P. 23 and due process. The Class Notice fairly and adequately described the settlement and provided Settlement Class Members with adequate instructions and a variety of means to obtain additional information. All Settlement Class Members who did not timely and properly opt out of the settlement are bound by this Order.

5.       The Court finds that no Settlement Class Members have objected to the Settlement. There are nineteen Settlement Class Members who have requested exclusion from the Settlement. .

6.       The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by PAGA / Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7.       In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8.       Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of all Settlement Class Members and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that

the settlement provides Settlement Class Members, PAGA Settlement Group Members, and the LWDA with fair and adequate relief.

9. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

10. Final approval shall be with respect to five subclasses:

    a. New Hire Wage Subclass, defined as all current and former non-exempt California employees of ABM and its predecessors, who were hired during the period from October 14, 2015 to the Settlement End Date.

    b. Wage Statement Subclass, defined as all current and former non-exempt California employees of ABM from October 14, 2018 to the Settlement End Date.

    c. Former Employee Uniform Deposit Subclass, defined as all California employees of ABM and its predecessors, with uniform deposits on file at the time of separation, who separated between June 4, 2015 and May 7, 2021.

    d. Current Employee Uniform Deposit Subclass, defined as all California employees of ABM, with uniform deposits on file, who were active as of May 7, 2021.

    e. Supervisor Meal and Rest Break Subclass, defined as all current and former non-exempt California employees of ABM, from October 14, 2015 to the Settlement End Date, whose job position included the title

"Manager," "Supervisor," "Lead," or "Foreperson," according to ABM records.

The "Settlement Class Members" definition specifically excludes the approximately 100 ABM "Event Tech" employees who are the subject of the Romero-Abrego v. ABM Industries, Inc., litigation pending in the San Mateo Superior Court, Case No. 20-CIV-04089 (filed Sept. 22, 2020).

11. Plaintiffs Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres shall serve as the PAGA / Class Representatives for Settlement Class Members and PAGA Settlement Group Members.

12. The Court finds that the attorneys at Harris & Ruble have the requisite qualifications, experience, and skill to protect and advance the interests of the class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of PAGA / Class Counsel, and hereby appoints Harris & Ruble as counsel for Settlement Class Members and PAGA Settlement Group Members.

13. All Settlement Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all such persons wishing to be heard have been heard. All Settlement Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement.

14. The terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Settlement Class Members who did not opt out, the PAGA Settlement Group Members, and the State of California. Accordingly, this Order and Judgment shall have the force and effect of res judicata as to each Settlement Class Member, PAGA Settlement Group Member, and the State of California as described in the Settlement Agreement.

15. The PAGA / Class Representatives, and all Settlement Class Members who did not opt out, are barred from prosecuting against Defendant or any of the Released Parties identified in the Settlement Agreement, any individual, representative, collective, or class action claims which are released by the Settlement Agreement.

16. Likewise, the State of California and all PAGA Settlement Group Members are barred from prosecuting any claims for civil penalties which are released by the Settlement Agreement.

17. Except as set forth below, it is ordered that all claims asserted by Plaintiffs are hereby dismissed with prejudice. Promptly after the Effective Date of the settlement and in no event more than five days thereafter, pursuant to the provisions of Rule 3.770 of the California Rules of Court, PAGA / Class Counsel is ordered to move for dismissal with prejudice of the <u>Canas</u> Case.

18. Promptly after the Effective Date of the settlement and in no event more than five days thereafter, Defense Counsel is ordered to move for dismissal with prejudice of the counterclaim in this case.

19. The claims of the following individuals shall be dismissed without prejudice on the date this Order becomes final. These are Settlement Class Members who opted out of this settlement:

Norman R. Boutte Jr.

Xioping Wang

Jaime Navarro

Luis Vargas

Norma Gonzalez

Samuel Rivera

Andrew Garcia

Jesse Cole

Edwin Carrillo

Luis Antonio Espinoza

Anna Rubalcava

Edgar R. Gonzalez

Marta Perez

Rashad M. Jefferson

Humberto Turcios

Robert Carpio

Angel Barrios

Henry Gomez

Ingrith Sibaja

20. The Court approves the parties' agreement to accept late claims of Class Members that have been postmarked or otherwise submitted to the Claims Administrator by March 23, 2022.

21. It is hereby ordered that the Settlement Administrator shall pay the Settlement Class Members who submitted claims pursuant to the terms set forth in the Settlement Agreement. All payments to Settlement Class Members shall be disbursed pursuant to the terms of the Settlement Agreement. Payments for PAGA / Class Counsel's attorneys' fees and costs, the Claims Administrator's fees and costs, Plaintiffs' Enhancement Awards, and civil penalties under PAGA to the California Labor and Workforce Development Agency shall be made in the amounts specified below.

22. Harris & Ruble is qualified to represent the Settlement Class Members, and the Court confirms their appointment as PAGA / Class Counsel. PAGA / Class Counsel has requested attorneys' fees in the amount of $765,900 and reimbursement of incurred costs and expenses in the amount of $11,998.  The Court hereby awards a total of $765,900 in attorneys' fees, and $11,998 in costs and expenses, to PAGA / Class Counsel. The Court finds that the requested award of attorneys' fees is reasonable for a contingency fee in a class action such as this; *i.e.*, one-third of the common fund created by the settlement as more fully described in the April 4, 2022 Order.  The attorneys' fees award and costs award shall be paid from the Total Settlement Amount.

23. The Court approves settlement administration costs and expenses in the amount of $103,500 to CPT Group. All fees and actual costs for claims administration, including related accounting costs shall be paid from the Total Settlement Amount.

24. Plaintiffs have requested Enhancement Awards in the amount of $5,000 each to Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres. The Court hereby awards Plaintiffs Enhancement Awards of $5,000 each to Isabel Artiga, Jessica Sheehan, and Gabriel Rodriguez, Mario Ernesto Gil Canas, Jaime Mendoza, and Lorenza Torres. The Enhancement Awards shall be paid from the Total Settlement Amount.

25. The settlement of civil penalties under PAGA in the amount of $138,861 [10% of the Net Settlement Amount, plus any residual after payments to Qualified Claimants] is hereby approved. Seventy-Five Percent (75%) shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), will be paid to PAGA Settlement Group Members as described in the Settlement Agreement. The PAGA Allocation shall be paid from the Total Settlement Amount.

26. Without affecting the finality of this Order in any way, the Court hereby retains jurisdiction over the parties, including the Class, for the purpose of construing, enforcing, and administering this Order, as well as the Settlement Agreement itself.

**IT IS SO ORDERED.**

Dated: April 11, 2022

_____
HON. GEORGE H. WU,
U.S. District Judge